**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas

Case number (*if known*): _____ Chapter 15

☐ Check if this is an
amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | |
|---|---|
| 1. **Debtor's name** | Geden Holdings, Ltd. |

2. **Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN)   ___ ___ – ___ ___ ___ ___ ___ ___ ___

☐ Other _____. Describe identifier _____.

**For individual debtors:**

☐ Social Security number:   xxx – xx– ___ ___ ___ ___

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ___ ___ ___ ___

☑ Other   C30351 _____. Describe identifier   Malta Company Registration

3. **Name of foreign representative(s)**

Dr. Reuben Balzan

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**

Malta

5. **Nature of the foreign proceeding**

*Check one:*

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
Declaration of the Foreign Representative Pursuant to section 1515 of the
Bankruptcy Code and Rule 1007(a)(4) of the Bankruptcy Rules

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

| Debtor | Geden Holdings, Ltd. | Case number (if known) |
|---|---|---|
| | Name | |

**8. Others entitled to notice**     Attach a list containing the names and addresses of:

(i)    all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)    all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)    all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Malta

**Debtor's registered office:**

No. 4 Saint Andrews Street, VLT 1341
Number     Street

P.O. Box

Valletta
City    State/Province/Region    ZIP/Postal Code

Malta
Country

**Individual debtor's habitual residence:**

Number    Street

P.O. Box

City    State/Province/Region    ZIP/Postal Code

Country

**Address of foreign representative(s):**

No. 4 Saint Andrews Street, VLT 1341
Number     Street

P.O. Box

Valletta
City    State/Province/Region    ZIP/Postal Code

Malta
Country

**10. Debtor's website** (URL)

**11. Type of debtor**

*Check one:*

❑ Non-individual (*check one*):

     ☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

     ❑ Partnership

     ❑ Other. Specify: _____

❑ Individual

| Debtor | Geden Holdings, Ltd. | Case number (if known) |
|---|---|---|
| | Name | |

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ _____     Dr. Reuben Balzan
Signature of foreign representative          Printed name

Executed on  04 / 28 / 2025
            MM / DD / YYYY

✖ _____     Dr. Reuben Balzan
Signature of foreign representative          Printed name

Executed on  04 / 28 / 2025
            MM / DD / YYYY

**14. Signature of attorney**

✖ Edward A. Clarkson, III          Date  04/28/2025
Signature of Attorney for foreign representative        MM / DD / YYYY

Edward A. Clarkson, III
Printed name

Okin Adams Bartlett Curry, LLP
Firm name

1113 Vine Street
Number        Street

Houston                          TX        77007
City                             State     ZIP Code

713-255-8884                     eclarkson@okinadams.com
Contact phone                    Email address

24059118                         TX
Bar number                       State

| Print | Save As... | Add Attachment | Reset |

## Schedule 1

**Geden Holdings, Ltd**
**Corporate Ownership Statement**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:[1]

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Buselten Finance, S.A. | 99.9% |

---

[1] Information as of June 8, 2012.  Note that due to the Foreign Representative's lack of information from the debtor, this information is being provided upon information and belief.

## **Schedule 2**

### **Geden Holdings, Ltd.**

Pursuant to rule 1007(a)(1)(B) of the Federal Rules of Bankruptcy Procedure, the following are all persons or bodies authorized to administer foreign proceedings of the Debtor:

| Authority | Contact |
|---|---|
| Dr. Reuben Balzan<br>(Foreign Representative – Maltese Court Appointed Liquidator of the Debtor | Dr. Reuben Balzan<br>Valletta Legal<br>No. 4 Saint Andrews Street, VLT 1341<br>Valetta<br>Malta |

### Schedule 3

**Statement of Foreign Proceedings**

Pursuant to 11 U.S.C. 1515(c), the only known foreign proceeding relating to Geden is the court ordered liquidation in Malta before the First Hall of the Civil Court.

**<u>EXHIBIT A</u>**

344.



## QORTI CIVILI PRIM' AWLA

## ONOR. IMHALLEF MARK CHETCUTI LL.D.

### Illum il-Hamis, 15 ta' Gunju, 2017

Numru 8

Rikors Nru. 810/2016

Vera kopja ta' l-Original

PL.Carina Abdilla
Deputat Registratur

22|4|25

**Samsung C&T Deutschland and GMBH, socjeta estera registrata
fil-Germanja bin-numru ufficjali HRB 4631, bl-indirizz
registrat Am Kronberger Hang 6, 65824, Schwalbach am
Taunus, Germanja, rappresentata hawn Malta mill-mandatarju
specjali taghha l-Avukat Louis Cassar Pullicino**

**vs**

**Geden Holdings Limited**

Il-Qorti,

Rat ir-rikors tal-attrici tas-16 ta' Settembru, 2016 li jghid hekk:

Illi s-socjeta intimata Geden Holdings Limited ("Geden") hija socjeta li giet registata hawn Malta f£1-14 ta' Ottubru 2002; b'risoluzzjoni datata 27 ta' Dicembru 2010 l-azzjonisti ta' Geden ftehmu li jillimtaw l-iskop li ghaliha twaqqfet l-imsemmija socjeta ghal dawk l-attivitajiet elenkati fl-artikolu 84z(1) tal-Att Dwar il-Bastimenti Merkantili (Kap. 234 tal-Ligijiet ta' Malta). Bhala rizultat ta' dan u b'effett mis-7 ta' Jannar 2011 Geden kienet regolata mid-disposizzjonijiet u regolamenti li jinsabu fl-Avviz Legali 223 tal-2004 - Merchant Shipping (Shipping Organisations - Private Companies) Regulations 2004 u ghalhekk tikkwalifika bhala "shipping organsiation" ai termini tal-artikolu 84z tal-Kap. 234;

Illi l-attivita principali ta' Geden hi dik li takkwista u tiskrivi f'isimha ishma f'diversi socjetajiet sussiddjarji taghha, liema sussiddjarji joperaw bastimenti fis-suq marittimu internazzjonali kemm billi jinnolleggjaw bastimenti li jappartjenu lilhom kif ukolli jikru u jinnolleggjaw bastimenti minghand terzi u dan sabiex igorru u jittrasportaw prodotti taz-zejt kif ukoll merkanijza ohra (dry cargo); Geden ghandha ukoll il-funzjoni li

tagixxi bhala t-tezorier tal-kumpanniji fil-grupp u li taghhom hija l-parent company u dan billi tissellef flus minn banek u istituzzjonijiet finanzjarji biex imbaghad tislef u tiffinanzja lis-sussiddjarji taghha mill-flus li takkwista permezz ta' dawn il-facilitajiet bankarji;

Illi s-socjeta rikorrenti Samsung C&T Deutschland GMBH ("Samsung Deutschland") hija kreditur ta' Geden fis-somma komplessiva ta' sbatax-il miljun u disa' telef seba' mija u tmienja u disghin dollar Amerikan (US$17,009,798.00);

