## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 25-90138** |
| **Geden Holdings, Ltd.** [1] | § | |
| | § | **Chapter 15** |
| **Debtor in a Foreign Proceeding** | § | |

### VERIFIED PETITION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE

Dr. Reuben Balzan (the "Liquidator" or the "Foreign Representative")[2], a licensed advocate in Malta with the law firm Valletta Legal, in his capacity as the authorized representative and court appointed liquidator of the above-captioned debtor (the "Debtor" or "Geden") pursuant to Geden's court ordered liquidation in Malta (the "Malta Proceeding") before the First Hall of the Civil Court (the "Maltese Court"), respectfully submits this chapter 15 verified petition (together with the official form petition filed concurrently herewith, the "Petition") for recognition of the Malta Proceeding pursuant to section 1517 of title 11 of the United States Code (the "Bankruptcy Code") as a "foreign main proceeding," or, in the alternative, as a "foreign non-main proceeding" and for additional relief pursuant to sections 1520 and 1521 of the Bankruptcy Code.

In support of the Petition, the Foreign Representative has filed contemporaneously herewith the *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative (III)*

---

[1] Geden Holdings, Ltd. was ordered to be wound up by the Maltese Court (the "Windup Order") a copy of the Maltese order is attached hereto as **Exhibit "A."** The Liquidator's office, Valletta Legal, is located at No. 4 St Andrews Street, Valletta VLT 1341, Malta, and is Geden's service address in this chapter 15 case.

[2] Capitalized terms not defined herein shall have their meaning ascribed in the Declaration.

*Emergency Provisional Relief for Issuance of the Automatic Stay, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "<u>Declaration</u>"), which is incorporated herein by reference.

## <u>Preliminary Statement</u>

1.      This Chapter 15 Case is necessary as an ancillary proceeding to support the Liquidator in executing his duties as the court appointed liquidator in the Malta Proceeding.

2.      Unbeknownst to the Liquidator, Geden has been participating in and defending itself against lawsuits pending in Pennsylvania State Court since March of 2020.  This is particularly surprising because once the Malta Proceeding was initiated in 2017, under Maltese law, all former owners, directors, officers, and management of Geden ceased any control over Geden.  All control of Geden vested with a liquidator as supervised by the Maltese Court once Geden had been adjudicated insolvent, dissolved, and ordered to "wind up" under Maltese law.

3.      As described in detail in the *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative (III) Emergency Provisional Relief For Issuance of the Automatic Stay, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "<u>Declaration</u>"), the history of Geden, the claims of its creditors, and its liquidation raise significant issues and questions including, but not limited to, the conduct of Geden as controlled by certain parties in the United States.  The Liquidator believes that having the Malta Proceeding recognized as a foreign main proceeding will assist the Liquidator in answering these questions.

4.      Simply stated, the Liquidator does not know how Geden has been defending itself in the Pennsylvania State Court Litigation.  He does not know who has been controlling or defending Geden in the Pennsylvania State Court Litigation, the Appeals, and potentially other

jurisdictions. He does not know the affect Geden's defense of the Pennsylvania State Court Litigation has had on the possible recoveries for Geden's creditors. He does not know what assets or information Geden may have in the United States or elsewhere. What the Liquidator does know, however, is that there are significant questions and issues regarding Geden's activity in the United States, and this Chapter 15 Case will aid the Liquidator in answering these questions.

### **Relief Requested**

5.     The Foreign Representative respectfully requests entry of an order substantially in the form attached hereto (the "Order"), (i) granting the Petition and recognizing the Malta Proceeding as a "foreign main proceeding" (as defined in section 1502(4) of the Bankruptcy Code) or, in the alternative, as a "foreign non-main proceeding" (as defined in section 1502(5) of the Bankruptcy Code), and granting all of the relief afforded to such proceedings under the Bankruptcy Code, (ii) recognizing the Foreign Representative as a "foreign representative" of the Debtor as defined in section 101(24) of the Bankruptcy Code, (iii) finding that the Petition meets the requirements of section 1515 of the Bankruptcy Code, (iv) granting all relief afforded a foreign main proceeding automatically upon recognition pursuant to section 1520 of the Bankruptcy Code, (v) granting additional relief pursuant to section 1521 of the Bankruptcy Code; (vi) providing that no action taken by the Foreign Representative in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the Malta Proceeding, any order entered in respect of the Petition, this Chapter 15 Case, any further order for additional relief in this Chapter 15 Case, or any adversary proceedings or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded to the Foreign Representative, including, without limitation, pursuant to section 1510 of the Bankruptcy Code, and (g) granting such other relief as the Court (as defined herein) deems just and proper.

