IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 25-90138** |
| **Geden Holdings, Ltd.** [1] | § | |
| | § | **Chapter 15** |
| Debtor in a Foreign Proceeding | § | |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) GRANTING
EMERGENCY PROVISIONAL RELIEF FOR ISSUANCE OF THE AUTOMATIC
STAY, AND (II) FOR RELATED RELIEF**

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 11:00 A.M. (PREVAILING CENTRAL TIME) ON MAY 1, 2025.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HEARING WILL BE CONDUCTED IN THIS MATTER ON MAY 1, 2025 AT 11:00 A.M. (PREVAILING CENTRAL TIME) IN COURTROOM 400, 4TH FLOOR, 515 RUSK AVENUE, HOUSTON, TX 77002.**

**PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE PEREZ CONFERENCE ROOM NUMBER IS 282694. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE PEREZ'S HOME PAGE. THE MEETING CODE IS "JUDGE PEREZ". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE,**

---

[1] Geden Holdings, Ltd. was ordered to be wound up by the Maltese Court (the "Windup Order") a copy of the Maltese order is attached hereto as **Exhibit "A."** The Liquidator's office, Valletta Legal, is located at No. 4 St Andrews Street, Valletta VLT 1341, Malta, and its service address in this Chapter 15 Case.

**CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE PEREZ'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

Dr. Reuben Balzan (the "Petitioner" or "Foreign Representative"),[2] in his capacity as the authorized representative and court appointed liquidator of the above-captioned debtor (the "Debtor" or "Geden") regarding the Debtor's court ordered liquidation in Malta (the "Malta Proceeding") before the First Hall of the Civil Court (the "Maltese Court"), respectfully states as follows in support of this motion:

**Relief Requested**

1.      The Foreign Representative respectfully requests entry of an order, substantially in the form attached hereto as (the "Order") granting emergency provisional relief for issuance of the automatic stay.

**I.      Geneal Background**

2.      On April 28, 2025 (the "Petition Date"), the Debtor filed a voluntary chapter 15 petition for recognition of a foreign proceeding (the "Chapter 15 Case") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

**II.      The Malta Proceeding**

3.      On June 15, 2017, the Maltese Court adjudicated Geden insolvent and ordered its dissolution and winding up. *See* Windup Order, at pg 10. Additionally, the Windup Order appointed Paul Darmanian (the "First Liquidator") as liquidator. *Id*.

4.      On September 12, 2018, the First Liquidator filed an application with the Maltese Court to be relieved of the duties as the liquidator of Geden. On September 19, 2018, the Maltese

---

[2] Capitalized terms not defined herein shall have their meaning ascribed in the Declaration.

Court granted the First Liquidator's application and allowed the First Liquidator to resign as the liquidator of Geden.

5.      On December 1, 2023, Eclipse Liquidity, Inc, ("Eclipse"), a creditor of Geden, filed an application to appoint a new liquidator.

6.      On December 4, 2023, the Maltese Court appointed Dr. Reuben Balzan (the "Liquidator") as the liquidator of Geden.

**III.    The Appeals**

7.      As described more fully in the Declaration, Eclipse Liquidity, Inc. ("Eclipse") brought certain claims and causes of action in two different lawsuits (i.e. the 2020 Action and the Abuse of Process Action, collectively the "Pennsylvania State Court Litigation") against Geden, Advantage Tankers, LLC ("Tankers"), and Award Shipping, LLC ("Award").   Among other things, Eclipse alleges that: (i) Geden transferred a substantial number of assets to Tankers and Award for less than reasonably equivalent value; (ii)  Award and Tankers are liable to Eclipse as successor corporations of Geden; and (iii) that Eclipse should be allowed to pierce the corporate veils of Tankers and Award because they have committed fraud to the detriment of Geden's creditors.

8.      Notably, during the pending Pennsylvania State Court Litigation, Geden was in liquidation in Malta.  Upon information and belief, despite the Pennsylvania State Court Litigation, Geden was participating in such litigation without the authority or consent of the Maltese Court or any court appointed liquidator despite the pending Malta Proceeding.

9.      The Pennsylvania State Court ruled in favor of Tankers, Award, and Geden, [3] and Eclipse appealed both orders from the 2020 Action and the Abuse of Process Action (collectively, the "Appeals").

10.     Oral argument on the Appeals is set for May 13, 2025.

11.     Additional information regarding the history of Geden and circumstances leading to the commencement of this Chapter 15 Case is set forth in the *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, (III) Emergency Provisional Relief For Issuance of the Automatic Stay, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Declaration"), filed contemporaneously herewith and incorporated herein by reference.

