IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 25-90138 |
| Geden Holdings, Ltd. | § | |
| | § | Chapter 15 |
| Debtor in a Foreign Proceeding | § | |

DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN
ORDER (I) SCHEDULING RECOGNITION HEARING, AND
(II) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE

> EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 11:00 A.M. (PREVAILING CENTRAL TIME) ON MAY 1, 2025.
>
> IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.
>
> A HEARING WILL BE CONDUCTED IN THIS MATTER ON MAY 1, 2025 AT 11:00 A.M. (PREVAILING CENTRAL TIME) IN COURTROOM 400, 4TH FLOOR, 515 RUSK AVENUE, HOUSTON, TX 77002.
>
> PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.
>
> AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE PEREZ CONFERENCE ROOM NUMBER IS 282694. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE PEREZ'S HOME PAGE. THE MEETING CODE IS "JUDGEPEREZ". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.
>
> HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE PEREZ'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.

Dr. Reuben Balzan (the "Petitioner" or "Foreign Representative") in his capacity as the authorized representative and court appointed liquidator of the above-captioned debtor (the "Debtor" or "Geden") regarding the Debtor's court ordered liquidation in Malta (the "Malta

Proceeding") before the First Hall of the Civil Court (the "Maltese Court"), respectfully states as follows in support of this motion:

**RELIEF REQUESTED**

1. The Foreign Representative respectfully requests entry of an order, substantially in the form attached hereto (the "Order"): (i) setting the hearing (the "Recognition Hearing") that is twenty one (21) days after the filing of the Verified Petition or as soon thereafter as the Court's calendar permits, as the date (the "Recognition Hearing Date") for the hearing on the relief sought in the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, (III) Emergency Provisional Relief for Issuance of the Automatic Stay, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Verified Petition"),[1] filed contemporaneously herewith; (ii) setting 5:00 p.m. (prevailing Central Time) on the seventh (7) day before the date of the Recognition Hearing as the deadline by which any responses must be received (the "Objection Deadline"); (iii) approving the form of notice of the Recognition Hearing (the "Notice"), substantially in the form attached as **Exhibit A** to the Order; and (iv) approving the manner of service of the Notice as described herein.

**BACKGROUND**

**I.   General Background**

2. On April 28, 2025 (the "Petition Date"), the Debtor filed a voluntary chapter 15 petition for recognition of a foreign proceeding (the "Chapter 15 Case") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

---

[1] Capitalized terms used but not defined herein shall have the meaning given to them in the Verified Petition.

**II.     The Malta Proceeding**

3.      On June 15, 2017, the Maltese Court adjudicated Geden insolvent and ordered its dissolution and winding up. *See* Windup Order, at pg 10. Additionally, the Windup Order appointed Paul Darmanian (the "First Liquidator") as liquidator. *Id*.

4.      On September 12, 2018, the First Liquidator filed an application with the Maltese Court to be relieved of the duties as the liquidator of Geden. On September 19, 2018, the Maltese Court granted the First Liquidator's application and allowed the First Liquidator to resign as the liquidator of Geden.

5.      On December 1, 2023, Eclipse Liquidity, Inc, ("Eclipse"), a creditor of Geden, filed an application to appoint a new liquidator.

6.      On December 4, 2023, the Maltese Court appointed Dr. Reuben Balzan (the "Liquidator") as the liquidator of Geden.

**III.    The Appeals**

7.      As described more fully in the Declaration, Eclipse brought certain claims and causes of action in two different lawsuits (i.e. the 2020 Action and the Abuse of Process Action, collectively the "Pennsylvania State Court Litigation") against Geden, Advantage Tankers, LLC ("Tankers"), and Award Shipping, LLC ("Award"). Among other things, Eclipse alleges that: (i) Geden transferred a substantial number of assets to Tankers and Award for less than reasonably equivalent value; (ii) Award and Tankers are liable to Eclipse as successor corporations of Geden; and (iii) that Eclipse should be allowed to pierce the corporate veils of Tankers and Award because they have committed fraud to the detriment of Geden's creditors.

