United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 01, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 25-90138** |
| **Geden Holdings, Ltd.** | § | |
| | § | **Chapter 15** |
| **Debtor in a Foreign Proceeding** | § | |

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) GRANTING EMERGENCY PROVISIONAL RELIEF FOR ISSUANCE OF THE AUTOMATIC STAY, AND (II) RELATED RELIEF**

Upon consideration of the *Debtor's Emergency Motion for Entry of an Order (I) Granting Emergency Provisional Relief for Issuance of the Automatic Stay, and (II) for Related Relief* (the "Motion")[1] filed by the Foreign Representative as the "foreign representative" of the above-captioned debtor (the "Debtor" or "Geden"); and upon the hearing on the Petition and this Court's review and consideration of the Petition, the Declaration; IT IS HEREBY FOUND AND DETERMINED THAT:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

B. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

C. Venue is proper before this Court pursuant to 28 U.S.C. § 1410. This Court has the authority to enter a final order consistent with Article III of the United States Constitution.

D. Good, sufficient, appropriate, and timely notice of the filing of the Motion and the hearing on the Motion has been given by the Foreign Representative, pursuant to Bankruptcy Rules 1011(b) and 2002(q), to: (a) the Office of the Untied States Trustee for the Southern District of Texas; (b) counsel to Eclipse Liquidity, Inc., (c) Samsung C&T Deutsshland Gmbh, (d) counsel to Advantage Tankers, LLC and Award Shipping, LLC, (e) Gulsun Nazli Karamehmet-Williams

---

[1] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and Courtney Williams (f) all persons authorized to administer the foreign proceeding of the Debtor, (g) all parties to litigation pending in the United States in which the Debtor is a party as of the Petition Date; (h) such other entities as this Court may direct.

E.  The Court is authorized to enter the provisional relief sought inn the Motion by the Foreign Representative under sections 1519, 1521(a)(7) and 105(a) of the Bankruptcy Code.

F.  The relief requested in the Motion is urgently needed to protect the assets of the Debtor and the interests of its creditors as required by 11 U.S.C. § 1519(a).

G.  The relief requested in the Motion is warranted under 11 U.S.C. § 1519(e).

H.  Based on the pleadings filed to date, the Court concludes that the Foreign Representative has demonstrated a substantial likelihood of success on having the Malta Proceeding recognized as a foreign proceeding pursuant to section 1517 of the Bankruptcy Code

I.  The Foreign Representative has demonstrated that there is a material risk that the Debtor will suffer irreparable harm in the absence of the relief sought in the Motion.

J.  For purposes of this Order and the relief granted herein, the balance of harms favors granting the relief requested in the Motion.

K.  The interests of the Debtor's creditors and other interested entities, including the Debtor, are sufficiently protected in the Court's grant of the relief requested in the Motion, as required by 11 U.S.C. § 1522(a).

L.  Cause exists to extend the automatic stay under sections 105, 362, 1519, 1521, and of the Bankruptcy Code on an interim and provisional basis as requested in the Motion.

M.  Due to the nature of the relief requested, no security is required under Rule 65(c) of the Federal Rules of Civil Procedure, as made applicable in chapter 15 cases by Bankruptcy Rule 7065, if applicable, or otherwise.

4930-1837-0103, v. 2

N. The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtor and its interests.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is granted on an interim basis pending final hearing on recognition.

2. Section 362 of the Bankruptcy Code shall apply with respect to the Debtor and its property within the territorial jurisdiction of the United States.

3. Notwithstanding anything to the contrary contained herein, nothing in this Order serves to grant any injunction that is prohibited under section 1519(d) of the Bankruptcy Code.

4. Notwithstanding anything to the contrary contained herein or provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; (c) the Foreign Representative is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order; and (d) for the avoidance of doubt, and without limiting the effects of any future relief that may be granted by the Court, nothing in this Order shall restrict the Foreign Representative's ability to use, access, administer or realize the Debtor's property within the territorial jurisdiction of the United States. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought

in and through this Chapter 15 Case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

6. This Order applies to all parties in interest in this Chapter 15 Case and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

Signed: May 01, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge

4

4930-1837-0103, v. 2