**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ECLIPSE LIQUIDITY, INC. § | | |
| Plaintiff, § | No. 4:15-CV-1645 | |
| § | | |
| v. § | ADMIRALTY | |
| § | | |
| AVOR NAVIGATION LTD.; ADVANTAGE § | | |
| ARROW SHIPPING, LLC; GENEL DENIZCILIK § | | |
| NAKLIYATI A.S. A/K/A GEDEN LINES; § | | |
| ADVANTAGE TANKERS, LLC; ADVANTAGE § | | |
| HOLDINGS, LLC; and FORWARD HOLDINGS, § | | |
| LLC, § | | |
| § | | |
| Defendants. § | | |

## ORIGINAL VERIFIED COMPLAINT

Plaintiff ECLIPSE LIQUIDITY, Inc by and through undersigned counsel, for its Original Verified Complaint against Defendants: AVOR NAVIGATION LTD.; ADVANTAGE ARROW SHIPPING, LLC; GENEL DENIZCILIK NAKLIYATI A.S. A/K/A GEDEN LINES; ADVANTAGE TANKERS, LLC; ADVANTAGE HOLDINGS, LLC, and FORWARD HOLDINGS, LLC alleges and pleads as follows:

### I. JURISDICTION, VENUE AND PARTIES

1. This is an admiralty and maritime claim within the meaning of rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of a maritime contract *i.e.* an executed bareboat charter party for the employment of a seagoing cargo vessel and a principal obligor's performance guarantee. This case also falls under this court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is brought under the provision of Rule B

of the Supplemental Rules For Certain Admiralty and Maritime Claims, and the Federal Arbitration Act, 9 U.S.C. §§ 4, 8 in aid of maritime arbitration.

2. At all times material hereto Plaintiff, ECLIPSE LIQUIDITY, Inc. (hereinafter "ECLIPSE" or "Plaintiff"), was a corporation organized under the laws of the Republic of the Marshall Islands and the registered owner of the Motor Tanker AVOR (hereinafter the "AVOR"), a crude oil tanker vessel registered in Malta.

3. At all times material hereto Defendant, AVOR NAVIGATION LTD. (hereinafter "NAVIGATION"), was and is a foreign company organized under the laws of Malta and the bareboat charterer of the AVOR under a bareboat charter party contract dated May 27, 2010 ("the bareboat charter"). A copy of the bareboat charter is attached hereto as **EXHIBIT 1.**

4. At all times material hereto Defendant, ADVANTAGE ARROW SHIPPING, LLC (hereinafter "ARROW SHIPPING") was, and is a corporate entity organized under the laws of the Republic of the Marshall Islands, and the registered owner of Motor Tanker ADVANTAGE ARROW, a tanker vessel registered in the Marshall Islands, with IMO No. 9419448 and international call sign V7K27.

5. At all times material hereto Defendant GENEL DENIZCILIK NAKLIYATI A.S. A/K/A GEDEN LINES (hereinafter "GEDEN") was and is a foreign corporate entity organized under the laws of Turkey and the Manager and ISM Manager of the AVOR and the ADVANTAGE ARROW, and the guarantor of the performance of the AVOR under the bareboat charter (*see* EXHIBIT 1, at box 4); see also attached copies of the GEDEN webpage hereto attached as **EXHIBIT 2**.

6. At all times material hereto ADVANTAGE TANKERS, LLC (hereinafter "ADVANTAGE TANKERS") was a foreign limited liability company organized under the laws

2

of a country other than the United States, and as a holding company owns 100% of defendant ARROW SHIPPING.

7. At all times material hereto ADVANTAGE HOLDINGS, LLC (hereinafter "ADVANTAGE HOLDINGS") was a foreign limited liability company organized under the laws of a country other than the United States, and as a holding company owns 100% of defendant ADVANTAGE TANKERS.

8. At all times material hereto FORWARD HOLDINGS, LLC (hereinafter "FORWARD HOLDINGS") was a foreign limited liability company organized under the laws of a country other than the United States, and as a holding company owns 100% of defendant ADVANTAGE HODLINGS.

