**EXHIBIT 13**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PSARA ENERGY, LTD., | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:16-CV-_____ |
| v. | § | |
| | § | JUDGE_____ |
| SPACE SHIPPPING, LTD; ADVANTAGE | § | |
| ANTHEM SHIPPING, LLC; GENEL | § | MAG. JUDGE_____ |
| DENIZCILIK NAKLIYATI A.S. A/K/A GEDEN | § | |
| LINES; GEDEN HOLDINGS, LTD; | § | ADMIRALTY |
| ADVANTAGE TANKERS, LLC; | § | |
| ADVANTAGE HOLDINGS, LLC; FORWARD | § | |
| HOLDINGS, LLC; MEHMET EMIN | § | |
| KARAMEHMET; and GULSUN NAZLI | § | |
| KARAMEHMET -WILLIAMS | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL VERIFIED COMPLAINT

COMES NOW, Plaintiff PSARA ENERGY, LTD by and through undersigned counsel, for its Original Verified Complaint against Defendants: SPACE SHIPPPING, LTD; ADVANTAGE ANTHEM SHIPPING, LLC; GENEL DENIZCILIK NAKLIYATI A.S. A/K/A GEDEN LINES; GEDEN HOLDINGS, LTD; ADVANTAGE TANKERS, LLC; ADVANTAGE HOLDINGS, LLC, FORWARD HOLDINGS, LLC; MEHMET EMIN KARAMEHMET; and GULSUN NAZLI KARAMEHMET -WILLIAMS and alleges and pleads as follows:

## I. JURISDICTION, VENUE AND PARTIES

1.      This is an admiralty and maritime claim within the meaning of rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of a maritime contract *i.e.* an executed bareboat charter party for the employment of a seagoing cargo vessel. This case also falls under this court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is brought

1

under the provisions of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims, and the Federal Arbitration Act, 9 U.S.C. §§ 4, 8 in aid of maritime arbitration.

2.      At all times material hereto Plaintiff, PSARA ENERGY, LTD (hereinafter "PSARA" or "Plaintiff"), was a corporation organized under the laws of the Republic of the Marshall Islands and the registered owner of the Motor Tanker CV STEALTH (hereinafter the "CV STEALTH"), a crude oil tanker vessel registered in Malta.

3.      At all times material hereto Defendant, SPACE SHIPPPING, LTD. (hereinafter "SPACE"), was and is a foreign company organized under the laws of Malta and the bareboat charterer of the CV STEALTH  under a bareboat charter party contract dated February  23, 2010 ("the bareboat  charter").  A copy of the bareboat charter is attached hereto as **EXHIBIT 1.**

4.      At all times material hereto Defendant, ADVANTAGE ANTHEM SHIPPING, LLC (hereinafter "ANTHEM SHIPPING") was, and is a corporate entity organized under the laws of the Commonwealth of the Bahamas , and the registered owner of Motor Tanker ADVANTAGE ANTHEM, a tanker  vessel  registered  in  the  Marshall  Islands,  with  IMO  No. 9472634 and international call sign V7KZ4.

5.      At all times material hereto Defendant GENEL DENIZCILIK NAKLIYATI A.S. A/K/A GEDEN LINES (hereinafter "GEDEN") was and is a foreign corporate entity organized under the laws of Turkey and the Operator, ISM Manager, and Manager of the CV STEALTH, under the bareboat charter (*see* EXHIBIT 1, at box 4); see also attached copies of the GEDEN webpage hereto attached as **EXHIBIT 2,** and also the Operator, ISM Manager, and Manager of the ADVANTAGE ANTHEM.

6.      At all times material hereto GEDEN HOLDINGS, LTD. (hereinafter "GEDEN HOLDINGS") was and is a foreign corporate entity organized under the laws of Malta, and is the

guarantor of the performance of the bareboat charter by its wholly owned subsidiary SPACE.

7.     At all times material hereto ADVANTAGE TANKERS, LLC (hereinafter "ADVANTAGE TANKERS") was a foreign limited liability company organized under the laws of  the Marshall Islands, and as a holding company owns 100% of defendant ANTHEM SHIPPING.

8.     At all times material hereto ADVANTAGE HOLDINGS, LLC (hereinafter "ADVANTAGE HOLDINGS") was a foreign limited liability company organized under the laws of  the Marshall Islands, and as a holding company owns 100% of defendant ADVANTAGE TANKERS.

