**EXHIBIT 22**

REEVES & MCEWING, LLP
Mary Elisa Reeves, Esq.
Michael F. Schleigh, Esq.
PA Id No. 44194/88407
1004 S. Front Street
Philadelphia, PA 19147
Telephone: 267-324-3773
E-mail: reeves@lawofsea.com



Filed and Attested by the
Office of Judicial Records
06 MAR 2020 04:36 pm
B. BIGGINI

*Attorneys for Plaintiff Eclipse Liquidity, Inc.*



**IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA**

----------------------------------------------------------x

**ECLIPSE LIQUIDITY, INC.**

                    **Plaintiff,**

    - against -

**GEDEN HOLDINGS. LTD;
ADVANTAGE TANKERS
LLC; and ADVANTAGE
AWARD SHIPPING, LLC**

                    **Defendants.**

----------------------------------------------------------x

**TERM 2020**

**No.**

**ORIGINAL COMPLAINT**

    Plaintiff Eclipse Liquidity, Inc, files this Complaint against Defendants Geden Holdings,

Ltd; Advantage Tankers, LLC; and Advantage Award Shipping, LLC as a judgment creditor of

Geden Holdings, Ltd. and for its claims against the said Defendants avers as follows:

**PARTIES JURISDICTION AND VENUE**

    1.    At all times material hereto Plaintiff Eclipse Liquidity, Inc. (hereinafter Plaintiff)

is a corporate entity established under the laws of the Republic of the Marshall Islands.

1

Case ID: 200300816

61a

2.      At all times material hereto Defendant Geden Holdings, Ltd. is a corporate entity organized under the laws of Malta.  At all times material hereto Geden Holdings Ltd. was registered as a foreign corporation in the State of Pennsylvania where it may be served with process at the Office of the Secretary of State.  A copy of the registration record of Geden Holdings Ltd. is attached to this Complaint as EXHIBIT 1.

3.      At all times material hereto Defendant Advantage Award Shipping, LLC (hereinafter "Award LLC") was and is a limited liability company organized under the laws of the Bahamas. Award LLC is also registered and qualified as a foreign corporate entity in the Republic of the Marshall Islands. Award LLC. is registered as a foreign corporation in the State of Pennsylvania where it may be served with process at the address of its registered agent's office at Search Tec. Inc. 314 North 12th Street, Suite 100, Philadelphia, PA 19107.  A copy of the registration record of Advantage Award Shipping, LLC is attached to this Complaint as EXHIBIT 2.

4.      Both Defendant Geden Holdings, Ltd. and Defendant Advantage Award Shipping, LLC voluntarily and purposely submitted to the jurisdiction of the State of Pennsylvania  and purposely sought and availed themselves the protection its laws provide to  residents of the state. That protection is that under the supplemental Federal Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions the property of residents of the forum may not be attached with admiralty process of maritime attachment and garnishment.   To this end both of the said defendants registered as foreign corporations and respectively appointed agents for service of process in the State of Pennsylvania.

5.      At all times material hereto Advantage Tankers, LLC. (hereinafter "Advantage Tankers") was a limited liability company organized under the laws of the Republic of the Marshall Islands with its principal place of business in Istanbul, Turkey.

2

6.      At all times material hereto  Advantage Award Shipping, LLC was a corporate alter ego of  Advantage Tankers, LLC. based on the following facts comprising the relationship of the said business entities:  Advantage Tankers owned 100% of the limited liability shares of Award LLC;  the directors and officers of Advantage Tankers are identical to the directors and officers of Award LLC;  Advantage Tankers is the personal guarantor of the indebtedness of Award LLC for the repayment of the loan for the purchase of the vessel ADVANTAGE AWARD; the bank loan for the acquisition of the ADVANTAGE AWARD is cross-collateralized with the loans for the acquisition of the vessels ADVANTAGE ANTHEM and ADVANTAGE ATOM, which are also beneficially owned by Advantage Tankers; the shares of Advantage Tankers in the said vessels were subject to a charge in favor of the financing bank that financed the purchase of the said vessels; the employment of the ADVANTAGE AWARD was entirely under the control of Advantage Tankers;  the business of Advantage Tankers is comprised entirely of the business of Award LLC and of 10 other similar one-ship-companies as pled in further detail below at ¶¶ 17, 34,38,42, 51,52, 57,58 and EXHIBIT 6,   and, conversely, apart from the business of Award LLC and the other ten one-ship-companies, Advantage Tankers would not have any business;  Award LLC, since its inception, has not operated as a corporate profit-making center of its own, but only as an accessory and an instrumentality of Advantage Tankers.

7.      By reason of the jurisdictional presence of Advantage Award Shipping, LLC in Pennsylvania, its alter ego Advantage Tankers is also present in Pennsylvania as a matter of law.


