**EXHIBIT 23**

<u>Notice To Plead</u>

*Filed and Attested by the Office of Judicial Records IN 2020 07:32 pm*

To: ECLIPSE LIQUIDITY, INC.

You are hereby notified to file a written response to the enclosed New Matter within twenty (20) days from service hereof or a judgment may be entered against you.

PALMER BIEZUP & HENDERSON LLP

By: /s/ Frank P. DeGiulio
   Attorneys for Defendants

PALMER BIEZUP & HENDERSON LLP
By: Frank P. DeGiulio
fpd@pbh.com
Attorney I.D. No.: 41577
190 North Independence Mall West, Suite 401
Philadelphia, PA 19106
(215) 625-9900

Attorneys for Defendants
Geden Holdings Ltd., Advantage
Tankers LLC, and Advantage
Award Shipping LLC

| | | |
|---|---|---|
| ECLIPSE LIQUIDITY, INC. | : | |
| | : | |
| Plaintiff | : | PHILADELPHIA COUNTY |
| v. | : | COURT OF COMMON PLEAS |
| | : | |
| GEDEN HOLDINGS LTD.; | : | |
| ADVANTAGE TANKERS LLC; | : | |
| ADVANTAGE AWARD SHIPPING LLC | : | No. 200300816 |
| | : | |
| Defendants | : | |

ANSWER AND NEW MATTER

Defendants Geden Holdings Ltd. ("Geden Holdings"), Advantage Tankers LLC

("Advantage Tankers"), and Advantage Award Shipping LLC ("Advantage Award")

(collectively "Defendants"), by and through undersigned counsel, and without waiver of the

1

defenses previously presented in the Preliminary Objections which were overruled without prejudice, answer Plaintiff's complaint and aver New Matter as follows:

1.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the complaint.

2.    Defendants admit that Geden Holdings was a corporate entity organized under the laws or Malta. Defendants deny that Geden Holdings was registered as a foreign corporation in the State of Pennsylvania at all material times hereto.

3.    Defendants admit the allegations contained in the first two sentences of Paragraph 3 of the complaint, but except as specifically admitted, deny the remaining allegations contained in Paragraph 3 of the complaint.

4.    Defendants deny the allegations contained in Paragraph 4 of the complaint.

5.    Defendants admit that Advantage Tankers is a Republic of the Marshall Islands limited liability company, but except as specifically admitted, deny the remaining allegations contained in Paragraph 5 of the complaint.

6.    The allegations contained in Paragraph 6 of the complaint are unparticularized allegations that require no response. To the extent that a response is required, and without waiver of any objections, Defendants deny the allegations contained in Paragraph 6 of the complaint.

7.    Defendants deny the allegations contained in Paragraph 7 of the complaint.

8.    Defendants deny the allegations contained in Paragraph 8 of the complaint.

9.    Defendants deny the allegations contained in Paragraph 9 of the complaint.

10.    Defendants admit that Plaintiff is a judgment creditor of Geden Holdings having obtained a judgment in the High Court of the United Kingdom in the amount of $3,479,152.69,

Case ID: 200300816

but except as specifically admitted, deny the remaining allegations contained in Paragraph 10 of the complaint.

11.     Defendants admit that Plaintiff and non-party Avor Navigation, Ltd. were parties to a charter agreement and that the charter was guaranteed by Geden Holdings, but except as specifically admitted, deny the remaining allegations contained in Paragraph 11 of the complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of the complaint.

13.     Defendants admit that Geden Holdings owned a special purpose company that owned the motor tanker VALUE, but except as specifically admitted, deny the remaining allegations contained in Paragraph 13 of the complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the complaint.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the complaint.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the complaint.

17.     Defendants admit that during the shipping crisis in 2013-2015 Geden Holdings disposed of most of its assets, generally by turning ships over to their mortgagees, but except as specifically admitted, deny the remaining allegations contained in Paragraph 17 of the complaint.

18.     Defendants deny the allegations contained in Paragraph 18 of the complaint.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the complaint.

Case ID: 200300816

23.     Defendants deny the allegations contained in Paragraph 23 of the complaint.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the complaint.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the complaint.

26.     Defendants deny the allegations in Paragraph 26 of the complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the complaint.

28.     Defendants admit that Genel Denizcilik Nakliyati AS is the technical and commercial manager of the vessels, but except as specifically admitted, lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 28 of the complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the complaint.

30.     Defendants repeat and re-allege their responses to the allegations contained in Paragraphs 1 to 29 of the complaint as if fully set forth herein. Defendants deny the allegations contained in Paragraph 30 of the complaint.

31.     Defendants admit that the motor tanker VALUE was sold to Advantage Award, but except as specifically admitted, deny the remaining allegations contained in Paragraph 31 of the complaint.

32.     Defendants admit that Ali Tugrul Tokgoz was the CEO of Geden Holdings and Mehmet Mat was the Chief Financial Officer of Geden Holdings, but except as specifically admitted, deny the remaining allegations contained in Paragraph 32 of the complaint.

Case ID: 200300816

33.     Defendants admit that Ali Tugrul Tokgoz was the CEO of Geden Holdings and Mehmet Mat was the Chief Financial Officer of Geden Holdings, but except as specifically admitted, deny the remaining allegations contained in Paragraph 33 of the complaint.

34.     Defendants admit that the tanker ADVANTAGE AWARD is under long-term time charter by Shell Western Supply & Trading, but except as specifically admitted, deny the remaining allegations contained in Paragraph 34 of the complaint.

