**EXHIBIT 24**

**HARDIN THOMPSON, PC**
BY:  Michael F. Schleigh, Esquire
*PA Attorney I.D. No.: 88407*
Wells Fargo Building
123 S. Broad Street, Suite 2235
Philadelphia, PA 19109
P. (267) 459-8366 | F. (267) 486-9002 | E.: mschleigh@hardinlawpc.net
*Counsel for Plaintiff, Eclipse Liquidity, Inc.*



*Filed and Attested by the
Office of Judicial Records
27 JUN 2023 11:01 am
S. RICE*

## IN THE COURT OF COMMON PLEAS
## PHILADELPHIA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ECLIPSE LIQUIDITY, INC., | § | TERM 2023 |
| | § | |
| Plaintiff, | § | No.: |
| | § | |
| vs. | § | |
| | § | |
| GULSUN NAZLI KARAHMEHMET-WILLIAMS; COURTNEY BRYAN WILLIAMS; GEDEN HOLDINGS, LTD. ADVANTAGE TANKERS, LLC. and ADVANTAGE AWARD SHIPPING,LLC. | § | |
| | § | |
| Defendant(s). | § | |

## ORIGINAL COMPLAINT

Plaintiff Eclipse Liquidity, Inc. (hereinafter "Eclipse" or "Plaintiff") files this Complaint against: (1) Defendants Gulsun Nazli Karamehmet Williams and Courtney Bryan Williams (hereinafter collectively referred to as "the Williams Defendants") for abuse of the corporate form of several business entities that the Williams Defendants dominate and control as their alter egos whereby they have frustrated and obstructed Plaintiff's lawful efforts to collect a substantial judgment it holds against its judgment debtor Geden Holdings, Ltd. (hereinafter "Geden") and its successor corporations and fraudulent transferees; and (2) Geden, Advantage Award Shipping LLC, and Advantage Tankers LLC (hereinafter collectively referred to as "the Corporate Defendants") for their intentional and systematic abuse of process, whereby the Williams Defendants and the Corporate Defendants intentionally and systematically engaged in the unlawful perversion of the process of litigation discovery for purposes other than those it was designed to

1

serve. This, *inter alia*, includes: systematically causing the Corporate Defendants to withhold discovery of documents and other information in their custody, possession or control with the ultimate objective of concealing same and not making it available to Plaintiff and the Court during the course of discovery; intentionally raising unsustainable objections and other responses to discovery knowing that these were based on false representations about the underlying facts, for the purpose of blocking truthful and complete evidence from being disclosed; intentionally providing false information under oath in responding to depositions and written discovery in order to keep admissible evidence from the Court and Plaintiff needed for a just adjudication of Plaintiff's claims; intentionally abusing the process of discovery in the manner aforesaid for the purpose of increasing litigation costs and expenses and thereby discourage Plaintiff from pursuing its just cause to conclusion.

## PARTIES, JURISDICTION AND VENUE

1.      At all times material hereto, Plaintiff Eclipse is a corporate entity established under the laws of the Republic of the Marshall Islands.

2.      At all times material hereto, Plaintiff is the plaintiff in a suit in the Court of Common Pleas, in Pennsylvania County styled: "*Eclipse Liquidity, Inc., Plaintiff against Geden Holdings, Ltd; Advantage Tankers, LLC; and Advantage Award Shipping, LLC; Defendants*" in the Court's 2020 term under file No. 200300816. (hereinafter referred to as the "Geden-Advantage suit" or "Geden-Advantage litigation").   A copy of the said complaint is hereto attached as "*Exhibit 1*", and is incorporated by reference to this Complaint as though set out *in extenso*.

3.      At all times material hereto, Defendant Gulsun Nazli Karamehmet Williams, ("Karamehmet-Williams") is an individual person resident in London, United Kingdom, and a citizen of the Republic of Turkey and the Swiss Confederation and may be personally served with process in the U.K., her country of residence.

2

Case ID: 230602605

4.      At all times material hereto, Defendant Courtney Bryan Williams ("Courtney Williams") is an individual person resident in London, United Kingdom, and a citizen of the United States, and the Swiss Confederation and may be personally served with process in the U.K., his country of residence.

5.      At all times material hereto, Defendant Karamehmet-Williams held the 85% controlling interest in Advantage Tankers, LLC, a limited liability company organized and existing under the laws of the Republic of the Marshall Islands, by and through its sole member, Advantage Holdings, LLC.

6.      At all times material hereto, Advantage Holdings, LLC was a limited liability company organized and existing under the laws of the Republic of the Marshall Islands, and was the sole member, holding 100% of the membership interest in Advantage Tankers, LLC.

7.      At all times material hereto, Forward Holdings, LLC was a limited liability company organized and existing under the laws of the Republic of the Marshall Islands and the sole member controlling 100% of the membership interest in Advantage Holdings LLC. Forward Holdings LLC was and is controlled by Karamehmet-Williams who owned 85% of its authorized LLC membership interest.

8.      At all times material hereto, the holding structure of Advantage Tankers LLC, as noted in the foregoing and represented to third parties by Advantage Tankers LLC and Defendants, was as described in the attached diagrammatic representation in the Geden Holdings, Ltd. document hereto attached as "*Exhibit* 2*"*.

9.      At all times material hereto, Defendant Karamehmet-Williams was a director of Advantage Tankers LLC from its very inception in December of 2014, when the said limited liability company elected to be a director-managed company, and it remains director-managed as of the filing of this complaint.

Case ID: 230602605

10.     At all times material hereto, Defendant Courtney Williams was a director of Advantage Tankers LLC from its very inception in December of 2014.

11.     At all times material hereto, the Williams Defendants are husband and wife.

12.     At all times material hereto, the Williams Defendants, their lineal minor descendants, and certain trusts and estates of which they are held out as the members, comprise the "Controlling Shareholder Family" that holds the controlling interest (more than 50%) over Advantage Tankers, LLC, Advantage Holdings, LLC, Forward Holdings, LLC.

13.     At all times material hereto, the Williams Defendants, and the Controlling Shareholder Family noted in the preceding paragraph, are also held out as having the controlling majority interest in Genel Denizcilik Nakliyati AS, a joint stock company organized under the laws of the Republic of Turkey.

14.     At all times material hereto, Karamehmet-Williams is the majority shareholder and ultimate beneficial owner of Buselten Finance S.A. (hereinafter "Buselten"), an offshore corporate entity organized and existing under the laws of the Republic of Panama.

15.     At all times material hereto, Buselten was the controlling shareholder of Geden Holdings, Ltd., controlling 99.99% of its authorized and issued shares.

16.     At all times material hereto, Plaintiff's judgment debtor, Geden Holdings, Ltd., is a corporate entity organized under the laws of Malta.  At all times material hereto, Geden Holdings Ltd. was registered as a foreign corporation in the State of Pennsylvania where it may be served with process at the Office of the Secretary of State.  *See* document hereto attached as "*Exhibit 3*".

