**EXHIBIT 25**

FILED
10 OCT 2023 01:58 pm
Civil Administration
J. BOYD

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA

---

| | |
|---|---|
| ECLIPSE LIQUIDITY, INC. § § Plaintiff, § § - against - § § § GULSUN NAZLI KARAHMEHMET- § WILLIAMS; COURTNEY BRYAN § WILLIAMS; GEDEN HOLDINGS, LTD. § ADVANTAGE TANKERS, LLC and § ADVANTAGE AWARD SHIPPING,LLC. § § Defendants. § | JUNE TERM 2023 No. 02605 |

---

**PLAINTIFF'S SUR REPLY TO CORPORATE DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR PRELIMINARY OBJECTIONS**

Plaintiff Eclipse Liquidity, Inc. ("Plaintiff"), by and through its undersigned counsel, respectfully submits this Sur Reply to Geden Holdings, Ltd. ("Geden"), Advantage Tankers LLC ("Advantage Tankers") and Advantage Award Shipping LLC ("Advantage Award") (collectively, "Corporate Defendants") Reply Brief in Support of their Preliminary Objections (hereinafter the "Reply").

In replying to Plaintiff's Response, Corporate Defendants noticed that their Preliminary Objections did not address Plaintiff's abuse of process claim which is based on the *General Refractories Co. v. Fireman's Fund Insurance Co.*, 337 F.3d 297 (3d. Cir. 2003) case. This time around, they want to persuade this Court that the decision of the Third Circuit Court of Appeals in *General Refractories Co.* does not mean what it says, and it actually means what they argued with their Preliminary Objections, *i.e.* that a party in litigation responding to discovery is incapable of abusing process as a matter of law, no matter how egregious his conduct.

1

Corporate Defendants' counsel also argue that defendant Geden, that they purport to lawfully represent, was not properly served with process in Malta or elsewhere. However, on information and belief as provided herein, Plaintiff does not believe that Corporate Defendants' counsel is lawfully authorized to act on behalf of Geden.

### A. Plaintiff Accurately and Precisely has Stated the Standard for Abuse of Process by a Litigant Responding to Discovery and Has Adequately Pled the Requisite Facts

Corporate Defendants' Memorandum in Support of its Preliminary Objections did not even acknowledge the existence of *General Refractories Co.* Somehow, this major exposition of Pennsylvania common law governing the tort of Abuse of Process did not find its way in Corporate Defendants' briefing, and now they seek to deal with it. Nonetheless, there is nothing new in Corporate Defendants' Reply.

Corporate Defendants' Reply tries to recast an understanding of the well thought and supported principles of *General Refractories Co.* into the "responding to discovery" and "affirmative discovery" categories of its Memorandum of Law in Support of its Preliminary Objections ("D. Memo"). *See* Reply at pp. 1-4; D. Memo at p. 7.

However, these categories are nowhere to be found in *General Refractories Co.* Nor, are they found in any decision Corporate Defendants have cited. The district court ruling that was reversed by *General Refractories Co.*, actually rejected the "affirmative discovery" contention of the defendants in that case noting: "Defendants argue that the Complaint does not state a claim for abuse of process on which relief could be granted because the Complaint does not allege that they <u>affirmatively used process</u> to harm Plaintiffs." *General Refractories Co. v. Fireman's Fund Ins. Co.*, 2002 U.S. Dist. LEXIS 25324 at * 13 (E.D. Pa. Feb. 28, 2002) (emphasis added). The district court noted, quoting *Rosen v. American Bank*, 426 Pa. Super. 376, 627 A.2d 190, 192 (1993): "The word process as used in the tort of abuse of process has been interpreted broadly and encompasses

the entire range of procedures incident to the litigation process. Thus, it is broad enough to include discovery proceedings, the noticing of depositions and the issuing of subpoenas." *General Refractories Co.*, 2002 U.S. Dist. LEXIS 25324 at * 13.

The first step in Corporate Defendants' attempt to find a toehold in the text of the appellate decision that explains away what the Third Circuit held, is to interpret it as having emphasized "that the pleading must contain specific allegations "to satisfy the 'use of a legal process element of an abuse of process claim." Reply, p 2.

What the appellate court actually stated was: "The attorney appellees present an alternative reason as to why the District Court should have dismissed the Complaint. They contend that it did not contain allegations sufficient to satisfy the 'use of a legal process' element of an abuse of process claim, and that GRC could not cure this defect. Although it is not entirely clear, the District Court appears to have determined that the Complaint sufficiently alleged a use of legal process." See *General Refractories*, 2002 U.S. Dist. LEXIS 25324, 2002 WL 376923, at *4. We agree with the District Court." *General Refractories Co.*, 337 F.3d at 310. The Appellate Court also held that some of the uses of process alleged in the complaint did not constitute *use* of a legal process for purposes of an abuse of process claim such as: "failing to comply with court orders; failing to seek a stay; and failing to provide copies of subpoenaed documents; as well as contacting the asbestos litigation counsel." *Id.* Nevertheless, the Appellate Court noted, most of the allegations of abuse of process in the *General Refractories Co.* complaint did clearly involve the use of the legal process for abuse of process, purposes such as *e.g.* the attorney appellees filing various motions in an effort to obstruct discovery, knowingly making bogus claims of privilege in response to discovery requests, hiding documents, and making misrepresentations to opposing counsel and the court. *Id.* at pp. 310-311.

