**EXHIBIT 28**

Received 4/8/2024 10:30:52 AM Superior Court Eastern District

Filed 4/8/2024 10:30:00 AM Superior Court Eastern District
587 EDA 2024

IN THE SUPERIOR COURT OF PENNSYLVANIA
EASTERN DISTRICT

Liquidator's Standing
Philadelphia County Civil Division - 200300816

------------------------------------------------------------x
**ECLIPSE LIQUIDITY, INC.** §
§
       **Plaintiff-Appellant,** §
§
v. §
§
§
**GEDEN HOLDINGS, LTD.,** §
**ADVANTAGE TANKERS,** §    **587 EDA 2024**
**LLC, and ADVANTAGE** §
**AWARD SHIPPING, LLC** §
§
       **Defendant-Appellees** §
§
**APPEAL OF: REUBEN BALZAN,** §
**COURT-APPOINTED LIQUIDATOR** §
**FOR GEDEN HOLDINGS, LTD.** §
------------------------------------------------------------x

**RESPONSE OF REUBEN BALZAN LIQUIDATOR OF GEDEN HOLDINGS LTD.
TO ORDER TO SHOW CAUSE ISSUED ON MARCH 25, 2024**

Appellant Geden Holdings, Ltd. (In Liquidation) lawfully represented by its court-appointed Liquidator Reuben-Balzan, and through undersigned counsel, respectfully submits its response to this Honorable Court's Order to Show Cause issued on March 25, 2024:

    **I.**     **Procedural History**

On January 23, 2024, the Philadelphia County Court of Common Pleas, the Honorable Paula Patrick presiding, made a summary judgment order in favor of all of the named defendants dismissing the action of Plaintiff against them for lack of subject matter jurisdiction. On November 8, 2023, in the Court of Common Pleas related case No. 23002605, plaintiff Eclipse Liquidity, Inc. filed a motion requesting the Court to stay all pending proceedings in the said related action and

1

in the present action; and to order the defendants' attorneys who had entered appearances in both, to prove their authority to represent Geden Holdings, Ltd. ("Geden"). A copy of the said motion is attached as Exhibit 4 to the Declaration of Adv. Reuben Balzan, (hereinafter "Balzan Declaration"). The predicate for the said motion was that Geden Holdings, Ltd., a Maltese company, that had been declared insolvent by order of a competent Maltese Court since June 15, 2017, had been participating in the litigation of both cases through its former officers and directors and shareholder, even though, as Plaintiff learned in October 2023, it had been declared insolvent in Malta, where it had been incorporated, was in dissolution, and entirely lacked legal capacity to participate in legal proceedings, and could act only by its lawfully appointed liquidator. Nonetheless, the counsel who appeared in both proceedings acted as if they were being instructed by a corporation in good standing. With its November 8, 2023 motion, Plaintiff requested the Court of Common Pleas for a stay of all pending proceedings until the attorneys purporting to represent Geden disclosed their authority and the good standing of Geden. On December 4, 2024, the First Hall Civil Court in Malta, on application of Plaintiff, appointed Dr. Reuben Balzan, an advocate in the Republic of Malta, as liquidator of this Maltese company, as the previously appointed liquidator had been relieved of his appointment by the Maltese court on his own application. Defendants in both actions opposed Plaintiff's November 8, 2023 motion, and Plaintiff on December 14, 2023, filed its Reply to Defendants' Opposition.

  The Court of Common Pleas did not rule one way or another on the outstanding motion. It simply dismissed the case on summary judgment.

  The Balzan Declaration which is hereto attached sets out the history of the insolvency of Geden, his appointment as liquidator, and the reasons why he, as court-appointed liquidator, is the only lawfully authorized person to act for and on behalf of Geden Holdings, Ltd. (In Liquidation).

2

## II. Legal Standard

The governing rule of procedure is Pa. R.A.P. 501 that provides:

Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom.

Note: Whether or not a party is aggrieved by the action below is a substantive question determined by the effect of the action on the party, etc.

