**EXHIBIT 29**

Received 4/8/2024 10:30:52 AM Superior Court Eastern District

Filed 4/8/2024 10:30:00 AM Superior Court Eastern District
587 EDA 2024

IN THE SUPERIOR COURT OF PENNSYLVANIA
EASTERN DISTRICT

---------------------------------------------------------------x
ECLIPSE LIQUIDITY, INC. §
　§
**Plaintiff-Appellant,** §
　§
v. §
　§
　§
　§
GEDEN HOLDINGS, LTD., §
ADVANTAGE TANKERS, § **587 EDA 2024**
LLC, and ADVANTAGE § Philadelphia County Civil Division
AWARD SHIPPING, LLC § 200300816
　§
　§
　§
**Defendant-Appellees** §
　§
APPEAL OF: REUBEN BALZAN, §
COURT-APPOINTED LIQUIDATOR §
FOR GEDEN HOLDINGS, LTD. §
---------------------------------------------------------------x

## DECLARATION OF ADVOCATE REUBEN BALZAN

1.　My name is Reuben Balzan, and I am a citizen of the Republic of Malta where I have been duly licensed to practice law since 1994. I hold a law degree from the University of Malta and I am qualified to practice law in all the courts in Malta. I am well acquainted and familiar with Maltese Companies Law. My practice is in commercial law and includes advising and acting for and/or against corporate entities. My practice has included the collection of delinquent corporate debt and accounts. I have served on several occasions as court-appointed liquidator for Maltese companies that have been adjudicated insolvent by the courts of Malta. One of these companies is Geden Holdings, Ltd., a Maltese company which was adjudicated insolvent by order of the First Hall Civil Court on June 15, 2017. The original application to declare that company insolvent No: 810/2016 had been filed by Samsung C&T Deutschland Gmbh in 2016

by reason of the repudiation by Geden Holdings Ltd. of a number of charter party contracts that Geden Holdings had for a number of vessels that were owned by Samsung.

2.  After a contested hearing where both, the applicant for the insolvency petition and Geden Holdings. Ltd. were duly represented by their respective advocates, the First Hall Civil Court made an order whereby it adjudicated Geden Holdings Ltd. insolvent. A copy of the said order with translation in English is hereto attached as Exhibit 1.

3.  The liquidator who was appointed over Geden Holdings Ltd. by the Court on the occasion of adjudication of insolvency was an accountant, Mr. Paul Darmanin, who worked at the time with the international accounting firm of Deloitte. See attached Exhibit 1.

4.  I have learned from the Maltese Court records I have reviewed, that Mr. Darmanin ultimately requested the court to relieve him of the obligations of his appointment as liquidator of Geden because the persons who were formerly officers of that company and in the employ of its beneficial owners were unwilling to provide Mr. Darmanin copies of the accounting records of Geden Holdings, Ltd, and otherwise declined to cooperate with him in administering the estate of this insolvent Maltese company. Mr. Darmanin's petition for relief was granted by the Maltese Court on September 19, 2018. A copy of the Court order allowing Mr. Darmanin to withdraw as liquidator, and its translation in English are hereto attached as Exhibit 2. As a result, Geden Holdings Ltd no longer had a liquidator appointed to administer its affairs but, nevertheless remained insolvent and without any administration. Under Maltese law, once a company is adjudicated insolvent it loses its legal capacity to act by or through its former officers, directors or shareholders. The only way an insolvent company can act is by and through a liquidator appointed by the Court.

5. On December 1, 2023, Eclipse Liquidity Inc. a judgment creditor of Geden Holdings Ltd. petitioned the First Hall Civil Court in Malta to appoint a liquidator. The Court heard the petition of Geden Holdings Ltd. and granted it, and by its order, I was appointed Liquidator of Geden Holdings Ltd. on December 4, 2023. A copy of the court order appointing me as the liquidator of Geden Holdings, Ltd. is hereto attached, together with its translation in English, and correspondence as Exhibit 3.

6. Upon receiving the order for my appointment, I went through the records of the Court that had adjudicated the insolvency of Geden Holdings Ltd, το determine the status of the insolvency and consider whether I would accept my appointment.

7. Shortly after my appointment as liquidator I was contacted by the law firm of Dingli & Dingli who wanted to know if I had accepted my appointment and advised that one of the judgment creditors of Geden Holdings Ltd. wanted me to look into transactions that were purportedly made in the name of Geden Holdings, Ltd. after its adjudication of insolvency. They advised that their client Eclipse Liquidity Inc. was aware of "Geden Holdings Ltd." having actively participated in legal proceedings in several jurisdictions, indeed in the United States, and in the United Kingdom, had posted cash security for the release of vessels from arrest, had negotiated settlements of claims, and had paid the fees of lawyers, solicitors, and attorneys at law in a number of jurisdictions even in 2020 when Geden Holdings Ltd. was a duly named defendant and was represented by attorneys, in actions brought by Eclipse Liquidity, Inc. This state of affairs seemed difficult for me to comprehend because Geden Holdings Ltd. had lost its capacity to enter into such transactions after 2017 by reason of its adjudication of insolvency, that ended its corporate capacity to enter into any kind of a juridical act. This suggested that whoever was claiming to be Geden Holdings Ltd. in these transactions and, indeed in various court proceedings

could not have been Geden Holdings Ltd. and was using the name of that company as a subterfuge to commit fraud or other unlawful acts.

