**<u>EXHIBIT 30</u>**

Filed 04/26/2024

| | |
|---|---|
| ECLIPSE LIQUIDITY, INC. | :   IN THE SUPERIOR COURT OF |
| | :         PENNSYLVANIA |
| | : |
| v. | :   Philadelphia County Civil |
| | :   Division |
| | :   200300816 |
| GEDEN HOLDINGS, LTD, ADVANTAGE | : |
| TANKERS, LLC, AND ADVANTAGE | : |
| AWARD SHIPPING, LLC | : |
| | :    No. 587 EDA 2024 |
| | : |
| APPEAL OF: REUBEN BALZAN, | : |
| COURT-APPOINTED LIQUIDATOR FOR | : |
| GEDEN HOLDINGS, LTD. | : |

## ORDER

Appellant, Reuben Balzan, Court-Appointed Liquidator for Geden Holdings, Ltd. ("Geden"), one of the defendants below, appeals from the January 24, 2024 order that granted summary judgment in favor of Geden as well as the other defendants and dismissed the action against them for lack of subject matter jurisdiction.

"Except where the right of appeal is enlarged by statute," only a "party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom." Pa.R.A.P. 501. "A party is 'aggrieved' when the party has been adversely affected by the decision from which the appeal is taken." *In re Int. of K.C.*, 156 A.3d 1179, 1182 (Pa. Super. 2017). "A prevailing party is not 'aggrieved' and[,] therefore, does not have standing to appeal an order that has been entered in his or her favor." *Epstein v. Saul Ewing, LLP*, 7 A.3d 303, 314 (Pa. Super. 2010). Here, the order granted summary judgment in favor of Geden and the other defendants below. Therefore, Geden is a prevailing party, and Appellant lacks standing to appeal the order entered in Geden's favor.

By Order of March 25, 2024, Appellant was directed to show cause why he has standing to appeal the order. Although Appellant filed a response to the show-cause order, the response is legally insufficient to support Appellant's standing to appeal the order. Accordingly, the appeal is **DISMISSED**.

PER CURIAM