Illi dan il-kreditu origina kif ser jinghad u cioe:-

i. Samsung Deutschland kienet innolleggjat favur taghha permezz ta' bareboat charter minghand terzi numru ta' bastimenti u cioe m.v. Capital, m.v. World, m.v. Secret u m.v. Sharp u li da parti taghha imbaghad ikkoncediet l-istess bastimenti permezz ta' sub bareboat charter a favur ta' diversi sussiddjarji ta' Geden u l-obbligi assunti talvolta minghand dawn il-kumpanniji sussiddjarji ta' Geden gew garantiti solidalment minnha stess permezz ta' Corporate Guarantee;

ii. Jirrizulta illi dawn is-sussiddjarji ta' Geden bdew jiffaccjaw problem finanzjarji fl-operat ta' dawn il-bastimenti ;

iii. Illi sallum hemm ammonti sostanzjali dovuti lil Samsung Deutschland minghand dawn l-entitajiet sussidjarji ta' Geden in konessjoni man-nollegg ossia sub bareboat charter ta' dawn il-bastimenti bil-konsegwenza illi Geden hija responsabbli solidalment ma' dawn l-entitajiet bhala garanti a tenur tal-obbligi assunti minnha a tenur tal-imsemmija Corporate Guarantee;

Illi permezz ta' ittra datata 5 ta' Lulju 2016 Samsung Deutschland talbet formalment minghand Geden il-hlas tal-ammonti dovuti a tenur tal-garanzija izda sallum l-ebda pagament ma sar u wisq anqas saret xi proposta da parti ta' Geden dwar xi skema ta' pagamenti jew xi soluzzjoni alternattiva sabiex jigi saldat id-dejn sostanzjali favur Samsung Deutschland;

Illi ghalhekk Geden hija insolventi ghaliex mhijiex f'qaghda li thallas id-djun taghha; dan il-fatt jafuh jew imisshom jafuh id-diretturi ta' Geden. Samsung Deutschland saret taf illi ricentement u ad insaputa taghha diversi entitajiet sussiddjarji ta' Geden bieghu u ttrasferew numru ta' bastimenti fil-patrimonju taghhom b'valuri sostanzjali. Skont ma jirrizulta mill-anness affidavit ta' Heon Joong Jung jirrizulta bic-car il-qaghda finanzjarja hazina ta' Geden u l-inabilita taghha li thallas id-dejn kif anke ammess minn ufficjali ta' Geden stess filwaqt li l-Consolidated Financial Statements ta' Geden u tas-sussiddjarji taghha jikkonfermaw li l-passiv jecceddi l-valur tal-assi u li l-grupp ilu ghal dawn l-ahhar snin igarrab telf finanazjarji qawwi u sostanzjali;

Ghar-ragunijiet kollha premessi s-socjeta rikorrenti titlob li dina l-Onorabbli Qorti:

1. Tiddikjara u tiddeciedi illi s-socjeta intimata Geden Holdings Limited mhijiex f'qaghda li thallas d-djun taghha u konsegwentement tordna ix-xjoljiment u stralc konsegwenzjali tal-istess socjeta intimata a tenur tar-Regolament 99(2) (a) u 4(b) tal-Merchant Shipping (Shipping Organisations - Private Companies) Regulations 2004 (Avviz Legali 223 tal-2004); u

2. Taghti kull provvediment opportun sabiex jinhatar l-istralcjarju u jigi kondott l-istralc konsegwenzjali skond id-disposizzjonijiet u regolamenti tal-Merchant Shipping

(Shipping Organisations - Private Companies) Regulations 2004 (Avviz Legali 223 tal-2004.

Bl- ispejjez.

Rat ir-risposta tas-socjeta konvenuta li tghid hekk:

1. Illi preliminarjament fil-fehma umli tal-esponenti s-socjeta rikorrenti ma ghandiex id-dritt jew il-fakulta li tintavola dawn il-proceduri odjerni f'dan l-istadju stante illli ma tidhirx li tikkwalifika bhala persuna li tista' tipprezenta rikors ghall-istralc ai termini ta' dispozizzjonijiet tar-Regolamenti dwar Bastimenti Merkantili (Organizzazzjonijiet ta' Bastimenti - Kumpaniji Privati), legislazzjoni sussidjaraja 234.42 tal-Ligijiet ta' Malta, u dan ghas-segwenti ragunijiet:

a) Illi Regolament 100 tal-istess S.L. 234.42 jelenka specifikament liema persuni ghandhqm il-jedd li jintavolaw rikors ghall-istralc ta' socjeta li tikkwalikifa bhala "shipping organisation" ai termini ta' artikolu 84Z tal-Att dwar il-Bastimenti Merkantili, Kapitolu 234 tal-Ligijiet ta' Malta. Ghal kull buon fini dan ir-regolament qed jigi riprodott hawn taht:

"An application to the court (hereinfter referred to as the "winding up application",) for the winding up of a company shall be made by means of an application which may be made either by the company or by any of its members or directors, or by any creditor having a debt due and unpaid in excess of twenty-three thousand and two hundred and ninety-three euros and seventy-three cents (23,293.73) or by all or any of them together or separately."

b) Illi ghalhekk hawnhekk il-ligi tipprovdi li sabiex allegat kreditur jipprezenta rikors ghall-istralc ta' shipping organisation bilfors irrid ikollu dejn dovut ta' mhux anqas mill-ammoñt stipulat fl-istess regolament.

c) Illi fil-fehma umli tal-esponenti sabiex l-kreditu tas-socjeta rikorrenti jkun meqjus bhala dovut s'intendi li dan l-istess allegat dejn irrid jigi kkanonizzat jew ippronunzjat guridikament bhala ammont dovut lill-istess rikorrenti mis-socjeta intimata.

d) Illi tajjeb li hawnhekk wiehed jaghmel paragun ukoll mad-disposizzjonijiet korrispondenti taht l-Att dwar il-Kumpaniji, Kap. 384 tal-Ligijiet ta' Malta fejn il-legislattur jaghti l-jedd ghat-talba tal-istralc fil-kuntest ta' socjetajiet Maltin ohra lil kull "kreditur jew kredituri" tas-socjeta intimata.

e) Illi shipping organisations huma soggetti ghar-regim separat u regoli differenti minn kumpaniji Maltin ohrajn u jidher car li l-iskop tal-legislattur hawnhekk huwa biex jaghti dawn s-shipping organisations diversi protezzjonijiet ulterjuri u vantaggi fiskali.

f) Illi fil-kuntest tar-rekwiziti mehtiega ghall-proceduri ghall-istralc, dawk relatati ma' shipping organisations jidhru li huma aktar oneruzi minn dawn ta' kumpaniji ohra fis-sens li l-ligi tisspecifika li fil-kaz ta' shipping organisation kreditur irrid ikollu dejn dovut sabiex jipprocedi u ghaldaqstant il-kreditu in kwistjoni jrid jigi kkonfermat mill-qorti jew tribunal kompetenti. Ghalhekk dina l-Onorabbli Qorti ma ghandiex tmexxi semplicement fuq bazi prima facie ghaliex idejha marbuta mill-ligi.