## Jurisdiction and Venue

6.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court.

7.     This Chapter 15 Case has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of a petition for recognition of the Malta Proceeding under section 1515 of the Bankruptcy Code.

8.     Venue is proper pursuant to 28 U.S.C. § 1410(1). The Debtor's principal asset in the United States constitutes a retainer in Okin Adams Bartlett Curry, LLP's IOLTA bank account maintained at Frost Bank in Houston.

9.     The bases for the relief requested herein are sections 105(a), 362, 1504, 1507, 1510, 1515, 1517, 1519, 1520, and 1521 of the Bankruptcy Code.

## Background

### I.     Geneal Background

10.     On April __, 2025 (the "Petition Date"), the Debtor filed a voluntary chapter 15 petition for recognition of a foreign proceeding (the "Chapter 15 Case") under chapter 11 of the Bankruptcy Code in the Court.

### II.     The Malta Proceeding

11.     On June 15, 2017, the Maltese Court adjudicated Geden insolvent and ordered its dissolution and "winding up." *See* Windup Order, at pg 10. Additionally, the Windup Order appointed Paul Darmanian (the "First Liquidator") the liquidator. *Id*.

4

12.     On September 12, 2018, the First Liquidator filed an application with the Maltese Court to be relieved of his duties as the liquidator of Geden.  On September 19, 2018, the Maltese Court granted the First Liquidator's application and allowed the First Liquidator to resign.

13.     On December 1, 2023, Eclipse Liquidity, Inc, ("Eclipse"), a creditor of Geden, filed an application to appoint a new liquidator.

14.     On December 4, 2023, the Maltese court appointed Dr. Reuben Balzan (the "Liquidator") as the liquidator of Geden.

15.     Additional information regarding the history of Geden and the circumstances leading to the commencement of this Chapter 15 Case is set forth in the *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, (III) Emergency Provisional Relief For Issuance of the Automatic Stay, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Declaration"), filed contemporaneously herewith and incorporated herein by reference.

## Basis for Relief

16.     Chapter 15 of the Bankruptcy Code is designed to promote cooperation and comity between courts in the United States and foreign courts, to protect and maximize the value of a debtor's assets, and to facilitate the rehabilitation, or in this case, an orderly liquidation of the Debtor.  The relief afforded to a foreign debtor under chapter 15 is intended to avoid disruptions that could otherwise derail a debtor's liquidation in its home country.

17.     Consistent with these principles, the Foreign Representative commenced an ancillary proceeding for Geden under chapter 15 of the Bankruptcy Code to obtain recognition of the Malta Proceeding and certain related relief.  The Foreign Representative believes that this

Chapter 15 Case will compliment Geden's main proceeding in Malta to ensure the effective and economic administration of Geden's liquidation efforts by assisting the Liquidator in determining who has been exercising corporate control over Geden to the detriment of creditors and frustrating the purpose of the Malta Proceeding, and prevent parties from refusing to participate in discovery regarding Geden's assets.

18.     The remainder of this pleading will address the factors that bankruptcy courts analyze to determine whether a foreign proceeding meets mandatory recognition.

### III.     The Debtor is Eligible for Chapter 15 Relief

19.     As a preliminary matter, bankruptcy courts must first analyze whether the debtor is eligible to be a debtor under Chapter 15 of the Bankruptcy Code.  For the purposes of chapter 15 of the Bankruptcy Code, a "debtor" means an entity that is the subject of a foreign proceeding. *See* 11 U.S.C. § 1502(1); *see also* 11 U.S.C. § 101(15), (41) (defining "entity" and "person").