### Jurisdiction and Venue

12.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court.

13.     This Chapter 15 Case has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of a petition for recognition of the Malta Proceeding under section 1515 of the Bankruptcy Code.

---

[3] While the Pennsylvania State Court found in favor of Geden at the trial court level, it is unclear whether Geden's positions taken in the Pennsylvania State Court Litigation were potentially contrary to its obligations to liquidate for the benefit of creditors in the Malta Proceeding.

14.     Venue is proper pursuant to 28 U.S.C. § 1410(1).  The Debtor's principal assets[4] in the United States constitute a retainer held by Okin Adams Bartlett Curry, LLP in a bank account maintained at Frost Bank in Houston, Texas.

15.     The bases for the relief requested herein are sections 105(a), 362, 1504, 1510, 1515, 1517, and 1519, 1521(a)(7) of the Bankruptcy Code, rules 1012, 2002(m), 2002(p), 2002(q), and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2002-4 and 9013-1(a) of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

## Basis for Relief

### I.     The Court Should Issue the Automatic Stay on a Provisional Basis.

16.     Because the Appeals are set for oral argument on May 13, 2025, the Liquidator is seeking the provisional issuance of the automatic stay to, among other things, potentially stay the Appeals while the Liquidator continues to investigate how and under whose direction Geden has been defending itself in Pennsylvania State Court Litigation. Without this information, it is unclear how the Liquidator is expected to proceed in the Appeals.

17.     The Liquidator, at this time, does not know whether he or his professionals must appear at oral argument on behalf of Geden, and, further, is not clear on how to best proceed with such a representation.  The Liquidator faces the issue of potentially having to appear at the oral argument of the Appeals to reserve all rights, without fully understanding the facts and circumstances surrounding the previous representation and corporate control of Geden.

18.     Additionally, since the Liquidator does not know who has been controlling Geden, the Liquidator must assume that those same parties may potentially interfere with any assets Geden

---

[4] As described in the Declaration, the Foreign Representative suspects, but does not know, whether additional assets of the Debtor are located in the United States.

may have in the United States. To the extent there are assets of Geden in the United States, the issuance of the automatic stay will assist the Liquidator in safeguarding those assets.

19.     Upon recognition of a foreign main proceeding, the automatic stay under section 362 of the Bankruptcy Code applies to protect debtors from, among other things, commencement or continuation of any claims and enforcement of a judgment with respect to the debtors and property of the debtors in the territorial jurisdiction of the United States. See 11 U.S.C. §§ 362, 1520(a). In addition to these protections, upon recognition of a foreign nonmain proceeding, a foreign representative may request additional "appropriate relief" pursuant to section 1521(a) of the Bankruptcy Code, including (without limitation) staying certain proceedings not already stayed pursuant section 1520(a). See 11 U.S.C. §§ 1521(a)(1) and (2).

20.     Although the automatic stay under section 362 is not automatically triggered by the commencement of a chapter 15 case, section 1519(a) of the Bankruptcy Code provides the Court with broad discretion to grant provisional relief during the gap period between the filing of a chapter 15 petition and the Court's ruling on that petition when it is "urgently needed to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1519(a). Specifically, section 1519(a)(1) expressly empowers the Court to issue a provisional order "staying execution against the debtor's assets." 11 U.S.C. § 1519(a)(1). Additionally, section 1519(a)(3) of the Bankruptcy Code incorporates section 1521(a)(7), which permits the Court to grant (with certain exceptions not applicable here) "any additional relief that may be available to a trustee" when necessary to "effectuate the purpose of [chapter 15] and to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. §§ 1519(a)(3), 1521(a)(7).

21.     Courts have generally held that such additional relief may include imposition of the automatic stay on a provisional basis. Because the stay under section 362 is automatically granted

in a plenary proceeding, such relief is available to a foreign representative under section 1521(a)(7) and, therefore, may be granted on a provisional basis under section 1519(a)(3). *See Vitro v. ACP Master, Ltd. (in re Vitro)*, 455 B.R. 571, 579 (Bankr. N.D. Tex. 2011) (finding that the "protections afforded under §§ 362 and 105 are available … prior to recognition of the foreign main proceeding."); *see also In re Hanjin Shipping Co., Ltd.*, No. 16-27041 (JKS), 2016 WL 6679487, at *5 (Bankr. D.N.J. Sept. 20, 2016) (granting stay prohibiting the attachment of certain inchoate lien rights and noting that courts have broad discretion in granting relief under section 1519).