8.      Notably, during the pending Pennsylvania State Court Litigation, Geden was in liquidation in Malta. Upon information and belief, despite the Pennsylvania State Court Litigation,

3

Geden participated in such litigation without the authority or consent of the Maltese Court or any court appointed liquidator despite the pending Malta Proceeding.

9. The Pennsylvania State Court ruled in favor of Tankers, Award, and Geden, and Eclipse appealed both orders from the 2020 Action and the Abuse of Process Action (collectively, the "Appeals").

10. Oral argument on the Appeals is set for May 13, 2025.

11. Additional information regarding the history of Geden and circumstances leading to the commencement of this Chapter 15 Case is set forth in the *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, (III) Emergency Provisional Relief For Issuance of the Automatic Stay, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Declaration"), filed contemporaneously herewith and incorporated herein by reference.

## JURISDICTION AND VENUE

12. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court.

13. This Chapter 15 Case has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of a petition for recognition of the Malta Proceeding under section 1515 of the Bankruptcy Code.

14. Venue is proper pursuant to 28 U.S.C. § 1410(1). The Debtor's principal assets[2] in the United States constitute a retainer held by Okin Adams Bartlett Curry, LLP in a bank account maintained at Frost Bank in Houston, Texas.

15. The bases for the relief requested herein are sections 1504, 1510, 1515, 1517, 1519, and 1521 of the Bankruptcy Code, rules 1012, 2002(m), 2002(p), 2002(q), and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2002-4 and 9013-1(a) of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

I. **Form and Manner of Service of the Notice.**

16. Bankruptcy Rule 2002(q)(1) provides that:

> … the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities, against whom provisional relief is being souths under § 1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, [shall be given] at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding.

Fed. R. Bankr. P. 2002(q). Bankruptcy Rule 2002(q), however, does not provide any additional details regarding the form and manner in which such notice must be given. Pursuant to Bankruptcy Rules 2002(m) and 9007, when notice is to be given under the Bankruptcy Rules, the presiding court may designate the form and manner in which such notice shall be given. Fed. R. Bankr. P. 2002(m), 9007.

A. **Notice by Electronic Means and Mail Should Be Permitted in This Chapter 15 Case.**

17. As set forth above, Bankruptcy Rule 2002(q)(1) provides for service by mail of the Petition to a specified group of parties. The Foreign Representative proposes to serve the Verified

---

[2] As described in the Declaration, the Foreign Representative suspects, but does not know, whether additional assets of the Debtor are located in the United States.

5

Petition, Notice, and other relevant chapter 15 pleadings and notice by electronic mail, if available, and first-class mail on the following parties: to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to Eclipse Liquidity, Inc., (c) Samsung C&T Deutsshland Gmbh, (d) counsel to Advantage Tankers, LLC and Award Shipping, LLC, (e) Gulsun Nazli Karamehmet-Williams and Courtney Williams (f) all persons authorized to administer the foreign proceeding of Geden, (g) all parties to litigation pending in the United States in which Geden is a party as of the Petition Date; (h) such other entities as this Court may direct. (collectively, the "<u>Notice Parties</u>").  In light of the nature of the relief requested, the Foreign Representative submits that no further notice is required. The Foreign Representative proposes to effect service of the Verified Petition and the Notice in this manner within four business days following entry of the Order.

> **B.** **Form and Manner Generally.**

18. The Foreign Representative respectfully submits that service of the Verified Petition, Notice, and other relevant chapter 15 pleadings and notices by electronic mail and first class mail on the Notice Parties satisfies Bankruptcy Rule 2002(q). The Foreign Representative proposes to effect service of the Verified Petition, Notice, and other relevant chapter 15 pleadings and notices in this manner within four business days following entry of the Order.

19. The Debtor submits that the form and manner of service of the Notice requested herein for the Notice Parties constitutes adequate and sufficient notice of this chapter 15 case and the relief sought in the Verified Petition. Accordingly, the Foreign Representative respectfully requests that this Court approve the form and manner of service of the Notice for the Notice Parties.