9. The jurisdiction of this Honorable Court is founded on the presence within the District of property of the Defendants that may be attached by process of maritime attachment and garnishment under the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, as pled more fully in Section V of this Original Verified Complaint.

## II. THE SUBSTANTIVE CLAIMS

10. Under a bareboat charter party dated May 27, 2010 (EXHIBIT 1), Plaintiff chartered its vessel AVOR for a period of five years plus or minus 30 days and a daily charter rate of U.S $ 15,160.00 to "Geden Holdings Limited, Malta or nominee always guaranteed by Geden Line." GEDEN is a joint and several obligor of Plaintiff under the performance guarantee recited in the bareboat charter party. *See* EXHIBIT 1, box 4.

11. Plaintiff delivered the vessel into the bareboat chartered service under the charter and rendered, and continues to render the contractual performance required of it. However, Defendants NAVIGATION and GEDEN, (hereinafter collectively referred to as "Charterers"),

3

failed and refused to perform their obligations under the bareboat charter party contract and are in default and indebted to Plaintiff for various sums, which are due and owing, as set out below.

12. Charterers failed and refused to pay bareboat charter hire which is currently due in the amount of $ 15,160 per day, which has been duly invoiced, (*see c*opy of the invoice hereto attached as **EXHIBIT 3**), and under the terms of the bareboat charter is payable monthly in advance.

13. Currently, Charterers owe hire for the month of June 2015 in the amount of $454,800.00. Charterers are, accordingly, in default of their obligation to pay charter hire in the total amount of **$ 454,800.00**.

14. The Charterers continue to employ the AVOR under charter to third parties and continue to realize earnings from her employment but are unjustly failing and refusing to pay Plaintiff the amounts they owe under the bareboat charter.

### III. <u>UNDERLYING PROCEEDINGS ON THE MERITS</u>

16. Box 35 and clause 30(a) of the bareboat charter party (**EXHIBIT 1**) provide for arbitration of all disputes arising out of the contract in London. Plaintiff intends to claim the full outstanding amount in London arbitration.

15. Plaintiff estimates the legal costs that will be incurred to pursue these claims in London maritime arbitration proceedings will be approximately USD $200,000. As it is customary in London arbitration, legal costs, including lawyers' fees are awarded to the prevailing party.

17. This action is an ancillary proceeding, brought in order to obtain jurisdiction over Defendants Charterers and to obtain security for Plaintiff's claims in the London proceedings.

4

## IV. **DEFENDANTS' CORPORATE IDENTITY**

18. Notwithstanding their formal separate incorporation, the Defendants are in actual fact a single business enterprise pursuing functionally differentiated business objectives through nominally separate business structures but always subject to the command and control of Defendant GEDEN which is the parent company of Defendants NAVIGATION, ARROW SHIPPING, ADVANTAGE TANKERS, ADVANTAGE HOLDINGS, and FORWARD HOLDINGS, as is more specifically pled hereunder.

19. When Plaintiff entered in the bareboat charter party with Defendant NAVIGATION guaranteed by its parent GEDEN, and subsequently throughout the years of performance GEDEN represented itself as the owner and operator for profit of a fleet of tanker and dry cargo vessels and also the operator for profit of non-owned chartered-in ships. *See e.g.* **EXHIBIT 2**; *see also* representations made at p. 40, of a true and correct copy of an initial public offering prospectus dated June 19, 2012 attached hereto as **EXHIBIT 4** and hereinafter referred to as "the GEDEN Prospectus."

20. Under the GEDEN Prospectus, the company holding the shares of the GEDEN fleet of tankers was a Maltese holding company, Geden Holdings, Ltd. The fleet of vessels owned by GEDEN included, among others, the Motor Tanker TARGET, (*Id.*, EXHBIT 4[1] at pp. 77, 84, 86; 87). (*See also* pp. 16 and 17 in copy of a restructuring proposal prepared in 2013 for Defendant Genel Denizcilik Nakliyati A.S. by Alix Partners relating to changing the ownership structure of Genel Denizcilik Nakliyati A.S in 2013 attached hereto as **EXHIBIT 5**. This document was filed in the record of the case *Icon Amazing, LLC v. Amazing Shipping, LTD. et al* in the Southern District of Texas as ECF Doc. 33-6 in Civil Action 13 cv. 01449. The M/T

---

[1] The entire prospectus is approximately 230 pages. For this Original Verified Complaint, Plaintiff has included the introductory pages of the prospectus and relevant excerpts referred to herein. Plaintiff will provide the complete prospectus should this Honorable Court request a copy of same.