9.     At all times material hereto FORWARD HOLDINGS, LLC (hereinafter "FORWARD HOLDINGS") was a foreign limited liability company organized under the laws of the Marshall Islands, and as a holding company owns 100% of defendant ADVANTAGE HOLDINGS.

10.     At all times material hereto MEHMET EMIN KARAMEHMET (hereinafter "EMIN KARAMEHMET" ) is an individual person and a citizen and resident of the Republic of Turkey and respectively through a Panamanian corporation that he entirely controls, Buselten Finance, S.A. is the 100% shareholder of  Defendant GEDEN HOLDINGS.

11.     At all times material hereto GULSUN NAZLI KARAMEHMET–WILLIAMS (hereinafter "KARAMEHMET-WILLIAMS") is an individual person and a dual citizen of the Republic of Turkey and the Swiss Confederation and a resident of the United Kingdom and through intermediary holding companies FORWARD HOLDINGS, ADVANTAGE HOLDINGS is the 85% controlling shareholder of ADVANTAGE TANKERS.

12.     The jurisdiction of this Honorable Court is founded on the presence within the

3

District of property of the Defendants that may be attached by process of maritime attachment and garnishment under the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, as pled more fully in Section V of this Original Verified Complaint.

## II. <u>THE SUBSTANTIVE CLAIMS</u>

13. Under the bareboat charter party dated February 23, 2010 ("the bareboat charter") and addenda thereto dated June 2, 2010; June 21, 2010; and January 29 2010 Plaintiff chartered its vessel CV STEALTH for a "a term of 5 years straight period +/- 30 days in Charterer's option plus 1 or 2 years optional year(s) declaration by Charterers 5 months prior end of the firm period" to "Geden Holdings Limited, Malta or nominee always guaranteed by Geden Lines." *See* EXHIBIT 1, box 21, 4. The vessel was delivered to the service of the nominee of Geden Holding Ltd. *i.e.* SPACE and to GEDEN LINE and was used and operated for profit by them as part of GEDEN's managed non-owned fleet. *See* copies of relevant pages from the website of GEDEN LINE advertising the CV STEALTH hereto attached as **EXHIBIT 2**.

14. Plaintiff delivered the vessel into the bareboat chartered service and rendered, and continues to render, the contractual performance required of it. However, Defendants SPACE and GEDEN and GEDEN HOLDINGS, (hereinafter collectively referred to as "Charterers"), though possessing and using the CV STEALTH, are failing and refusing to perform their hire payment obligations under the bareboat charter party contract and are in default and indebted to Plaintiff in respect of unpaid hire, as set out below.

15. Under the terms of the bareboat charter the latest date for the redelivery of the CV STEALTH was on June 22nd 2015. However, Charterers, in breach of the bareboat charter have failed to redeliver her to Plaintiff - her lawful owner - and at the same time are failing since May 2015 to pay Plaintiff the daily hire as the bareboat charter requires.

4

16.     The outstanding amount which remains unpaid from May 1, 2015 through February 29, 2016 is US$ 3,408,176.00.

17.     Through Court proceedings in the United Kingdom Plaintiff has attached funds of the Charterers in the amount of US$ 2,000,000.00 and accordingly the unsecured amount of earned bareboat charter hire that Plaintiff has not yet secured is US$ 1,408,176.00.

18.     The Charterers continue to possess the CV STEALTH but are unjustly failing pay Plaintiff the amounts they owe in respect of unpaid charter hire for such amounts as Plaintiff has been unable to secure *i.e.* US$ 1,408,176.00.

### III. <u>UNDERLYING PROCEEDINGS ON THE MERITS</u>

19.     Box 35 and clause 30(a) of the bareboat charter party (**EXHIBIT 1**) provides for arbitration of all disputes arising out of the contract in London.

20.     Plaintiff is claiming the said amount of unpaid and unsecured hire in ongoing arbitration proceedings in London.

21.     Plaintiff estimates the legal costs that will be incurred to pursue these claims in London maritime arbitration proceedings will be approximately US$ 200,000.00.  As it is customary in London arbitration, legal costs, including lawyers' fees, are awarded to the prevailing party.

22.     This action is an ancillary proceeding, brought in order to obtain jurisdiction over Defendant Charterers and to obtain security for Plaintiff's claims in the London proceedings.