**VENUE**

8.      The injuries and damages caused to Plaintiff, by and through the acts and omissions of Defendants, occurred in whole or in part in Philadelphia County, Pennsylvania while Defendants Geden Holdings and Award LLC were registered as foreign corporations in the State.

9.      The transactions at issue, and the causes of action complained hereof  that are the subject matter of this lawsuit, occurred in whole or in part in Philadelphia County, Pennsylvania.

3

## FACTS

### Underlying Obligation and its Origins

10.    Plaintiff, is a judgment creditor of Defendant Geden Holdings, Ltd. (hereinafter "Geden Holdings").  Having obtained a judgment in the High Court in the United Kingdom, that was recognized in Pennsylvania in the amount of $3,479,152.69, and upheld against several challenges made by said defendant in the Court of Common Pleas and the Superior Court[1], Plaintiff has repeatedly demanded of Geden Holdings to honor the judgment. Geden Holdings has persistently ignored the demands and refused to pay the judgment.

11.    The claim in respect of which Plaintiff obtained its judgment against Geden Holdings was brought under Geden Holdings' performance guarantee of an obligation of one of its subsidiaries to purchase a vessel from Plaintiff – the Motor Tanker AVOR.   A copy of the performance guarantee dated May 27, 2010 is hereto attached as EXHIBIT 3.  The subsidiary of Geden Holdings, and principal obligor, was a Maltese business entity- Avor Navigation, Ltd.

12.    At all times material hereto Geden Holdings had expressly warranted to Plaintiff that it was the ultimate beneficial owner of 11 oceangoing crude oil tanker vessels, (hereinafter collectively referred to as the "11 tankers") each of them respectively owned through a one-ship-company.  See document hereto attached as EXHIBIT 4.

13.    One of the 11 tankers owned by Geden Holdings through one of the 11 one ship-companies was the motor tanker "VALUE," a vessel with international identification number (IMO #) 9470131, which was owned by one-ship-company Value Shipping, Ltd.

14.    Part of the consideration recited in the performance guarantee of Geden Holdings was that in return for Plaintiff's forbearance from arresting any of the said vessels owned by the guarantor for the failure of its subsidiary to perform the obligations undertaken, the guarantor would render the performance promised under its guarantee.

---

[1] *See* case history in *Eclipse Liquidity, Inc. v. Geden Holdings Ltd.*, 2018 Pa. Super. LEXIS 1313; 2018 PA Super 332 | 2018 WL 6427186 (2018)

Case ID: 200300816

15.     On or around April 13, 2015 Plaintiff exercised a put option under its contract with Avor Navigation Ltd. requiring of it to purchase the vessel AVOR.  Avor Navigation Ltd. refused to honor Plaintiff's exercise of the option and Plaintiff commenced arbitration in London which decided the case in Plaintiff's favor, issuing its award on December 5, 2016.

16.     Avor Navigation Ltd. failed and refused to honor the arbitration award and Plaintiff made due demand on Geden Holdings for payment under its performance guarantee.  Geden refused to honor its guarantee and Plaintiff pursued the matter in the High Court in the U.K. and obtained the judgment which was recognized in Pennsylvania.

### Geden Holdings' Restructuring of assets Ownership

17.     Unbeknownst to Plaintiff, Commencing in December of 2014 and throughout the following year, Geden Holdings Ltd. commenced implementing a plan whereby it transferred all 11 of the oil tankers which it owned, including the 'VALUE," to freshly-minted one-ship companies as shown in table I below:

### TABLE I

| VSL FORMER NAME | FORMER OWNER | VSL NEW NAME | NEW OWNER |
|---|---|---|---|
| PROFIT | Profit Shipping, Ltd. | ADVANTAGE SOLAR | Advantage Solar Shipping, LLC |
| TARGET | Target Shipping, Ltd. | ADVANTAGE ARROW | Advantage Arrow Shipping, LLC |
| TRUE | True Shipping, Ltd. | ADVANTAGE AVENUE | Advantage Avenue Shipping, LLC |
| BLUE | Blue Shipping, Ltd. | ADVANTAGE SKY | Advantage Sky Shipping, LLC |
| PINK | Pink Shipping, Ltd. | ADVANTAGE SUMMER | Advantage Summer Shipping, LLC |
| BLANK | Blank Shipping, Ltd. | ADVANTAGE START | Advantage Start Shipping, LLC |
| REEF | Reef Shipping, Ltd. | ADVANTAGE SPRING | Advantage Spring Shipping, LLC |
| BRAVO | Bravo Shipping, Ltd. | ADVANTAGE ATOM | Advantage Atom Shipping, LLC |
| POWER | Barbaros Maritime, Ltd. | ADVANTAGE ANTHEM | Advantage Anthem Shipping, Ltd. |

Case ID: 200300816

| VALUE | Value Shipping, Ltd. | ADVANTAGE AWARD | Advantage Award Shipping, LLC |
| ROYAL | Prima Shipping, Ltd. | ADVANTAGE SUN | Advantage Sun Shipping, Ltd. |

18.     The result of the above transfers was that Geden Holdings was entirely stripped of its trading assets all of which were passed on to a new holding company – Advantage Tankers LLC.