35.     Defendants admit that Genel Denizcilik Nakliyati AS is responsible for the technical and commercial management of the ADVANTAGE AWARD, but except as specifically admitted, deny the remaining allegations contained in Paragraph 35 of the complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the complaint.

43.     Defendants admit that Gulsun Nazli Karamehmet Williams has an ownership interest in Advantage Tankers, but except as specifically admitted, deny the remaining allegations contained in Paragraph 43 of the complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the complaint.

Case ID: 200300816

805a

47.     Defendants repeat and re-allege their responses to the allegations contained in Paragraphs 1 to 46 of the complaint as if fully set forth herein. Defendants deny the allegations contained in Paragraph 47 of the complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the complaint.

51.     Defendants admit that the vessels are chartered by Shell Western Supply & Trading Ltd., but except as specifically admitted, deny the remaining allegations contained in Paragraph 51 of the complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the complaint.

53.     Defendants admit that Gulsun Nazli Karamehmet Williams has an ownership interest in Advantage Tankers, but except as specifically admitted, deny the remaining allegations contained in Paragraph 53 of the complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the complaint.

55.     Defendants admit that Geden Holdings is in receivership in Malta, but except as specifically admitted, deny the remaining allegations contained in Paragraph 55 of the complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the complaint.

60.     Defendants repeat and re-allege their responses to the allegations contained in Paragraphs 1 to 59 of the complaint as if fully set forth herein. Defendants deny the allegations contained in Paragraph 60 of the complaint.

6

61.     Defendants deny the allegations contained in Paragraph 61 of the complaint.

62.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of the complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the complaint.

72.     Defendants repeat and re-allege their responses to the allegations contained in Paragraphs 1 to 71 of the complaint as if fully set forth herein. Defendants deny the allegations contained in Paragraph 72 of the complaint.

73.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 73 of the complaint

74.     Defendants deny the allegations contained in Paragraph 74 of the complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the complaint.

Case ID: 200300816

**807a**

80.   Defendants deny the allegations contained in Paragraph 80 of the complaint.

81.   Defendants deny the allegations contained in Paragraph 81 of the complaint.


## NEW MATTER

By way of further response to the Complaint, and without waiver of the defenses previously presented in the Preliminary Objections which were overruled without prejudice, Defendants aver the following New Matter:

82.   The complaint is barred by the statute of limitations and laches because Plaintiff was aware of the sale of the subject vessels in 2015 and alleges fraud more than five years after the sale.  Plaintiff's Pennsylvania Uniform Fraudulent Transfers ("PUFTA") claim is also time barred because the alleged cause of action arose, and was known to Plaintiff, more than one year before the complaint was filed.

83.   The complaint should be dismissed because the arbitration and award at issue did not name Advantage Tankers or Advantage Award.  Plaintiff agreed to the application of English law and arbitration to any and all disputes and arbitrated its claims, but failed to make alter ego or other veil piercing claims under the law or in the forum it agreed to.

84.   The complaint should be dismissed due to estoppel because Plaintiff has, or could have, alleged the exact same claims previously.  Plaintiff has filed numerous complaints in several U.S. jurisdictions seeking essentially the same relief as here.  Plaintiff has been unsuccessful in the other cases and should not be allowed to resurrect its claims here.

85.   The complaint should be dismissed for failure to join a necessary party because Plaintiff fails to name the alleged alter ego(s) against which it seeks relief.

Case ID: 200300816

86.     The complaint should be dismissed due to waiver because Plaintiff failed to raise the claims in the complaint, which were substantially known to Plaintiff at all relevant times, in the arbitration. Plaintiff has also unsuccessfully raised the allegations in the complaint in several proceedings in the United States, all but one of which has been dismissed.

87.     The complaint is barred by res judicata or preclusion because Plaintiff has sought substantially identical relief in other cases, including one in which Plaintiff's claims were dismissed with prejudice. Where Plaintiff previously filed a complaint and sought and obtained relief on an identical theory, but had its claims dismissed with prejudice, it cannot bring those same claims again in a different court.

**WHEREFORE**, Defendants respectfully request that the Court:

A. Dismiss Plaintiff's claims in their entirety, or, in the alternative enter judgment in Defendants' favor and against Plaintiff;

B. Award Defendants their reasonable costs and fees, including attorney fees;

C. Grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

PALMER BIEZUP & HENDERSON, LLP

By:     /s/ Frank P. DeGiulio
        Frank P. DeGiulio (PA 41577)
        190 N. Independence Mall West
        Suite 401
        Philadelphia, PA 19106
        (215) 625-9900
        fpd@pbh.com

        Attorneys for Defendants Geden Holdings
        Ltd., Advantage Tankers LLC, and
        Advantage Award Shipping LLC

Dated: September 21, 2020

9

**VERIFICATION**

I do hereby verify that the facts set forth in the foregoing document are true and correct to the best of my knowledge, information, and belief.

I understand that any false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

/s/ Frank P. DeGiulio
Frank P. DeGiulio (PA 41577)
190 N. Independence Mall West
Suite 401
Philadelphia, PA 19106
(215) 625-9900
fpd@pbh.com

Attorneys for Defendants Geden Holdings
Ltd., Advantage Tankers LLC, and
Advantage Award Shipping LLC

Dated: September 21, 2020

Case ID: 200300816

**810a**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the foregoing Answer with New Matter was served this date on the following counsel of record via electronic filing:

LISA REEVES, ESQ.
MICHAEL F. SCHLEIGH, ESQ.
REEVES & MCEWING, LLP
1004 S. FRONT STREET
PHILADELPHIA, PA 19147


/s/ Frank P. DeGiulio


Dated: September 21, 2020

Case ID: 200300816

**811a**