17.     At all times material hereto, the Williams Defendants, had notice and knowledge that Geden was a judgment debtor of Plaintiff in the principal amount of USD 3,459,797.00 (Three Million Four Hundred Fifty Nine Thousand Seven Hundred Ninety Seven Thousand U.S. Dollars) together with simple interest at 8% per annum from August 11, 2017 until the judgment is paid as ordered by the High Court in London on July 28, 2017.  Plaintiff had applied for and obtained the

Case ID: 230602605

recognition of the judgment from the Court of Common Pleas in Pennsylvania, which was subsequently upheld against challenges of Geden Holdings, Ltd in the Superior Court in the case styled *Eclipse Liquidity, Inc. v. Geden Holdings Ltd*., 2018 Pa. Super. LEXIS 1313; 2018 PA Super 332 | 2018 WL 6427186 (2018) (hereinafter the "Geden Judgment").

18.     At all times material hereto, Buselten is the recipient of a transfer of USD 41,500,000 (Forty One Million Five Hundred Thousand US Dollars) from Geden representing proceeds from the purported sale of Geden's tanker vessels to Advantage Tankers LLC in 2015, at a time when Geden purported to be insolvent, and Buselten provided a letter of support to international auditors KPMG whereby it undertook to support Geden, so that in the audited financial statements for the year ending December 31, 2014, Geden could be certified as a going concern.

19.     Advantage Tankers, LLC, the sole member of Advantage Award Shipping, LLC, holds 100% of the membership interest in Advantage Award Shipping LLC, and caused its chief financial officer, Mehmet Mat, to register Advantage Award Shipping LLC in Pennsylvania as a foreign corporation and appoint on its behalf an agent for service of process, so that it could be "found" in the Eastern District of Pennsylvania jurisdictionally for purposes of avoiding seizure of its vessel named ADVANTAGE AWARD under federal process of attachment and garnishment by the creditors of Advantage Tankers LLC.

20.     At all times material hereto, Defendant Advantage Award Shipping, LLC was and is a limited liability company organized under the laws of the Bahamas.  It is also registered and qualified as a foreign corporate entity in the Republic of the Marshall Islands. Advantage Award LLC,  as a registered  foreign corporation in the State of Pennsylvania,  may be served with process at the address of its registered agent's office at Search Tec. Inc. 314 North 12th Street, Suite 100, Philadelphia, PA 19107.  A copy of the registration record of Advantage Award Shipping, LLC is

Case ID: 230602605

attached to this Complaint as "*Exhibit 4*".   Defendant Advantage Award Shipping LLC may also be served with process at the Office of the Secretary of State of Pennsylvania.

21.     Geden and Advantage Award Shipping, LLC, being respectively owners of foreign flag vessels, voluntarily registered in Pennsylvania as foreign corporations and appointed agents for service of process, in order to immunize the vessels they controlled from attachment under federal quasi in rem admiralty process. *See* copies of the said registrations hereto attached as *"Exhibits 3 and 4"*.  In this regard, Geden Holdings, Ltd., and Advantage Award Shipping, LLC purposely and voluntarily registered in Pennsylvania to obtain the said jurisdictional benefit of presence in the state.

22.     At all times material hereto, the Williams Defendants, having virtually absolute control over Plaintiff's judgment debtor, Geden, and its successor corporations - Advantage Award Shipping, LLC, Advantage Tankers, LLC, Buselten and Genel Denizcilik Nakliyati AS - dominated and controlled the said corporations and structured their business activities and asset-holding in a manner designed to fraudulently deprive Plaintiff from its recourse against its judgment debtor Geden.

23.     Since the commencement of the Geden-Advantage suit, the Williams Defendants have been in control of the litigation of their alter ego Corporate Defendants, and have directed and manipulated them to systematically obstruct and frustrate discovery in such a manner as to waste the discovery time allocated by the court in the Geden-Advantage suit and to deprive Plaintiff of access to documents and other information which Plaintiff is entitled to have.  As part of the said conduct of abuse of the discovery process, the Williams Defendants and the Corporate Defendants have provided false answers to Plaintiff's documentary discovery and have put forth false evidence aimed at evading, delaying and multiplying Plaintiff's costs in pursuing discovery. Moreover, Karamehmet-Williams, who was examined in her capacity as a director of Advantage Tankers, LLC, provided false testimony and information under oath in her deposition as to several

Case ID: 230602605

facts material to Plaintiff's claims in the Geden-Advantage litigation. The extent of the listed objectionable acts of the Williams Defendants and the Corporate Defendants is set forth more fully in Count III of this Complaint.

24.    By reason of their conduct in the course of the Geden-Advantage litigation, the Williams Defendants and the Corporate Defendants directly engaged in tortious activity within the Commonwealth, to wit: abuse of process in responding to Plaintiff's discovery and thereby subjected themselves to the jurisdiction of the Court by committing an actionable tort in Pennsylvania.

## VENUE

25.    The injuries and damages caused to Plaintiff, by and through the acts and omissions of Defendants, occurred in whole or in part in Philadelphia County, Pennsylvania, as Defendants' alter-egos were registered in Pennsylvania as foreign corporations.

26.    The transactions at issue, the causes of action complained hereof, and subject matter of this lawsuit occurred in whole or in part in Philadelphia County, Pennsylvania.

## FACTS

**A.  Underlying Obligation and its Origins**

27.    Plaintiff is a judgment creditor of Defendant Geden. Having obtained a judgment in the High Court in the United Kingdom, that was recognized in Pennsylvania in the amount of $3,479,152.69, and upheld against several challenges made in the Court of Common Pleas and the Superior Court[1],  Plaintiff has repeatedly demanded of Geden to honor the judgment. Geden has persistently ignored the demands and refuses to pay the judgment.

28.    The claim in respect of which Plaintiff obtained its judgment against Geden was brought under Geden's performance guarantee of an obligation of one of its subsidiaries to

---

[1] *See* case history in *Eclipse Liquidity, Inc. v. Geden Holdings Ltd.*, 2018 Pa. Super. LEXIS 1313; 2018 PA Super 332 | 2018 WL 6427186 (2018)

Case ID: 230602605

purchase a vessel from Plaintiff – the motor tanker AVOR.  A copy of the performance guarantee dated May 27, 2010 is hereto attached as "*Exhibit 5*".  The subsidiary of Geden, and principal obligor, was a Maltese business entity named Avor Navigation, Ltd.

29.     At all times material hereto, Geden had expressly warranted to Plaintiff that it was the ultimate beneficial owner of 11 oceangoing crude oil tanker vessels, (hereinafter collectively referred to as the "11 tankers") each of them respectively owned through a one-ship-company.  *See* document hereto attached as "*Exhibit 6*".

30.     One of the 11 tankers owned by Geden through Value Shipping Ltd., one of  11 one-ship special purpose owning companies was the motor tanker "VALUE," a vessel with international identification number (IMO #:) 9470131.

31.     Part of the consideration recited in the performance guarantee of Geden – Exhibit 5- was that, in return for Plaintiff's forbearance from arresting any of the said vessels owned by the guarantor for the failure of its subsidiary to perform the obligations undertaken, the guarantor would render the performance promised under its guarantee.

32.     Avor Navigation Ltd. failed and refused to honor the arbitration award and Plaintiff made due demand on Geden for payment under its performance guarantee.  Geden refused to honor its guarantee. Plaintiff pursued the matter in the High Court in the U.K. and obtained the judgment which was recognized in Pennsylvania.