Case ID: 230602605
Control No.: 23083207

8975a

Even from a cursory review of Plaintiff's complaint (the "Complaint"), such acts on the part of Corporate Defendants are quite evident and have been already identified for the Court. For example, Corporate Defendants <u>filing of motions for the purpose of obstructing discovery</u> is specifically pled in the Complaint at ¶¶ 108, and is further discussed in Plaintiff's Memorandum of Law in Opposition to Preliminary Objections of Individual Defendants ("P. Memo") at pp. 12-13 and Exhibit 22 thereto; <u>knowingly making bogus claims of privilege in response to discovery requests</u> (Complaint, ¶ 109); Corporate Defendants' falsely claiming in sworn declarations that Karamehmet-Williams was not a director of Advantage Tankers, and that the said company did not have any directors and was "member-managed" (P. Memo, p. 13 and Exhibit 23 thereto); <u>hiding documents</u> (Complaint, ¶¶ 96-107; *see also* P. Memo at p. 40); making misrepresentations to opposing counsel and the Court (Complaint, ¶¶ 111-115, 117; P. Memo at pp. 39-40).

Finally in the Complaint at ¶119, Plaintiff summarized the acts of the Corporate Defendants that amounted to abuse of process:

> In each and every instance identified in the foregoing allegations of Count III, Defendants perverted the process of responding to discovery such as raising of objections to documentary discovery, resisting motions to compel discovery, and providing objections and answers to interrogatories knowing such responses to be untruthful, or misleading. They provided such responses to abuse the process of responding to discovery and implemented it as a tactical weapon to coerce a desired result which is not the legitimate object of the process. Defendants utilized the process of discovery to delay discovery, increase litigation costs, hide documents, "run the clock" to prevent completion of discovery by deadlines that the court had set, avoid answering discovery related correspondence of counsel and a myriad other vexatious tactics of which the foregoing allegations are only a small part.

In *General Refractories v Fireman's Fund Ins. Co.*, 337 F3d 297 (3d Cir. 2003), the court held that abuse of discovery for purposes of "harassment, draining resources, delaying payment and delaying litigation...if severe enough, could constitute perversions of the legal process". *Id.* at 308.

Case ID: 230602605
Control No.: 23083207

8976a

Corporate Defendants' anecdotal references to *York Group, Inc. v. Pontone*, 2013 U.S. Dist. LEXIS 196281 (W.D. Pa. May 22, 2013) and *Blatt v. Council Rock Taxpayers Ass'n*, 1995 U.S. Dist. LEXIS 13985 (E.D. Pa. Sep. 22, 1995) do not have any bearing whatsoever to the factual basis of Plaintiff's abuse of process claim. Unlike the defendant-counterclaimant in *Pontone*, Plaintiff has not brought his claim by a counterclaim in the same action. Nor is Plaintiff's abuse of process claim based upon such generalities as that of defendants-counterclaimants' in *Pontone* such as: "making false statements of fact, submitting untrue testimony, and misrepresenting the law" (*Id.* at * 39); "failing to comply with court orders" (*Id.* at *40); "[r]epeatedly filing vexatious motions (*Id.* at *41); generally that defendants "used 'discovery tactics' and sought to use legal process to gain confidential information" (*Id.* at * 42). For similar reasons, *Blatt v. Council Rock Taxpayers Ass'n*, 1995 U.S. Dist. LEXIS 13985 (E.D. Pa. Sep. 22, 1995) is inapposite. In *Blatt*, the two defendants to the abuse of process claims were on the same side of the civil action in which the purported abuse occurred, *i.e.* they were co-defendants of Plaintiff and not adverse to him. *Id.* at *16.

The Complaint identified precisely the conduct of Corporate Defendants in the course of discovery in the 2020 Action, which constituted abuse of process, and the ends towards which it was used by them as a tactical weapon to coerce a desired result which is not the legitimate object of the process.

### B. Counsel's Reply on Behalf Of Geden Holdings Ltd. Appears to be Unauthorized.

Corporate Defendants' counsel contends that the affidavit of service submitted by Plaintiff as to Geden Holdings, Ltd. in Malta was not adequate because the Complaint was not served on Geden in Valetta, Malta through Malta's Central Authority as required under the Hague Convention. (Reply at pp. 5-6). Malta is the country where Geden is incorporated.

5

In light of what Corporate Defendants' counsel argues about the validity of the service of process in Malta, Plaintiff instructed lawyers in Malta to look into the matter of the service of process on Geden. From these inquiries in Malta, Plaintiff was astounded to learn from the lawyers that it had instructed that Geden was judicially dissolved with effect from 16th September 2016, pursuant to a winding up order made by the First Hall Civil Court in, Malta on the 15th of June 2017. The insolvency status of Geden is on public record in the Malta Business Registry, a copy of which is attached as **Exhibit 1** to the Affidavit of Attorney George A. Gaitas. (hereinafter "Gaitas Affidavit"). Accordingly, as discussed below, Plaintiff does not believe that Corporate Defendants' counsel is legally authorized to act on behalf of Geden.