"A prevailing party is not 'aggrieved' and[,] therefore, does not have standing to appeal an order that has been entered in his or her favor." *Epstein v. Saul Ewing, LLP*, 7 A.3d 303, 314 (Pa. Super. 2010).

## III. Argument

A. <u>Geden Holdings, Ltd (In Liquidation) was not a prevailing party in the proceedings below</u>

"Whether a party has standing to appeal is determined on a case-by-case basis and, if a person is determined aggrieved, he has standing." *Chiro-Med Rev. Co. v. Bureau of Workers' Comp.,* 908 A.2d 980, 984 (Pa. Cmwlth. 2006). "A prevailing party is not 'aggrieved' and therefore, does not have standing to appeal an order that has been entered in his or her favor." *Ratti v. Wheeling Pittsburgh Steel Corp.*, 2000 PA Super 239, 758 A.2d 695, 700 (Pa. Super. 2000). However, the question that needs to be answered is what is the legal sense of "prevailing party" in this context, and whether Geden Holdings Ltd (In Liquidation), is a prevailing party.

In *Commonwealth v. Donahue*, 626 Pa. 437, 98 A.3d 1223 (2014), Mr. Justice Castille in his concurring opinion noted with reference to the status of an appellant as a prevailing party:

"Neither the RTKL nor the Pennsylvania Rules of Appellate Procedure purport to foreclose the appeal of a "prevailing" party -- the ultimate "winner" of a dispute -- upon that ground alone…..Meanwhile, the rule of appellate procedure governing which persons may take or participate in appeals -- Rule 501 -- states that, "any party who is aggrieved by an appealable order . . . may appeal therefrom." According to the

3

commentary to Rule 501, "[w]hether or not a party is aggrieved by the action below is a substantive question determined by the effect of the action on the party, etc." Pa.R.A.P. 501 & note. Reading the relevant provisions together, it is apparent that the dispositive concern is whether a party is "aggrieved," which the note to Rule 501 directs is a substantive question determined "by the effect of the action on the party, etc."

I acknowledge that some decisional law may be read to suggest broadly that a prevailing party is, on that ground alone, not aggrieved and has no standing to appeal. (internal citations and notes omitted).

This matter illustrates the difficulty with the notion of a bright line rule that a "prevailing" party or ultimate "winner" may not appeal a decision that otherwise directly harms its interests."

Id., 626 Pa.469-471. (Internal citations and notes omitted).

The case on appeal before this court is an instance in which Geden Holdings, Ltd. may appear to be a prevailing party, but Geden Holdings Ltd. (In Liquidation) is not and, indeed it is a losing party. Based on the facts and events as stated in the attached Declaration of Adv. Reuben Balzan, the party(ies) that appeared in the proceedings below from which appeal is taken, claiming to be the Maltese Company Geden Holdings, Ltd., were impostors. The company named Geden Holdings, Ltd. that appeared in the litigation seem to be individuals formerly serving as officers, directors and shareholders of Geden who were instructing Plaintiff's opposing counsel to appear for and on behalf of Geden Holdings, Ltd. However, they did not have legal capacity, Geden having been adjudicated insolvent by a Maltese court. These facts were brought to the attention of the Court of Common Pleas with Plaintiff's motion dated November 8, 2024, attached to the Balzan Declaration as Exhibit. 4.

A judgment of the court obtained by an impostor is not binding on the corporation which was impersonated by the impostor. See generally: *Sino Clean Energy, Inc. v. Seiden (In re Sino Clean Energy, Inc.)*, 901 F.3d 1139, 1141-1142 (9th Cir. 2018). The only party that can act on behalf of a company in the event of its judicial dissolution is the court appointed liquidator. See

4

e.g., *Maleski by Chronister v. Corporate Life Insurance Co.*, 163 Pa. Commw. 36, 41-42 641 A.2d 1 (1994).

The remaining party-defendants in the action below appear to have been well aware of the "different" status of Geden Holdings Ltd. in the proceedings. They renounced the remedy of summary judgment on behalf of Geden based on an argument that Geden Holdings Ltd. was a nominal party. See, Action No. 230602605; Defendants' Response In Opposition To Plaintiff's Motion For, Inter Alia, A Stay Of These Proceedings, Docketed 29 November 2023, at pp. 3, 9. In effect, they urged the court to rule on the summary judgment motion in their favor irrespective of the status of Geden Holdings, Ltd. as a company in liquidation.