8. I further discussed these things with the attorneys who represented Eclipse Liquidity Inc. in these proceedings in Pennsylvania who advised that they had filed a motion in the Court of Common Pleas in Pennsylvania in action sub num. 230602605 requesting the Court to stay all proceedings in this and in the related ongoing action in the 2023 filed Court of Common Pleas action sub num. 230602605 in which Geden Holdings Limited had been named defendant and had engaged in litigation. With its motion Eclipse Liquidity Inc., in that action alleged that the party(ies) claiming to be Geden Holdings Ltd., were impersonating the company and were impostors, and requested the Court to stay such proceedings until the attorneys who represented Geden Holdings Ltd. provided proof of their instructions to act on behalf of Geden Holdings, Ltd. A copy of the said motion of Eclipse Liquidity Inc is hereto attached as Exhibit 4.

9. I was astounded to learn from the attorneys for Eclipse Liquidity, Inc. that the Court of Common Pleas had upheld motions to dismiss put forth by Geden Holdings Ltd. and its co-defendants in light of the clear warning that the party claiming to be Geden Holdings Ltd. was an impostor. See Reply of Eclipse Liquidity Inc. hereto attached as Exhibit 5.

10. I have made a thorough search of the records of the court in Malta which adjudicated Geden Holdings Ltd was insolvent, and I have not found any records granting permission to any person(s) to represent Geden Holdings, Ltd. in any court or other proceedings anywhere as its attorneys or other representatives.

11. My predecessor liquidator Mr. Paul Darmanin had never accepted his appointment as a liquidator of Geden Holdings Ltd. and he was, accordingly, without power to appoint any

attorneys, lawyers, solicitors or other legal representatives to represent Geden Holdings Ltd. in any legal proceedings.

`      12.     I am the only person lawfully authorized to act for and on behalf of Geden Holdings, Ltd. by virtue of my office as court-appointed liquidator for this Maltese company.

       13.     From my review of the claims of Eclipse Liquidity Inc. in the Court of Common Pleas suits in cases 200300816 and 230602605, I note that: (1) Geden Holdings Ltd. is a judgment debtor of Eclipse Liquidity, Inc. under judgment of the High Court Commercial Division in London in action No. CL-2017-000200 (2) the judgment of the High Court in London has been recognized by the Court of Common Pleas, Philadelphia County in case No. 171000196 filed on December 21, 2017, for USD $3,447,519.91 together with interest; (3) Eclipse Liquidity has brought suit to enforce its judgment against Geden Holdings Ltd; Advantage Tankers LLC; and Advantage Award Shipping, LLC as successor corporations and fraudulent transferees of assets of Geden Holdings, Ltd.; and (4) Eclipse Liquidity has brought suit to enforce its judgment against Geden Holdings Ltd; Advantage Tankers LLC; and Advantage Award Shipping, LLC; and also Gulsun Nazli Karamehmet-Williams and her husband Courtney Bryan Williams as alter egos of the said corporate entities-made-defendants alleged to be successor corporations of Geden Holdings, Ltd.

       14.     To the extent that the Court of Common Pleas granted a motion brought in the name of Geden Holdings, Ltd. by parties impersonating the said Maltese Corporate entity of which I am the liquidator, I have authorized the attorneys of Eclipse Liquidity, Inc. to appeal the above mentioned judgments/orders of the Court of Common Pleas because Geden Holdings Ltd. (In Liquidation) is aggrieved because far from being the prevailing party under the judgments /orders of the Court of Common Pleas in cases 200300816 and 230602605, it has been made the losing

party as it is thereby prevented from recovering for the benefit of the creditors of Geden Holdings, Ltd. (In Liquidation) assets that have been improperly stripped off Geden Holdings, Ltd. to the detriment of its creditors.

15. For these reasons I have authorized the attorneys of Eclipse Liquidity, Inc. to act on behalf of Geden Holdings, Ltd. in Liquidation to take the appeals to the Pennsylvania Superior Court in cases 200300816 and 230602605. A copy of my authorization to the said attorneys is hereto attached as Exhibit 6.

16. I understand that statements made in this declaration are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Dated: Valletta, Malta
April 2, 2024

_____
Reuben Balzan