3

g) Inoltre, jinghad li l-allegat pretenzjonijiet tas-socjeta rikorrenti Samsung C&T Deutschland GMBH li abbazi taghhom is-socjeta rikorrenti qeghda taghmel t-talbiet taghha huma naxxenti minn erbgha (4) garanziji (Corporate Gaurantees) li iffirmat is-socjeta intimata fir-rigward l-obbligi ta' erbgha (4) entitajiet ohra taht erbgha (4) bareboat charterparties li ikkonkludew mas-socjeta rikorrenti.

h) Nonostante li kemm il-bareboat charterparties kif ukoll l-Corporate Gaurantees huma kollha soggetti ghal klawzoli ta' arbitragg li jirreferu l-partijiet ghal proceduri ta' arbitragg gewwa Londra, is-socjeta rikorrenti naqqset milli tipprocedi kontra l-nolleggaturi u/jew kontra s-socjeta intimata ghall-irkuprar tal-allegat djun dovut lilha quddiem il-forum kompetenti u minflok qeghda immedjatament titlob l-istralc tas-socjeta intimata.

i) Illi t-talba ghax-xoljiment ghall-istralc ta' kumpannija hija mizura ta' natura eccezzjonali li ghandha tigi ntavalota biss bhala l-ahhar rimedju u ghalhekk dawn l-proceduri odjerni ma ghandhom QATT jissostitwixxu r-rimedji ordinarji li ghandhom kreditur/i sabiex jirkurpra/w kwalunkwe allegat djun dovut lil/lilhom.

2. In ogni caso din il-Qorti trid tivverifika li l-allegat pretenzjonijiet tas-socjeta rikorrenti mhumiex preskritti taht il-ligi Ingliza l-ligi applikabbli partikolarment meta l-underling debt huwa l-hlas ghal-kiri tal-bastiment u skond il-ligi nostrana (specifikament artikolu 2148(f) ta' Kapitolu 16) azzjoni simili quddiem il-Qrati Maltin possibilment tista' tkun meqjusa bhala preskritta.

3. Illi inoltre jinghad li jekk dina Onorabbli Qorti tiddeciedi sabiex tipprocedi bis-smigh tal-kawza (qabel is-socjeta rikorrenti ma tigi kkonfermata bhala kreditrici mit-tribunal kompetenti tal-arbitragg), hemm perikolu reali u konkret li s-socjeta intimata kif ukoll kwalunkwe kreditur iehor jistghu jigu pregudikati serjament stante illi l-mertu tal-allegat pretenzjonijiet tas-socjeta rikorrenti qatt ma huma ser jigu ezaminati u skrutinizzati quddiem qorti jew tribunal kompetenti.

4. Illi dato ma non concesso li dina l-Onorabbli Qorti tordna li s-socjeta rikorrenti ghandha d-dritt li tintavola r-rikors promotur, xorta wahda ghandha tezamina l-provi tas-socjeta rikorrenti u l-valur probatorju tal-imsemmi provi, partikolarment in vista tal-fatt li dawn il-proceduri ma nfethux permess ta' rikors guramentat.

5. Illi bla pregudizzju, qed jigi sottomess li din l-Onorabbli Qorti ghandha l-poter diskrezzjonali biex tordna l-istralc tas-socjeta intimata, u dan in vista tar-Regolament 99(2)(a) tal-S.L. 234.42, fejn il-ligi tghid espressament "a company may be dissolved and wound up by the Court ..." (emfazi tas-socjeta esponenti) u ghaldaqstant ma ghandiex tilqa' t-talbiet attrici sakemm ma hiex assolutament certa li s-socjeta intimata qeghda fi stadju li ma tistax thallas id-djun taghha.

6. Illi minghajr pregudizzju ghas-suespost, jinghad li peress allegat kreditu tas-socjeta rikorrenti mhuwiex kanonizzat, dina l-Onorabbli Qorti ma ghandiex tkompli b'dawn il-proceduri sakemm ikun hemm decizjoni finali ta' arbitragg li tikkonferma li s-socjeta rikorrenti hija kreditrici tas-socjeta intimat a u dan inter alia ai termini tal-artikolu 742(3) ta' Kapitolu 12 u artikolu 8 ta' Konvenzjoni tan-Nazzjonijiet Uniti dwar l-Gharfien u l-Ezekuzzjoni ta' Decizjonijiet ta' Arbitragg Barranin (New York 1958) fost ohrajn.

4

7. Illi fil-fehma umli tal-esponenti, dina l-Onorabbli Qorti ma ghandiex tidhol fil-mertu jew taghmel ebda ezami tal-allegat pretenzjonijiet tas-socjeta rikorrenti fil-konfront tas-socjeta intimata ghaliex dawn jibqa' kwistjonijiet li huma soggetti ghall-ftehim ta' arbitragg.

8. Illi ghalhekk kontestwalment ma' din ir-risposta s-socjeta intimata qeghda tipprezenta wkoll rikors ghas-soprasessjoni u/jew sospensjoni tal-dawn il-proceduri odjerni, pendenti l-ezitu finali tal-proceduri ta' arbitragg li s-socjeta rikorrenti ghandha tiftah kontra s-socjeta intimata.

Rat l-atti u semghet lid-difensuri tal-partijiet;

Rat li l-kawza thalliet ghal provvediment.

**Ikkunsidrat**

Din hi kawza bazata fuq l-artikoli 99(2)(a) u 99(4)(b) tal-Merchant Shipping (Shipping Organisations – Private Companies) Regulations 2004 (Avviz Legali 223/2004).

Is-socjeta attrici qed titlob li s-socjeta konvenuta, debitrici tas-socjeta attrici mhix f'pozizzjoni li thallas id-djun taghha u ghalhekk qed jintalab l-istralc tal-imsemmija socjeta ghal dan l-iskop jinhatar stralcjarju.

L- artikoli rilevanti tal-ligi in kwistjoni jghidu hekk

99(2)(a) a company may be dissolved and wound up by the Court when the company is unable to pay its debts;

99(4)(b) if it is proved to the satisfaction of the court that the company is unable to pay its debts, account being taken also of contingent and prospective liabilities of the company.

A bazi ta' dawn l-artikoli s-socjeta attrici qed tallega li hi ghandha kreditu kontra s-socjeta konvenuta u a bazi tad-dritt moghti bl-artikolu 100 tal-istess Avviz Legali qed titlob qua kreditrici li s-socjeta konvenuta titpogga fi procedura ta' strac. L-artikolu 100 tal- Avviz Legali 223/2004 jghid hekk:

An application to the court (hereinafter referred to as the "winding up application") for the winding up of a company shall be made by means of an application which may be made either by the company or by any of its members or directors, or by any creditor having a debt due and unpaid in

5

excess of ten thousand Maltese liri or by all or any of them together or separately. .