20.     Geden is a corporation organized under the laws of Malta and is an "entity" as that term is defined in the Bankruptcy Code. Moreover, the Debtor does not fall within any of the categories of entities excluded from chapter 15 eligibility, as set forth in section 1501(c). Accordingly, the Debtor is eligible for relief under chapter 15 of the Bankruptcy Code. *See* 11 U.S.C. § 1501(b), (c).

### IV.     The Malta Proceeding Should be Recognized as Foreign Main Proceeding or, in the Alternative, as a Foreign Nonmain Proceeding

21.     Section 1517(a) of the Bankruptcy Code provides that, after notice and hearing, a court **shall** enter an order recognizing a foreign proceeding as a foreign main (or non-main) proceeding if "(a) such foreign proceeding is a foreign main (or non-main) proceeding within the meaning of section 1502 of the Bankruptcy Code, (b) the foreign representative applying for recognition is a person or body, and (c) the petition meets the requirements of section 1515 of the

Bankruptcy Code." 11 U.S.C. § 1517(a) (emphasis added).  Section 1517(a)(1) consists of two separate inquires.  The first question is whether the Malta Proceeding is a "foreign proceeding" as that term is defined under the Bankruptcy Code.  The second question is whether the foreign proceeding is a foreign main or foreign nonmain proceeding.

22.     As explained below, the Malta Proceeding, the Foreign Representative, and this Petition satisfy all of the foregoing requirements.

     a.     <u>The Malta Proceeding is a Foreign Proceeding</u>

23.     Section 101(23) of the Bankruptcy Code defines a "foreign proceeding" as "a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation."  11 U.S.C. § 101(23).

24.     Courts have held that a "foreign proceeding" is:

    a.   A proceeding;

    b.   That has either a judicial or an administrative character;

    c.   That is collective in nature, in the sense that the proceeding considers the rights and obligations of all creditors;

    d.   That is located in a foreign country;

    e.   That is authorized or conducted under a law related to insolvency or the adjustment of debt, even if the debtor that has commenced such proceedings is not actually insolvent;

    f.   In which the debtor's assets and affairs are subject to the control or supervision of a foreign court or other authority competent to control or supervise a foreign proceeding; and

    g.   Which proceeding is for the purpose of reorganization or liquidation.

4930-7476-5105, v. 4

*See In re Ashapura Minechem Ltd.,* 480 B.R. 129, 136 (S.D.N.Y. 2012) (citing *In re Betcorp Ltd.,* 400 B.R. 266, 277 (Bankr. D. Nev. 2009)); *see also In re ABC Learning Ctrs. Ltd.,* 728 F.3d 301, 308 (3d Cir. 2013) (listing the seven factors); *In re Oversight & Control Comm'n of Avánzit, S.A.,* 385 B.R. 525, 533 (Bankr. S.D.N.Y. 2008) (discussing factors). As set forth in the Declaration, the Malta Proceeding satisfies such requirements and, therefore, qualifies as a "foreign proceeding" for purposes of section 101(23) of the Bankruptcy Code.

25.     First, the Malta Proceeding is a proceeding commenced pursuant to Regulations [99-163] of the Merchant Shipping (Shipping Companies – Private Organisations), Regulations, 2004 (the "Regulations"), the Maltese law that governs the liquidation of shipping companies.  For purposes of chapter 15 recognition, "the hallmark of a 'proceeding' is a statutory framework that constrains a company's actions and that regulates the final distribution of a company's assets." *Betcorp*, 400 B.R. at 278.

26.     As described in more detail in the Declaration, the Malta Proceeding is governed by a statutory framework that constrains Geden's actions and that regulates final distribution of Geden's assets.  Below are key provisions of the Regulations that not only demonstrate that the Malta Proceeding is "governed by a statutory framework, but also is similar to provisions of Chapter 7 of the Bankruptcy Code.