22.     Moreover, the Court may also look to section 105(a) of the Bankruptcy Code as a separate basis for fashioning provisional relief as is necessary to protect a chapter 15 debtor and its creditors. In short, sections 105(a), 1519(a), and 1521 allow the Court to enter relief of the kind requested in this Motion to protect the Debtor and their its and promote judicial cooperation in cross-border insolvency cases. See 11 U.S.C. § 1501(a).

23.     In determining whether provisional relief is appropriate, the Court applies the "standards, procedure, and limitations" applicable for the entry of a preliminary injunction.  *In re Vitro*,455 B.R. at 580; *see also In re Andrade Gutierrez Engenharia S.A.*, 645 B.R. 175, 180-181 (Bankr. S.D.N.Y. 2022) (citing 11 U.S.C. § 1519(e); *In re Beechwood*, 2019 Bankr. LEXIS 2077, at *2 (Bankr. S.D.N.Y. July 10, 2019); *but see In re Pro-Fit Holdings Ltd.*, 391 B.R. 850, 855 (Bankr. C.D. Cal. 2008) (holding that the standards, procedures, and limitations for issuing an injunction should not apply to relief under section 1519 when the relief sought is the imposition of the automatic stay on an interim basis)). Additionally, "[t]he foreign representative is not required to commence an adversary proceeding to seek [the automatic stay]. *Engenharia*, 645 B.R. at 184.

24.     In the context of a chapter 15 proceeding, a preliminary injunction is warranted when (i) there is a likelihood of success on the merits (*i.e.*, the request for foreign recognition); (ii) there is "an imminent irreparable harm" to the debtor if the preliminary injunction is not issued; (iii) the balance of harms tips in favor of the moving party; and (iv) the public interest weighs in favor of an injunction. *Vitro*, 455 B.R. at 580; *Lyondell Chem. Co. v. Centerpoint Energy Gas Servs. (In re Lyondell Chem. Co.)*, 402 B.R. 571, 588-89 (Bankr. S.D.N.Y. 2009).

a.     <u>There is a Likelihood of Success on the Merits.</u>

25.     The Liquidator asserts that he satisfies the "likelihood of success" factor because he meets the requirements of 11 U.S.C. § 1517 for mandatory foreign recognition of the Malta Proceeding.[5]

26.     Section 1517(a) of the Bankruptcy Code provides that, after notice and hearing, a court **<u>shall</u>** enter an order recognizing a foreign proceeding as a foreign main (or nonmain) proceeding if "(a) such foreign proceeding is a foreign main (or nonmain) proceeding within the meaning of section 1502 of the Bankruptcy Code, (b) the foreign representative applying for recognition is a person or body, and (c) the petition meets the requirements of section 1515 of the Bankruptcy Code." 11 U.S.C. § 1517(a) (emphasis added). Section 1517(a)(1) consists of two separate inquires. The first question is whether the Malta Proceeding is a "foreign proceeding" as that term is defined under the Bankruptcy Code. The second question is whether the foreign proceeding is a foreign main or foreign nonmain proceeding.

27.     As explained below, the Malta Proceeding, the Foreign Representative, and the Petition satisfy all of the foregoing requirements.

---

[5] The Declaration and Geden's *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "<u>Verified Petition</u>"), also provide a detailed analysis explaining why the Liquidator meets the requirements for recognition of the Malta Proceeding.

i.      The Debtor is Eligible for Chapter 15 Relief

28.     As a preliminary matter, bankruptcy courts must first analyze whether the debtor is eligible to be a debtor under Chapter 15 of the Bankruptcy Code.  For the purposes of chapter 15 of the Bankruptcy Code, a "debtor" means an entity that is the subject of a foreign proceeding. *See* 11 U.S.C. § 1502(1); *see also* 11 U.S.C. § 101(15), (41) (defining "entity" and "person").

29.     Geden is a corporation organized under the laws of Malta and is an "entity" as that term is defined in the Bankruptcy Code. Moreover, the Debtor does not fall within any of the categories of entities excluded from chapter 15 eligibility, as set forth in section 1501(c). Accordingly, the Debtor is eligible for relief under chapter 15 of the Bankruptcy Code. *See* 11 U.S.C. § 1501(b), (c).

ii.     The Malta Proceeding is a Foreign Proceeding

30.     The Malta Proceeding is a foreign proceeding within the meaning of 11 U.S.C. § 101(23).  Section 101(23) of the Bankruptcy Code defines a "foreign proceeding" as "a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation."  11 U.S.C. § 101(23).