**II.** **<u>Subsequent Notice and Foreign Creditors.</u>**

20. If any party files a notice of appearance in this Chapter 15 Case, the Foreign Representative shall effect service upon such party of (i) the Notice within three business days of

the filing of such notice of appearance if such documents have not already been served on such party (or its counsel), and (ii) any subsequent pleadings filed by the Foreign Representative in this Chapter 15 Case.

21.     Out of an abundance of caution, the Foreign Representative also seeks to clarify that certain notice requirements are not applicable in this Chapter 15 Case. Specifically, section 1514(c) of the Bankruptcy Code provides that when notification of the commencement of a case is to be given to foreign creditors, such notification shall, among other things, indicate the time period for filing proofs of claims, specify the place for filing such proofs of claim and indicate whether secured creditors need to file proofs of claim. 11 U.S.C. § 1514(c). Section 1514, though, applies only in plenary cases and does not apply in the context of an ancillary chapter 15 case like this case. *See* Collier on Bankruptcy ¶ 1514.01 (16th ed. 2018) (section 1514 of the Bankruptcy Code is "[t]he last in the series of sections dealing with the international aspects of cases under chapters *other than chapter 15* that begin with section 1511.").

**III.     Form and Manner of Responses and Objections to the Verified Petition.**

22.     The Foreign Representative respectfully requests that any response or objection to the Verified Petition be made pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and such response or objection must be in writing and set forth the basis therefor, which response or objection must be filed with the Court and shall be served upon United States counsel for the Foreign Representative, Okin Adams Bartlett Curry, LLP, 1113 Vine Street, Suite 240, Houston, TX 77002 **so as to be actually received by the Objection Deadline.**

23.     Bankruptcy Rule 1012(b) provides that, among other things, a party objection to a petition to recognize a foreign proceeding under chapter 15 has until no later than seven (7) days before the set date for the hearing on the Voluntary Petition to respond, unless the court orders otherwise. In light of this requirement, it is appropriate to set the Recognition Hearing at a time no

7

earlier than twenty one (21) days after the filing of the Verified Petition or as soon thereafter as the Court's calendar permits, as the Recognition Hearing Date, and (ii) the seventh (7) day before the date of the Recognition Hearing as the deadline by which any responses or objections to the relief sought in the Verified Petition as the Objection Deadline.

## BASIS FOR EMERGENCY RELIEF

24. Pursuant to Local Rule 9013-1(i), the Foreign Representative respectfully requests emergency consideration of this Motion. Section 1517(a) and (c) of the Bankruptcy Code contemplates that a "petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time" as set forth in Bankruptcy Rule 2002(q). The relief requested in this motion must be entered on an emergency basis to facilitate timely consideration of the Foreign Representative's application for recognition. Accordingly, emergency relief is warranted.

## NOTICE

25. The Foreign Representative will provide notice of this Petition to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to Eclipse Liquidity, Inc., (c) Samsung C&T Deutsshland Gmbh, (d) counsel to Advantage Tankers, LLC and Award Shipping, LLC, (e) counsel to Gulsun Nazli Karamehmet-Williams and Courtney Williams (f) all persons authorized to administer the foreign proceeding of Geden, (g) all parties to litigation pending in the United States in which Geden is a party as of the Petition Date; (h) such other entities as this Court may direct. In light of the nature of the relief requested, the Foreign Representative submits that no further notice is required at this time.

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the proposed order, substantially in the form attached hereto, and (i) schedule a hearing on the relief sought in the Verified Petition and (ii) specifying the form and manner of service of notice thereof.

Respectfully submitted,

**OKIN ADAMS BARTLETT CURRY LLP**

By: ____/s/ *Edward A. Clarkson, III*____

    Matthew S. Okin
    Texas Bar No. 00784695
    mokin@okinadams.com
    Edward A. Clarkson
    Texas Bar No. 24059118
    eclarkson@okinadams.com
    Kelley K. Edwards
    Texas Bar No. 24129017
    kedwards@okinadams.com
    1113 Vine St., Suite 240
    Houston, Texas 77002
    Tel: 713.228.4100
    Fax: 346.247.7158

**ATTORNEYS FOR THE FOREIGN REPRESENTATIVE**