5

TARGET was registered in the name of a single ship owning corporate entity-Target Shipping, Ltd. (*EXHIBIT 4* at p. 84), which was entirely owned by GEDEN. *Id.*, at p. 29.

21. Ultimately, the M/T TARGET and all other vessels of the GEDEN fleet of tankers and dry cargo vessels were controlled by Defendant GEDEN, (EXHIBIT 4 at pp.77-78; EXHIBIT 5 at p. 2) which in turn was controlled by Cukurova Group, a leading Turkish conglomerate ultimately and beneficially owned by members of the Karamehmet family. *See* EXHIBIT 4 at pp. 76-77.

22. GEDEN publicly held out the vessels it owned through one-ship-companies, including the M/T TARGET as its own assets. *See* EXHIBIT 4 at p. 29 and EXHIBIT 5, generally. Even though each vessel in the fleet of GEDEN, which had not been chartered-in or leased-in from a third party, was registered in the name of an individual one-ship-company;[2] GEDEN, beneficially owned and operated these vessels as assets of a single business enterprise. The purported corporate independence of the respective "SPV" vessel owners was simply fictitious, as they were entirely subjugated to GEDEN's business goals and policies, which were implemented by GEDEN management and staff.

23. In this process, the GEDEN SPV's were mere limbs and organs of a larger corporate organism as evidenced by the common business strategy GEDEN had pursued in order to cope with the current shipping market crisis, and the - unsuccessful - attempt to spin off an initial public offering in which the assets of the "subsidiaries" were identified as assets of the GEDEN group. *See* EXHIBIT 4 at p. 40.

24. According to the information publicly disclosed by GEDEN, TARGET SHIPPING, LTD. which owned the M/T TARGET was entirely owned by GEDEN. *See* EXHIBIT 2.

---

[2] Referred to by the said defendant as an "SPV" *i.e.* a "special purpose vehicle." *See* EXHIBIT 4 pp. 29, 170

6

25. Throughout the portion of the bareboat charter term that has been already performed, NAVIGATION, remained as spelled out in the charter a "nominee" (*See* EXHIBIT 1, box 4) performing a merely nominal role with all of Plaintiff's business under the charter actually being transacted with GEDEN, for and on behalf of GEDEN and NAVIGATION.

26. Defendants GEDEN and NAVIGATION (as well as Geden Holdings Ltd.) have had common officers, common directors, and common parent companies, and common beneficial owners as follows: Mr. M. Bülent Ergin, was director of GEDEN, Geden Holdings Ltd., and Çukurova Holding A.S; Mr. A. Tugrul Tokhöz was on the board of directors of GEDEN, Geden Holdings Ltd., and Çukurova Holding A.S; Mr. Mehmet Mat was the chief financial officer of GEDEN and Geden Holdings Ltd. (*See* EXHIBIT 4 at pp. 100-101). The ownership of GEDEN; Geden Holdings Ltd.; and Cukurova Holding AS was entirely in the hands of the Karamehmet family in Turkey. *Id.*, EXHIBIT 4 at pp. 5, 76-77; 151.

27. According to the shipping database EQUASIS, under the history of the M/T TARGET, though her listed ownership was in Defendant Target Shipping, Ltd., GEDEN always held and continues to hold the International Safety Management Code Document of Compliance for M/T TARGET (*See*: copy of EQUASIS database record hereto attached as **EXHIBIT 6;** copy of the vessel's record of ISM certification hereto attached as **EXHBIT 7**); and also holds the certificate of financial responsibility (COFR) for the same vessel. (*See* Record of Certificate of Financial Responsibility issued by the U.S. Coast Guard hereto attached as **EXHIBIT 8**).