### IV. <u>DEFENDANTS' CORPORATE IDENTITY</u>

23.     The grouping of the following corporate entities: ADVANTAGE TANKERS; its subsidiary ANTHEM SHIPPING;  ADVANTAGE HOLDINGS; FORWARD HOLDINGS;  and

10 other one-ship-company entities, subsidiaries of ADVANTAGE TANKERS[1] (said grouping hereinafter collectively referred to for the sake of brevity as "Advantage-Group"), comprise successor corporate business entities of the grouping constituted of: GEDEN HOLDINGS; GEDEN; SPACE; and 11 other former one-ship-companies[2], subsidiaries of GEDEN HOLDINGS (hereinafter collectively referred to for the sake of brevity as "Geden-Group").

24.     The Advantage-Group corporate entities are successors of the Geden-Group corporate entities in that: a) the former have acquired and are respectively in possession of the trading assets of the latter[3] (the 11 tanker vessels) ; b) occupy and carry on business from the same business premises as the latter; c) by and through identical personnel, have common officers and directors with the latter; d) have taken over and are servicing the same customers as were being served by the latter; e) have virtually the same financing banks financing their business as the latter; f) and have as shareholders members of the same family group that the former have represented to be their ultimate control, *i.e.* members of the Karamehmet family, as is more specifically averred below.

25.     As part of a privately arranged business reorganization conceived and implemented by the management of the Geden-Group, in collaboration with EMIN KARAMEHMET and KARAMEHMET–WILLIAMS, the one-ship-companies of the Geden-Group "sold" the

---

[1] Foreign limited liability companies: Advantage Solar Shipping, LLC; Advantage Sky Shipping, LLC; Advantage Start Shipping, LLC; Advantage Arrow Shipping, LLC; Advantage Avenue Shipping, LLC; Advantage Award Shipping, LLC; Advantage Atom Shipping, LLC; Advantage Summer Shipping, LLC; Advantage Spring Shipping, LLC; Advantage Sun Shipping, LLC

[2] Foreign limited liability companies: Profit Shipping, Ltd.; Blue Shipping, Ltd.; Blank Shipping, Ltd.; Target Shipping, Ltd.; True Shipping Ltd.; Value Shipping, Ltd; Bravo Shipping, Ltd; Barbaros Maritime, Ltd; Pink Shipping, Ltd; Reef Shipping Ltd.; Prima Shipping, Ltd.

[3] The said assets are the tankers:  PROFIT now renamed ADVANTAGE SOLAR; BLUE now renamed ADVANTAGE SKY; BLANK now renamed ADVANTAGE START; TARGET now renamed ADVANTAGE ARROW; TRUE now renamed ADVANTAGE AVENUE; VALUE now renamed ADVANATGE AWARD; BRAVO now renamed ADVANTAGE ATOM; POWER now renamed ADVANTAGE ANTHEM; PINK now renamed ADVANTAGE SUMMER; REEF now renamed ADVANTAGE SPRING; ROYAL now renamed ADVANATGE SUN.  For the sake of brevity these vessels will be collectively referred to as "the 11 tankers".

respective vessels each one of them had owned to its homologous Advantage-Group one-ship-company, with these transactions occurring approximately during the first and second quarter of 2015.

26.     Notwithstanding the transfer of ownership of the respective vessels from the Geden-Group one-ship-companies, to the respective Advantage-Group one-ship-companies, all of the time charter parties under which the said respective vessels, before and at the time of the transfer, were being employed by Shell Western Supply and Trading, Ltd. continued seamlessly. This was accomplished under contractual arrangements with Shell Western, worked out by GEDEN HOLDINGS and KARAMEHMET-WILLIAMS, whereby the said charterer parties, several of which had significant unexpired terms, were renewed for a 5 year period, at rates and on such other terms as were agreed on behalf of the Advantage-Group one-ship-companies by GEDEN HOLDINGS.

27.     Notwithstanding the purported transfer of ownership of the respective vessels from the Geden-Group one-ship-companies to the respective Advantage-Group one-ship-companies, GEDEN HOLDINGS represented and warranted to Shell Western Supply and Trading, Ltd that it retained ownership over the Advantage-Group one-ship-companies.

28.     Notwithstanding the transfer of ownership of the respective vessels from the Geden-Group one-ship-companies to the respective Advantage-Group one-ship-companies, all day-to-day shore-side operations of the 11 tankers continue to be performed by GEDEN, including respective safety management, security management, crewing, victualing, supplying, technical monitoring and supervision, drydocking and repairs, accounting, and generally every function necessary in order to keep and maintain the said vessels trading as merchant vessels in the same manner and to the same extent that GEDEN had performed same before the said transfer of

ownership for same 11 tankers.