19.     Neither Geden Holdings, nor Avor Navigation, nor any of the subsidiaries of Geden Holdings disclosed to Plaintiff the transfer of the 11 crude oil tankers owned by Geden Holdings through its wholly owned subsidiaries.

20.     As shown in the foregoing Table I , a part of the planned transfer of each one of the 11 crude oil tankers was its renaming, re-flagging,  and passing its ownership to new one-ship-companies.

21.     The transfer of the 11 crude oil tankers was done on the basis of a restructuring plan (hereinafter "the restructuring") conceived and executed by or on behalf of the ultimate beneficial owner of the 11 tankers, a Turkish individual named Mehmet Emin Karamehmet and/or members of his immediate family and trusted employees Ali Tugrul Tokgoz and Mehmet Mat.

22.     After restructuring, the legal ownership of the vessels noted in the foregoing Table I was changed and 85% thereof was transferred to one Gulsun Nazli Karamehmet Williams, the daughter and only child of Mehmet Emin Karamehmet.  The remaining 15% of the beneficial ownership was transferred to Ali Tugrul Tokgoz who was the Chief Executive Officer and a director of Geden Holdings Ltd. and became the Chief Executive Officer and a director of Advantage Tankers, LLC.  A diagrammatic representation of the restructured Geden Holdings Ltd. as Advantage Tankers, LLC is hereto attached as EXHIBIT 5.

Case ID: 200300816

23.     The stated objectives of the re-structuring plan was threefold:  to cut off the recourse of non-lending creditors such as Plaintiff against the assets of the guarantor; to ringfence these assets against claims of creditors; and to provide sufficient reassurance to lending creditors to refinance existing debt.    However, in actual fact, the ultimate beneficial ownership of the corporate entities which owned the above mentioned 11 tanker vessels remained unchanged as evidenced by the Letter of Consent and Appendix thereto (attached to this complaint as EXHIBIT 6), and the ultimate beneficial owner continued to be Mehmet Emin Karamehmet.

24.     Before restructuring Geden Holdings, Ltd, as shown in EXHIBIT 5 was part of a business enterprise structure which, is schematically represented in "Table II" below (hereinafter referred to as the "old structure":

**TABLE II**



25.     With reference to the structure shown in the preceding Table II:  "Karamehmet" refers to Mehmet Emin Karamehmet and members of his immediate family; "Buselten Finance, Panama"  refers to a Panamanian corporate entity entirely owned by Karamehmet which acts as a

7

holding company for Karamehmet's interests; "Cukurova Holding" refers to a conglomerate business entity located in Turkey which is entirely owned by Mehmet Emin Karamehmet that controls a vast network of business enterprises, including Geden Lines.

26.     Geden Lines is a trade name of a Turkish corporate ship management entity based in Istanbul, the full corporate name of which is Genel Denizcilik Nakliyati AS;[2] Geden Lines is the only entity of the group identified in the foregoing Table II  which actively engages in the business of shipping including the operation, crewing, technical management; commercial management and administrative management of  vessels as well as corporate entities.  The other corporate entities identified in Table II are passive holding companies.

27.     Once "restructuring" was implemented the holding structure of the respective vessels, as noted in the foregoing Table I,  became as diagrammatically shown in Table III below (hereinafter referred to as "the new structure").

### TABLE III



---

[2] "Geden" derives from the first two and first three letters of the Turkish words Genel= General and Denizcilik= Maritime.

Case ID: 200300816

28.     Accordingly, the ownership of the 11 crude oil tankers which under the "old structure" was in Maltese Special Purpose Companies ("SPS's) entirely owned by Geden Holdings, Ltd. as shown in Table II, passed on to the ownership of Marshall Islands SPCs entirely owned by Advantage Tankers, LLC.  However, under both structures the operational, technical, commercial and administrative management of the vessels remained with Geden Lines.

29.     Though the Defendants commissioned professionals to work out an elaborate plan for the restructuring of the ownership of the vessels whereby the restructuring might be represented as a sale of the shipping assets of Geden Holdings to Advantage Tankers for fair market value, the actual restructuring as implemented by Defendants was an extra-judicial private fraudulent bankruptcy disguised as an arm's length sale transaction to the detriment of non-lending creditors.

Advantage Award Shipping, LLC Specific Allegations

30.     Plaintiff repeats and realleges all matters set forth in the above and foregoing, and with specific reference to Defendant Award, LLC avers as follows.