## B. Geden Holdings' Restructuring of Assets Ownership

33.     Unbeknownst to Plaintiff, commencing in October of 2014 and throughout the following year, Geden, in close collaboration with the Williams Defendants, commenced implementing a plan whereby it transferred all 11 of the oil tankers which it owned, including the "VALUE," to freshly minted one-ship companies as shown in table I below:

Case ID: 230602605

**TABLE I**

| VSL FORMER NAME | FORMER OWNER | VSL NEW NAME | NEW OWNER |
|---|---|---|---|
| PROFIT | Profit Shipping, Ltd. | ADVANTAGE SOLAR | Advantage Solar Shipping, LLC |
| TARGET | Target Shipping, Ltd. | ADVANTAGE ARROW | Advantage Arrow Shipping, LLC |
| TRUE | True Shipping, Ltd. | ADVANTAGE AVENUE | Advantage Avenue Shipping, LLC |
| BLUE | Blue Shipping, Ltd. | ADVANTAGE SKY | Advantage Sky Shipping, LLC |
| PINK | Pink Shipping, Ltd. | ADVANTAGE SUMMER | Advantage Summer Shipping, LLC |
| BLANK | Blank Shipping, Ltd. | ADVANTAGE START | Advantage Start Shipping, LLC |
| REEF | Reef Shipping, Ltd. | ADVANTAGE SPRING | Advantage Spring Shipping, LLC |
| BRAVO | Bravo Shipping, Ltd. | ADVANTAGE ATOM | Advantage Atom Shipping, LLC |
| POWER | Barbaros Maritime, Ltd. | ADVANTAGE ANTHEM | Advantage Anthem Shipping, Ltd. |
| VALUE | Value Shipping, Ltd. | ADVANTAGE AWARD | Advantage Award Shipping, LLC |
| ROYAL | Prima Shipping, Ltd. | ADVANTAGE SUN | Advantage Sun Shipping, Ltd. |

34.     The result of the above transfers was that Geden was entirely stripped of its trading

assets, all of which were passed on to a new holding company – Advantage Tankers LLC.

35.     Neither Geden, nor Avor Navigation Ltd., nor any of the subsidiaries of Geden, nor

any of the Defendants disclosed  to Plaintiff the transfer of the 11 crude oil tankers owned by

Geden through its wholly owned subsidiaries.

36.     The transfer of the 11 crude oil tankers was done on the basis of a restructuring plan

conceived and executed by, or on behalf of, the ultimate beneficial owner of the 11 tankers, a

Turkish individual named Mehmet Emin Karamehmet ("Karamehmet") and members of his

immediate family including his daughter and only descendant, Karamehmet-Williams, her spouse

Courtney Williams, and two of Karamehmet's trusted employees, Ali Tugrul Tokgoz and Mehmet

Case ID: 230602605

Mat, who acted at the relevant times as officers and directors of Defendants Geden, Advantage Tankers LLC, and Advantage Award Shipping LLC.

37.     After restructuring, the legal ownership of the vessels noted in the foregoing Table I was changed, and 85% of the equitable/beneficial ownership thereof was transferred to Karamehmet-Williams.  The remaining 15% of the equitable/beneficial ownership was transferred to Ali Tugrul Tokgoz, who was the Chief Executive Officer and a director of Geden, and became the Chief Executive Officer and a director of Advantage Tankers LLC.  A diagrammatic representation of the restructured Geden as Advantage Tankers, LLC, authored by Advantage Tankers as it evolved by 2018, is hereto attached as Exhibit 7.

39.     The objectives of the re-structuring plan were threefold:  1) to cut off the recourse of non-lending creditors, such as Plaintiff, against the assets of Geden; 2) to ringfence these assets against claims of unpaid creditors; and 3) to provide sufficient reassurance to lending creditors to refinance existing debt, and to potential investors to invest additional capital.   However, in actual fact, the ultimate beneficial ownership of the corporate entities which owned the above mentioned 11 tanker vessels remained unchanged as evidenced by the Letter of Consent and Appendix thereto (attached to this complaint as Exhibit 9), and the ultimate beneficial owner continued to be Karamehmet and members of his family, including Defendant Karamehmet-Williams.

40.     Before restructuring Geden was part of a business enterprise structure which is schematically represented in "Table II" below (hereinafter referred to as the "Old Structure").

Case ID: 230602605

**TABLE II**



41.     With reference to the structure shown in the preceding Table II: "Karamehmet" refers to Mehmet Emin Karamehmet and members of his immediate family including his spouse, Fatma Serife Karamehmet, and his daughter, Defendant Karamehmet-Williams; "Buselten Finance, Panama" refers to the  Panamanian corporate entity referenced in the preceding paragraphs which acts as a holding company for Karamehmet's interests; and "Cukurova Holding" refers to a conglomerate business entity located in Turkey which is entirely owned by Mehmet Emin Karamehmet that controls a vast network of business enterprises, including Genel Denizcilik Nakliyati AS a/k/a/ Geden Lines.

42.     Geden Lines is a trade name of a Turkish corporate ship management entity based in Istanbul, the full corporate name of which is Genel Denizcilik Nakliyati AS. Geden Lines is the only entity of the group identified in the foregoing Table II which actively engages in the business

Case ID: 230602605

of shipping, including the operation, crewing, technical management, commercial management and administrative management of vessels as well as corporate entities. The other corporate entities identified in Table II are passive holding companies.

43.     Once the "restructuring" was implemented, the holding structure of the respective vessels, as noted in the foregoing Table I, became as diagrammatically shown in Table III below (hereinafter referred to as the "New Structure").

**TABLE III**



44.     Accordingly, the ownership of the 11 crude oil tankers, which under the Old Structure was in Maltese Special Purpose Companies ("SPCs") entirely owned by Geden as shown in Table II, passed on to the ownership of Marshall Islands SPCs entirely owned by Advantage Tankers LLC. However, under both structures, the operational, technical, commercial and administrative management of the vessels remained and continues to remain with Geden Lines.

Case ID: 230602605

45.     Though Defendants commissioned professionals to work out an elaborate plan for the restructuring of the ownership of the vessels whereby the restructuring might be represented as a sale of the shipping assets of Geden to Advantage Tankers LLC for fair market value, the actual restructuring, as implemented by Defendants, was an extra-judicial private fraudulent bankruptcy masquerading as an arm's length sale transaction to the detriment of non-lending creditors, including Plaintiff.

46.     The fraudulent character of the transactions, whereby the restructuring was accomplished, is partly evidenced in the disposal of the purported sale price proceeds received by Geden from Advantage Tankers LLC, as it is shown in Table IV below, of Geden's Banking records (with Garanti Bankasi- Istanbul) that reflects USD 126,617,680  transfers of proceeds for the sale of 8 out of the 11 tankers.  *See* also banking records hereto attached as Exhibit 10.

**TABLE IV**

| **TRANSFEREES:** | **DATES** | **U.S.  $ TRANSFER AMT.** |
|---|---|---|
| KARAMKO IMALAT ZIRAAT .A.S | 18 Feb 2015 | 10,000,000 |
| KARAMKO IMALAT ZIRAAT .A.S | 2 April 2015 | 20,000,000 |
| KARAMKO IMALAT ZIRAAT .A.S | 7 May 2015 | 20,000,000 |
| BUSELTEN FINANCE S.A. | 30 April 2015 | 25,000,000 |
| BUSELTEN FINANCE S.A. | 8 May 2015 | 16,500,000 |
| CUKUROVA ITHALAT VE İHRACAT TÜRK A.Ş. | 3 April 2015 | 20,000,000 |
| ÇUKUROVA ZIRAAT ENDÜSTRI VE TIC. A.Ş. | 8 June 2015 | 15,117,680 |

47.     All of the beneficiaries of the money transfers in Table IV are corporate business entities that were at the relevant time controlled by Karamehmet who, according to Geden's CFO, directed the transfers.  Further, according to the CFO of Geden, Mehmet Mat, there are no accounting records documenting the underlying obligation of Geden to the transferees of the above amounts, nor any corporate records of any kind whatsoever, a prima facie indication of Geden's failure to comply with fundamental corporate formalities.