A copy of the Order of the Maltese Court whereby Geden was put in liquidation is attached to the Gaitas Affidavit as **Exhibit 2**. An official English translation of the Order in Exhibit 2 to the Gaitas Affidavit is in the process of being prepared to supplement this sur-reply and it is anticipated to be on hand within forty-eight (48) hours and will be filed with the Court to supplement same. Pursuant to the Court Order contained in Exhibit 2, the Maltese court appointed Mr. Paul Darmanin as liquidator. *Id.* From the contents of the Maltese Court Order, it appears that the petitioner for the liquidation of Geden is identified in the attached Exhibit 2 as Samsung C&T Deutschland and GMBH, and it was represented by Advocate Mr. Louis Cassar Pullicino. *Id.* at preamble. It also appears that Geden was represented in the same proceedings by legal counsel, and both the petitioner and Geden had an opportunity to file proofs and submit arguments in writing.

<u>By reason of its status as a Maltese company in judicial liquidation, Geden must be represented in court proceedings, after it is ordered in liquidation, by its liquidator.</u> (emphasis added). This is so because the liquidation order affects the capacity of the entity under liquidation,

Case ID: 230602605
Control No.: 23083207

8978a

and as a result, it may not be able to engage in juridical acts through its directors, including appearing through counsel in legal proceedings, contracting for its representation by providers of legal services, etc. Plaintiff is advised that similarly, a Maltese company in liquidation, may not have the capacity to act even through its appointed liquidator until the nominated liquidator has been nominated of his appointment and he has accepted his appointment with the Registrar of Companies.

Plaintiff is not certain at this time that the liquidator appointed by the Court in Malta, Mr. Darmanin, actually accepted his appointment. Indeed, there appears to be substantial doubt that he did. This and related facts remains to be ascertained from a search of Maltese government records, which is already underway. Notwithstanding this uncertainty, the legal status of Geden as a company in liquidation has not changed.

Plaintiff, as a creditor of Geden, may need to examine whether it is open to it, as a creditor albeit not a party to the Maltese proceedings, to appoint a liquidator should it turn out that Mr. Darmanin indeed has resigned as liquidator, or he has never accepted his appointment. This inquiry is also underway.

As a result of the foregoing, and particularly the status of a Maltese Company in liquidation by court order issued by a court of its country of incorporation, it is unknown whether Mr. Darmanin has authorized any lawyers or law firm in the United States to act on behalf of Geden in any court proceedings in either state or federal Courts.

Accordingly, the representation of Geden in connection with the Civil Action styled *Eclipse Liquidity, Inc. against Gulsun Nazli Karamehmet-Williams; Courtney Bryan Williams; Geden Holdings, Ltd.; Advantage Tankers, LLC and Advantage Award Shipping, LLC*, with Case Number

Case ID: 230602605
Control No.: 23083207

8979a

230602605, by attorneys and law firms purporting to be authorized to do so, is at issue for purposes of the Corporate Defendants' Preliminary Objections which are opposed hereunder.

Therefore, Plaintiff respectfully requests the Court not to make any ruling, as to the Corporate Defendants' Preliminary Objections, and to stay all other related pending motions, decisions and rulings until it can be ascertained that the attorneys that have filed the Preliminary Objections on behalf of Geden were, and continue to be authorized attorneys acting on behalf of Geden. To this end, Plaintiff respectfully requests the Court to reserve its ruling for the next sixty (60) days following the filing of this sur-reply to allow sufficient time for Plaintiff to locate the relevant court findings in Malta, and ascertain whether Geden has validly authorized attorneys Cozen O'Connor to act on its behalf in these proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to: (1) Overrule Corporate Defendants' Objections as unsupported and unfounded regarding the issue they address under subheading "A", *i.e.* Whether Plaintiff has correctly stated the holding of the Third Circuit's decision in *General Refractories Co. v. Fireman's Fund Insurance Co.*, 337 F.3d 297 (3d. Cir. 2003) as applicable to its abuse of process claim; (2) to stay its ruling for 60 days on the issue raised under subheading "B," whether Geden Holdings, Ltd. was properly served in Malta to allow Plaintiff sufficient time to ascertain whether Corporate Defendants' attorneys in these proceedings have authority to represent Geden and file Preliminary Objections on its behalf.

Date: October 10, 2023                                                      HARDIN THOMPSON, PC

                                                          By:   /s/ Michael F. Schleigh, Esq.
                                                                Michael F. Schleigh, Esq.
                                                                E-mail: mschleigh@hardinlawpc.net
                                                                -and-

8

Case ID: 230602605
Control No.: 23083207

8980a

GAITAS & CHALOS P.C.

/s/ George A. Gaitas
George A. Gaitas
Federal Bar No. 705176
1908 N Memorial Way
Houston, Texas 77007
Tel: (281) 501-1891
Fax: (832) 962-8178
E-mail: gaitas@gkclaw.com
(Admitted *Pro Hac Vice*)