Appellant countered the arguments with its reply docketed 14 December 2023, and thereby challenged Defendants to prove their authority to act on behalf of Geden Holdings, Ltd., a company in liquidation in Malta. See, Action No. 230602605, Reply of Plaintiff To Defendants' Brief In Opposition To Plaintiff's Motion For Inter Alia, A Stay of These And Related Proceedings at pp. 7-8. A copy of the said Reply is attached to Balzan Declaration as Exhibit 6.

Having established that the persons claiming to be Geden Holdings Ltd. that appeared in the litigation were impostors, and that Geden Holdings, Ltd. (In Liquidation) was not a prevailing party in the summary judgment order of the court below, what remains to be shown is that Geden Holdings, Ltd. (In Liquidation) has the status of an aggrieved party that allows it to appeal.

The Pennsylvania Supreme Court in *In re Senior Health Insurance Co. of Pennsylvania in Rehabilitation*, No. 71 MAP 2021, 2023 Pa. LEXIS 1751 (June 20, 2023), notes:

> "Issues concerning a party's standing present pure questions of law. Johnson, 8 A.3d at 326. Accordingly, our standard of review is de novo and our scope of review is plenary. Id.
>
> Even though Regulators were granted Intervenor status by the Commonwealth Court, they nevertheless must demonstrate standing as to the particular issues that

they wish to raise on appeal. See Citizens Against Gambling Subsidies, Inc. v. Pennsylvania Gaming Control Board, 916 A.2d 624, 628 (Pa. 2007) ("Standing to appeal generally requires both status as a party and aggrievement."). To do so, they must demonstrate they are aggrieved, which requires a showing that the litigant has a substantial, direct, and immediate interest in the matter. To have a substantial interest, the concern in the outcome of the challenge must surpass the common interest of all citizens in procuring obedience to the law. An interest is direct if it is an interest that mandates demonstration that the matter caused harm to the party's interest. Finally, the concern is immediate if that causal connection is not remote or speculative. The keystone to standing in these terms is that the person must be negatively impacted in some real and direct fashion."

There can be no doubt that Geden Holdings Ltd. is a party in the litigation of both the 2020 and 2023 commenced cases. "The term 'party' is not defined in the Pennsylvania Rules of Appellate Procedure. However, under the Judicial Code, a party is defined as a "person who commences or against whom relief is sought in a matter. 42 Pa.C.S. § 102."" *Guthrie Clinic v. Meyer, 162 Pa. Commw.* 152, 638 A.2d 400, 404 (1994). Clearly, Geden Holdings Ltd. fits in this broad sense of the definition. Geden Holdings Ltd. (In Liquidation) is aggrieved because the parties who appeared before the Court of Common Pleas claiming to be Geden Holdings, Ltd. were not the corporate entity in liquidation, but unauthorized persons purporting to act with the authority of Geden Holdings, Ltd. As a result of the court dismissing the action on summary judgment, the liquidator of Geden Holdings, Ltd. (In Liquidation), is prevented from pursuing claims to recover from the remaining parties named defendant in the above captioned action, and in action No. 230602605.

**WHEREFORE**: Appellant Reuben Balzan acting as court-appointed liquidator respectfully prays this honorable court should allow this appeal to proceed on its substantial merits.

Date: April 8, 2024                                                                             HARDIN THOMPSON, PC

                                                                                              By:   /s/ Michael F. Schleigh, Esq.
                                                                                                    Michael F. Schleigh, Esq.

E-mail: mschleigh@hardinlawpc.net

-and-

GAITAS & CHALOS P.C.

/s/ George A. Gaitas
George A. Gaitas
Federal Bar No. 705176
1908 N Memorial Way
Houston, Texas 77007
Tel: (281) 501-1891
Fax: (832) 962-8178
E-mail: gaitas@gkclaw.com

(Admitted *Pro Hac Vice*)