Hi l-fehma tal-Qorti illi kuntrarjament ghal dak sottomess mis-socjeta konvenuta, il-kreditur ma ghandux bzonn igib prova ta' kreditu kanonizzat dovut lilu mis-socjeta kovenuta biex jippromuovi din l-azzjoni a bazi tal-artikolu 99(2)(a) u 99(4)(b). Il-ligi ma tiesigix li l-kreditur juri titolu ezekuttiv ghal tali kreditu izda li jidher li hu kreditu dovut fil-mument li qed issir l-azzjoni u li mhux imhallas. Il-Qorti trid tkun sodisfatta li jezisti tali kreditu u mhux semplicement pretensjoni ta' kreditu liema kreditu ma jirizulta minn imkien hlief mill-allegazzjoni u pretensjoni tal-allegat kreditur. Il-prova ta' kreditu li tirrizulta lil Qorti taghti l-interess guridiku li jressaq din l-azzjoni intiza primarjament biex il-kreditur jipprotegi l-kreditu tieghu kontra l-assi li hemm tad-debitur li hu jqis mhux f'pozizzjoni li jonora d-debitu. Dan qed jinghad peress illi f'din il-procedura ma jigix kanonizzat il-kreditu jew jsir xi ordni ta' hlas izda li d-debitur jitpogga fi stat ta' 'winding up'. Il-krediti realment dovuti jitqiesu f'l-istadju ulterjuri mhix f'din il-procedura. Dan hu il-principju hi msejsa l-ligi Ingliza f'kaz ta' talba ghal likwidazzjoni ta' kumpanija. F'**Mann vs Goldstein** (1968 IWLR 1091) jintqal hekk:

> The incorporated hairdressing and wig business of two married couples broke down in acrimony. Goldstein and his company petitioned for winding up claiming unpaid directors fees and payment for a wig delivery, but Mann argued that Godlstein had recieved the fees through ad hoc payments and another company owed money for the wigs. Ungoed Thomas J. argued the winding up petition was not the place to decide the debt actually existed and it would be an abuse of process to continue.

Qabel mal-Qorti tqis it-talba attrici, trid ghalhekk fl-ewwel lok tikkunsidra jekk tressqux provi li juru li s-socjeta attrici ghandha kreditu fil-konfront tas-socjeta konvenuta. Il-Qorti rat l-atti u dokumenti esebiti u tasal ghal konkluzjoni li din il-prova saret u tissupera bil-bosta l-bazi ta' kreditu €23,293.73 li ghalih kreditur jista' jaghmel it-talba odjerna. Jidher mill-atti illi s-socjeta konvenuta kienet garanti solidali ghal diversi sussidjarji tal-istess socjeta, u li l-ammonti dovuti lis-socjeta attrici minn dawn is-sussudjarji baqghu mhux imhallsa. Id-dokumenti rilevanti huma l-corporate guarantees (Dok. LCP3A sa LCP3D) u d-demand letter tal-5 ta' Lulju 2016 (Dok. LCP5). Is-socjeta attrici esebiet rendikont tal-ammont dovut (Dok. LCP4). In oltre esebit korrispondenza elettronika fejn is-socjeta konvenuta tirreferi ghal sitwazzjoni finanzjarja xejn felici fejn jikkoncerna hlasijiet (ara f'dan is-sens fol. 76, 85 u 93 tal-

process). Is-socjeta konvenuta mkien ma tinnega li hemm debitu dovut hu kemm hu l-ammont anzi lanqas hu kontestat.

Fid-dawl ta' dan kollu hi l-fehma tal-Qorti illi s-socjeta attrici uriet li hi ghandha kreditu ta' ammont sostanzjali kontra s-socjeta konvenuta.

Is-socjeta attrici trid ukoll tipprova li s-socjeta konvenuta mhix f'pozizzjoni li thallas id-debitu taghha. In tema legali din il-Qorti tiehu spunt minn dak li jghid l-artikolu 214(5)(b) tal-Kap. 386 dwar xoljiment ta' kumpaniji identiku ghall-artikolu 99(4)(b) tal-Avviz Legali 223/2004:

> jekk ikun ippruvat ghas-sodisfazzjon tal-qorti li l-kumpannija ma tkunx tista' thallas id-djun taghha, meta din tqis ukoll il-passiv kontingenti u prospettiv tal-kumpannija.

Fil-kawza **CMV S.p.a. vs Vittoriosa Gaming Ltd et**, (PA 28/02/2017, JZM) il-Qorti dahlet f'dettal dwar it-tifsira li ghandha tinghata lil dan l-artikolu:

> Fil-Pag 114 tar-Raba` Edizzjoni (2011) ta` Principles of Corporate Insolvency Law (Sweet & Maxwell) Roy Goode ighid hekk –
> The idea underlying this test … is that it is not sufficient for the company to be able to meet its current obligations if its total liabilities can ultimately be met only by the realisation of its assets and these are insufficient for the purpose …
>
> Fil-Pag 130 ikompli hekk –
> The mere excess of liabilities over assets is not in itself determinative. What has to be shown is that by reason of the deficiency of its assets the company has reached the point of no return.
>
> Fil-Pag 134 sa 136, l-awtur jittratta n-nozzjoni ta` contingent liability u jghid hekk –
> To give the phrase "contingent liability" any meaning we must restrict it to a liability or other loss which arises out of an existing legal obligation or state of affairs but which is dependent on the happening of an event which may or may not occur. Many of the cases have stressed the need for the liability to arise out of an existing obligation.
> … in considering whether there is a contingent liability the court has regard to the existing commercial situation, not erely an existing legal obligation. In this regard, assistance can be derived from Financial Reporting Standard 12 which defines a contingent liability in the following terms :
> (a) "A possible obligation that arises from past events and whose existence will be confirmed only by the occurrence or non-occurrence of one or more uncertain future events not wholly within the entity`s control ; or

(b) a present obligation that arises from past events but is not recognised because:

(i) it is not probable that a transfer of economic benefits will be required to settle the obligation ; or

(ii) the amount of the obligation cannot be measured with sufficient reliability."

… the term "contingent liabilities" is ultimately not a term of art and its precise meaning will depend on its context. The court is thus entitled to have regard to commercial realities …

Fil-Pag 136 u 137, l-awtur jittratta n-nozzjoni ta` prospective liability u jghid hekk –

… The phrase "prospective liability" is neither a legal nor an accounting term of art. It has been judicially defined as : " … a debt which will certainly become due in the future, either on some date which has already been determined or some date determinable by reference to future events."

… it has been described … as unmatured liability which will inevitably ripen into a debt with the passage of time. Such a definition encompasses all forms of debitum in praesenti, solvendum in futuro including an indisputable claim for unliquidated damages which remains only to be quantified and will result in a debt far more than a nominal amount. "Prospective liability" thus embraces both future debts, the sense of liquidated sums due, and unliquidated claims.