> ➤ Under Regulation 105(2), after a winding up order has been entered, Geden is deemed to have been dissolved as of the date the wind up application was filed.  *See* Regulations, at § 105(2).

> ➤ Upon "appointment of a liquidator, all the powers of the directors and of the company secretary shall cease, expect as may be otherwise provided in this Title."  Regulations, at § 295.

> ➤ The liquidator is appointed to act on behalf of the "winding up" company to "take into his custody or under his control all the property and all rights to which he has reasonable cause to believe the company to be entitled." Regulations, at § 109.

27.     Additionally, under Maltese law, the liquidator shall have the power:

a.      to bring or to defend any action or other legal proceeding in the name and on behalf of the company;

b.      to carry on the business of the company so far as may be necessary for the beneficial winding up thereof;

c.      to pay creditors according to their ranking at law;

d.      to make any compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging themselves to have any claim, present or future, certain or contingent, ascertained or which may be due in damages against the company or whereby the company may be rendered liable, and to refer such matter to arbitration;

e.      to represent the company in all matters and to do all such things as may be necessary for winding up the affairs of the company and distributing its assets.

Regulations, at § 109.

28.     Because the Malta Proceeding operates under such statutory framework, it satisfies the first factor of section 101(23) of the Bankruptcy Code.

29.     Second, the Malta Proceeding is judicial in character.  A reorganization/liquidation proceeding is judicial in character whenever a "court exercises its supervisory powers."  *In re ABC Learning Ctrs. Ltd.*, 445 B.R. 318, 328 (Bankr. D. Del. 2010).  In the Malta Proceeding, the actions of the Liquidator "shall be subject to the control of the court, and any interested person may apply to the court with respect to any exercise or proposed exercise of any of those powers."  Regulations, at § 110(3).  Accordingly, the Malta Proceeding is judicial in character.

30.     Third, the Malta Proceeding is collective in nature in that all affected creditors are allowed to participate.  In *Betcorp*, for instance, the bankruptcy court discussed the contrasts between a true collective proceeding, where such proceeding "considers the rights and obligations of all creditors" and a non-collective proceeding, such as a "receivership remedy instigated at the

request, and for the benefit, of a single secured creditor." *See* 400 B.R. at 281; *see also In re*

*Poymanov*, 571 B.R. 24, 33 (Bankr. S.D.N.Y. 2017) ("A proceeding is collective if it considers

the rights and obligations of all of a debtor's creditors, rather than a single creditor."). The Malta

Proceeding is intended to address creditor interests collectively, rather than to benefit any single

creditor alone. The Liquidator is specifically tasked with investigating and bringing claims and

causes of action on behalf of Geden and distributing assets *pro rata* among Geden's creditors.

Regulations, at § 110. Accordingly, the Malta Proceeding considers the rights and obligations of

all Geden's creditors collectively rather than any single creditor.

31.     Fourth, the Malta Proceeding is conducted in a foreign country, namely Malta,

and the Maltese Court overseeing the Malta Proceeding is in Valleta, Malta.

32.     Fifth, as described above, a "foreign proceeding" is "a law relating to insolvency

or adjustment of debt." Here, the Malta Proceeding conducted under Malta Law is liquidation and,

thus,  "a law relating to insolvency." Specifically, Geden has been adjudicated insolvent and

ordered to liquidate under Maltese law. Further the Liquidator, among other things, is tasked with

liquidating Geden and "pay[ing] creditors according to their ranking at law." Regulations, at §

110(1)(c).

33.     Sixth, the Malta Proceeding subjects Geden's assets and affairs to the supervision

of the Malta Court for the duration of the proceeding. Regulation 110(3) of the Regulations

provides that "[t]he exercise by the liquidator in a winding up by the court of the powers conferred

by this regulation shall be subject to the control of the court, and any interested person may apply

to the court with respect to any exercise or proposed exercise of any of those powers." Regulations,

at § 110(3).