31.     Courts have held that a "foreign proceeding" is:

a.   A proceeding;

b.   That has either a judicial or an administrative character;

c.   That is collective in nature, in the sense that the proceeding considers the rights and obligations of all creditors;

d.   That is located in a foreign country;

9

e.  That is authorized or conducted under a law related to insolvency or the adjustment of debt, even if the debtor that has commenced such proceedings is not actually insolvent;

f.  In which the debtor's assets and affairs are subject to the control or supervision of a foreign court or other authority competent to control or supervise a foreign proceeding; and

g.  Which proceeding is for the purpose of reorganization or liquidation.

*See In re Ashapura Minechem Ltd.,* 480 B.R. 129, 136 (S.D.N.Y. 2012) (citing *In re Betcorp Ltd.,* 400 B.R. 266, 277 (Bankr. D. Nev. 2009)); *see also In re ABC Learning Ctrs. Ltd.,* 728 F.3d 301, 308 (3d Cir. 2013) (listing the seven factors); *In re Oversight & Control Comm'n of Avánzit, S.A.,* 385 B.R. 525, 533 (Bankr. S.D.N.Y. 2008) (discussing factors). As set forth in the Declaration, the Malta Proceeding satisfies such requirements and, therefore, qualifies as a "foreign proceeding" for purposes of section 101(23) of the Bankruptcy Code.

32.  First, the Malta Proceeding is a proceeding commenced pursuant to Regulations [99-163] of the Merchant Shipping (Shipping Companies – Private Organisations), Regulations, 2004 (the "Regulations"), the Maltese law that governs the liquidation of shipping companies.  For purposes of chapter 15 recognition, "the hallmark of a 'proceeding' is a statutory framework that constrains a company's actions and that regulates the final distribution of a company's assets." *Betcorp*, 400 B.R. at 278.

33.  As described in more detail in the Declaration, Malta's liquidation proceedings are governed by a statutory framework that constrains Geden's actions and that regulates final distribution of Geden's assets.  Below are key provisions of the Regulations that not only demonstrate that the Malta Proceeding is "governed by a statutory framework", but also is similar to provisions of Chapter 7 of the Bankruptcy Code.

➢ Under Regulation 105(2), after a winding up order has been entered, Geden is deemed to have been dissolved as of the date the wind up application was filed.  *See* Regulations, at § 105(2).

➢ Upon "appointment of a liquidator, all the powers of the directors and of the company secretary shall cease, expect as may be otherwise provided in this Title."  Regulations, at § 295.

➢ The liquidator is appointed to act on behalf of the "winding up" company to "take into his custody or under his control all the property and all rights to which he has reasonable cause to believe the company to be entitled."  Regulations, at § 109.

34.     Additionally, under Maltese law, the liquidator shall have the power:

a.      to bring or to defend any action or other legal proceeding in the name and on behalf of the company;

b.      to carry on the business of the company so far as may be necessary for the beneficial winding up thereof;

c.      to pay creditors according to their ranking at law;

d.      to make any compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging themselves to have any claim, present or future, certain or contingent, ascertained or which may be due in damages against the company or whereby the company may be rendered liable, and to refer such matter to arbitration;

e.      to represent the company in all matters and to do all such things as may be necessary for winding up the affairs of the company and distributing its assets.

Regulations, at § 109.

35.     Because the Malta Proceeding operates under such statutory framework, it satisfies the first factor of section 101(23) of the Bankruptcy Code.

36.     Second, the Malta Proceeding is judicial in character.  A reorganization/liquidation proceeding is judicial in character whenever a "court exercises its supervisory powers."  *In re ABC Learning Ctrs. Ltd.*, 445 B.R. 318, 328 (Bankr. D. Del. 2010).  In the Malta Proceeding, the actions of the Liquidator "shall be subject to the control of the court, and any interested person may apply

to the court with respect to any exercise or proposed exercise of any of those powers." Regulations, at § 110(3). Accordingly, the Malta Proceeding is judicial in character.

37.     Third, the Malta Proceeding is collective in nature in that all affected creditors are allowed to participate. In *Betcorp*, for instance, the bankruptcy court discussed the contrasts between a true collective proceeding, where such proceeding "considers the rights and obligations of all creditors" and a non-collective proceeding, such as a "receivership remedy instigated at the request, and for the benefit, of a single secured creditor." *See* 400 B.R. at 281; *see also In re Poymanov*, 571 B.R. 24, 33 (Bankr. S.D.N.Y. 2017) ("A proceeding is collective if it considers the rights and obligations of all of a debtor's creditors, rather than a single creditor."). The Malta Proceeding is intended to address creditor interests collectively, rather than to benefit any single creditor alone. The Liquidator is specifically tasked with investigating and bringing claims and causes of action on behalf of Geden and distributing assets *pro rata* among Geden's creditors. Regulations, at § 110. Accordingly, the Malta Proceeding considers the rights and obligations of all Geden's creditors collectively rather than any single creditor.