28. Beginning in March 2013 hire payments to Plaintiff and to other vessel owners who had similar bareboat chartering arrangements became at intervals erratic and often late.

29. By making diligent enquiries in the shipping market and closely following the

7

performance of the Geden Group, Plaintiff learned that GEDEN was contemplating and considering in consultation with its financing banks to radically change the corporate ownership structure of its shipping business in a manner likely to involve wholesale repudiation of charter parties and shifting of its assets under new corporate ownership that would severely compromise its ability to honor its obligations under its performance guarantee and similarly the ability of its wholly owned subsidiaries', including the ability of NAVIGATION, to render their performance.

30. More specifically the record in a civil action previously filed in the United States District Court for the Southern District of Texas disclosed a document authored by business Consultants of Geden and GDSA (*EXHIBIT 5*) which outlined a restructuring plan which among other things would:

A. Expropriate Geden of its shipping assets (vessels) from its subsidiaries that owned them "into appropriate newcos" (new corporate entities) for the purpose of making the assets unreachable by creditors to whom Geden and respective subsidiaries had undertaken important obligations, a process that Geden and its consultants have characterized as "Ring-fence potential sources of disruption, holdouts, or nuisance (such as arrests or sister-ship arrests)". EXHIBIT 5 at p 7;

B. Establish the successor corporate entities ("newcos") of Geden with such a shareholding structure as to minimize the risk of the assets being arrested by unpaid creditors. EXHIBIT 5 at p. 40;

C. Relegate creditors who have extended non-financing credit to the Geden group of companies to a "Group D" status outside the "privileged" creditors of the "newco" groups. Such creditors included Plaintiff and other owners within the Stealth group who have bareboat chartered vessels to the Geden Group. EXHIBIT 5 at p. 7.

8

31. With the improvement of the tanker market in early 2015, Defendant GEDEN, with the cooperation of its financing banks, set out to implement its plan of changing the ownership structure of their business by taking the following specific actions.

33. Defendant GEDEN caused the SPV's which controlled nine (9) of its largest and most profitable tankers to sell them to a new set of one- ship-companies ("newco's"), as it had planned and contemplated to do under its re-structuring scheme noted in the foregoing, and as detailed in EXHIBIT 4 and EXHIBIT 5, and had these vessels re-named and reflagged – from the Maltese to the Marshall Islands flag. Thus the ownership/flag/name of the ships was changed as follows:

FORMER NAME: **PROFIT**
NEW NAME: **ADVANTAGE SOLAR**
FORMER OWNER: **PROFIT SHIPPING LTD**
NEW OWNER: **ADVANTAGE SOLAR SHIPPING LLC**
------------------------------------------------------------
FORMER NAME: **TARGET**
NEW NAME: **ADVANTAGE ARROW**
FORMER OWNER: **TARGET SHIPPING LTD.**
NEW OWNER: **ADVANTAGE ARROW SHIPPING LLC**
------------------------------------------------------------
FORMER NAME: **TRUE**
NEW NAME: **ADVANTAGE AVENUE**
FORMER OWNER: **TRUE SHIPPING LTD.**
NEW OWNER: **ADVANTAGE AVENUE SHIPPING LLC**
------------------------------------------------------------
FORMER NAME: **BLUE**
NEW NAME: **ADVANTAGE SKY**
FORMER OWNER: **BLUE SHIPPING LTD.**
NEW OWNER: **ADVANTAGE SKY SHIPPING LLC**
------------------------------------------------------------
FORMER NAME: **PINK**
NEW NAME: **ADVANTAGE SUMMER**
FORMER OWNER: **PINK SHIPPING LTD.**
NEW OWNER: **ADVANTAGE SUMMER SHIPPING LLC**
------------------------------------------------------------

FORMER NAME: **BLANK**
NEW NAME: **ADVANTAGE START**
FORMER OWNER: **BLANK SHIPPING LTD.**
NEW OWNER: **ADVANTAGE START SHIPPING LLC**