29.     Notwithstanding the transfer of ownership of the 11 tankers from the Geden-Group one-ship-companies to the respective Advantage-Group one-ship-companies, the majority of the lenders that financed the acquisition of the vessels by the Group-Advantage one-ship companies remained the same, with the rollover-like refinancing arrangements and ship mortgaging arrangements having been negotiated and worked out by GEDEN HOLDINGS.

30.     The identity of the ultimate controlling shareholder of the Advantage–Group after the transfer, *i.e.* KARAMEHMET–WILLIAMS remained unchanged, as it had been represented by GEDEN HOLDINGS and its directors before the transfer *i.e.* in the hands of the "Karamehmet family," of which Defendant Gulsun Nazli Karamehmet Williams is a member, being the daughter and only child of Defendant Mehmet Emin Karamehmet.

31.     The defendants GEDEN HOLDINGS, GEDEN, ADVANTAGE TANKERS, and the respective one-ship-companies of the Geden-Group and Advantage-Group have in common key management personnel including the same Chief Executive Officer and Chief Financial Officer, and share a common director.

32.     By reason of the foregoing facts pled in averments ¶¶ 28 through 36, ADVANTAGE TANKERS and the one-ship-companies it holds is a mere continuation of the business of GEDEN, GEDEN HOLDINGS, and the one-ship companies that formerly owned the said vessels, with the latter entities having been absorbed by the former, as evidenced by the identity of assets, location, management, personnel, and stockholders.

33.     Notwithstanding the formal separate incorporation of the respective corporate defendants, the grouping of corporate entities: ADVANTAGE TANKERS; ADVANTAGE HOLDINGS; FORWARD HOLDINGS; and ANTHEM SHIPPING are in actual fact alter egos,

8

agents and /or instrumentalities, and/or partners of the corporate business within the grouping comprised of GEDEN HOLDINGS; GEDEN; BARBAROS; SPACE and the individual Defendants EMIN KARAMEHMET and KARAMEHMET-WILLIAMS, as is more specifically averred below.

34.     Under a business reorganization plan that GEDEN commissioned, dated March 6, 2013, restructuring of ownership of assets was recommended by its specialist advisors whereby GEDEN HOLDINGS would be replaced by another new holding company of all of the one-ship-companies of the Geden-Group.  *See* Report of AlixPartners hereto attached as **EXHIBIT 3**.  The recommended structure involving the  new holding company "newco", as it was referred to in the plan and by Defendants, "[p]rovides for recategorization of exposure from "Geden Holdings Ltd." to Newco where equity is "in-the-money" and shareholders are better incentivized to provide ongoing support."  *See* EXHIBIT 3 at p. 40.  A principal objective of the proposed restructuring was to "Ring-fence potential sources of disruption, holdout, or nuisance (such as arrests or sister-ship arrests)." *Id.*

35.     The recommended Geden-Group's re-organization in the form in which it was finally implemented involved the incorporation of the entities of the Advantage-Group as the "Newco's" and the transfer of all of the former's shipping assets (vessels) held by its 100% owned one-ship-companies to one-ship-companies controlled by the latter, and changing of the vessels' respective flags, registrations, and names.  As a result of this implementation, ADVANTAGE TANKERS became a successor business entity of GEDEN HOLDINGS with the objective and for the purpose of "ring-fencing" the assets of GEDEN HOLDINGS from attachment by creditors such as Plaintiff, *i.e.* in order to unjustly evade and thwart existing or anticipated claims of non-lending creditors, including Plaintiff and other owners of vessels under bareboat charters.  Such

non-owned vessels, according to GEDEN's reorganization expert's report "make up the residual fleet and are not part of the Company's [*i.e.* GEDEN's] future. These include[d] the vessels funded by FSL, Icon, Octavian and Stealth when traditional financing was unavailable." *See* EXHIBIT 3 at p. 26. The CV STEALTH was expressly named in this ownership restructuring plan of Defendant, as one of the vessels that are not part of GEDEN's future. *Id.* Table of chartered-in vessels.

36. Defendants EMIN KARAMEHMET AND KARAMEHMET-WILLIAMS, the members of the Karamehmet family that ultimately controls the Geden-Group and the Advantage-Group, dominated and controlled the entities that comprise these as pled in detail below.

37. Both, the Geden-Group and the Advantage Group corporate entities are ultimately owned by EMIN KARAMEHMET AND KARAMEHMET-WILLIAMS.

38. Both, the Geden-Group and the Advantage-Group corporate entities have common directors and officers which constitute their respective management team, e.g.: Togrul Tokgoz is a director common to all of the said entities, and is also their Chief Executive Officer, Mehmet Mat, was and is the Chief Financial Officer of all of the corporate entities within the Geden-Group and the Advantage-Group corporate entities.