31.      At all times material hereto the motor tanker "VALUE" a vessel with International Identification Number (IMO) 9470131 was held under the old structure by Value Shipping, Ltd., a Maltese corporate entity which, in turn, was 100% held by Geden Holdings.  As a result of "restructuring," the VALUE was renamed ADVANTAGE AWARD and was transferred to Advantage Award Shipping, LLC which is 100% held and controlled by Advantage Tankers, LLC. *See* Table I.

32.     At all times material hereto the President and CEO of Value Shipping Ltd. was Ali Tugrul Tokgoz; and its Chief Financial Officer was Mehmet Mat.  These individuals held the same positions in Geden Holdings Ltd, of which they are also directors.

33.      After restructuring, Tugrul Tokgoz became the CEO of Advantage Award Shipping, LLC and Mehmet Mat became its CFO.  At the same time the same individuals also

9

Case ID: 200300816

became respectively, Chief Executive Officer and Chief Financial Officer of Advantage Tankers, LLC.

34.    The tanker ADVANTAGE AWARD, after restructuring, continued to be employed under long-term time charter by Shell Western Supply & Trading, of Barbados, as it was before the restructuring under her former registered ownership by Value Shipping, Ltd.

35.    As part of the restructuring the vessel ADVANTAGE AWARD under ship management contract with Geden Lines continues to be managed by the said company as she had been managed before restructuring under her former name VALUE.  Geden Lines is responsible for the technical, commercial, crewing, and administrative management of the ADVANTAGE AWARD in the same manner as it was before the restructuring.

36.    As part of the Defendants' restructuring plan the VALUE, now renamed ADVANTAGE AWARD,  was refinanced by the same financial institution that had provided the original financing for its acquisition, i.e. UniCredit Bank, A.G.

37.    As a result and as part of restructuring, Advantage Award Shipping, LLC became one of 11 "newcos" that were purposely established by Geden Holdings for the purpose of serving as receptacles for the legal ownership of the assets formerly held by Geden Holdings,  i.e. as legal owners of the respective 11 tankers as shown in Table I.

38.    As a result and by virtue of the unlawful restructuring that Defendants masqueraded as an arm's length sale,  Value Shipping Ltd. became inactive and disengaged from the business while Advantage Award Shipping, LLC took over and is performing the same business of time chartering the same vessel to Shell Western Supply.

39.    Notwithstanding the purported sale of the ADVANTAGE AWARD by Value Shipping, Ltd and its purported purchase by Advantage Award  Shipping, LLC,  Geden Holdings, which was the beneficiary of the purported sale and should have received the part of the sale proceeds representing its equity in the ADVANTAGE AWARD, is unable or unwilling to account

10

for the receipt of its portion of the sale proceeds and their disposal. In a like manner, Geden Holdings is unable or unwilling to account for the receipt and disposal of the sale proceeds from the purported sale of the other 10 of the 11 tankers.

40. Notwithstanding the purported sale of the vessel to Advantage Award Shipping LLC the commercial, technical, and administrative management and control of the vessels noted in Table I, including the VALUE renamed ADVANTAGE AWARD remained and continues to be with Geden Lines, in return for substantial management fees Geden Lines receives from Award LLC. Geden Lines is 100% controlled by Mehmet Emin Karamehmet and has as its Chief Executive Officer Tugrul Tokgoz and Mehmet Mat as its Chief Financial Officer.

41. At all times material hereto, the actual day-to-day operations of the ADVANTAGE AWARD was and continues to be performed by Geden Lines irrespective of the purported sale of the vessels as shown in the foregoing Table I.

42. At all times material hereto, after restructuring, the ultimate beneficial ownership and control of the ADVANTAGE AWARD remains with the same shareholders who owned and controlled same before restructuring, as confirmed by Geden in its Consent Letter hereinabove referred to and attached to this Complaint as EXHIBIT 6.

43. At all times material hereto after restructuring the ultimate legal ownership and control of the ADVANTAGE AWARD and Advantage Award Shipping, LLC remain with persons who are members of the Karamehmet family, and more specifically his daughter and only child Gulsun Nazli Karamehmet Williams.

44. At all times material hereto, after restructuring, Mehmet Emin Karamehmet as controlling shareholder of Geden Lines maintains a substantial economic interest in the ADVANTAGE AWARD as Geden Lines, which Emin Karamehmet owns, derives substantial economic benefit from its contractual role as technical, administrative, and commercial manager and operator of the ADVANTAGE AWARD.