Case ID: 230602605

48.     In addition to the transfers made in 2015, as noted in the foregoing Table IV, during 2015 Geden maintained an account with the London Branch of Citibank NA denominated in U.S. Dollars, through which it transferred out of the said bank account an amount exceeding USD 136,000.000.   A copy of Geden's annual Citibank Account statement for 2015 is hereto attached as Exhibit 8.

49.     The largest of the transfers out of the said Citibank account have been tabulated below in Table V.

### TABLE V

| BENEFICIARY | TRANSFER DATE | AMOUNT |
|---|---|---|
| SISTERS MARITIME/USA | 11/05/2015 | 8.868.687,89 |
| LANSDALE MARKETING LTD | 11/05/2015   BOOK TRANSFER | 34.833.000,00 |
| SISTERS MARITIME / USA DNB NYK | 12/05/2015 | 8.815.798,83 |
| SISTERS MARITIME / USA DNB NYK | 22/05/2015 | 8 861.395,85 |
| LANSDALE MARKETING LTD BOOK TRANSFER | 22/05/2015 | 1.000.000,00 |
| KARAMKO  IMALAT | 02/06/2015 | 12,000400,00 |
| CUKUROVA ZIRAAT | 04/06/2015 | 10,140.000,00 |
| KARAMKO IMALAT | 17/06/2015 | 4.000.000,00 |
| CUKUROVA ITHALAT | 22/06/2015 | 1.540.400,00 |
| KARAMKO IMALAT | 22/06/2015 | 1.350.000,00 |
| CUKUROVA ITHALAT | 07/07/2015 | 1.500.000,00 |
| KARAMKO  IMALAT | 23/07/2015 | 1.100.000,00 |
| CUKUROVA ZIRAT | 30/07/2015 | 11.302.000,00 |
| CUKUROVA ITHALAT | 12/08/2015 | 3.149.499,34 |
| KARAMKO IMALAT | 01/09/2015 | 3.000.000,00 |

50.     It is readily apparent from transfers out of the Citibank account that some of the same corporate entities that received these  large transfers of vessel-sale-proceeds were also

Case ID: 230602605

transferees of the vessel sale proceeds paid by Advantage Tankers LLC to Garanti Bankasi.  The total of transfers from Citibank to the said transferees was USD 49,082,299.30.

51.    In the Geden-Advantage litigation, Geden has responded to discovery asserting that it does not have any accounting or other similar records in its custody, possession, or control that account for the large transfers out of Citibank.

52.    The total amount of proceeds from the purported sale of the 11 tankers by Geden to Advantage Tankers LLC that were transferred to entities controlled by Karamehmet, based on the addition of the figures in Table IV and V, is USD 175,699,979.00.

53.    Karamehmet-Williams in 2014 and 2015 knew that Geden was in default of its loans with several of the banks that had financed the 11 crude oil tankers and that the said banks were unwilling to continue their relationship with Geden.

54.    Geden, in 2014 and 2015, based on the knowledge of its respective directors/officers, Tugrul Tokgoz and Mehmet Mat, knew that it was insolvent and its credit lines with financing banks could not be renewed under its holing structure at that time with Karamehmet in control as the ultimate beneficial owner.

55.    Advantage Tankers LLC, in 2014 and 2015, based on the knowledge of its respective directors/officers, Tugrul Tokgoz and Memet Mat, knew that the result of the purported sale of the 11 tankers to Advantage Tankers LLC and the transfer of the proceeds of the sale to the corporate entities in Tables IV and V in the foregoing would leave Geden entirely insolvent with most of its liquidity gratuitously transferred to Karamehmet, and with its earnings capacity actually destroyed as a result of the "sale" of the 11 tankers that were its remaining trading assets.

56.    Karamehmet-Williams by virtue of her status as a promoter, and subsequently 85% beneficial and/or controlling shareholder and a director of Advantage Tankers LLC, knew from her communications with her fellow directors/officers of Advantage Tankers, of the insolvency condition of Geden, which was exacerbated with more than USD 175,699,979.00 of its liquidity

Case ID: 230602605

having been transferred to business entities beneficially owned and controlled by her father, Karamehmet.

57.     Karamehmet-Williams, at all times material hereto, knew that the management and operation of the 11 tankers transferred to Advantage Tankers LLC was to be performed entirely by Geden Lines, a corporate entity controlled by her father Karamehmet at the time.

58.     In 2014, Karamehmet-Williams knowingly participated in meetings and negotiations with representatives of Shell Oil Company in anticipation of the transfer of the 11 tankers from Geden to Advantage Tankers LLC, and the transfer of Geden's contracts with Shell, so that Advantage Tankers LLC could take over and continue Geden's former business with Shell.

59.     While planning the transfer of the ongoing Shell business of Geden to Advantage Tankers, Karamehmet-Williams knew Geden would thereby become insolvent. Nevertheless, she did not even consider the consequences stripping off Geden's revenue producing assets would have on its other outstanding contractual obligations.

60.     At all times material hereto, Karamehmet-Williams knew that the same individuals who were charged with the management of Geden as its directors and officers were directly involved in the establishment of the corporate structure of Advantage Tankers LLC as a successor corporation for the purpose of taking over the business of Geden.  To put it another way, Geden, with the assistance, participation and encouragement of Karamehmet-Williams, created the successor corporation that became its buyer.

61.     Defendant Courtney Williams has been involved in the business affairs of Geden and Advantage Tankers from the time of its formation in 2014, and subsequently as a member of the board of directors of Advantage Tankers, to which he was appointed by Karamehmet-Williams.

62.     At all times material hereto, Defendant Courtney Williams has been held out as one of the directors of Advantage Tankers to the lenders and other counterparties in the business of Advantage Tankers.

Case ID: 230602605

63.     Defendant Courtney Williams has been held out by Advantage Tankers as a member of the Controlling Shareholder Family that controls more than 50% of Advantage Award Shipping, LLC; Advantage Tankers, LLC; Advantage Holdings, LLC; Forward Holdings, LLC; and Geden Lines.

64.     At all times material hereto, Defendant Courtney Williams has been aware of the corporate and ownership restructuring of Geden and the transfer of its assets to Advantage Tankers and has ratified and approved same.

65.     At all times material hereto, Defendant Courtney Williams has participated in all refinancing schemes of Advantage Tankers LLC, including that with Fleetscape Capital Holdings, Ltd. and SPDFL No. One Hundred and Seventy-Seven (Tianjin) Ship Leasing Company Limited of Tianjin, Peoples Republic of China, the current registered owner of the vessel ADVANTAGE AWARD.

66.     At all times material hereto, Defendant Courtney Williams has known about, ratified and approved all actions of the board of directors of Advantage Tankers LLC and has participated in same.