Dwar l-Art 214(5)(b) din il-Qorti diversament presjeduta (PA/GV) fid-decizjoni taghha tat-28 ta` Mejju 2003 fil-kawza "**Axel John International AB vs Aluminium Extrusions Limited**" qalet hekk –

Din il-kondizzjoni tista` tigi verifikata permezz tal-balance sheets wara li jigi kunsidrat jekk l-assets are less than its liabilities. Izda … it is not sufficient for the company to be able to meet its current obligations if its total liabilities can ultimately be met only by the realisation of its assets over a lengthy period (Re: European Life Assurance Society 1869 LR 9 Eq 122).

Ghalhekk ma hemmx raguni ghaliex il-kredituri ghandhom joqghodu jistennew sakemm il-kumpannija tbiegh l-assets taghha biex forsi xi darba jithallsu.

Applikati dawn il-principji ghal fatti, il-Qorti tqis illi tali prova trid issir fl-ewwel lok mill-parti li qed tallegah. Is-socjeta attrici ipprezentat il-consolidated financial statements tal-kumpanija Geden ghas-snin 2012 sal-2015. Fl-2014 u 2015 hemm stampa griza tal-finanzi tas-socjeta Geden fejn jirrizulta illi t-telf ghal perjodu Jannar sa Dicembru 2015 kien ta' USD194,173,929 kontra assi ta' USD124,946.87. Il-Qorti tqis li din il-prova turi illi s-socjeta konvenuta qua garanti solidali ghad-debitu tas-sussidjarji taghha mhix f'pozizzjoni li tonora l-hlas ghax ma ghandhiex assi likwidi jew qliegh mill-operazzjonijiet li jaghmlu tajjeb ghal dan l-iskop.

*Samsung vs Geden*

Darba li s-socjeta attrici tat stampa tal-pozizzjoni finanzjarja tas-socjeta attrici, sta ghas-socjeta konvenuta li turi li l-qaghda finanzjarja taghha hi tali li tista' tkompli topera u thallas id-debitu taghha kemm lejn is-socjeta attrici u kredituri ohra taghha. Sfortunatament, nonostante li s-socjeta konvenuta nghatat l-opportunita biex tressaq il-provi taghha, dan ma sarx u ma ngiebet ebda prova mis-socjeta konvenuta li tikkontrasta dak migjub bhala prova tal-qaghda finanzjarja mis-socjeta attrici.

Il-Qorti konxja illi stralc ta' socjeta bhala rimedju hi wahda ta' natura eccezzjonali u ghandha titqies b'kawtela kbira u ghalhekk l-artikolu 99(2)(b) jaghti lil Qorti d-diskrezzjoni jekk tikkonsidrax jew le tali talba. Pero f'dan il-kaz il-provi ma jaghtux ghazla lil Qorti, tenut kont tal-istat finanzjarju prekarju tas-socjeta konvenuta li lanqas ippruvat tikkuntrasta l-provi migjuba kontriha. Ovvjament din il-Qorti mhix tikkonsidra l-kreditu tas-socjeta attrici bhala wiehed kanonizzat. Il-procedura ghal dan l-iskop hi diversa. Il-procedura odjerna hi immirata biss biex jinbeda l-process tal-istralc tas-socjeta konvenuta u preservazzjoni tal-assi tal-istess socjeta kemm ghal kredituri u kemm ghall-azzjonisti nfushom.

Il-Qorti tqis bhala mhux fondat l-eccezzjoni tas-socjeta intimata illi l-ftehim tal-garanzija tas-socjeta intimata hi soggetta ghall-arbitragg f'Londra. Il-kwistjoni quddiem il-Qorti ma tirrigwardax il-garanzija izda l-kapacita tas-socjeta intimata registrata f'Malta li thallas id-djun kolpiti bil-garanzija.

Bhala gheluq din il-Qorti gia esprimiet ruhha fuq it-talba ghal soprasessjoni b'digriet tal-11 ta' Jannar 2017.

### Decide

Ghalhekk il-Qorti taqta' u tiddeciedi billi tilqa' t-talbiet attrici u tiddikjara li s-socjeta konvenuta mhix f'pozizzjoni li thallas id-djun taghha u tordna li jibda l-procedirment ghax-xoljiment u stralc tal-istess socjeta konvenuta a tenur tal-artikoli 99(2)(a) u 99(4)(b) tal-Avviz Legali 223/2004.

Tordna li jigi nominat Paul Darmanin bhala stralcjarju bid-drittijiet u obbligi kollha ai termini tal-artikoli 107 sa 116 tal-Avizz Legali 223/2004. Spejjez, inkluzi d-drittijiet u l-

9

ispejjez tal-istralcjarju, kif ukoll l-ispejjez kollha tal-istralc jithallsu mis-socjeta intimata.

Tordna lir-Registratur tal-Qorti jibghat kopja ta' dan il-provvediment lir-Registratur tal-Bastimenti u lir-Registratur tal-Kumpaniji.

Onor. Mark Chetcuti LL.D.
Imhallef


Anne Xuereb
Deputat Registratur



Page | 1

**THE FIRST HALL OF THE CIVIL COURTS**

**Onor. Judge Mark Chetcuti LL.D.**

**Today, Thursday, 15th. June, 2017**

Number 8

Application Number:- 810/2016

**Samsung C&T Deutschland GMBH,**
foreign company registered in Germany
with registration number HRB 4631,
with registered address at Am Kronberger Hang 6, 65824,
Schwalbach am Taunus, Germany,
here in Malta represented by its special mandator
Advocate Louis Cassar Pullicino (ID Card No. 441061(M))

vs

**Geden Holdings Limited** (C 30351)

**The Court;**

**Having seen the application of plaintiff of the 16th. September 2016 which states as follows :-**

That the defendant company Geden Holdings Limited ("**Geden**") is a company registered in Malta on 14th October 2002; by means of a shareholders resolution dated 27 December 2010 it was resolved to limit the objects of the company to the ones mentioned under article 84z(1) of the Merchants Shipping Act (Cap. 234 of the Laws of Malta). As a consequence of this and with effect from 7th January 2011 Geden was subject to the provisions and rules of Legal Notice 223/2004 – Merchant Shipping (Shipping Organizations – Private Companies) Regulations 2004 and so it qualifies as a "shipping organization" in accordance with article 84z of Chapter 234;

The principal activity of the Geden is the purchase and subscription of shares into its subsidiary companies which operate ships in the international shipping market through the chartering of vessels in their ownership or that of other third parties in order to carry oil products and other type of cargo (dry cargo); Geden also acts as a treasurer of the companies within the group for which it acts as a parent company and does this by borrowing money from banks and financial institution in order to lend same to and finance its subsidiaries;

That the plaintiff company Samsung C&T Deutschland GMBH ("**Samsung Deutschland**") is the creditor of Geden in the total amount of USD 17,009,798.00 (seventeen million and nine thousand and seven hundred and ninety eight United States of America Dollars);

That this credit originates as described below:

i.    Samsung Deutschland chartered in its favour from third parties through a bareboat charter agreement a number of vessels that are the m.v. Capital, m.v. World, m.v. Secret and m.v. Sharp which were in turn sub-bareboat chartered in favour of different subsidiaries of Geden; the latter guaranteed *in solidum* the obligations of its subsidiaries by means of a Corporate Guarantee in favour of the plaintiff company;

ii.    It results that these subsidiary companies of Geden faced financial problems arising from the operation of these vessels;

iii.    That up to date, and in connection with the bareboat charter or sub-bareboat charter of these vessel, there is a substantial amount due to Samsung Deutschland from these subsidiary entities of Geden with the consequence that Geden is responsible *in solidum* with these entities as Guarantor and on the basis of the obligations arising from the Corporate Guarantee.