34.     Finally, the objective of the Malta Proceeding is the liquidation of Geden.  *See* Regulations, at § 109.  The principal objective of the Malta Proceeding is to facilitate an orderly liquidation of a business through the actions of the Liquidator. Therefore, the Liquidator submits that the Debtor has commenced the Malta Proceeding for the purpose of liquidation, as required by section 101(23) of the Bankruptcy Code.

        b.      <u>The Malta Proceeding is a Foreign Main Proceeding.</u>

35.     The second statutory requirement of section 1517(a)(1) is an inquiry into whether a foreign proceeding is a foreign main or foreign nonmain proceeding.

36.     The Malta Proceeding should be recognized as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.  A foreign proceeding must be recognized as a foreign main proceeding if it is pending in the country where the debtor has its center of its main interests.  11 U.S.C. § 1517(b).  The term "center of main interests" (or "<u>COMI</u>") is not defined in the Bankruptcy Code. COMI, however, has been equated to a debtor's principal place of business. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.,* 374 B.R. 122, 129 (Bankr. S.D.N.Y. 2007), *aff'd,* 389 B.R. 325 (S.D.N.Y. 2008) (citing *In re Tri- Continental Exchange Ltd.,* 349 B.R. 627, 633–34 (E.D. Calif. 2006)). Courts have identified certain factors that are relevant in determining a debtor's COMI, including: (i) the location of the debtor's headquarters; (ii) the location of those persons or entities that actually manage the debtor (which, in certain instances, could be the headquarters of a holding company); (iii) the location of the debtor's primary assets; and (iv) the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case. *See Lavie v. Ran* (*In re Ran),* 607 F.3d 1017, 1023 (5th Cir. 2010) (citing *In re SPhinX, Ltd.,* 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006)). Additionally, courts have found that a sufficient basis for finding that the a debtor's COMI for the

purposes of recognition as a main proceeding is to analyze where the original liquidation was filed and for the duration of such liquidation where the business of liquidation was conducted. *See Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 133 (2d Cir. 2013).

37. Further, in the absence of evidence to the contrary, a debtor's registered office is presumed to be the debtor's COMI. See 11 U.S.C. § 1516(c).

38. Here, under all the relevant criteria, Malta is Geden's COMI. As set forth in the Declaration, Geden was registered as a corporation in Malta. The application brought by Samsung was adjudicated in Malta. The Maltese Court is presently administering the liquidation of Geden. The Liquidator, the sole person in control of Geden, resides and works in Malta. Accordingly, the COMI of Geden is in Malta and the Malta Proceeding should be recognized as a "foreign main" proceeding.

     c.     <u>In the Alternative, the Malta Proceeding is a Foreign Non-main Proceeding.</u>

39. In the alternative, if this Court concludes that the Malta Proceeding is not a foreign main proceeding, the Malta Proceeding should be recognized as a foreign nonmain proceeding under section 1502(5) of the Bankruptcy Code.

40. A "foreign non-main proceeding" is defined as "a foreign proceeding, other than a foreign main proceeding, pending in a country where the debtor has an establishment." *See* 11 U.S.C. § 1502(5); *see also* 11 U.S.C. § 1517(b)(2) (providing that an order of recognition as a foreign nonmain proceeding shall be entered "if the debtor has an establishment within the meaning of section 1502 in the foreign country where the proceeding is pending"). An establishment is "any place of operations where the debtor carries out a nontransitory economic activity." 11 U.S.C. § 1502(2). "Nontransitory economic activity" is not defined in the Bankruptcy Code, but has been referred to as "a local place of business." *See In re Creative Fin. Ltd.,* 543 B.R.

498, 520 (Bankr. S.D.N.Y 2016) (holding that in order to have an establishment in a country a debtor must "conduct business in that country."); *see also Lavie v. Ran,* 607 F.3d 1017, 1027 (5th Cir. 2010) (holding that the definition of establishment requires "a place from which economic activities are exercised on the market (i.e. externally), whether the said activities are commercial, industrial or professional."); *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.,* 374 B.R. 122, 131 (Bankr. S.D.N.Y 2007) (holding that the requirements of a "place of operations" from which "economic activity" is conducted require a seat for local business activity that has a local effect on the markets); *In re British Am. Ins. Co.,* 425 B.R. 884, 915 (Bankr. S.D. Fla. 2010) (holding same). As with determining a debtor's COMI, courts determine whether a debtor has an establishment in a country as of the time of the filing of the chapter 15 petition. *See Lavie v. Ran (In re Ran),* 406 B.R. 277, 284–85 (S.D. Tex. 2009).