38.     Fourth, the Malta Proceeding is conducted in a foreign country, namely Malta, and the Maltese Court overseeing the Malta Proceeding is in Valleta, Malta.

39.     Fifth, as described above, a "foreign proceeding" is "a law relating to insolvency or adjustment of debt." Here, the Malta Proceeding conducted under Malta Law is liquidation and, thus, "a law relating to insolvency." Specifically, Geden has been adjudicated insolvent and ordered to liquidate under Maltese law. Further the Liquidator, among other things, is tasked with liquidating Geden and "pay[ing] creditors according to their ranking at law." Regulations, at § 110(1)(c).

40.     Sixth, the Malta Proceeding subjects Geden's assets and affairs to the supervision of the Malta Court for the duration of the proceeding. Regulation 110(3) of the Regulations provides that "[t]he exercise by the liquidator in a winding up by the court of the powers conferred by this regulation shall be subject to the control of the court, and any interested person may apply to the court with respect to any exercise or proposed exercise of any of those powers." Regulations, at § 110(3).

41.     Finally, the objective of the Malta Proceeding is the liquidation of Geden. *See* Regulations, at § 109. The principal objective of the Malta Proceeding is to facilitate an orderly liquidation of a business through the actions of the Liquidator. Therefore, the Liquidator submits that the Debtor has commenced the Malta Proceeding for the purpose of reorganization, as required by section 101(23) of the Bankruptcy Code.

> iii.     The Malta Proceeding is Either a Foreign Main Proceeding or a Foreign Nonmain Proceeding

42.     Section 1517(a) states that for a debtor to meet the foreign recognition factors, the debtor must demonstrate that the foreign proceeding is either a foreign main or foreign nonmain proceeding. Here, the Liquidator asserts that the Malta Proceeding meets the requirements to be considered a foreign main proceeding but argues in the alternative that the Malta Proceeding could be considered a foreign nonmain proceeding.

43.     A foreign proceeding must be recognized as a foreign main proceeding if it is pending in the country where the debtor has its "center of its main interests." 11 U.S.C. § 1517(b). The term "center of main interests" (or "COMI") is not defined in the Bankruptcy Code. COMI, however, has been equated to a debtor's principal place of business. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.,* 374 B.R. 122, 129 (Bankr. S.D.N.Y. 2007), *aff'd,* 389 B.R. 325 (S.D.N.Y. 2008) (citing *In re Tri- Continental Exchange Ltd.,* 349 B.R. 627,

633–34 (E.D. Calif. 2006)). Courts have identified certain factors that are relevant in determining a debtor's COMI, including: (i) the location of the debtor's headquarters; (ii) the location of those persons or entities that actually manage the debtor (which, in certain instances, could be the headquarters of a holding company); (iii) the location of the debtor's primary assets; and (iv) the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case. *See Lavie v. Ran* (*In re Ran*)*,* 607 F.3d 1017, 1023 (5th Cir. 2010) (citing *In re SPhinX, Ltd.,* 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006)). Additionally, courts have found that a sufficient basis for finding that the a debtor's COMI for the purposes of recognition as a main proceeding is to analyze where the original liquidation was filed and for the duration of such liquidation where the business of liquidation was conducted.  *See Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 133 (2d Cir. 2013).

44.     Further, in the absence of evidence to the contrary, a debtor's registered office is presumed to be the debtor's COMI. *See* 11 U.S.C. § 1516(c).

45.     Here, under all the relevant criteria, Malta is Geden's COMI.  As set forth in the Declaration, Geden was registered as a corporation in Malta.  The application brought by Samsung was adjudicated in Malta.  The Maltese Court is presently overseeing the liquidation of Geden. The Liquidator, the sole person in control of Geden, resides in Malta.  Additionally, section 1516(c) of the Bankruptcy Code provides that " [i]n the absence of evidence to the contrary, the debtor's registered office, or habitual residence in the case of an individual, is presumed to be the center of the debtor's main interests." 11 U.S.C. § 1516(c).  Accordingly, the Liquidator asserts that Malta is the "COMI" of Geden.

46.     In the alternative, if this Court concludes that the Malta Proceeding is not a foreign main proceeding, the Malta Proceeding should be recognized as a foreign nonmain proceeding under section 1502(5) of the Bankruptcy Code.