---

FORMER NAME: **REEF**
NEW NAME: **ADVANTAGE SPRING**
FORMER OWNER: **REEF SHIPPING LTD**
NEW OWNER: **ADVANTAGE SPRING SHIPPING LLC**

---

FORMER NAME: **BRAVO**
NEW NAME: **ADVANTAGE ATOM**
FORMER OWNER: **BRAVO SHIPPING LTD.**
NEW OWNER: **ADVANTAGE ATOM SHIPPING LLC**

---

FORMER NAME: **POWER**
NEW NAME: **ADVANTAGE ANTHEM**
FORMER OWNER: **BARBAROS MARITIME LTD.**
NEW OWNER: **ADVANTAGE ANTHEM SHIPPING LLC**

---

34. At the same time Defendant GEDEN transferred the legal and equitable title to the ownership of the said vessels from Geden Holdings, Ltd. to another new holding company *i.e.* Defendant ADVANTAGE TANKERS.

35. ADVANTAGE TANKERS is 100% owned by another holding company *i.e.* Defendant ADVANTAGE HOLDINGS, which in turn is 100% owned by Defendant FORWARD HOLDINGS.

36. FORWARD HOLDINGS is 85% owned by Mrs. Gulsun Nazil Karamehmet, Williams and 15% by Mr. Ali Tugrul Toghoz. Mrs. Karamehmet Williams is the daughter of the principal owner of the business group Mr. Mehmet Emin Karamehmet.

37. Attached hereto and marked as **EXHIBIT 9** is a diagrammatic representation of the ownership / control structure of the GEDEN-owned SPV's following the change of holding companies - as noted in the foregoing - captioned "SCHEDULE II – Organizational Chart" which is extracted from the Marshall Islands Vessel Register record of a Mortgage dated April 2,

10

2015 "in respect of the vessel M.V. "ADVANTAGE ARROW" ex "TARGET", and a "Loan Facility Agreement relating to the financing of MV "TRUE" (tbr "ADVANTAGE AVENUE" and MV "TARGET" (tbr "ADVANTAGE ARROW").[3]

38. In restructuring the corporate ownership of its most valuable assets, siphoning them out to other nominee companies, and "ring-fencing" them with various layers of corporate shells, for the express purpose of making them inaccessible as a source of recourse to creditors to whom GEDEN and its wholly owned subsidiaries are indebted, GEDEN and its co-defendants actively abused the corporate form for the express wrongful purpose of defeating legitimate claims of creditors whose assets GEDEN and its co-defendants have used, and are continuing to use to enrich themselves.

39. The M/T ADVANTAGE ARROW is one of the assets which is beneficially owned by Defendant GEDEN, and the said Defendants has tried to "ring-fence" out unpaid creditors, including Plaintiff by means of transferring her legal ownership, and changing her registration in order to prevent said creditors from attaching her as a source of security. But, notwithstanding appearances, ownership and control over the said vessel remains with the same beneficial owners, as and when she was named TARGET and was registered in Malta.

40. Consistent with the Geden Group intention to deflect creditors perceived as "..holdouts, or nuisance" GEDEN has defaulted on its hire payment obligations to at least three (3) more owners, of the same business group as Plaintiff, in an amount in excess of 1,000,000.

41. By reason of the relationship of complete dominion and control that Defendants GEDEN has exercised over their subsidiaries ARROW SHIPPING and NAVIGATION, taking into consideration the foregoing facts and circumstances, it would be just, equitable and proper for the Court to exercise its equitable powers to pierce the corporate veil of ARROW SHIPPING

---

[3] For the sake of brevity extracts from this record will be referred to as "Mortgage Record Extract".

11

as an alter ego of GEDEN, NAVIGATION, ADVANTAGE TANKERS, ADVANTAGE HOLDINGS, and FORWARD HOLDINGS so that the vessel M/T ADVANTAGE ARROW may be attached with process of maritime attachment and garnishment as a source of security for Plaintiff's unpaid June 2015 unpaid hire installment.

## V. APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

43. None of the Defendants are present or can be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See Attorney Declaration of George Gaitas attached hereto as* **EXHIBIT 10**. Nevertheless, Defendants have within the District tangible or intangible personal property in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment consisting of debts, credits, or effects.