39. GEDEN HOLDINGS and ADVANTAGE TANKERS, the corporate entities which hold the shares/stock of the respective one-ship-companies that own the respective vessels are mere holding companies, passively holding the said shares/stock without actively engaging in any business activity of their own. ADVANTAGE HOLDINGS and FORWARD HOLDINGS are, similarly, mere intermediary holding companies with their sole function being to hold the shares/stock of ADVANTAGE TANKERS on behalf of KARAMEHMET-WILLIAMS.

40. GEDEN HOLDINGS, ADVANTAGE TANKERS, ADVANTAGE HOLDINGS,

FORWARD HOLDINGS and the respective one-ship-companies of the two groups do not have any employees, payroll, or day to day business activity of their own. However, they have in common and share the same business departments that operate and manage the respective 11 tankers, *i.e.* they have the same operations; technical; marine; insurance; crewing; accounts; chartering and post-fixture departments operated by GEDEN with the employees of GEDEN performing the same functions as they did on behalf of GEDEN HOLDINGS' 11 one-ship-companies before the transfer.

41. The corporate entities of the Geden-Group and those of the Advantage-Group have the same operating office address which is: "Buykdere Cad. Yapi Credi Plaza, A Block K:12 34330 Levent-Istanbul – Turkey." In addition, these entities share the same telephone numbers and faxes.

42. ADVANTAGE TANKERS was established as a corporate entity by GEDEN and GEDEN HOLDINGS. GEDEN HOLDINGS performed on behalf of ADVANTAGE TANKERS all of its pre-incorporation activity, including: reserving its corporate name, and arranging for its formal incorporation; negotiating and carrying-on business on its behalf before it was incorporated; dealing with financial institutions on behalf of the yet unformed LLC and accepting on its behalf financing commitment letters; negotiating loan agreement financing terms; and undertaking the obligation to pay ADVANTAGE TANKERS' costs, fees, and expenses relating thereto.

43. GEDEN HOLDINGS and GEDEN pursued negotiations with existing and other prospective lenders of ADVANTAGE TANKERS and made the necessary lending, security, and other arrangements that were necessary conditions for the transfer of the assets (the vessels) of the 11 one-ship-companies controlled by GEDEN HOLDINGS into the ownership of the 11 one-ship-

11

companies controlled by ADVANATGE TANKERS. As part of these transactions for the financing of ADVANTAGE TANKERS by GEDEN and GEDEN HOLDINGS, GEDEN HOLDINGS bound itself to pay all related fees and costs to the lenders of ADVANTAGE TANKERS. GEDEN HOLDINGS also ceded in favor of ADVANTAGE TANKERS, as part of the financing packages it worked out, valuable charter parties its subsidiaries had with Shell Western.

44.     As pled in the foregoing under ¶¶ 29, 30, Defendant GEDEN HOLDINGS committed prospectively to long term chartered employment with Shell Western Supply and Trading Limited the entire fleet of vessels that were to be acquired in the future by ADVANTAGE TANKERS upon daily hire rates and other terms of its choosing and ADVANTAGE TANKERS was thereby bound to perform what business its predecessor chose for it.

45.     Even though ADVANTAGE TANKERS and its controlling shareholder KARAMEHMET-WILLIAMS have endeavored to represent as an arm's length sale the transfer to ADVANTAGE TANKERS of the 11 tankers formerly held through one-ship-companies by GEDEN HOLDINGS, the facts bely such representations. GEDEN HOLDINGS' own Consent Letter to Shell Western Supply and Trading Limited shows that GEDEN HOLDINGS itself did not regard and did not represent the transaction with ADVANTAGE TANKERS as a straightforward sale. Rather, it referred to it as part of "reorganization efforts being conducted by existing shareholders" with GEDEN HOLDINGS remaining ultimately the overall holding company. *See* Consent Letter copy hereto attached as **EXHIBIT 4** at p.1 ¶ 2. The surrounding circumstances of the purported sale bear this out in that the creation of ADVANTAGE TANKERS, the negotiation of refinancing with lending banks, the negotiation of charter parties with Shell, the

12

loan terms, were the work of GEDEN HOLDINGS, even before ADVANTAGE TANKERS had come into existence.