Case ID: 200300816

45.     At all times material hereto all of the obligations and liabilities incident to the ownership and operation of the ADVANTAGE AWARD that were formerly performed by Geden Holdings Ltd. have been taken over and are being performed by Advantage Tankers and Advantage Award Shipping, LLC.  These include entering into contracts in the form of time charter parties with major oil companies, employing seafarers to operate vessels, providing contractual undertakings, and granting performance guarantees to creditors who provide the financing of the vessels that it holds through its one-ship-company wholly owned subsidiaries.

46.     At all times material hereto, following restructuring, all of the business formerly carried on by Geden Holdings on behalf of Value Shipping Ltd. continue to be performed by Advantage Tankers on behalf of Advantage Award Shipping LLC in such a manner and to such an extent that, except for the name change, the two entities are indistinguishable including the following particulars:  both corporate entities have the same Chief Executive Officer Tugrul Tokgoz and Chief Financial Officer Mehmet Mat; both companies have the same business address in Istanbul, Turkey; both have carried on the same business with the same business counterparties; both have carried on the same business with the same vessel - employing the same personnel, and operating from the same business address in Istanbul, Turkey.

## COUNT I

Advantage Award Shipping, Ltd. and Advantage Tankers are liable to Plaintiff as successor corporations of Geden Holdings, Ltd.

47.     Plaintiff repeats and realleges the foregoing ¶¶  1-46 and as Count I of its claim against Defendants further avers and pleads that Advantage Award Shipping LLC is a mere continuation of  Value Shipping Ltd. and of Geden Holdings, or the result of a de facto merger with the said entities.

48.     In actual fact the "sale" of the shipping assets of Geden Holdings, to Advantage Tankers-controlled one-ship-companies, as shown in foregoing Table I,  was not a straightforward market sale of assets but a planned transfer to successor corporations purposely and by design

Case ID: 200300816

created by Karamehmet's trusted employees and associates Tugrul Tokgoz and Mehmet Mat who were at the same time officers and directors of Geden Holdings and Geden Lines, and also became respectively, the Chief Executive Officer and Chief Financial Officer of the buyer of Geden Holding's assets - Advantage Tankers, LLC.   The purpose of Advantage Tankers was to take over and continue the business of Geden Holdings for the same interests, and to render Geden Holdings inactive in the business; judgment-proof; and incapable of responding to claims of non-bank creditors.

49.    At all times material hereto, notwithstanding "restructuring", the commercial, technical, and administrative management and control of the vessels noted in Table I remained and continues to be with Geden Lines in return for the substantial fees Geden Lines receives from the respective one-ship- companies that own the vessels. Geden Lines is 100% controlled by Mehmet Emin Karamaehmet and has as its Chief Executive Officer Tugrul Tokgoz and as its Chief Financial Officer Mehmet Mat.

50.   At all times material hereto, the actual day to day operations of the vessels was and continues to be performed by Geden Lines irrespective of the purported sale and nominal change of ownership as shown in the foregoing Table I.

51.    At all times material hereto, the employment of the 11 tankers vessels into long-term time charter after the sale was and remains with the same time charterer who employed the vessels before the sale. i.e. Shell Western Supply & Trading Ltd. of Barbados.

52.    At all times material hereto, after restructuring, the ultimate beneficial ownership and control of the 11 tankers remains with the same shareholders who owned and controlled them before restructuring as confirmed by Geden Holdings in its Consent Letter hereinabove referred to and attached to this Complaint as EXHIBIT 6.

Case ID: 200300816

53.     At all times material hereto, after restructuring, the ultimate beneficial ownership and control of the vessels and the respective SPC's which are their legal owners, remains with persons who are members of the Karamehmet family, and more specifically Mehmet Emin Karamehmet and his daughter and only child Gulsun Nazli Karamehmet Williams.

54.     At all times material hereto, after restructuring, Mehmet Emin Karamehmet as controlling shareholder of Geden Lines maintains a substantial economic interest in the 11 tankers through his 100% ownership of Geden Lines, which is the contractual  technical, administrative, and  commercial manager and operator of the said vessels which are nominally controlled by Advantage Tankers.

55.     By contrast Geden Holdings has ceased carrying on business, and it proclaims that it has no assets, no funds, and that it has become an empty shell.

56.     At all times material hereto all of the obligations and liabilities incident to the ownership and operation of the 11 tankers that were formerly performed by Geden Holdings Ltd. have been taken over and are being performed by Advantage Tankers. These include entering into contracts in the form of time charter parties with major oil companies, employing seafarers to operate vessels; providing contractual undertakings and performance guarantees to creditors who provide the financing of the vessels that it controls as the legal owner or their respective one-ship corporate owners, on whose behalf it enters  into financing and refinancing arrangements.