## **COUNT I**

### **Claims Against the Williams Defendants for Their Role in the Fraudulent Restructuring of Geden Holdings Ltd. into Advantage Tankers LLC**

67.     Plaintiff repeats and realleges the foregoing ¶¶ 1-66 of its Claim against the Williams Defendants, and as Count I of its claim against the said Defendants, further avers and pleads as follows.

68.      At all times material hereto, Geden, acting by and through its own officers and directors, and the express direction of its ultimate beneficial owners, devised and established a fraudulent restructuring scheme.   It involved the incorporation of a new group of limited liability companies consisting of Advantage Tankers and 11 associated SPC subsidiaries, including

Case ID: 230602605

Advantage Award Shipping, LLC, which were to become the future buyers of the vessels that Geden owned in order to insulate them from the reach of Geden's creditors.

69.     As part of its restructuring and transmutation into Advantage Tankers, Geden made arrangements with several of the banks that were its lenders to refinance the vessels by making new loan agreements with these "newcos," the putative one-ship-company buyers that acquired the vessels from their predecessor corporate entities as shown in Table I.  Thus, Geden made the arrangements with UniCredit Bank, A.G for the acquisition of the VALUE by Advantage Award Shipping LLC.

70.     Through such arrangements, Geden, with the direct participation of the Williams Defendants, drained itself of all of its assets deliberately making itself undercapitalized and reduced itself from an asset-rich company to an assetless insolvent sham, incapable of performing the obligations it had undertaken as it was deliberately made judgment-proof.

71.     Though purporting to have sold its equity interest in the 11 crude oil tankers to Advantage Tankers for approximately USD 200,000,000, notwithstanding several demands of Plaintiff to pay the outstanding judgment, Geden is failing and refusing to honor same.

72.     Geden, in response to Plaintiff's discovery in aid of execution of the judgment entered against it in Pennsylvania, and in response to further discovery in the Geden-Advantage litigation, produced bank transfer records that show approximately USD 175,699,979.00  from the proceeds of the purported sale of the 11 tankers was transferred by Geden to corporate entities ultimately controlled by Karamehmet-Williams as follows: USD 46,500,000 to Buselten, which is 50/50 controlled by Karamehmet-Williams and her mother;  USD 71,450,400 to Karamko Imalat Ziraat Endustri ve Ticaret A.S., which is 67.77% controlled by Buselten;  USD 38,342,000 to wholly owned subsidiaries of  Cukurova Holding A.S. (Cukurova Ithalat and Cukurova Ziraat) which are 54.74% controlled by Buselten.

Case ID: 230602605

73. In the Geden-Advantage litigation, the defendants to the said proceedings responded to Plaintiff's request for production of documents, particularly accounting records that might document and explain the underlying reasons for the said transfers, that there are no accounting or any kind of records documenting the cause/reason for the transfers.

74. In consequence whereof, Geden has failed to comply with the basic corporate formalities of maintaining truthful and accurate business and accounting records.

75. By means of the arrangements for restructuring of the ownership of the assets of Geden and the purported sale of these to Advantage Tankers, the said corporate entities were used by their ultimate beneficial owners, to wit: Karamehmet, Karamehmet-Williams and Courtney Williams, acting through their shared corporate executives, Tugrul Tokgoz and Mehmet Mat, to defraud Plaintiff by shifting the assets of Plaintiff's obligor Geden, to purportedly separate corporate entities under the guise of lawful arm's length transactions.

76. The "restructuring" of the ownership of the assets of Geden was knowing, deliberate, and intentional as the purported corporate "buyers" of the vessels, Advantage Tankers - along with its SPCs - were corporate creatures organized by the management of Geden with the full collaboration of the Williams Defendants for the express purpose of taking over the business of Geden and putting its assets beyond the reach of creditors, while preserving the equity ownership of the Controlling Shareholder Family against claims of Plaintiff and other similarly situated creditors.

77. The restructuring plan of Geden expressly contemplated insulating the shipping assets (vessels) of Geden from arrest and/or attachment and ringfencing them from the just demands of its creditors, by changing their registered ownership and misrepresenting the restructuring as an arm's length sale.

Case ID: 230602605

78.     In consequence of the foregoing, the corporate form of the Corporate Defendants was used by their ultimate beneficial owners, their agents, servants and employees to perpetrate a fraud, to wit: to induce Plaintiff to contract with subsidiaries of Geden, the performance of which Geden had guaranteed, not intending to perform its guarantor obligations; and by transferring its assets to the "newco" Advantage Tankers, beyond the reach of Plaintiff as a creditor.

79.     At all times material hereto, Defendants failed to maintain minimally adequate corporate records. This includes: records of correspondence relating to the restructuring and reorganization of ownership;  internal correspondence with the beneficial and ultimate beneficial shareholders of the entities that owned the vessels; records of contracts and agreements with bankers for the refinancing of the vessels; records of financial transactions showing receipt of funds by the one- ship-companies of the Geden Group that purportedly sold the 11 crude oil tankers; bank account statements verifying money transfers in and out; statement of accounts showing receipts and expenditures; documents reflecting internal contractual arrangements for the adjustment of trading debt as between the buyers and the purchaser of the tankers. The complete absence of corporate records with bearing upon multimillion-dollar transactions suggests the purported transfer of assets from Geden to Advantage Tankers was not genuine, but fictitious and part of a scheme to defraud creditors.

80.     The Williams Defendants have endeavored to represent that the restructuring of Geden into Advantage Tankers was a sale of the 11 crude oil tankers by means of an arm's length transaction, whereby each vessel was sold for its fair market value, and the business of Advantage Tankers is a completely new undertaking, unrelated to the business Geden had carried-on preceding the restructuring.  However, the surrounding circumstances show Advantage Tankers took over Geden's business  as a successor corporation of Geden, and is  a mere continuation of the business of Geden, as the following facts bear out:  (1)  Even before Advantage Tankers was formally organized, Defendant Karamehmet-Williams, in close consultation with Geden

Case ID: 230602605

officers/directors, Tugrul Tokgoz and Mehmet Mat, negotiated with Shell Oil for the employment of the 11 crude oil carriers on new long term time charter parties which was the taking over of the time charter parties that Geden had with Shell Oil;  (2) The management and operation of the 11 crude oil tankers, once transferred to Advantage Tankers, was to be carried on (and is being carried on) by Geden Lines, which employs Tugrul Tokgoz and Mehmet Mat as its directors and officers, and was at all times material hereto owned by Karamehmets; (3)  As manager and operator of the Advantage Tankers crude oil tanker fleet, Geden Lines performed all of the functions it had performed on behalf of Geden[2]; (4)  In carrying on the role of vessel manager and operator of the Advantage Tankers crude oil fleet, the same personnel that had been used to manage and operate Geden was used to manage the crude oil carriers of Advantage Tankers;  (5)  In carrying on the business of Advantage Tankers, the said defendants continue to use the same business premises, telephones, and other communication facilities in Istanbul, Turkey as were being used when carrying on the business of Geden;  (6)  In financing the purchase of the 11 crude oil carriers from Geden, the defendants used several of the same financing banks that had been used by Geden.