That through the letter dated 5th of July 2016 Samsung Deutschland formally asked Geden to pay the amounts due on the basis of the guarantee; notwithstanding this no payment was made and Geden did not make any proposal in relation to a scheme of payment or alternative solution so that the substantial debt in favour of Samsung Deutschland is paid;

For this reason and since it is not in a position to pay its debts Geden is insolvent; these facts are known or ought to be known to the Directors of Geden. Samsung Deutschland recently got to know that different subsidiary companies of Geden sold or transferred a number of vessel of a substantial value in its patrimony. The attached affidavit of Heon Joong Jung clearly shows the negative financial situation of Geden and its inability to pay the debts while the Consolidated Financial Statement of Geden and of its subsidiaries confirm that the <span>Page | 3</span> liabilities exceed the value of the assets and the group has for the last years recorded a serious and substantial financial loss;

For the above mentioned reasons the plaintiff company asks this Courts to:

1. Declare and decide that the defendant company Geden Holdings Limited is not in a position to pay its debts and consequentially orders the liquidation and  on the basis of Article 99(2)(a) and 4(b) of the Merchant Shipping (Shipping Organizations – Private Companies) Regulations 2004 (Legal Notice 223 of 2004); and

2. Gives any order conducive to the appointment of a Liquidator and to the liquidation of the company in accordance with the provisions and rules of the Merchant Shipping (Shipping Organizations – Private Companies) Regulations 2004 (Legal Notice 223 of 2004).


With costs

Having seen the reply of the defendant company as follows:-

1. That primarily it is in the humble understanding of the exponent, the plaintiff company has no right of the faculty to institute these proceedings at this time because it does not seem to qualify as a person who can file an application for winding up in terms of the dispositions of the Regulations regarding the Merchants Shipping (Organisation of Ships – Private Companies), subsidiary legislation 234.42 of the Laws of Malta and this for the following reasons:-
   a) That Regulation 100 of the said S.L. 234.42 specifically lists the persons who have the right to file an application for winding up of a company which qualifies as a "shipping organization" in terms of article 84Z of the Merchants Shipping Act, Chapter 234 of the Laws of Malta. For all intends and purposes this regulation is being reproduced hereunder:-

"An application for the court (hereinafter referred to as the " application",) for the winding up of a company shall be made by means of an application which may be made either by the company or by any of its members or directors, or by any creditor having a debt due and unpaid in excess of twenty-three thousand and two hundred and ninety-three euros and seventy-three cents (23,293.73) or by all or any of them together or separately".

   b) That therefore here the law provides that for the alleged creditor files an application for the winding up of a shipping organization it has to be sure that the

debt which is due of not less of the aforementioned stipulated in the said regulation.

c) That in the humble understanding of the exponent for a credit of the applicant company to be considered as due, this debt has to be legally declared and pronounced by the said applicant from the defendant company.

d) That it is good for one to make a comparison also with the corresponding dispositions under the Companies Act, Chapter 384 of the Laws of Malta where the legislator give the right for the claim for winding up in the contest of the other Maltese companies which is a "creditor or creditors" of the defendant company.

e) That the shipping organisations are subject to separate regime and different regulations from the other Maltese Companies and it is clear that the legislator here is to give the shipping organisations various other protections and fiscal advantages.

f) That in the context of the necessary requisites for the winding up procedure, it appears that those related to shipping organisations are more onerous than those other companies in the sense that the law specify that in the case of a shipping organisation the creditor would need to have a debt in order to proceed and at least the credit in question have to be confirmed by the Court or by a Tribunal. Therefore this Honourable Court has its hands tight and cannot simply proceed on the basis of a prima facie.

g) That furthermore it is said that the alleged claim of the plaintiff company Samsung C&T Deutschland GMBH on which basis the plaintiff company is making its claims arise from four (4) guarantees (Corporate Guarantees) signed by the defendant company in regards to the obligations of four (4) other entities under four (4) bareboat charterparties signed with the plaintiff company.

h) Notwithstanding the fact that the bareboat charterparties a well as the Corporate Guarantees are all subject to arbitration clauses which refer the parties for arbitration procedures in London, the plaintiff company have failed to proceed against the charterers and/or against the defendant company for the recovery of the alleged debt due to it before a competent forum and instead is immediately requesting the winding up of the defendant company.

i) That the claim for the dissolution and winding up of the company is an exceptional measure in nature and which need to be resorted to as the last remedy and therefore these present proceedings can NEVER substitute the ordinary remedies which the creditors have to recover any alleged debt to them due.

2. In any case this Court needs to verify the alleged claim of the applicant company is not time barred under the applicable English law particularly when under the underling debt is the payment of leasing of the vessel and according to our law (specifically article 2148 (f) of Chapter (16) similar actions before the Maltese Courts can possibly be considered as time barred.

3. Furthermore, it is said that if this Honourable Court decides to proceed with the hearing of the cause (before the plaintiff would be confirmed as being creditor from a competent arbitration tribunal), there is a serious real and concrete danger that the

defendant company as well as other creditor which can be seriously prejudiced because the merit of the alleged claim are never going to be examined and scrutinized before a court or a competent tribunal.

4. That for the sake of argument if this Honourable Court decides that the plaintiff have a right to file the application, it would still have to examine the evidence of the plaintiff <span>Page | 5</span> company and the weight of the said proof, particularly in the light of the fact that these proceedings were not instituted in virtue of a sworn application.

5. That without any prejudice, it is being submitted that this Honourable Court have the power of discretion to order the struck off of the defendant company, and this in view of the fact of Regulation 99 (2) (a) of SL 234.42, where the law expressly states "a company may be dissolved and wound up by the Court….." (emphasis of plaintiff company) and therefore it may  not uphold the claim of the plaintiff company until it is not absolutely  certain that the defendant company is in a state where it cannot repay its debts.