41.      As described above, Geden is in liquidation in Malta and the Liquidator, who controls all facets of Geden, is also located in Malta.  Moreover, major decisions in the Malta Proceeding must be approved by the Maltese Court.  *See* Regulations, at §§ 110(3), 111(3).  Given the material and substantive activities conducted by the Liquidator in Malta, Geden demonstrably has a local and non-transitory place of business, and hence, and establishment, in Malta.

d.      The Chapter 15 Case Has Been Commenced by a Duly Authorized Foreign <u>Representative</u>

42.      The second statutory factor bankruptcy courts analyze to determine whether a foreign proceeding shall be recognized is to establish whether the foreign representative is a "person or body" *See* 11 U.S.C. §1517(a)(2).  Section 1517 of the Bankruptcy Code provides that a foreign representative shall apply for recognition of the foreign proceeding.  Section 101(24) of the Bankruptcy Code defines "foreign representative" as follows:

13

The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).

43.     The Foreign Representative is a "person" under section 101(41) of the Bankruptcy Code.  Moreover, the Maltese Court not only appointed the Liquidator, but the Liquidator submitted an application to the Maltese Court specifically for authorization to file this Chapter 15 Case.  A copy of the Maltese Court order (the "Balzan Appointment Order") ordering the Liquidator's appointment is attached hereto as **Exhibit "B."**  The Maltese Court granted the application allowing the Liquidator to file this Chapter 15 Case.  A copy of the Maltese Court order (the "Chapter 15 Proceeding Order") authorizing me to proceed in the United States is attached hereto as **Exhibit "C."**

    e.     The Petition Satisfies the Requirements of Section 1515 of the Bankruptcy Code

44.     Lastly, the Liquidator meets the 1517(a)(3) requirement by meeting the requirements listed in section 1515 of the Bankruptcy Code.  First, the Liquidator initiated this Chapter 15 Case by filing a Chapter 15 Petition thereby meeting the 1515(a) requirement that a petition for recognition be filed.  *See* 11 U.S.C. § 1515(a).

45.     Pursuant to section 1515(b) of the Bankruptcy Code, a petition for recognition must be accompanied by one of the following:

    a.     a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;

    b.     a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or

    c.     in the absence of evidence referred to in paragraphs (a) and (b), any other evidence acceptable to the court of the existence of such

foreign proceeding and of the appointment of the foreign representative.

11 U.S.C. § 1515 (b)

46.     In satisfaction of section 1515(a), the Windup Order, the Balzan Appointment Order and the Chapter 15 Proceeding Order are attached as Exhibits A, B, and C, respectively.

47.     Additionally, the Declaration describes both the commencement of the Malta Proceeding and the Liquidator's appointment as the liquidator of Geden.  This description in the Declaration may independently satisfy section 1515(b)(3) of the Bankruptcy Code.  *See In re ABC Learning Ctrs. Ltd.,* 445 B.R. 318, 334 (Bankr. D. Del. 2010) (holding that declaration of petitioner "is acceptable evidence under § 1515(b)(3) of the existence of the foreign proceeding and the appointment of the [f]oreign[r]epresentatives."), *aff'd*, 728 F.3d 301 (3d Cir. 2013).

48.     Further, the Malta Proceeding is the only known foreign proceeding of Geden.  *See* 11 U.S.C. § 1515(c).

49.     Therefore, the Petition meets the requirements of section 1515 of the Bankruptcy Code in satisfaction of the third requirement under section 1517(a) of the Bankruptcy Code.