47.     A "foreign nonmain proceeding" is defined as "a foreign proceeding, other than a foreign main proceeding, pending in a country where the debtor has an establishment." *See* 11 U.S.C. § 1502(5); *see also* 11 U.S.C. § 1517(b)(2) (providing that an order of recognition as a foreign nonmain proceeding shall be entered "if the debtor has an establishment within the meaning of section 1502 in the foreign country where the proceeding is pending"). An establishment is "any place of operations where the debtor carries out a nontransitory economic activity." 11 U.S.C. § 1502(2). "Nontransitory economic activity" is not defined in the Bankruptcy Code, but has been referred to as 'a local place of business.'" *See In re Creative Fin. Ltd.,* 543 B.R. 498, 520 (Bankr. S.D.N.Y 2016) (holding that in order to have an establishment in a country a debtor must "conduct business in that country."); *see also Lavie v. Ran,* 607 F.3d 1017, 1027 (5th Cir. 2010) (holding that the definition of establishment requires "a place from which economic activities are exercised on the market (i.e. externally), whether the said activities are commercial, industrial or professional."); *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.,* 374 B.R. 122, 131 (Bankr. S.D.N.Y 2007) (holding that the requirements of a "place of operations" from which "economic activity" is conducted requires a seat for local business activity that has a local effect on the markets); *In re British Am. Ins. Co.,* 425 B.R. 884, 915 (Bankr. S.D. Fla. 2010) (holding same). As with determining a debtor's COMI, courts determine whether a debtor has an establishment in a country as of the time of the filing of the chapter 15 petition. *See Lavie v. Ran (In re Ran),* 406 B.R. 277, 284–85 (S.D. Tex. 2009).

48.     As described above, Geden is in liquidation in Malta and the Liquidator, who controls all facets of Geden, is located in Malta.  Moreover, major decisions in the Malta Proceeding must be approved by the Maltese Court.  *See* Regulations, at §§ 110(3), 111(3).  Given the material and substantive activities conducted by the Liquidator in Malta, Geden demonstrably has a local and non-transitory place of business, and hence, an establishment, in Malta.

49.     Accordingly, the Liquidator asserts that the Maltese Proceeding is a "foreign proceeding" and that Geden's "COMI" is in Malta satisfying section 1517(a) of the Bankruptcy Code.  Even if the Court were to find that the Malta Proceeding is a nonmain proceeding, the relief requested may still be granted.

      iv.     The Chapter 15 Case Has Been Commenced by a Duly Authorized Foreign Representative.

50.     The second statutory factor bankruptcy courts analyze to determine whether a foreign proceeding shall be recognized is to establish whether the foreign representative is a "person or body" *See* 11 U.S.C. §1517(a)(2).  Section 1517(a)(2) of the Bankruptcy Code provides that a foreign representative shall apply for recognition of the foreign proceeding.  Section 101(24) of the Bankruptcy Code defines "foreign representative":

> The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).

51.     The Foreign Representative is a "person" under section 101(41) of the Bankruptcy Code.  Moreover, the Maltese Court not only appointed the Liquidator, but the Liquidator submitted an application to the Maltese Court specifically for authorization to file this Chapter 15 Case.  A copy of the Maltese Court order ordering the Liquidator's appointment is attached hereto

16

as **Exhibit "B."**  The Maltese Court granted the application allowing the Liquidator to file this

Chapter 15 Case.  A copy of the Maltese Court order (the "Chapter 15 Proceeding Order")

authorizing the Liquidator to proceed in the United States is attached hereto as **Exhibit "C."**

> v.      The Petition Satisfies the Requirements of Section 1515 of the
>         Bankruptcy Code

52.      Lastly, the Liquidator meets the 1517(a)(3) requirement by meeting the

requirements listed in section 1515 of the Bankruptcy Code.  First, the Liquidator initiated this

Chapter 15 Case by filing a Chapter 15 Petition thereby meeting the 1515(a) requirement that a

petition for recognition be filed.  *See* 11 U.S.C. § 1515(a).

53.      Pursuant to section 1515(b) of the Bankruptcy Code, a petition for recognition must

be accompanied by one of the following:

> a.      a certified copy of the decision commencing such foreign
>         proceeding and appointing the foreign representative;
>
> b.      a certificate from the foreign court affirming the existence of such
>         foreign proceeding and of the appointment of the foreign
>         representative; or
>
> c.      in the absence of evidence referred to in paragraphs (a) and (b), any
>         other evidence acceptable to the court of the existence of such
>         foreign proceeding and of the appointment of the foreign
>         representative.

11 U.S.C. § 1515(b).

54.      In satisfaction of section 1515(a), the Windup Order, the Balzan Appointment

Order and the Chapter 15 Proceeding Order are attached as Exhibits A, B, and C, respectively.