44. More particularly the M/T ADVANTAGE ARROW, a tanker vessel with IMO No. 9419448 and international call sign V7K27, owned by Defendants, is or will soon be within the Southern District of Texas and is expected to berth therein.

45. Defendant GEDEN, used and is continuing to use its purported corporate separateness, and the purported separate incorporation of its surrogate subsidiaries NAVIGATION, ARROW SHIPPING, ADVANTAGE TANKERS, ADVANTAGE HOLDINGS, and FORWARD HOLDINGS abusively, to wit: to engage in fraudulent corporate restructuring and asset allocation practices to avoid paying agreed and accrued hire, for the M/T AVOR and to repudiate with impunity their obligations under the bareboat charter party.

46. Defendant GEDEN has contracted with Plaintiff, using its completely dominated surrogate shell entities NAVIGATION, ARROW SHIPPING, ADVANTAGE TANKERS, ADVANTAGE HOLDINGS, and FORWARD HOLDINGS as alter egos, intending to reap all

12

the benefits but pay none of the costs. Defendants are accordingly, using the corporate form abusively, *i.e.* to perpetrate fraud and commit other injustice. It would be, accordingly, fair and equitable to pierce (or reversely pierce) the corporate veil of GEDEN, NAVIGATION, ARROW SHIPPING, ADVANTAGE TANKERS, ADVANTAGE HOLDINGS, and FORWARD HOLDINGS in order to reach the economic value of the M/T ADVANTAGE ARROW which said Defendants have compartmentalized in separate corporate pockets, to the detriment of Plaintiff.

47.  Alternatively, Defendants having operated, at all relevant times, as a single enterprise, and being the *alter ego* of each other in the circumstances set in the above and foregoing Original Verified Complaint, it would be fair and equitable for any asset of this enterprise to be subject to the claims of judgment creditors of the enterprise, such as Plaintiff, and for any such assets to be attached as security for Plaintiff's maritime claims.

48.  Plaintiff has maritime claims against the Defendants arising out of maritime contract (*i.e.* – the bareboat charter party with GEDEN and NAVIGATION dated May 27, 2010 and the performance guarantee of GEDEN of the same date).

49.  The amount of Plaintiff's claim as reasonably as it can be estimated is as follows:

    A. Charter Hire due and owing ................................$    454,800.00

    B. Interest at 6% compounded quarterly for 1 year...........$     28,000.00

    C. Recoverable Legal Fees and Costs.........................$    200,000.00

    **Total Claim....................................................$**    **682,800.00**

50.  Therefore, Plaintiff's total claim for breach of the maritime contracts against Defendants is in the aggregate sum of **USD 682,800. 00.**

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.   That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendants and said Defendants be cited to appear and answer the allegations of this Original Verified Complaint;

B.   That since the Defendants cannot be found within this District pursuant to Supplemental Rule B, all of the assets of the Defendants presently within this District, or assets expected in this District during the pendency of this action, including, but not limited to, the M/T ADVANTAGE ARROW and/or any assets within the possession, custody or control of any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served, be attached and garnished in an amount sufficient to answer Plaintiff's claim;

C.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

D.   That judgment be entered against each of the Defendants in the sum of Six-Hundred Eighty Two Thousand Eight Hundred Dollars (**USD $ 682,800**), together with interest and costs, and the proceeds of the assets attached be applied in satisfaction thereof;

E.   That the Court grant such other and further relief as it deems, just, equitable and proper.

14

Respectfully submitted,

Date: June 10, 2015  
      Houston, TX

CHALOS & CO, P.C.

By: *[signature]*  
George A. Gaitas  
State Bar No. 24058885  
Federal Bar No. 705176  
Briton P. Sparkman  
Federal Id No. 1148116  
7210 Tickner Street  
Houston, Texas 77055  
Telephone: 713-936-2427  
Fax: 866-702-4577  
E-mail: gaitas@chaloslaw.com  
           bsparkman@chaloslaw.com

*Attorneys for Plaintiff*  
ECLIPSE LIQUIDITY, Inc.

15