46.     ADVANTAGE TANKERS before it even came into being negotiated through GEDEN HOLDINGS, which acted on its behalf, loans valued in the hundreds of millions of dollars to finance its acquisition of the 11 tankers valued at approximately $ 1/2 billion, without as much as a letter of authorization from ADVANTAGE TANKERS or KARAMEHMET-WILLIAMS, who became its controlling shareholder. In a similar manner defendant EMIN KARAMEHMET verbally ordered GEDEN HOLDINGS' CEO Tugrul Tokgoz to sell the vessels GEDEN HOLDINGS owned through its wholly owned subsidiaries, without as much as a formal meeting of shareholders or written resolution authorizing the virtual liquidation of the said holding company. The complete absence of corporate formalities is characteristic and a feature of the manner in which GEDEN HOLDINGS transferred its assets to ADVANTAGE TANKERS *i.e.* without any corporate formalities being observed.

47.     It is expressly provided in the restructuring plan used by defendants that one of the purposes of the reorganization was to ring-fence assets, specifically those formally held by GEDEN HOLDINGS, in order to put them out of the reach of creditors through the device of "newcos." GEDEN HOLDINGS indeed created the Marshall Islands - incorporated LLC's that comprise the Advantage-Group, which is made up entirely of "newcos", and transferred all 11 tankers to it. By taking said specific actions to put these plans into effect Defendants acted purposely to put assets beyond the reach of creditors. Though Defendants have represented the said transactions as arm's length sales, the surrounding facts and circumstances pled in the foregoing negate this.

48.     It was expressly represented to Plaintiff by Defendant GEDEN HOLDINGS acting

13

by and though its Director and Chief Executive officer Togrul Tokgoz, who also served in the same capacities GEDEN and GEDEN HOLDINGS, that it was GEDEN HOLDINGS that owned the shares of the single-ship-companies that owned the fleet that GEDEN claimed to own and operate. *See* letter of GEDEN HOLDINGS signed by its CEO Tugrul Tokgoz hereto attached as **EXHIBIT 5.** The fleet of the said vessels included, according to public statements of GEDEN HOLDINGS' management, the Motor Tanker POWER. *See* extracts from Universal Maritime Inc. *See* Prospectus hereto attached as **EXHIBIT 6**[4] at pp. 77, 84, 86; 87.

49.     Ultimately, the M/T POWER and all other vessels of the GEDEN fleet of tankers and dry cargo vessels were controlled by Defendant members of the Karamehmet family who exercised their control through their intermediary companies   Buselten Finance S.A., a Pamamanian holding company and Cukurova Holding A.S., a Turkish conglomerate.

50.     As a result of the implementation of the reorganization plan of GEDEN HOLDINGS into ADVANTAGE TANKERS Defendants caused the Geden-Group one-ship-companies which controlled eleven (11) of its largest and most profitable tankers to be "sold" to a new set of one-ship-companies ("newco's"), as it had planned and contemplated to do under its re-structuring scheme noted in the foregoing, and had these vessels re-named and reflagged – from the Maltese to the Marshall Islands flag. Thus the ownership/flag/name of the ships were changed as follows:

FORMER NAME: **PROFIT**
NEW NAME: **ADVANTAGE SOLAR**
FORMER OWNER: **PROFIT SHIPPING LTD**
NEW OWNER: **ADVANTAGE SOLAR SHIPPING LLC**
-----------------------------------------------------------------------
FORMER NAME:  **TARGET**
NEW NAME:  **ADVANTAGE ARROW**

---

[4]  The entire prospectus is approximately 230 pages.  For this Original Verified Complaint, Plaintiff has included the introductory pages of the prospectus and relevant excerpts referred to herein.  Plaintiff will provide the complete prospectus should this Honorable Court request a copy of same.

FORMER OWNER: **TARGET SHIPPING LTD.**
NEW OWNER: **ADVANTAGE ARROW SHIPPING LLC**
------------------------------------------------------------------------
FORMER NAME: **TRUE**
NEW NAME: **ADVANTAGE AVENUE**
FORMER OWNER: **TRUE SHIPPING LTD.**
NEW OWNER: **ADVANTAGE AVENUE SHIPPING LLC**
------------------------------------------------------------------------
FORMER NAME: **BLUE**
NEW NAME: **ADVANTAGE SKY**
FORMER OWNER: **BLUE SHIPPING LTD.**
NEW OWNER: **ADVANTAGE SKY SHIPPING LLC**
------------------------------------------------------------------------
FORMER NAME: **PINK**
NEW NAME: **ADVANTAGE SUMMER**
FORMER OWNER: **PINK SHIPPING LTD.**
NEW OWNER: **ADVANTAGE SUMMER SHIPPING LLC**
------------------------------------------------------------------------