57.     At all times material hereto, following restructuring, all of the business formerly carried on by Geden Holdings continues to be performed by Advantage Tankers in such a manner and to such an extent that, except for the name change the two entities are indistinguishable, including the following particulars: both corporate entities have the same Chief Executive Officer -Tugrul Tokgoz - and Chief Financial Officer - Mehmet Mat; both entities have the same business address in Istanbul, Turkey; both entities have carried and are carrying on the same business with the same business counterparties; both entities have carried on the same business with the same

14

Case ID: 200300816

vessels – the 11 crude oil carriers; both entities employ the same management company -Geden Lines;  both entities in carrying on business employ the same shore-side personnel.

58.     In carrying on business as successor corporation of Geden Holdings, Advantage Tankers employs the 11 corporate entities to which ownership of the 11 tankers was transferred including defendant Advantage Award Shipping, LLC as shown in Table I.

59.     In consequence of the foregoing, Advantage Tankers, LLC is a mere continuation of  Geden Holdings, Ltd. or the result of a de facto merger of the two entities.

## COUNT II

The Corporate veil of Defendants Advantage Tankers and  Advantage Award LLC should be pierced as it is employed abusively to commit fraud or other injustice to the detriment of Geden Holdings' creditors.

60.  Plaintiff repeats and realleges ¶¶ 1-59 of the above and foregoing Complaint and for its further and additional claim against Defendants avers  and pleads as follows.

61.     At all times material hereto Geden Holdings Ltd. acting by and through its own officers and directors and at the express direction of its ultimate beneficial owners devised and established a fraudulent restructuring scheme.   It caused the incorporation of a new group of limited liability companies consisting of  Advantage Tankers and 11 associated subsidiaries, including Advantage Award Shipping, LLC  which were to become  the future buyers of  the vessels  that Geden Holdings Ltd. was holding in order to insulate them from the reach of creditors to whom Geden Holdings was indebted.

62.     As part of its restructuring and transmutation into Advantage Tankers, Geden Holdings made arrangements with several of the banks that were its lenders to refinance the vessels by making new loan agreements with these "newcos," the putative one-ship-company buyers that acquired the vessels from their predecessor corporate entities as shown in Table I.  Thus, Geden made the arrangements with UniCredit Bank, A.G for the acquisition of the VALUE by Advantage Award Shipping LLC.

Case ID: 200300816

63.     Through such arrangements Geden Holdings Ltd. drained all of its assets deliberately making itself undercapitalized and reduced itself from an asset-rich company to an assetless sham, incapable of performing the obligations it had undertaken.

64.     Though purporting to have sold its equity interest in the 11 crude oil tankers to Advantage Tankers for approximately USD 200,000,000  Geden Holdings, notwithstanding several demands of Plaintiff to pay the outstanding judgment is failing and refusing to honor same and at the same time it is unable or unwilling to disclose how it disposed of the proceeds of the purported sale.

65.     Geden Holdings, as a judgment debtor, in response to Plaintiff's discovery in aid of execution of the judgment in Pennsylvania, has failed and refused to produce its accounting records that should record and disclose  how these purported sale proceeds were received by Geden and how they were disposed / disbursed.

66.     In consequence whereof Geden Holdings Ltd. has failed to comply with the basic corporate formalities of maintaining truthful and accurate business and accounting records.

67.     By means of the arrangements for restructuring of the ownership of the assets of Geden Holdings, Ltd. and the purported sale of these to Advantage Tankers, the said corporate entities were used by their ultimate beneficial owners, to wit Mehmet Emin Karamehmet and Gulsun Nazli Karamehmet Williams to defraud Plaintiff by shifting the assets of Plaintiff's obligor Geden Holdings Ltd, to purportedly separate corporate entities under the guise lawful arm's length transactions.

68.     The "restructuring" of  the ownership of the assets of Geden Holdings was knowing, deliberate, and intentional as the purported corporate "buyers" of the vessels, Advantage Tankers along with its subsidiary one-ship-companies were corporate creatures organized by the management of Geden Holdings for the express purpose of taking over the business of Geden

Case ID: 200300816

Holdings and putting these assets beyond the reach of creditors, while preserving the equity ownership of the Karamehmet interests in the vessels.

69.     The restructuring plan of Geden Holdings expressly contemplated insulating the shipping assets (vessels) of the said debtor Geden Holdings from arrest and/or attachment and ringfencing them from the just demands of its creditors, by changing their registered ownership and misrepresenting the restructuring as an arm's length sale based on a sophisticated plan worked out by professional restructuring experts.

70.     In consequence of the foregoing, the corporate form of the Defendants was used by their ultimate beneficial owners, their agents, servants and employees to perpetrate a fraud, to wit to induce Plaintiff to contract with subsidiaries of Geden the performance of which Geden had guaranteed, not intending to perform its guarantor obligations; and transferring its assets to the "newco" Advantage Tankers, beyond the reach of Plaintiff as a creditor.