## COUNT II

### Claim Against the Williams Defendants for the Fraudulent Transfer of Assets of Geden Holdings to Advantage Award Shipping, LLC under the Pennsylvania Uniform Fraudulent Transfer Act

81.    Plaintiff repeats and realleges ¶¶ 1-80 of the above and foregoing Complaint and for its further and additional claim against Defendants under the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA") avers and pleads as follows.

---

[2] The management includes, but is not limited to: the crewing of the respective vessels; the maintenance, repairs and drydocking of the vessels; the attendance of the vessels through its own superintending personnel; the crewing victualing and supplying of the vessels; the shore-side safety management of the vessels; the issuance and holding of the International Safety Management System document of compliance for each vessel; the freight-hire collection and payment of all costs for the account of the vessel owners.

Case ID: 230602605

82.    At all times material hereto, Plaintiff's cause under this section of its Complaint arose from acts that preceded the 2018 enactment of the Pennsylvania Uniform Voidable Transactions Act and, consequently, Plaintiff's claims under this Count are governed by PUFTA.

83.    At all times material hereto, Plaintiff was a creditor of Defendant Geden in that Plaintiff had a claim against Geden arising from Geden's letter of Guarantee dated May 27, 2010 and from the performance failure of Geden's wholly owned subsidiary, Avor Navigation, Ltd.

84.    At all times material hereto, the following persons were respectively insiders of Geden and/or Advantage Tankers and/or Advantage Award Shipping, LLC:

    a.  Tugrul Tokgoz, by virtue of his roles as director of Geden, officer and director of Advantage Tankers, and officer and director of Advantage Award LLC;

    b.  Mehmet Mat, by virtue of and in his capacity as Chief Financial Officer of Geden, Chief Financial Officer of Advantage Tankers, Chief Financial Officer of Advantage Award LLC, and director of Geden;

    c.  Mehmet Emin Karamehmet, as the controlling shareholder through intermediary holding companies of the debtor Geden;

    d.  Gulsun Nazli Karamehmet-Williams, as the only child of Karamehmet and 85% legal owner of Advantage Tankers, LLC;

    e.  Courtney Williams, the husband of Karamehmet-Williams and a director of Advantage Tankers and a holder of a principal interest in Advantage Tankers.

85.    At all times material hereto, the transfer of the ownership of the vessel VALUE (renamed "ADVANTAGE AWARD" after the transfer) by the transferee, Advantage Award Shipping LLC, and its parent corporation Advantage Tankers LLC, was made under and by virtue of the "restructuring" plan, as averred in the foregoing, for the express purpose - acknowledged by Geden in its restructuring plan - of making the transferor (seller), Geden, essentially judgment proof and incapable of responding in damages to Plaintiff's claims.

Case ID: 230602605

86.     At all times material hereto, Geden, in combination with the Williams Defendants, arranged and effected the transfer of the 11 crude oil tankers to Advantage Tankers as noted in the foregoing for the express purpose of putting the said assets into the legal ownership of business entities which it caused to be established in order to ringfence and insulate same from the reach of its creditors, including Plaintiff.

87.     The said Defendants' intent in this regard is evidenced by reference to the following facts:  (1) The transfer of the property was to Karamehmet's only child, Karamehmet-Williams, who is an insider under PUFTA; (2) as it is averred in the foregoing, the ultimate beneficial shareholders of Geden retained possession and/or control by virtue of Karamehmet's  continued control over the "new" owners of each and every one-ship-company to which the respective vessels were transferred, as shown in the attached Exhibit 9; (3) the transfer of the property, viz. the VALUE and every vessel formerly held through the one-ship SPCs controlled by Geden, was carried on without any notice to Plaintiff, even though Plaintiff was at all times material the beneficiary of Geden's guarantee that was based on the warranted ownership of vessels by Geden; (4)  preceding the massive transfer of all of its assets, including that of the "VALUE" (renamed "ADVANTAGE AWARD") repeated demands were made by Plaintiff on Geden to purchase the vessel AVOR as it had undertaken through its subsidiary Avor Navigation, Ltd. and Plaintiff had threatened legal action;  (5) the transfer of the 11 crude oil tankers by Geden to Advantage Tankers amounted to a transfer of all fixed assets which were owned by the former;  (6)  contrary to the representations to its non-lending creditors, the single controlling shareholder of Geden Lines, the Karamehmet family, retained ownership and control over the property purportedly transferred, viz. the 11 crude oil carriers shown at Table I (see Exhibit 9) through Buselten; (7) on information and belief, the sale of the 11 crude carrier tankers to Advantage Tankers was not an arm's length market sale transaction, but part of an elaborate design to  disguise fraudulent transfers as genuine

Case ID: 230602605

commercial sales; (8) virtually upon completion of the transfer of the 11 crude tankers to Advantage Tankers, Geden became insolvent and ceased to carry on business.

88.     At all times material hereto, Geden, in close collaboration with the Williams Defendants, arranged and effected the transfer of the 11 crude oil tankers to Advantage Tankers as noted in the foregoing for the express purpose of putting the said assets into the legal ownership of business entities appearing to be controlled by third parties which it caused to be established in order to ringfence and insulate these assets from its creditors' reach.

89.     In consequence of the foregoing, Plaintiff respectfully prays that the Court make appropriate orders so that the transfer of the vessel ADVANTAGE AWARD by Defendant Geden Holdings to Advantage Tankers LLC and/or to Advantage Award Shipping LLC be declared fraudulent as to Plaintiff, and avoidable.

90.     In accordance with the provisions of PUFTA, and as Plaintiff has already obtained a judgment against Geden, Plaintiff respectfully prays for an order of execution against the ADVANTAGE AWARD and any right, claim or interest whatsoever that Advantage Tankers LLC or Advantage Award Shipping, LLC may have in the ADVANTAGE AWARD, either as owners of the said vessel, or bareboat charterers of the said vessel, or participants in any joint ownership arrangement over the said vessel, including any limited liability company interest; and over any earnings from the commercial employment of the vessel .

## COUNT III

**Plaintiff's Claim for Abuse of Process Against Defendants Geden Holdings Ltd., Advantage Tankers, LLC, Advantage Award Shipping Ltd., Gulsun Nazli Karamehmet-Williams and Courtney Williams**

91.     Plaintiff repeats and realleges ¶¶ 1 -90 of the above and foregoing Complaint against the Defendants for abuse of process under Pennsylvania common law and avers and pleads as follows.

Case ID: 230602605

92.     At all times material hereto the claim against Defendants' abuse of process arises from their conduct in the course of discovery in the Geden-Advantage Litigation.

93.     Geden, Advantage Award Shipping, LLC and Advantage Tankers LLC, which are close-held family-owned corporate entities, have common directors and/or officers, including Ali Tugrul Tokgoz and Mehmet Mat, who have been long-serving loyal employees of Karamehmet and Karamehmet-Williams.

94.     Advantage Tankers LLC, at all times material hereto, had as its directors Karamehmet-Williams, Tugrul Tokgoz, and Courtney Williams.  The same individuals acting on behalf of Advantage Tankers were effectively the management of Advantage Award Shipping LLC.

95.     At all times material hereto, the directors of Geden were Tugrul Tokgoz, who was also its CEO; and Mehmet Mat, who was also its CFO.