6. That without any prejudice to the aforesaid, it is said that because the alleged credit of the plaintiff company is not awarded, this Honourable Court cannot proceed with these proceedings until there is a final decision from the arbitration which confirms that the plaintiff company is a creditor of the defendant company and inter alia in terms of article 742(3) of Chapter 12 and article 8 of the **Convention on the Recognition and Enforcement of Foreign Arbitral Awards**,(New York 1958) amongst others.

7. That in the humble opinion of the exponent, this Honourable Court cannot enter into the merits or make any examination of the alleged claim of the plaintiff company against the defendant company because these matters are subject to the agreement of arbitration.

8. That therefore at the same time with this reply, the defendant company is filing also an application for the staying of or/ the suspension of these proceedings, pending the outcome of the final arbitration proceedings which the plaintiff company has to open against the defendant company.

Having seen the records and heard the parties:

Seen the proceedings are  being adjourned to a decision.

Considered

This is a case based on articles 99 (2) (a) and 99 (4)(b) of the Merchant Shipping (Shipping Organisations – Private Companies) Regulations 2004 (Legal Notice 223/2004).

The plaintiff company is requesting the defendant company, debtor of the plaintiff company not in a position to pay its debts therefore it is being requested the winding up of the said company and for this reason for the appointment of a liquidator.

The relevant articles of the law in question states:-

99 (2) (a) a company may be dissolved and wound up by the Court when the company is unable to pay its debts;

99 (4) (b) if it is proved to the satisfaction of the court that the company is unable to pay its debts, account being taken also of contingent and prospective liabilities of the company

On the basis of these articles the plaintiff company is alleging that it has a credit against the defendant company and on the basis of the right giving in terms of article 100 of the same Legal Notice is requesting that the defendant company will be placed into liquidation.  Article 100 of the Legal Notice 223/2004 states:-

An application to the court (hereinafter referred to as the " application") for the winding up of a company shall be made by means of an application which may be made either by the company or by any of its members or directors, or by any creditor having a debt due and unpaid in Rik 810/2016MC Samsung vs Geden 6 excess of ten thousand Maltese liri or by all or any of them together or separately.

It is the understanding of the Court that contrary to what has been submittedby the defendant company, the creditor need not bring evidence of the creditor awarded to him from the defendant company to institute this action on the basis of article 99 (2) (a) and 99 (4)(b). The law does not need that the creditor show the executive title or the said credit but to appear that it is a credit which is due and not paid at the moment this action is filed. The Court needs to be satisfied that there exists a credit and not simply a claim of a credit which credit result from nowhere except from allegations and claims of the alleged creditor. Any resulting evidence of credit The proof of the credit which would result to the Court would give juridical interest to bring the action primarily intended for the protectiion of the credit of the creditor against the assets of the debtor, who would considered as not in a position to honour its debts. This is being said because in this procedure the credit would not become executive or an order for payment be made but the debtor would  be put in a state of "winding up". The real credits due would be considered at a later stage not in this procedure. This is the principle which is based on english law in the case for the liqudation of the company in **Mann vs Goldstein** (1968 IWLR 1091) stated that :-

The incorporated hairdressing and wig business of two married couples broke down in acrimony. Goldstein and his company petitioned for  claiming unpaid directors fees and payment for a wig delivery, but Mann argued that Godlstein had recieved the fees through ad hoc payments and another company owed money for the wigs.

Ungoed Thomas J. argued the petition was not the place to decide the debt actually existed and it would be an abuse of process to continue.

Before the Court considers the request of the plaintiff, in the first place considers if any evidence was produced which shows that the plaintiff company has a credit against the defendant company. The Court having seen the acts and the exhibited documents and arrives at the conclusion that this proof was made and superceds with alot the basis of the credit of €23,293.73 for which the creditor can make this claim. It appears from the records that the defendant company was a joint garantor for the various subsidiaries of the same company, and that the amounts due to the plaintiff company from these subsidiaries remained unpaid. The relevant documents are the corporate guarnatees (Doc. LCP 3A to LCP 3D) and the demand letter dated the 5th July 2016 (Doc. LCP5). The plaintiff company exhibited a statement of the amount due (Doc. LCP4). Fuirthermore, exhibited electronic corrispondence where the defendant company makes reference to the not so happy financial situation where it concerns payments (see in this sense fol. 76, 85 to 93 of the records of the proceedings. The defendant company from nowhere negates that there is a debt which is due and the amount is not contested.

In the light of all this it is the understanding of the Court that the plaintiff company have shown that it has a credit of a substantial amount against the defendant company.

The plaintiff company has also to prove that the defendant company is not in a position to pay its debts. In legal terms, this Court have taken note from what is cited in article 214 (5)(b) of Chapter 386 regarding the of the companies identical to article 99 (4)(b) of the Legal Notice 223/2004.

> If it is proven to the satisfaction of the court that the company cannot pay its debts, when it considers also the passive contingencies and prospects of the company.

In the case **CMV S.p.a vs Vittoriosa Gaming Ltd et** (PA 28/02/2017, JZM), the court went into a lot of detail regarding the meaning which needs to be given to this article

In PaGE 114 of the Fourth Edition (2011) of the Principles of Corporate Insolvency Law (Sweet & Maxwell) Roy Goode says this –

 – The idea underlying this test … is that it is not sufficient for the company to be able to meet its current obligations if its total liabilities can ultimately be met only by the realisation of its assets and these are insufficient for the purpose …

On Page 130 proceeds – The mere excess of liabilities over assets is not in itself determinative. What has to be shown is that by reason of the deficiency of its assets the company has reached the point of no return.

From Page 134 tp 136, the author treats the notion of novation of contingent liability and states this  – To give the phrase "contingent liability" any meaning we must restrict it to a liability or other loss which arises out of an existing legal obligation or state of affairs but which is dependent on the happening of an event which may or may not occur. Many of the cases have stressed the need for the liability to arise out of an existing obligation. … in considering whether there is a contingent liability the court has regard to the existing commercial situation, not merely an existing legal obligation. In this regard, assistance can be derived from Financial Reporting Standard 12 which defines a contingent liability in the following terms :

(a) "A possible obligation that arises from past events and whose existence will be confirmed only by the occurrence or non-occurrence of one or more uncertain future events not wholly within the entity`s control  or

(b) a present obligation that arises from past events but is not recognised because:

 (i) it is not probable that a transfer of economic benefits will be required to settle the obligation ; or

(ii) the amount of the obligation cannot be measured with sufficient reliability." … the term "contingent liabilities" is ultimately not a term of art and its precise meaning will depend on its context. The court is thus entitled to have regard to commercial realities …

On Pages 136 to  137, the author treats the novation of the prospective liability and states this –

.......The phrase "prospective liability" is neither a legal nor an accounting term of art. It has been judicially defined as : " … a debt which will certainly become due in the future, either on some date which has already been determined or some date determinable by reference to future events." … it has been described … as unmatured liability which will inevitably ripen into a debt with the passage of time. Such a definition encompasses all forms of debitum in praesenti, solvendum in futuro including an indisputable claim for unliquidated damages which remains only to be quantified and will result in a debt far more than a nominal amount. "Prospective liability" thus embraces both future debts, the sense of liquidated sums due, and unliquidated claims.