50.     Because the Petition satisfies section 1517 of the Bankruptcy Code, the Court should recognize the Malta Proceeding in this Chapter 15 Case. Moreover, granting recognition will promote the United States' public policy of respecting foreign proceedings as articulated in, inter alia, sections 1501(a) and 1508 of the Bankruptcy Code and furthering cooperation between courts to the maximum extent possible as mandated by section 1525(a) of the Bankruptcy Code. Thus, these circumstances satisfy the conditions for mandatory recognition of the Malta Proceeding under section 1517 of the Bankruptcy Code.

**V.      Recognition of the Malta Proceeding is Not Contrary to U.S. Public Policy**

51.     A court may deny a request for any chapter 15 relief that would be "manifestly contrary to the public policy of the United States."  11 U.S.C. § 1506.  Courts that have addressed the public policy exception in section 1506 of the Bankruptcy Code have noted that the exception is narrow, its application restricted to the most fundamental polices of the United States, and a foreign judgement should generally be accorded comity if the foreign jurisdiction's proceedings meet fundamental standards of fairness.  *Oilsands Quest Inc.,* 484 B.R. 593, 597 (Bankr. S.D.N.Y. 2012); *see also In re Metcalfe,* 421 B.R.685, 697 S.D.N.Y. 2010) (holding that a U.S. bankruptcy court is not required to make an independent determination about the propriety of the acts of a foreign court, but only whether their procedures meet U.S. standards of fundamental fairness). The relief granted in a foreign proceeding and the relief available in a United States proceeding need not be identical.  Courts have even gone so far as to hold that even the absence of a jury trial right—a right embodied in the U.S. Constitution—in a foreign proceeding would not justify the court's refusal to recognize the foreign proceeding pursuant to the public policy exception. *See In re Ephedra Products Liab. Litig.,* 349 B.R. 333, 335–36 (Bankr. S.D.N.Y. 2006).

52.     Here, recognition of the Malta Proceeding, and any orders issued by the Malta Court during the pendency of the Malta Proceeding, would not be "manifestly contrary to the public policy of the United States" so as to justify refusing to recognize the Malta Proceeding and enforce the Maltese Court's order.  As more fully set forth in the Declaration, the Malta Proceeding affords Geden's stakeholders – including its creditors – a full and fair opportunity to participate therein, consistent with United States standards of fundamental fairness.

## Conclusion

53.     The Petition satisfies the requirements for the recognition of the Foreign Representative as Geden's "foreign representative" and the Malta Proceeding as Geden's "foreign

main proceeding," or, in the alternative, Geden's "foreign nonmain proceeding" and further requests entry of an order, substantially int eh form attached hereto, granting the relief requested herein.

<u>**Notice**</u>

54.    The Foreign Representative will provide notice of this Petition to: (a) the Office of the Untied States Trustee for the Southern District of Texas; (b) counsel to Eclipse Liquidity, Inc., (c) Samsung C&T Deutsshland Gmbh, (d) counsel to Advantage Tankers, LLC and Award Shipping, LLC, (e) counsel to Gulsun Nazli Karamehmet-Williams and Courtney Williams (f) all persons authorized to administer the foreign proceeding of Geden, (g) all parties to litigation pending in the United States in which Geden is a party as of the Petition Date; (h) such other entities as this Court may direct.   In light of the nature of the relief requested, the Foreign Representative submits that no further notice is required at this time.

WHEREFORE, the Foreign Representative requests entry of the Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as is just and proper.

4930-7476-5105, v. 4

Respectfully submitted,

**OKIN ADAMS BARTLETT CURRY LLP**

By: _____ /s/ *Edward A. Clarkson, III*

  Matthew S. Okin
  Texas Bar No. 00784695
  mokin@okinadams.com
  Edward A. Clarkson
  Texas Bar No. 24059118
  eclarkson@okinadams.com
  Kelley K. Edwards
  Texas Bar No. 24129017
  kedwards@okinadams.com
  1113 Vine St., Suite 240
  Houston, Texas 77002
  Tel: 713.228.4100
  Fax: 346.247.7158

  **ATTORNEYS FOR THE FOREIGN**
  **REPRESENTATIVE**

18