Additionally, the Declaration describes both the commencement of the Malta Proceeding and the

Liquidator's appointment as the liquidator of Geden.  This description in the Declaration may

independently satisfy section 1515(b)(3) of the Bankruptcy Code.  *See In re ABC Learning Ctrs.*

*Ltd.,* 445 B.R. 318, 334 (Bankr. D. Del. 2010) (holding that declaration of petitioner "is acceptable

evidence under § 1515(b)(3) of the existence of the foreign proceeding and the appointment of the [f]oreign[r]epresentatives."), *aff'd*, 728 F.3d 301 (3d Cir. 2013).

55.     Therefore, the Liquidator meets the requirements of section 1515 of the Bankruptcy Code in satisfaction of the third requirement under section 1517(a) of the Bankruptcy Code.

56.     Because the Petition satisfies section 1517 of the Bankruptcy Code, there is a reasonable likelihood that the Court will recognize the Malta Proceeding in this Chapter 15 Case. Moreover, granting recognition will promote the United States' public policy of respecting foreign proceedings as articulated in, *inter alia*, sections 1501(a) and 1508 of the Bankruptcy Code and furthering cooperation between courts to the maximum extent possible as mandated by section 1525(a) of the Bankruptcy Code. Thus, these circumstances satisfy the conditions for mandatory recognition of the Malta Proceeding under section 1517 of the Bankruptcy Code.

      b.     There is "An Imminent Irreparable Harm" to the Debtor if the Preliminary <u>Injunction is not Issued</u>

57.     In the cross-border insolvency context, courts have recognized that irreparable harm exists when local actions could hinder the orderly process of a foreign proceeding and the goal of fair distribution of assets.  *See Garcia Avila*, 296 B.R. 95, 114 (Bankr. S.D.N.Y. 2003) (stating that "[a]s a rule, therefore, irreparable harm exists whenever local creditors of the foreign debtor seek to collect their claims or obtain preferred positions to the detriment of the other creditors"); s*ee also In re Berau Capital Res. PTE Ltd.*, No. 15-11804 (MG) (Bankr. S.D.N.Y. Aug. 6, 2015) (ECF Doc. # 20, at 3) (granting provisional relief recognizing the risks of, among other things, interference with the foreign debtor's "efforts to administer its estate and restructure its operations pursuant to the [f]oreign [p]roceeding" and "undermining the [f]oreign [r]epresentative's efforts to achieve an equitable result for the benefit of all of the [f]oreign [d]ebtor's creditors and interest holders" in the absence of the requested relief.).

58.     Here, the Liquidator (and the Maltese Court) is in the perplexing position of having not been aware of the Pennsylvania State Court Litigation, and the actions taken by Geden to defend itself.  Moreover, while the Pennsylvania State Court Litigation was prosecuted by Eclipse, it is unclear whether Geden was also an appropriate party to bring those claims.

59.     As described fully in the Declaration, the Liquidator has significant questions as to who has been controlling Geden since 2017.  Under Maltese law, the now former owners, officers, directors, and management ceased having control of Geden; however, Geden was defending itself in the Pennsylvania State Court Litigation without the knowledge of the Maltese Court or any court appointed liquidator.  Concerningly, Geden may have taken positions contrary to the stated purpose of the Malta Proceeding and may have impacted recoveries to Geden's creditors.  The Liquidator has not had a full opportunity to analyze the numerous issues that may arise if the Appeals are allowed to go forward.  Put simply, the Liquidator does not know the extent that Geden's conduct in the Pennsylvania State Court Litigation has affected the Malta Proceeding and any distribution to creditors.

60.     Additionally, Geden is an appellee in the Appeals, but at this point without further information, it is exceedingly difficult for the Liquidator to prepare to defend (or not defend) the Appeal without a deeper understanding of the facts and circumstances surrounding the corporate control of Geden up to this point.

61.     Accordingly, the Liquidator asserts imposing the automatic stay may give the Liquidator time to determine and understand all of the issues related to the Appeals and Geden's conduct in the United States.  Without a full understanding of the issues surrounding Geden's involvement in the Pennsylvania State Court Litigation, Geden may be irreparably harmed and may be limited in its efforts to collect assets for distribution in the Malta Proceeding.

c.      The Balance of Harms Tips in Favor of the Moving Party

62.      The balance of harm tips in favor of the Liquidator.  The stay will merely preserve the *status quo* on a temporary basis pending a determination by this Court of whether the Malta Proceeding should be recognized. As stated above, without allowing the Liquidator an opportunity to inquire as to the actions taken by Geden before oral argument on the Appeals, it may ultimately hurt any recovery to Geden's creditors and inhibit the success of the Malta Proceeding.  Award and Tankers will not be harmed by imposing the automatic stay.

d.      The Public Interest Weighs in Favor of an Injunction.