FORMER NAME: **BLANK**
NEW NAME: **ADVANTAGE START**
FORMER OWNER: **BLANK SHIPPING LTD.**
NEW OWNER: **ADVANTAGE START SHIPPING LLC**
------------------------------------------------------------------------
FORMER NAME: **REEF**
NEW NAME: **ADVANTAGE SPRING**
FORMER OWNER: **REEF SHIPPING LTD**
NEW OWNER: **ADVANTAGE SPRING SHIPPING LLC**
------------------------------------------------------------------------
FORMER NAME: **BRAVO**
NEW NAME: **ADVANTAGE ATOM**
FORMER OWNER: **BRAVO SHIPPING LTD.**
NEW OWNER: **ADVANTAGE ATOM SHIPPING LLC**
------------------------------------------------------------------------
FORMER NAME: **POWER**
NEW NAME: **ADVANTAGE ANTHEM**
FORMER OWNER: **BARBAROS MARITIME LTD.**
NEW OWNER: **ADVANTAGE ANTHEM SHIPPING LLC**
------------------------------------------------------------------------
FORMER NAME: **VALUE**
NEW NAME: **ADVANTAGE AWARD**
FORMER OWNER: **VALUE SHIPPING, LTD**
NEW OWNER: **ADVANTAGE AWARD SHIPPING, LLC.**
------------------------------------------------------------------------
FORMER NAME: **ROYAL**
NEW NAME: **ADVANTAGE SUN**

FORMER OWNER: **PRIMA SHIPPING, LTD.**
NEW OWNER: **ADVANTAGE SHIPPING,  LLC**

51.     Attached hereto and marked as **EXHIBIT 7** is a diagrammatic representation of the ownership/control structure of the former Geden-Group one-ship-companies following the transfer of the 11 tankers – as noted in the foregoing – to the control of the Advantage-Group which is extracted from the Marshall Islands Vessel Register record of a Mortgage dated April 2, 2015 "in respect of the vessel M.V. "ADVANTAGE ANTHEM" ex "POWER".

52.     Specifically with reference to the M/T POWER the respective changes made to the registration and ownership structure of this vessel are as follows: the vessel was sold by her previous owner Barbaros Maritime, Ltd. to her present owner Advantage Anthem Shipping, LLC and was renamed ADVANTAGE ANTHEM (*See* Document extract from p. 24 of the refinancing Loan Agreement loan agreement dated May 13, 2015 excerpts of which are hereto attached as **EXHIBIT 8**).  The holding company of the corporate owner of the vessel, became ADVANTAGE TANKERS, LLC., which also became the loan agreement guarantor (*Id.* p. 12) and the commercial manager remained Genel Denizcilik Naklyiati A.S. *i.e.* Defendant Geden Lines,  (*Id.* at p.5), which also remained the vessel's technical  manager.  *See* Extract from mortgage on the ADVANTAGE ANTHEM dated May 13, 2014, hereinafter referred to as **EXHIBIT 9**, at 14 ¶ 6.7.  Under the mortgage agreement the ADVANTAGE ANTHEM is cross-collateral for loans extended to Advantage Anthem Shipping, LLC; Advantage Atom Shipping, LLC; and Advantage Award Shipping, LLC under the loan agreement of the said parties with UnitCredit Bank AG.

53.     By restructuring the corporate ownership of the Geden-Group most valuable assets, as pled in the foregoing, siphoning them out to other nominee companies ("newcos"), and thus "ring-fencing" them, for the express purpose of making them inaccessible as a source of recourse

16

to creditors to whom the Geden-Group Defendants are indebted, Defendants constituted the Advantage-Group of corporate entities successor companies of the Geden-Group of companies. The said successor companies are a mere continuation of the enterprise that was being pursued by the Geden-Group and a fraudulent effort to avoid its liabilities.

54.     With the same conduct, as pled in detail in the foregoing,  the corporate Defendants are alter egos of EMIN KARAMEHMET and KARAMEHMET-WILLIAMS who completely dominate them as evidenced by: their controlling ownership of their shares; their appointment of overlapping officers and directors who serve at the pleasure of the said  individuals; the incorporation of the successor companies by their predecessors; the carrying on business from the same business address, with identical telephones and faxes;  the carrying on of business by the purportedly separate corporations through identical departments staffed by the same employees; the transfer of all tangible assets from one group of corporate entities to "newcos" for the express purpose of avoiding creditors disguised  as arm's length transactions;  the making by Geden-Group defendants of  the arrangements for the financing of the Advantage-Group; the conduct of business by the  respective corporate defendants without corporate formalities by simple  fiat of the individual  defendants EMIN KARAMEHMET and KARAMEHMET-WILLIAMS;  the commitment of the Advantage-Group vessels to such business as was selected for them by GEDEN HOLDINGS, and such other facts as have been specifically pled in the foregoing.