71.     At all times material hereto Defendants failed to maintain adequate corporate records including records in the following categories:  records of correspondence bearing on or relating to the restructuring and reorganization of ownership;  internal correspondence with the beneficial and ultimate beneficial shareholders of the entities that owned the vessels; records of contracts and agreements with bankers for the refinancing of the vessels; records of financial transactions showing receipt of funds by the one ship companies of the Geden Group that purportedly sold the 11 crude oil tankers; bank account statements verifying money transfers in and out; statement of accounts showing receipts and expenditures; documents reflecting internal contractual arrangements for the adjustment of trading debt as between the buyers and the purchaser of the tankers. The complete absence of corporate records with bearing upon multimillion-dollar transactions suggests that the purported transfer of assets from Geden to Advantage Tankers was not genuine but fictitious and part of a scheme to defraud creditors.

Case ID: 200300816

**COUNT III**

The transfer of assets of Geden Holdings to Advantage Award Shipping, LLC is fraudulent under the Pennsylvania Uniform Fraudulent Transfer Act

72.     Plaintiff repeats and realleges ¶¶ 1-71 of the above and foregoing Complaint and for its further and additional claim against Defendants under the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA") avers and pleads as follows.

73.     At all times material hereto Plaintiff's cause under this section of its Complaint arose from actions that preceded the 2018 enactment of the Pennsylvania Uniform Voidable Transactions Act and, consequently, Plaintiff's claims under this Count are governed by PUFTA.

74.     At all times material hereto Plaintiff was a creditor of Defendant Geden Holdings in that Plaintiff had a claim against Geden Holdings arising from Geden Holdings' letter of Guarantee dated May 27, 2010 and from the performance failure of Geden's wholly owned subsidiary Avor Navigation, Limited.

75.     At all times material hereto the following persons were respectively insiders of Geden Holdings, Ltd. and /or Advantage Tankers and/or Advantage Award Shipping, LLC:

  (a)   Tugrul Tokgoz, by virtue of his roles as director of Geden Holdings; Officer and Director of Advantage Tankers, and officer and director of Advantage Award LLC;

  (b)   Mehmet Mat, by virtue of and in his capacity as Chief Financial officer of Geden; Chief Financial Officer of Advantage Tankers; Chief Financial Officer of Advantage Award LLC;

  (c )  Mehmet Emin Karamehmet, as the controlling shareholder through intermediary holding companies of the debtor Geden Holdings.

  (d)  Gulsun Nazli Karamehmet Williams as a close relative of Mehmet Emin Karamehmet, - his only child and daughter- and 85% legal owner of Advantage Tankers, LLC.

76.     At all times material hereto the transfer of the ownership of the vessel VALUE, renamed after the transfer "ADVANTAGE AWARD", by the transferee Advantage Award Shipping LLC. and its parent corporation Advantage Tankers LLC, was made under and by virtue

Case ID: 200300816

**78a**

of the "restructuring" plan, as averred, in the foregoing for the express purpose, - acknowledged by Geden Holdings in its restructuring plan - of making the transferor (seller) Geden Holdings essentially judgment proof and incapable of responding in damages to Plaintiff's claims.

77.     At all times material hereto Geden Holdings arranged and effected the transfer of the 11 crude oil tankers to Advantage Tankers as noted in the forgoing for the express purpose of putting the said assets into the legal ownership of business entities which it caused to be established in order to ringfence and insulate same from the reach of its creditors, including Plaintiff.

78.     The said Defendant's intent in this regard is evidenced by reference to the following facts: (1) The transfer of the property was to Mehmet Emin Karamehmet's only child Gulsun Nazli Karamehmet Williams, who is an insider under PUFTA; (2) As it is averred in the foregoing, the ultimate beneficial shareholder of debtor Geden Holdings retained possession and / or control by virtue of Mehmet Emin Karamehmet's continued control over the "new" owners of each and every one-ship-company to which the respective vessels were transferred as shown in the attached EXHIBIT 6;  (3) The transfer of the property, viz the MT VALUE and every vessel formerly held through the one-ship-companies controlled by Geden Holdings was carried on without any notice to Plaintiff, even though Plaintiff was at all times material hereto the beneficiary of Geden Holdings' guarantee; (4) Preceding the massive transfer of all of its assets, including that of the 'VALUE" which was renamed "ADVANTAGE AWARD" repeated demands were made by Plaintiff on Geden Holdings to purchase the vessel AVOR as it had undertaken through its subsidiary Avor Navigation, Ltd. and Plaintiff had threatened legal action;  (5) The transfer of the 11 crude oil tankers by Geden Holdings to Advantage Tankers amounted to a transfer of all fixed assets which were owned by the former;  (6) Contrary to the representations to its non-lending creditors, the single controlling shareholder of Geden Lines, Mehet Emin Karamehmet retained ownership and control over the property purportedly transferred,  viz. the 11 crude oil carriers shown at Table I (see EXHIBIT 6) ;  (7) On information and belief the sale of the 11 crude

Case ID: 200300816

carrier tankers to Advantage Tankers  was not an arm's length market sale transaction but part of an elaborate design to  disguising fraudulent transfers as genuine commercial sales;  (8)  Virtually upon completion of the transfer of the 11 crude tankers to Advantage Tankers Defendant, Geden Holdings became insolvent and ceased to carry on business.