96.     The Defendants' abuse of process in the course of discovery proceedings in the Geden-Advantage litigation became manifest early on with the very first item of documentary discovery - a request for production of documents served on April 8, 2020. The Corporate Defendants responded to the 30 separate requests with an equal number of generalized stock objections to relevance and/or reasonableness and asserted they had previously provided voluminous documents, that were actually had been responses of Geden to discovery in aid of execution in another case.  On Plaintiff's motion, the objections were stricken, and the Court directed Defendants to provide proper answers and documents.

97.     It was after this order that Defendants, month after month, took their time to respond, without bothering to properly obtain an extension of time from Plaintiff or the Court. It became quickly manifest that Defendants were deliberately delaying production of documents and running the clock on Plaintiff to take advantage of the discovery cutoff date in the discovery Order.

Case ID: 230602605

98.     Instead of producing the specific documents requested, Defendants dumped over one million pages of non-responsive and useless documents after considerable delay of several months that required further motions to compel discovery filed in January 2023. After a hearing before the Court on March 3, 2022 on application of Plaintiff's Motion for sanctions, the Court awarded Plaintiff USD 16,905.50 on June 8, 2022 as costs and expenses incurred in compelling Defendants' compliance with their discovery obligations.

99.     It took Defendants nearly 12 months to respond to Plaintiff's First Request for Production of Documents that should have been produced within 2 months, at most.  Defendants, in delaying production of documents, took a calculated risk that their cycle of making frivolous objections, followed by Plaintiff's motion to compel, followed by a court hearing to rule on the motion, would stall the progress of the litigation and, in the end, discovery would be cut off by the date of the scheduling order.   In doing so, Defendants abused the process of responding to discovery, including the right to make objections and the right to respond within the delays permissible under the Pennsylvania Rules of Civil Procedure, and abused the process to vex and frustrate the orderly progress of the litigation.

100.    Even after the Court ordered sanctions as noted in ¶ 98 above, Defendants continued to fail to produce one of the most critical categories of documents that were demanded with the First Request for Production, namely the accounting records of Geden identifying the 7 transfers of proceeds from the purported sale of the 11 tankers as noted in Table IV in the foregoing.

101.    Defendants' failure to produce the accounting documents relating to the 7 transfers was either that these documents contained information adverse to Defendants, or the transactions were "off the books" and recorded in another "informal" record they maintained outside the Geden's accounting system.

Case ID: 230602605

102.    At all times material hereto, the documents requested from the Corporate Defendants were in the custody, possession and control of the Controlling Shareholding Family.

103.    Plaintiff's Third Request for Production of Documents, served on December 9, 2021, demanded the production of the 2015 annual account statements for a bank account held in the name of Geden at the London, UK branch of Citibank NA.   Defendants answered on January 24, 2023 that "Defendants are not in possession of any records responsive to this request."   This answer was false and Plaintiff, with due diligence, pursued motions to compel discovery, but again Defendants took advantage of the built-in delays in the mechanism of scheduling process of compelling discovery, and the delays engendered by the appointment of a Discovery Master, and the back-and-forth process of having discovery go through such an additional filter.  This resulted in the production of the Citibank Statements on September 27, 2022, *i.e.* with a delay of 9 months from the date the documents should have been produced.

104.    The gravamen of Defendants' response that renders their conduct an abuse of process is double.   First, because the response was false and an abuse of the Pennsylvania Rules of Civil Procedure that requires litigants to truthfully respond to discovery requests. Second, because it was purposely deployed in order to stall the progress of the litigation and prevent Plaintiff from accessing documentary evidence to which it is entitled.

105.    Once production of the 2015 Citibank statement was made, and it disclosed large transfers, such as those set out in the foregoing Table V, Plaintiff served a further (Sixth) Request for Production of Documents demanding the accounting records of Geden that recorded the underlying business transactions for these.  Again, Defendants' response was "Defendant Geden Holdings is not in possession of any documents responsive to this request."

106.     It defies elementary business sense and orthodox corporate accounting practice that Geden made massive transfers out of its London Citibank account, in the tens of millions of dollars, totaling more than USD 100,000,000.00 (One Hundred Million Dollars) and it does not

Case ID: 230602605

have records showing for what consideration or for what other reason these very large transfers were made. The non-production of the accounting records of Geden can only mean that production of the accounting documents being withheld is intended to prevent Plaintiff from obtaining the documentary proofs it needs to establish its claims in litigation.

107. Defendants have also represented to Plaintiff, through counsel since December 8, 2022, that they have requested Citibank in London with reference to the Geden address "...to release all documents and records (such as "swift notes", "transfer orders" and similar records) that identify the specific transactions effected through the Account (debits and credits), specifically identifying transferors and transferees and/or or payors/payees noted in the attached [2015 annual statement]." No such records have been released by Citibank and produced to Plaintiff to this date- one half year after their production was promised.

108. On June 14, 2022, Plaintiff gave notice pursuant to Pennsylvania Rules of Civil Procedure of its intent to take the deposition of Karamehmet-Williams in London, which the Defendants vehemently opposed. They first requested the Discovery Master for a protective order and, subsequently when Plaintiff filed a motion to compel Advantage Tankers to make her available for her deposition in London, UK where she resides, they opposed the motion to compel arguing that Karamehmet-Williams was not a director of Advantage Tankers.

109. In their opposition, Defendants represented that Advantage Tankers LLC was a member-managed company and it did not have directors managing it, and its sole director was Advantage Holdings, LLC. Defendants, to support their opposition to the deposition, put forth a declaration of the Chief Financial Officer, Mehmet Mat, "made subject to the penalties of 18 Pa. C.S.A.§ 4904 relating to unsworn falsification to authorities" supporting the false allegation that Advantage Tankers LLC was member-managed, and it did not have directors.

110. The opposition of Defendants notwithstanding, the Court ordered Karamehmet-Williams to be deposed remotely, via zoom, limiting the duration of her examination to two (2)

Case ID: 230602605

hours.   On December 22, 2022, Plaintiff took her deposition.   The Corporate Defendants' opposition to the deposition, which had caused a further 4-month delay in discovery, proved to be based on false representations to the Court. Karamehmet-Williams readily admitted that she continued in her role as a director of Advantage Tankers.   This made plain yet one more instance of Defendants' having abused the process of opposing motions to compel by filing false declarations under oath intended to frustrate discovery.

111.   During her deposition, Defendant Karamehmet-Williams was specifically asked about the transfers to Buselten noted in the foregoing at Table IV, and what business Geden had with this entity on the dates of these transfers.  Karamehmet-Williams testified she did not know.

112.   Defendant Karamehmet-Williams in the course of her deposition also gave false testimony under oath by denying any knowledge of Buselten.  However, on further examination in the same deposition, she was compelled to admit her ownership of 50% of the shares of Buselten, along with her mother Fatma Serife Karamehmet, who owned the remaining 50%, after she was confronted with public records in the UK.    These records, she admitted, had been filed through her lawyers in Turkey.

113.   In the course of the same deposition, Karamehmet-Williams, as prompted by the Corporate Defendants' counsel, refused to answer questions regarding her bank accounts that she and the Corporate Defendants contend was the source of the capital of Advantage Tankers LLC.

114.   Karamehmet-Williams, in the course of her deposition, denied having any knowledge regarding the role played by Geden Lines as the manager and operator of the fleet of vessels owned by Advantage Tankers that were previously managed and operated by Geden Lines.