Regarding Article 214(5)(b) the Court, differently presided,  (PA/GV) in its judgement of the 28th May 2003 in the case "**Axel John International AB vs Aluminium Extrusions Limited**", said this :-

This condition can be verified by balance sheets after being considered if the assets are less than its liabiliites. But, it is not sufficient for the company to be able to meet its current

obligations if its total liabilitis can ultimately be met only by the realisation of its assets over a lengthy period  (Re: European Life Assurance Society 1869 LR Eq 122).

Therefore there is no reason why the creditors have to wait until the company sell its assets perhaps that they might someday get paid.

Applying  these principles to the facts, the Court considers  that the said proof, in the first place has to be made from the alleging party . The plaintiff company filed the consolidated financial statements of the Company Geden for the years 2012 to 2015.  In 2014 and 2015 there is a grey picture of the finances of Geden which results in the loss for the period of January to December 2015 of USD 194,173,929 against the assets of USD 124,946.87. The Court considers that this evidence shows that the defendant company being the joint guarantor of the debt of its subsidiaries is not in a position to honour its payments because it has no liquid assets or profits from its operations to make good for this purpose.

Once the plaintiff company have given a clear picture of the financial situation of the defendant company, it is up to the defendant company to show its financial state that it can continue to operate and pay its debts due to the plaintiff company as well as to its other creditors. Unfortunately, notwithstanding the fact  that the defendant company was given the opportunity to bring foward its evidence, this was not done and no evidence was forthcoming by the defendant company which conflicts with what has been already produced by way of evidence regarding its financial by the plaintiff company.

The Court is aware that the winding up of a company as a remedy is one of a exceptional nature and is to be considered in great caution and therefore article 99(2)(b) give the Court the discretion whether to consider this or not.  However, in this case the evidence does not give a choice to the Court , taken into account the precarious state of the financial affairs of the defendant company and also not even tried to counter act to the evidence brought against it.  The Court obviously is not considering the credit of the plaintiff company as one which is has been rendered executive. The procedure for this purpose is different.  The proceedings in question are only aimed to start the procedure of winding up of the defendant company and the preservation of the assets of the same company for the creditors and also for the shareholders themselves.

The Court considers the pleas of the defendant company that the agreement of guarantee of the defendant company is subject to arbitration in London as unfounded.   The question before the Court is not whether to consider the guarantee but if whether the defendant company registered in Malta is capable to pay the debts secured by the guarantee.

To conclude this Court already expressed itself on the request for the stay of proceedings in virtue of a decree of the 11th January 2017.

**Decides**

Therefore the Court decides to uphold the requests of the pliantiff company and declare that the defendant company is not in a position to pay its debts and order to proceed for the dissolution and winding up off of the said defendant company in terms of articles 99 (2)(a) and 99 (4)(b) of the Legal Notice 223/2004.

Order to nominate Paul Darmanin as the liquidator with all the rights and obligaitons in terms of article 107 to 116 of Legal Notice 223/2004.  Costs including the fees and costs of the liquidator, as well as the costs of the struck off are to be paid by the defendant company.

Order the Registrar of Courts to send a copy of this decision to the Registrar of Shipping and to the Registrar of Companies.


Onor Mark Chetcuti LL.D

Judge

> Tue Copy
> Date 12/10/2023
> ___signed _____
> Rose Marie Vella
> Deputy Registrar

(signed)

Anne Xuereb

Deputy Registrar


22nd April, 2025

I the undersigned hereby confirm that I am proficient in the English and Maltese languages and I hereby certify this English translation to be a faithful translation of the certified copy of the Judgement in Maltese Language done to the best of my ability.

Josette Attard B.A. (Law) L.P.
Legal Procurator and Commissioner for Oaths
Dingli & Dingli Law Firm
18/2 South Street, Valletta Malta VLT1102

**EXHIBIT B**

First Hall Civil Court

Hon. Judge Miriam Hayman B.A. LL.D.

Application number 810/2016 MCH

Samsung C&T Deutschland GmbH

Vs

Geden Holdings Limited

The Court,

Saw the application:

Accedes to the request and nominates for the same purposes Dr. Reuben Balzan.

Today, 4th. December 2023.

(Signed)
Deputy Registrar

Rose Marie Vella
Deputy Registrar
Courts of Justice (Malta)
Law Courts (Malta)

15th day of April, 2025

I the undersigned hereby confirm that I am proficient in the English and Maltese languages and I hereby certify this English translation to be a faithful translation of the Court Decree of the 12th. September 2018 in Maltese language done to the best of my ability.

Josette Attard B.A. (Law) L.P.

Legal Procurator and Commissioner for Oaths

Dingli & Dingli Law Firm

18/2 South Street, Valletta Malta VLT1102

**EXHIBIT C**

# Qorti Civili – Prim'Awla

# Onor. Imhallef Miriam Hayman B.A., LL.D.

Rikors Numru: 810/2016MCH

Samsung C&T Deutschland GmbH

-vs-

Geden Holdings Limited

**Il-Qorti,**

Rat ir-rikors:

Rat l-artikolu relattiv tal-Avviz Legali 223 tal-2024 tal-Kap 234 tal-Ligijiet ta' Malta.

Tilqa' t-talba.

Illum, 20 ta' Novembru 2024

Deputat Registratur

Vera kopja ta' l-Original

PL.Carina Abdilla
Deputat Registratur

22 | 4 | 25

Rosa Marie Vella
Deputat Registratur
Deputy Registrar
Qrati tal-Gustizzja (Malta)
Law Courts (Malta)

# First Hall Civil Court

## Hon. Judge Miriam Hayman B.A. LL.D.

Application number 810/2016 MCH

Samsung C&T Deutschland GmbH

Vs

Geden Holdings Limited

The Court,

Having seen the relative article of the Legal Notice 223 of 2024 of Chapter 234 of the Laws of Malta .

Accedes to the request.

Today, the 20th November 2024.

Signed
Deputy Registrar

(Signed)

Deputy Registrar

| True copy of the original |
| --- |
| (Signed) |
| P.L. Carina Abdilla |
| Deputy Registrar |
| 22/04/25 |

Rose Marie Vella
Deputy Registrar
Courts of Justice (Malta)
Law Courts (Malta)

15th day of April, 2025

I the undersigned hereby confirm that I am proficient in the English and Maltese languages and I hereby certify this English translation to be a faithful translation of the Court Decree of the 20th. November 2024  in Maltese language done to the best of my ability.

Josette Attard B.A. (Law) L.P.
Legal Procurator and Commissioner for Oaths Dingli & Dingli Law Firm
18/2 South Street, Valletta Malta VLT1102