63.      Because granting the relief requested is consistent with the policy goals of chapter 15 by avoiding individual creditor actions, dissipation of Geden's estate, and the resulting inequitable distribution of property among creditors, the public interest also favors granting the relief sought herein. *See Cunard S.S. Co. v. Salen Reefer Servs. AB*, 773 F.2d 452, 459 (2d Cir. 1985) (noting in a case under former section 304 of the Bankruptcy Code the strong "public interest in the fair and efficient distribution of assets in a bankruptcy"). Moreover, the relief requested promotes the purposes of chapter 15, including: (a) the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested parties, including the debtor"; (b) "protection and maximization of the value of a debtor's assets"; (c) "facilitation of the rescue of financially troubled businesses, thereby protecting investments and preserving employment"; and (d) promotion of cooperation between the courts in the United States and in foreign jurisdictions involved in cross-border insolvency cases. 11 U.S.C. §§ 1501(a), 1525.

64.      Here, granting a preliminary injunction is also in the public interest. The public goal of chapter 15 is the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors."  11 U.S.C. § 1501(a)(3).

65.     Issuing the automatic stay on a provisional basis will ensure that the Liquidator has time to understand how, who, and why Geden took the positions it did in the Pennsylvania State Court Litigation without the express authorization of the Liquidator.  This will assist the Maltese Court and the Liquidator in effectuating a successful liquidation.

66.     In addition, section 1522 of the Bankruptcy Code states that "relief can be granted, modified or terminated under section 1519, as the case may be, only if the interests of creditors and other interested parties are sufficiently protected." *Id*. (quoting 1 COLLIER ON BANKRUPTCY ¶ 13.06 (16th ed. 2022)).

67.     Here, the risk of harm to Tankers and Award that the Appeals go forward is minimal and their rights are sufficiently protected.  The 2020 Action has been pending for over four (4) years and the Appeals have been pending since October of 2024.  Issuing the automatic stay will merely seek to preserve the status quo and not limit the rights of the Liquidator before he has had a chance to conduct a more thorough investigation.  Additionally, Tankers and Award may still seek to lift the automatic stay in the interim before the full hearing on foreign recognition.

e.     <u>No Security is Required</u>

68.     Security is not required for the provisional relief requested in accordance with the Bankruptcy Rules. See Bank. R. 7065 ("[A] temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)['s requirement to give security]"). In any event, requiring security would be unwarranted in the present circumstances as Geden's primary assets are under the jurisdiction of the Maltese Court and the requested relief would last only until this Court's ruling on the Motion for Recognition. See 11 U.S.C. § 1520(a)(1).

## Basis for Emergency Relief

69.     Pursuant to Local Rule 9013-1(i), the Foreign Representative respectfully requests emergency consideration of this Motion. Section 1519 of the Bankruptcy Code contemplates that a "court may, at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests of the creditors, grant relief of a provisional nature . . ." 11 U.S.C. § 1519(a).  The relief requested in this Motion must be entered on an emergency basis if the automatic stay is to assist the Liquidator in staying the Appeals. Accordingly, emergency relief is warranted.

## Notice

70.     The Foreign Representative will provide notice of this Petition to: (a) the Office of the Untied States Trustee for the Southern District of Texas; (b) counsel to Eclipse Liquidity, Inc., (c) Samsung C&T Deutsshland Gmbh, (d) counsel to Advantage Tankers, LLC and Award Shipping, LLC, (e) Gulsun Nazli Karamehmet-Williams and Courtney Williams (f) all persons authorized to administer the foreign proceeding of Geden, (g) all parties to litigation pending in the United States in which Geden is a party as of the Petition Date; (h) such other entities as this Court may direct.  In light of the nature of the relief requested, the Foreign Representative submits that no further notice is required at this time.

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the proposed order, substantially in the form attached hereto, and extend the automatic stay on a provisional basis.

4919-7334-7387, v. 4

Respectfully submitted,

**OKIN ADAMS BARTLETT CURRY LLP**

By:      /s/ *Matthew S. Okin*

Matthew S. Okin
Texas Bar No. 00784695
mokin@okinadams.com
Edward A. Clarkson
Texas Bar No. 24059118
eclarkson@okinadams.com
Kelley K. Edwards
Texas Bar No. 24129017
kedwards@okinadams.com
1113 Vine St., Suite 240
Houston, Texas 77002
Tel: 713.228.4100
Fax: 346.247.7158

**ATTORNEYS FOR THE FOREIGN
REPRESENTATIVE**