55.     The M/T ADVANTAGE ANTHEM is one of the assets which is beneficially owned by Defendants and the said Defendants has tried to "ring-fence" out unpaid creditors, including Plaintiff by means of transferring her legal ownership, and changing her registration and name in order to prevent said creditors from attaching her as a source of security.   But,

notwithstanding appearances, ownership and control over the said vessel remains with the same beneficial owners, as and when she was named POWER and was registered in Malta.

## V. APPLICATION FOR ATTACHMENT UNDER
## SUPPLEMENTAL ADMIRALTY RULE B

56.     None of the Defendants are present or can be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See Attorney Declaration of George Gaitas attached hereto as* **EXHIBIT 10**.   Nevertheless, Defendants have within the District tangible or intangible personal property in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment consisting of debts, credits, or effects.

57.     More particularly the M/T ADVANTAGE ANTHEM, a tanker vessel with IMO No. 9472634 and international call sign V7KZ4, owned by Defendants, is or will soon be within the Eastern District of Louisiana and is expected to berth therein.

58.     Defendants have used  and continue to use the  purportedly corporate separateness, and incorporated status of their  surrogate entities SPACE, ANTHEM SHIPPING, ADVANTAGE TANKERS,  ADVANTAGE HOLDINGS, and  FORWARD HOLDINGS abusively, to wit: to engage in fraudulent corporate restructuring and asset reallocation practices in order to escape their liability for failing to redeliver the CV STEALTH to her lawful owner and allowing same to remain captive and subject to forfeiture to the Venezuelan government,   to  avoid payment of  the accrued  bareboat charter hire, for the M/T CV STEALTH  and to thereby repudiate with impunity their fundamental  obligations under the bareboat charter party.

59.     Plaintiff has maritime claims against the Defendants arising out of maritime contract (*i.e*. – the bareboat charter party with GEDEN and SPACE dated May 27, 2010 and the performance guarantee of GEDEN of the same date).

18

60. The amount of Plaintiff's claims as reasonably as it can be estimated is as follows:

A.     Unsecured Charter Hire due and owing ………… $     1,408,176.00

B. Interest at 6% compounded quarterly for 1 year………..$     86,680.68

C. Recoverable Legal Fees and Costs………………………$     200,000.00

**Total Claim……………………………………………$     1,694,856.68**

64. Therefore, Plaintiff's total claim for breach of the maritime contracts against Defendants is in the aggregate sum of **US$ 1,694,856.68**

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendants and said Defendants be cited to appear and answer the allegations of this Original Verified Complaint;

B. That since the Defendants cannot be found within this District pursuant to Supplemental Rule B, all of the assets of the Defendants presently within this District, or assets expected in this District during the pendency of this action, including, but not limited to, the M/T ADVANTAGE ANTHEM and/or any assets within the possession, custody or control of any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served, be attached and garnished in an amount sufficient to answer Plaintiff's claim;

C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

D. That judgment be entered against each of the Defendants in the sum of One

Million Six Hundred Ninety Four Thousand Eight Hundred Fifty Six Dollars and Sixty Eight

Cents (**US$ 1,694,856.68**) together with interest and costs, and the proceeds of the assets

attached be applied in satisfaction thereof;

     E.    That the Court grant such other and further relief as it deems, just, equitable and

proper.


             Respectfully submitted,


Date:  February 16, 2016          CHALOS & CO, P.C.
      Houston, TX


            By:    /s/ George A. Gaitas_____
                 George A. Gaitas
                 State Bar No. 05879
                 Federal Bar No. 705176
                 7210 Tickner Street
                 Houston, Texas 77055
                 Telephone: 713-936-2427
                 Fax: 866-702-4577
                 E-mail:gaitas@chaloslaw.com

                 *Attorneys for Plaintiff*
                 PSARA ENERGY, LTD.

*Of Counsel:*

BAKER DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
James H. Roussel, Esq. (Bar No. 1496)
Christopher M. Hannan, Esq. (Bar No. 31765)
Meghan Carter, Esq. (Bar No. 35074)
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
Email: jroussel@bakerdonelson.com;
channan@bakerdonelson.com;
mcarter@bakerdonelson.com