79.     At all times material hereto Geden Holdings arranged and effected the transfer of the 11 crude oil tankers to Advantage Tankers as noted in the forgoing for the express purpose of putting the said assets into the legal ownership of  business entities appearing to be controlled by third parties which it caused to be established in order to ringfence and insulate these assets from its creditors' reach.

80.     In consequence of the foregoing, Plaintiff respectfully prays that the Court make appropriate orders, as necessary so that the transfer of the vessel ADVANTAGE AWARD by Defendant Geden Holdings Ltd. to Advantage Tankers, LLC and/or to Advantage Award Shipping, LLC.  be declared fraudulent as to Plaintiff, and avoidable.

81.     In accordance with the provisions of PUFTA, and as Plaintiff has already obtained a judgment against Geden Holdings Ltd. Plaintiff respectfully prays for an order of execution against the M/T ADVANTAGE AWARD and any right, claim or  interest whatsoever that Advantage Tankers LLC, Advantage Award Shipping, LLC may have in the Advantage Award either as owners of  the said vessel, or bareboat charterers of the said vessel, or participants in any joint ownership arrangement over the said vessel, including any limited liability company interest; and over any earnings from the commercial employment of the vessel .

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that process in due form of law issue against Defendants  Geden Holdings, Advantage Tankers, and Advantage Award Shipping LLC ordering them to appear in the proceedings herewith commenced; and after due proceedings are had and this cause is adjudicated the Court make a finding that Defendants Advantage Award Shipping,

Case ID: 200300816

LLC and Advantage Tankers are liable to Plaintiff as successor corporations of Geden Holdings for the judgment Plaintiff holds in the sum of $3,479,152.69 together with interest and costs; and in addition, or in the alternative that the corporate veil of Geden Holding should be pierced and that Defendants Advantage Award Shipping, LLC and Advantage Tankers should be adjudged liable to Plaintiff in respect of the said judgment; and in addition or in the alternative, the Court, make an order that that the transfer of the motor tanker ADVANTAGE AWARD (ex - VALUE) to Defendant Advantage Award Shipping, LLC is fraudulent and void as to Plaintiff and issue an order of execution against the M/T ADVANTAGE AWARD and any right, claim or  interest whatsoever that Advantage Tankers LLC, Advantage Award Shipping , LLC may have in the said vessel either as owners of  the said vessel or as her bareboat charterers, or participants in any joint ownership arrangement over the said vessel, including any limited liability company interest in business entities which are or purport to be said vessel's registered owners; and over any earnings from the commercial employment of the vessel;  and the Court adjudge that the Defendants and each of them are liable to Plaintiff  for the sum of  $3,479,152.69, together with interest and costs; and for such other and further relief that the Court deems just, equitable and proper.

Dated: March ___, 2020

Respectfully Submitted,

REEVES MCEWING, LLP

By:  /s/ Michael F. Schleigh, Esq.
Michael F. Schleigh, Esq.
Mary Elisa Reeves, Esq.
PA Id No. 44194/88407
1004 Front Street
Philadelphia, PA 19147
Telephone: 267-324-3773
E-mail: reeves@lawofsea.com

Case ID: 200300816

81a

Filed and Attested by the
Office of Judicial Records
06 MAR 2020 04:36 pm
A. SILIGRINI

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY, PENNSYLVANIA**

------------------------------------------------------------x
**ECLIPSE LIQUIDITY, INC.**                    §
                                               §        **TERM 2020**
                         Plaintiff,            §
                                               §    **No.**
        - against -                            §
                                               §
                                               §
**GEDEN HOLDINGS. LTD;**                        §
**ADVANTAGE TANKERS**                           §
**LLC; and ADVANTAGE**                          §
**AWARD SHIPPING, LLC**                         §
                                               §
                         Defendants.           §
------------------------------------------------------------x


## VERIFICATION

I, Lida Tsolka, in my capacity as in-house legal advisor of Eclipse Liquidity, Inc, Plaintiff in the above captioned suit, hereby state that the facts above set forth are true and correct to the best of my knowledge, information and belief and that I expect to be able to prove the same at a hearing held in this matter. I understand that the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities).

Date: 6 March 2020

_____
Lida Tsolka

Case ID: 200300816