115.   Following her deposition, Karamehmet Williams was required by Order of the Discovery Master in the Geden-Advantage litigation to answer 3 interrogatories.  The first required of her, since she had a controlling interest over Buselten, was to "state the underlying cause or obligations or reasons for [the USD 41,500,000 transfers of Geden Holdings Ltd. in 2015] as

Case ID: 230602605

reflected in the accounting records of Buselten Finance SA, whether said records are formal or informal, specifically citing same by date, ledger entry, and account name."   Karamehmet-Williams answered this interrogatory under oath stating that "Buselten Finance SA is an offshore company used for investments. It does not have any accounting records and it does not have any obligation to keep its records."  She also answered that the transfers were many years prior to her involvement.  Actually, the transfers were made in 2015 when Karamehmet-Williams authorized the transfers of these funds to Geden Holdings that were further transferred to the bank account of Buselten.

116.    In a further interrogatory submitted pursuant to an order of the Discovery Master in the Geden-Advantage litigation, Karamehmet-Williams was asked,  regarding the reference to the  "Controlling Shareholding Family" bareboat Charter of the ADVANTAGE AWARD, SPDBFL dated 29 April 2022,   to identify "with reference to specific records and documents, the estates, trusts, or legal representatives of which Mrs. Williams, her spouse and lineal descendants are beneficiaries, specifically noting the respective trust settlors, estates' administrators, and legal representatives  by name, address, and country." Karamehmet-Williams' answer failed to identify, "the estates, trusts, or legal representatives", thus completely evading Plaintiff's Interrogatory.

117.    In the course of the Geden-Advantage litigation, the Corporate Defendants failed to supplement their responses to discovery as they were required to do under Pa. R.C.P. No. 4007.4(2)(a) or (b).   They did not disclose that control over Geden had been taken over by Karamehmet-Williams and her mother, Fatima Serife Karamehet, with the transfer of its holding company, Buselten, to them some time in the middle of 2021.

118.    Upon information and belief, Defendants, in the course of the Geden-Advantage litigation, directed their attorneys to provide false information in response to discovery requests, and/or explicitly told them not to not update discovery responses when information was no longer accurate.  Plaintiff's information and belief is based on, but is not limited to, discovery events in

Case ID: 230602605

the course of the Geden-Advantage litigation. For example, on July 22, 2021, in the course of a discovery hearing specifically concerning Plaintiff's first request for the accounting records and source documents of the transfers to the corporate entities set out in Table IV above, Defendants' counsel represented to the Court and Plaintiff that these transfers, to his "understanding" were "equity distributions upward, to the extent that they want documents related to that, they had not been provided, and I don't think we would have any objections to that." *See* transcript of hearing on July 22, 2021, hereto attached as Exhibit 11, at 24:9-25; 25:1-2.   However, after Plaintiff pressed on for the production of these accounting records, Defendants, with whom opposing counsel was in consultation, responded in answering interrogatories that there were no accounting record whatsoever maintained by Geden in 2015 and the orders for the transfers in excess of USD 126,000,000 were made by "the shareholder" of Geden, and that Geden was essentially defunct in 2015.  This can be shown to be false because Geden continued to actively carry on business with chartered-in tonnage and generating accounting records. Indeed, Plaintiff's claim arises out of events that occurred in 2015 in connection with Plaintiff's business with Geden.  Moreover, in the course of discovery in the Geden-Advantage litigation, there were documents demanded that related to the ownership of the entities made defendant in these proceedings, and though the ownership structure changed in the middle of 2021, Defendants remained silent and failed to disclose these changes that rendered the responses to discovery provided earlier in the litigation false.

119.   In each and every instance identified in the foregoing allegations of Count III, Defendants perverted the process of responding to discovery such as raising of objections to documentary discovery, resisting motions to compel discovery, and providing objections and answers to interrogatories knowing such responses to be untruthful, or misleading.  They provided such responses to abuse the process of responding to discovery and implemented it as a tactical weapon to coerce a desired result which is not the legitimate object of the process.  Defendants

Case ID: 230602605

utilized the process of discovery to delay discovery, increase litigation costs, hide documents, "run the clock" to prevent completion of discovery by deadlines that the court had set, avoid answering discovery related correspondence of counsel and a myriad other vexatious tactics of which the foregoing allegations are only a small part.

120.    Plaintiff reserves the right to seek remedies for any continuing abuse of process that Defendants might cause in the existing and new litigation.

121.    The Court has an independent jurisdictional basis over the Defendants named in Count III of this complaint under the Pennsylvania Long Arm statute, 42 Pa. C S.§5322(a)(1)(i) and (3), for which service of process may be made outside the Commonwealth.  The acts of the Williams Defendants were committed by them having acted in the jurisdiction in connection with the Geden-Advantage litigation either in person or through the agency of the Corporate Defendants.   The Corporate Defendants may be served in the same manner as they were served in the Geden-Advantage Litigation.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests that process in due form of law issue against Defendants Gulsun Nazli Karamehmet-Williams and Courtney Bryan Williams ordering them to appear in the proceedings herewith commenced; and after due proceedings are had and this cause is adjudicated, the Court make a finding that said  Defendants  are liable to Plaintiff  for the judgment Plaintiff holds in the sum of  $3,479,152.69 together with interest and costs; and that the corporate veil of Geden, Advantage Award Shipping, LLC and Advantage Tankers LLC should be pierced, and the Williams Defendants should adjudged liable to Plaintiff  as the alter egos of the said corporate entities, in respect of the said judgment; and in addition or in the alternative, the Court, make an order that that the transfer of the motor tanker ADVANTAGE AWARD (ex - VALUE) to Defendant Advantage Award Shipping, LLC is fraudulent and void as to Plaintiff, and issue an order of execution against the M/T ADVANTAGE AWARD and any

Case ID: 230602605

right, claim or interest whatsoever that Advantage Tankers LLC and/or Advantage Award Shipping LLC may have in the said vessel either as owners of the said vessel or as her bareboat charterers, or participants in any joint ownership arrangement over the said vessel, including any limited liability company interest in business entities which are or purport to be said vessel's registered owner; and the Court adjudge that all Defendants and each of them are liable to Plaintiff for the sum of $3,479,152.69, together with interest and costs in accordance with the judgment of the High Court of Justice in London which has been recognized in Pennsylvania. Moreover, in respect of Plaintiff's Third Count of the above and foregoing Complaint, Plaintiff also requests that the Court make a finding and an Order that Defendants, in multiple instances in the Geden-Advantage litigation, committed abuse of process causing the costs of litigation to multiply and the Court's time to be wasted, causing Plaintiff to incur costs, expenses and damages in the sum of USD 500,000 that would not have otherwise been incurred but for the abuse of process by Defendants in the course of discovery, and for such other and further relief that the Court deems just, equitable and proper.

**HARDIN THOMPSON, PC**

BY: _____

Michael F. Schleigh, Esquire

-and-

**GAITAS & CHALOS P.C.**

BY: */s/ George A. Gaitas*

George A. Gaitas, Esquire
Federal Bar No. 705176
1908 N Memorial Way
Houston, Texas 77007
Tel: (281) 501-1891
Fax: (832) 962-8178
E-mail: gaitas@gkclaw.com
*Pro Hac Vice* application pending

DATED: June 26, 2023

Case ID: 230602605