**<u>EXHIBIT 31</u>**

Received 5/4/2024 9:29:26 AM Supreme Court Eastern District
Filed 05/28/2024 Supreme Court Eastern District
176 EAL 2024

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

**REUBEN BALZAN, COURT-APPOINTED LIQUIDATOR OF GEDEN HOLDINGS, LTD**

Petitioner

**GEDEN HOLDINGS, LTD; ADVANTAGE TANKERS, LLC;ADVANTAGE AWARD SHIPPING LLC and ECLIPSE LIQUIDITY, INC.**

Respondents

**PETITION FOR ALLOWANCE OF APPEAL**
**Tentative docket No: 86 ET 2024**

**PETITION  FOR ALLOWANCE TO APPEAL ORDER OF THE SUPERIOR COURT**

Appeal from the Order of the Superior Court of Pennsylvania in  586 EDA 2024 dated April 26, 2024 dismissing the appeal of Geden Holdings Ltd. (In liquidation) by and through its court appointed liquidator Reuben Balzan for lack of standing, against the Order of the Court of Common Pleas Philadelphia County Civil Division No. 200300816, entered on  January 23, 2024.

George A. Gaitas
Gaitas & Chalos, P.C.
1908 Memorial Way
Houston, Texas 77057
1-281-501-1800

Jonathan M. Chalos
Gaitas & Chalos, P.C
1908 Memorial Way
Houston, Texas 77057
1-281-501-1800

Michael Schleigh
Hardin Thomson, P.C.
Wells Fargo Building
123 South Broad Street, Suite 2235
Philadelphia, PA 19109
(267) 459-8366

## **TABLE OF CONTENTS**

Table of Citations ……………….……………………..…………………………………...3

Reference to the Orders below………………….……………………………………………4

Text of the Order in question……………………….……………………………………..….5

Questions Presented for Review…………………….…………………………………………6

Statement of place of raising or preservation of the issues……………………………………..6

Statement of the case………………….……………………………………………………...7

Reasons relied on for allowance of the appeal and references to legal authority………………8

Conclusion…………………….…………………………………………………..…………..10

Certificate of compliance with word limitation…………………………………...…………..12

Certificate Of Service………………….……………………………………………………13

Certificate of Compliance with Pennsylvania Public access policy……………………………15

Appendices…………………….…………………………………………………………16

Appendix A – Docket Sheet of the Superior Court

Appendix B- Order of the Court of Common Pleas

Appendix C- Opinion of the Court of Common Pleas Pursuant to Pa. R.A.P. 1925

Appendix D- Superior Court Order dated April 26, 2024 dismissing appeal

Appendix E- Superior Court Order dated May 8, 2024 denying re-argument

## <u>TABLE OF CITATIONS</u>

<u>Cases:</u>

*Brittain v. Hope Enterprises Foundation*, 163 A.3d 1029 (Pa. Super. 2017)……………………9

*Commonwealth v. Donahue*, 626 Pa. 437 A.3d 1223 (2014)………………………...…………9

*Danville, H. & W. R. Co. v. Rhodes*, 180 Pa. 157 (1897)………………………………………8

*Epstein v. SaulEwing, LLP*, 7 A.3d 303 (Pa. Super. 2010)………………………………….…5

*Gliwa v. United States Steel Corp.*, 322 Pa. 225 (1936)………………………………………8

*HSBC Bank USA v. Mid County Resources*, 36 Pa. D. & C.5th 473 (C.P. 2014)……………………...…9

*In re Int. of K.C.*, 156 A.3d 1179, 1182 (Pa. Super. 2017)………………………………………5

*Sino Clean Energy, Inc. v. Seiden (In re Sino Clean Energy, Inc.)*,
901 F.3d 1139 (9th Cir. 2018)………………………………………………………...…9

<u>Statutes:</u>

Pa.R.A.P. 501……………………………………………………………………*passim*

## <u>REFERENCE TO THE ORDERS BELOW</u>

- The Order of the Superior Court dated April 26, 2024 dismissing appeal is attached to his petition as Appendix D.

- The Order of the Superior Court dated May 9, 2024 denying reargument is attached to this petition as Appendix E.

- The Order and Opinion of the Court of Common Pleas are attached to this petition respectively as Appendix B and C Respectively.

- The final Order of the Court of Common Pleas, Philadelphia County (Paula Patrick, J.) which is the subject of this petition stated:  "It is ordered that this action is dismissed for lack of subject matter jurisdiction.

- The Order of the Superior Court that is the subject of this petition states as follows: Although Appellant filed a response to the show-cause order, the response is legally insufficient to support Appellant's standing to appeal the order. Accordingly, the appeal is DISMISSED."

## TEXT OF THE ORDER IN QUESTION

Appellant, Reuben Balzan, Court-Appointed Liquidator for Geden Holdings, Ltd. ("Geden"), one of the defendants below, appeals from the January 24, 2024 order that granted summary judgment in favor of Geden as well as the other defendants and dismissed the action against them for lack of subject matter jurisdiction.

"Except where the right of appeal is enlarged by statute," only a "party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom." Pa.R.A.P. 501. "A party is 'aggrieved' when the party has been adversely affected by the decision from which the appeal is taken." ***In re Int. of K.C.***, 156 A.3d 1179, 1182 (Pa. Super. 2017). "A prevailing party is not 'aggrieved' and[,] therefore, does not have standing to appeal an order that has been entered in his or her favor." ***Epstein v. SaulEwing, LLP***, 7 A.3d 303, 314 (Pa. Super. 2010). Here, the order granted summary judgment in favor of Geden and the other defendants below. Therefore, Geden is a prevailing party, and Appellant lacks standing to appeal the order entered in Geden's favor.

By Order of March 25, 2024, Appellant was directed to show cause why he has standing to appeal the order. Although Appellant filed a response to the show-cause order, the response is legally insufficient to support Appellant's standing to appeal the order. Accordingly, the appeal is **DISMISSED.**

## QUESTION PRESENTED FOR REVIEW

May the court-appointed liquidator of a foreign corporation undergoing foreign judicial insolvency proceedings in the country of its incorporation be denied standing as an aggrieved party to appeal the judgment in favor of foreign parties who impersonate the foreign insolvent corporation in the proceedings in the lower and appellate courts. The lack of capacity of parties impersonating Geden Holdings, Ltd, and the judicial insolvency of the said company in Malta, the country where Geden Holdings Ltd. is incorporated was first raised by motion in proceedings before the Court of Common Pleas in related action with case No. 230602605 November 8, 2023.[1] By Reply filed in the Court of Common Pleas on December 14, 2023 the said court was alerted to the status of the Maltese Court administered insolvency.[2]  These matters were expressly brought to the attention of the Superior Court with Petitioner's Docketing Statement  (Addendum to Docketing Statement at ¶ 10).

---

[1] Court of Common Pleas ,230602605  Dkt. Entry-08 NOV-2023

[2] Court of Common Pleas 230602605  - Dkt. Entry 14-DEC-2023

## <u>STATEMENT OF THE CASE</u>

By Order of the Superior Court  on  March 25,2024 Appellant was directed to show cause why he has standing to appeal the order granting summary judgment in favor of Geden Holdings Ltd. as well as the other defendants.

Appellant timely filed in the Superior Court his Response to the Order to Show Cause on April 8, 2024.  (Appendix A) supported  by documentary proof showing,  the Order of the Maltese Court that Adjudicated Geden Holdings Ltd. insolvent; the order of the same court appointing him liquidator, and the absence of any authorization by the Maltese courts or the liquidators it had appointed to any attorneys to act on behalf of Geden Holdings, Ltd. in any court proceedings in Pennsylvania.

By its order of April 26, 2024 the Superior Court dismissed the appeal holding "  Although Appellant filed a response to the show-cause order, the response is legally insufficient to support Appellant's standing to appeal the order. Accordingly, the appeal is **DISMISSED**."

The rationale of the order dismissing the appeal was:

"…the order granted summary judgment in favor of Geden and the other defendants below. Therefore, Geden is a prevailing party, and Appellant lacks standing to appeal the order entered in Geden's favor."

That rationale was erroneous because the parties that had appeared in the proceedings below representing themselves as Geden Holdings, Ltd. were not Geden Holdings, Ltd.  The said company a business entity incorporated in Malta had been adjudicated insolvent for some years and lacked legal capacity to appear in legal proceedings, save by and through its court appointed liquidator, who is the appellant hereunder.

Appellant's Motion for Reargument  of the Order dismissing appeal, filed on May, 8 2024 was denied by the Superior Court on May 9, 2024. Appendix A-Dkt. Entries May 8 and May 9, 2024 respectively.

For these reasons the Order of the Superior Court dismissing the appeal of the Liquidator of Geden Holdings, Ltd. for the reason that Geden Holdings, Ltd. was a prevailing party is erroneous and contrary to law.

## REASONS RELIED ON FOR ALLOWANCE OF THE APPEAL AND REFERENCES TO LEGAL AUTHORITY

The decision of the Superior Court was based on a mechanistic interpretation of Pa. R. A.P. 501.  It failed to consider how Geden Holdings, Ltd, a corporate entity in court-ordered liquidation under the laws of its own country of incorporation, can be regarded a prevailing party when, as in this case, the parties who appeared in the proceedings in the Court of Common Pleas, fraudulently represented to the court that they were Geden Holdings, Ltd.  The said parties acted in this regard without any lawful authorization from the Maltese court or the liquidator it appointed.

The Superior Court had express notice from the Docketing Statement,  Addendum ¶ 10, Petitioner filed that the very legitimacy of the representation of  Geden Holdings, Ltd. legal representation and good standing as an active corporate entity were at issue.  These concerns were again brought to the attention of the Superior Court with Petitioner's Response to the Superior Court's Order to Show cause.  Appendix A. Dkt. Entry April 8, 2024.  In this Response the Liquidator provided substantial documentary evidence proving the status of Geden Holding Ltd. as a foreign business entity undergoing judicial liquidation in the country where it was incorporated ; and of his authority to exclusively act on behalf of the said foreign business entity. Petitioner's Response to the order to show cause demonstrated the order of the Court of Common

8

Pleas, that dismissed as "moot" the timely motions that challenged the authority of counsel that had appeared on behalf of Geden Holdings Ltd., and the very identity of the parties who represented to the Court to be Geden Holdings, Ltd. was erroneous as contrary to law. The lower court was bound under Pennsylvania law to require the parties that had appeared before it as Geden Holdings, Ltd to prove through their counsel their good standing, and corporate capacity, and the said counsel's authority to represent Geden. *Danville, H. & W. R. Co. v. Rhodes*, 180 Pa. 157, 36 A. 648, 649 (1897); *Gliwa v. United States Steel Corp.*, 322 Pa. 225, 185 A. 584, 586 (1936). A judgment of the court obtained by an impostor is not binding on the corporation which was impersonated by the impostor. See generally: *Sino Clean Energy, Inc. v. Seiden (In re Sino Clean Energy, Inc.)*, 901 F.3d 1139, 1141-1142 (9th Cir. 2018). Geden Holdings, Ltd. (in Liquidation), duly represented by its court-appointed liquidator is not bound by acts of parties that impersonated it in the proceedings in this case.

It is respectfully submitted that the appearance and participation of Geden Holdings, Ltd. as a party in the proceedings before the Court of Common Pleas worked a fraud upon the Court[3] of the "extrinsic fraud" variant.

"Extrinsic fraud operates, not upon the matter pertaining to the judgment, but the manner in which it is procured[.] In 34 Corpus Juris, 282, it is stated that "fraud practiced upon the court is always ground for vacating the judgment, as where the court is deceived or misled as to the material circumstances, or its process is abused, resulting in the rendition of a judgment which would not have been given if the whole conduct of the case had been fair."

---

[3] "a fraud upon the court, …. has been defined as "[i]n a judicial proceeding, a lawyer's or party's misconduct so serious that it undermines or is intended to undermine the integrity of the proceeding." Black's Law Dictionary (9th ed. 2009)." *HSBC Bank USA v. Mid County Resources*, 36 Pa. D. & C.5th 473, 479 (C.P. 2014)

*Brittain v. Hope Enterprises Foundation*, 2017 PA Super 148, 163 A.3d 1029, 1037 (citing *Willetts v. Willetts*, 96 Pa. Super. 198, 206 (Pa. Super. 1929)).

The error in the reasoning of the Order of the Superior Court dismissing Petitioner's appeal is that it took "aggrieved party' in Pa. R. A. P. 501 to be synonymous with "prevailing party," and did not focus on the "Note" to this Rule which states: " Note: Whether or not a party is aggrieved by the action below is a substantive question determined by the effect of the action on the party, etc." In his concurring opinion in *Commonwealth v. Donahue*, 626 Pa. 437, 98 A.3d 1223 (2014) Mr. Justice Castille addressed this important distinction noting : "I acknowledge that some decisional law may be read to suggest broadly that a prevailing party is, on that ground alone, not aggrieved and has no standing to appeal. (internal citations and notes omitted)."

*Id*. 626 Pa.469-471

On its face of the order addressed in this petition, the Superior Court dispensed with the substantive analysis, particularly needed in the circumstances of this case, and employed a mechanistic textual analysis, and thereby inverted the equities of the case, letting stand a decision that prohibited the defrauded creditors acting through the liquidator to pursue and recover assets for the insolvency estate of Geden Holdings, Ltd..  Such a result is erroneous and contrary to law.

## **<u>CONCLUSION</u>**

Based on the foregoing, Petitioner has shown substantial cause why the appeal of Geden Holdings, Ltd. should not be dismissed in the perfunctory mechanistic way in which it was dismissed by the Superior Court.  The dismissal by the Superior Court of the appeal of the liquidator of Geden Holdings. Ltd. (In Liquidation)  for lack of standing should be reversed.

Date: June 4, 2024                                    /s/ George A. Gaitas

## <u>CERTIFICATE OF WORD COUNT COMPLIANCE</u>

In accordance with the Pennsylvania Rules of Appellate Procedure, counsel for Petitioner Reuben Balzan,   court-appointed Liquidator of Geden Holdings Ltd. certifies that this Petition for Allowance of Appeal complies with the length limitation of Pa. R.A.P. 1115(f) because this application contains 1,687 words (not to exceed 9,000 words), excluding the parts of the Petition exempted by Pa. R.A.P. 1115(g).

Respectfully submitted,

Date: June 4, 2024                                                            <u>/s/ George A. Gaitas</u>

## CERTIFICATE OF SERVICE

I, Michael F. Schleigh, Esquire, hereby certify that I am this day serving a true and correct copy of the Notice of Appeal via the online CM/ECF system., as well as emailing a copy to the following:

**Appellee(s) / Attorneys for Appellee(s)**

**NEIL A. QUARTARO**

COZEN O'CONNOR
3 WTC, 175 GREENWICH ST. 55th Floor
NEW YORK, NY 10007
nquartaro@cozen.com

**JACOBY F. WARREN**

COZEN O'CONNOR
1650 MARKET ST, STE 2800
PHILADELPHIA PA 19103
fjacoby@cozen.com

**NATHAN J. LARKIN**

COZEN O'CONNOR
1650 MARKET ST, STE 2800
PHILADELPHIA PA 19103
nlarkin@cozen.com

**JARED D. BAYER**

COZEN O'CONNOR
1650 MARKET ST, STE 2800
PHILADELPHIA PA 19103
jbayer@cozen.com

**ROBERT S. CLARK**

COZEN O'CONNOR
1650 MARKET ST, STE 2800
PHILADELPHIA PA 19103
robertclark@cozen.com

**FRANK P. DEGIULIO**

PALMER BIEZUP & HENDERSON
190 N. INDEPENDENCE MALL WEST
SUITE 401
PHILADELPHIA PA 19106
fpd@pbh.com

**DANIEL WOOSTER**

PALMER BIEZUP & HENDERSON
190 N. INDEPENDENCE MALL WEST
SUITE 401
PHILADELPHIA PA 19106
dwooster@pbh.com

Date June 4, 2024                          /s/ Michael F. Schleigh, Esq.

## **<u>CERTIFICATE OF COMPLIANCE</u>**

 I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.


Date June 4, 2024                                                    <u>/s/ Michael F. Schleigh, Esq</u>

Filed 05/08/2024

| | | |
|---|---|---|
| ECLIPSE LIQUIDITY, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | Philadelphia County Civil |
| | : | Division |
| | : | 200300816 |
| GEDEN HOLDINGS, LTD, ADVANTAGE | : | |
| TANKERS, LLC, AND ADVANTAGE | : | |
| AWARD SHIPPING, LLC | : | |
| | : | No. 587 EDA 2024 |
| | : | |
| APPEAL OF: REUBEN BALZAN, | : | |
| COURT-APPOINTED LIQUIDATOR FOR | : | |
| GEDEN HOLDINGS, LTD. | : | |

## **ORDER**

Upon consideration of the May 8, 2024 "Motion of Reuben Balzan Liquidator of Geden Holdings Ltd. for Re-Argument of April 26, 2024 Order Dismissing Appeal," docketed as "Application for Reconsideration of Order," filed by Appellant, Reuben Balzan, Court-Appointed Liquidator for Geden Holdings, Ltd., the application is **DENIED**.

PER CURIAM

# Appendix A


Sealed Documents

**Appeal Docket Sheet**                                                       **Superior Court of Pennsylvania**

**Docket Number: 587 EDA 2024**

**Page 1 of 6**

**May 23, 2024**

| CAPTION |
|---|

Eclipse Liquidity, Inc.
                    v.
Geden Holdings, Ltd, Advantage Tankers, LLC, and Advantage Award Shipping, LLC

Appeal of: Reuben Balzan, Court-Appointed Liquidator for Geden Holdings, Ltd.

| CASE INFORMATION |
|---|

Initiating Document:          Notice of Appeal

Case Status:                  Decided/Active
Case Processing Status:       April 26, 2024              Awaiting Remittal

Journal Number:

Case Category:                Civil                  Case Type(s):          Contracts

| CONSOLIDATED CASES | RELATED CASES |
|---|---|
| | Docket No / Reason    Type |
| | 586 EDA 2024         Related |
| |   Similar Issue(s) |
| | 589 EDA 2024         Related |
| |   Similar Issue(s) |
| | 590 EDA 2024         Related |
| |   Similar Issue(s) |

| SCHEDULED EVENT |
|---|

Next Event Type: Record Remitted                               Next Event Due Date: May 28, 2024
Next Event Type: Appellant Reproduced Record Filed             Next Event Due Date: July 15, 2024
Next Event Type: Appellant Brief Filed                         Next Event Due Date: July 15, 2024

| COUNSEL INFORMATION |
|---|

**Appellant**     **Reuben Balzan, Court-Appointed Liquidator for Geden Holdings, Ltd.**
Pro Se:              No
IFP Status:          No
    Attorney:          Schleigh, Michael F.
    Law Firm:          Hardin Thompson, P.C.
    Address:           Hardin Thompson P.c.
                                       123 S Broad St Ste 2235
                                       Philadelphia, PA 19109
    Phone No:          (267) 486-9011                  Fax No:

Sealed Documents

**Appeal Docket Sheet**                                    **Superior Court of Pennsylvania**

**Docket Number:  587 EDA 2024**

**Page 2 of 6**

**May 23, 2024**

| COUNSEL INFORMATION |
|---|

**Appellee**    **Geden Holdings, Ltd, Advantage Tankers, LLC, and Advantage Award Shipping, LLC**
Pro Se:                       No
IFP Status:

| | |
|---|---|
| Attorney: | DeGiulio, Frank P. |
| Law Firm: | Palmer, Biezup & Henderson LLP |
| Address: | Palmer Biezup & Henderson Llp |
| | 190 N Independence Mall W Ste 401 |
| | Philadelphia, PA 19106 |
| Phone No: | (215) 625-9900     Fax No: |

| | |
|---|---|
| Attorney: | Bayer, Jared Dimock |
| Law Firm: | Cozen O'Connor |
| Address: | 1650 Market St Ste 2800 |
| | Philadelphia, PA 19103 |
| Phone No: | (215) 665-4127     Fax No: |

| | |
|---|---|
| Attorney: | Wooster, Daniel Harold |
| Law Firm: | Palmer, Biezup & Henderson LLP |
| Address: | 190 N. Independence Mall West |
| | Suite 401 |
| | Philadelphia, PA 19106 |
| Phone No: | (215) 625-7849     Fax No: |

| | |
|---|---|
| Attorney: | Larkin, Nathan James |
| Law Firm: | Cozen O'Connor |
| Address: | 1650 Market Street |
| | Suite 2800 |
| | Philadelphia, PA 19103 |
| Phone No: | (717) 829-5217     Fax No: |

| | |
|---|---|
| Attorney: | Clark, Robert Stephen |
| Law Firm: | Cozen O'Connor |
| Address: | 1650 Market St Ste 2800 |
| | Philadelphia, PA 19103 |
| Phone No: | (215) 665-2041     Fax No: |

| | |
|---|---|
| Attorney: | Quartaro, Neil A. |
| Address: | Cozen O'Connor |
| | 3 WTC, 175 Greenwich Street |
| | 55th Floor |
| | New York, NY 10007 |

| FEE INFORMATION |
|---|

| Fee Dt | Fee Name | Fee Amt | Receipt Dt | Receipt No | Receipt Amt |
|---|---|---|---|---|---|
| 02/20/2024 | Notice of Appeal | 90.25 | 03/01/2024 | 2024-SPR-E-000334 | 90.25 |
| 05/08/2024 | Motion for Reconsideration or Clarification | 15.00 | 05/08/2024 | 2024-SPR-E-000640 | 15.00 |



Sealed Documents

**Appeal Docket Sheet**                                           **Superior Court of Pennsylvania**

**Docket Number:  587 EDA 2024**

**Page 3 of 6**

**May 23, 2024**

| AGENCY/TRIAL COURT INFORMATION | | | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Order Appealed From: | January 23, 2024 | Notice of Appeal Filed: | February 20, 2024 |
| Order Type: | Order Entered | | |
| Documents Received: | February 29, 2024 | | |

| | | | |
|---|---|---|---|
| Court Below: | Philadelphia County Court of Common Pleas | | |
| County: | Philadelphia | Division: | Philadelphia County Civil Division |
| Judge: | Patrick, Paula A. | OTN: | |
| Docket Number: | 200300816 | Judicial District: | 01 |

| ORIGINAL RECORD CONTENT | | |
|---|---|---|
| Original Record Item | Filed Date | Content Description |
| Testimony | March 05, 2024 | |
| Original Record | April 24, 2024 | |
| Original Record | April 24, 2024 | |
| Trial Court Opinion | April 24, 2024 | |

**Date of Remand of Record:**

| BRIEFING SCHEDULE | |
|---|---|

| Appellant | Appellee |
|---|---|
| Reuben Balzan, Court-Appointed Liquidator for Geden Holdings, Ltd. | Geden Holdings, Ltd, Advantage Tankers, LLC, and Advantage Award Shipping, LLC |
| **Brief** | **Brief** |
| Due: July 15, 2024          Filed: | |
| **Reproduced Record** | |
| Due: July 15, 2024          Filed: | |

| DOCKET ENTRY | | | |
|---|---|---|---|
| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
| **February 29, 2024** | Notice of Appeal Docketed | | |
| | | Appellant | Reuben Balzan, Court-Appointed Liquidator for Geden Holdings, Ltd. |
| **February 29, 2024** | Docketing Statement Exited (Civil) | | |
| | | | Superior Court of Pennsylvania |
| **March 5, 2024** | Transcripts of Testimony | | |
| | | | Court Reporters, Digital Recording, and Interpreters Administration - First Judicial District of Pennsylvania |
| **March 11, 2024** | Docketing Statement Received (Civil) | | |
| | | Appellant | Reuben Balzan, Court-Appointed Liquidator for Geden Holdings, Ltd. |

Sealed Documents

**Appeal Docket Sheet**

**Superior Court of Pennsylvania**

**Docket Number:  587 EDA 2024**

**Page 4 of 6**

**May 23, 2024**



| DOCKET ENTRY | | | |
|---|---|---|---|
| **Filed Date** | **Docket Entry / Representing** | **Participant Type** | **Filed By** |
| **March 25, 2024** | Order - Rule to Show Cause | | Per Curiam |

Comment: Appellant, Reuben Balzan, court-appointed liquidator for Geden Holdings, Ltd., one of the defendants below, appeals from the January 24, 2024 order that granted summary judgment in favor of Appellant as well as the other defendants below and dismissed the action against them for lack of subject matter jurisdiction.

"Except where the right of appeal is enlarged by statute," only a "party who is aggrieved by an appealable order . . . may appeal therefrom." Pa.R.A.P. 501. "A party is 'aggrieved' when the party has been adversely affected by the decision from which the appeal is taken." In re Interest of K.C., 156 A.3d 1179, 1182 (Pa. Super. 2017). "A prevailing party is not 'aggrieved' and[,] therefore, does not have standing to appeal an order that has been entered in his or her favor." Epstein v. Saul Ewing, LLP, 7 A.3d 303, 314 (Pa. Super. 2010). Here, the order entered summary judgment in favor of Appellant and the other defendants below. As such, Appellant is a prevailing party and, therefore, lacks standing to appeal the order entered in its favor.

Accordingly, Appellant is DIRECTED to show cause, in a response filed of record in this Court with a copy to opposing counsel, as to why the appeal should not be quashed. The response shall be filed within fourteen (14) days of the date of this Order. Failure to comply with this Order may result in quashal of the appeal without further notice.

| | | | |
|---|---|---|---|
| **April 8, 2024** | Response to Rule to Show Cause | Appellant | Reuben Balzan, Court-Appointed Liquidator for Geden Holdings, Ltd. |
| **April 24, 2024** | Trial Court Record Received | | Philadelphia County Civil Division |
| **April 24, 2024** | Sealed Trial Court Record Received - Sensitive Documents | | Philadelphia County Civil Division |
| **April 24, 2024** | Trial Court Opinion Received | | Philadelphia County Civil Division |
| **April 24, 2024** | Briefing Schedule Issued | | Superior Court of Pennsylvania |
| **April 26, 2024** | Application for Extension of Time to File Brief - First Request | Appellant | Reuben Balzan, Court-Appointed Liquidator for Geden Holdings, Ltd. |
| **April 26, 2024** | Order Granting Application for Extension of Time to File Appellant Brief | | Per Curiam |

Comment: Brief due by 7/15/2024

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.



Sealed Documents

**Appeal Docket Sheet**                                              **Superior Court of Pennsylvania**

**Docket Number: 587 EDA 2024**

**Page 5 of 6**



**May 23, 2024**

| DOCKET ENTRY | | | |
|---|---|---|---|
| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
| **April 26, 2024** | Dismissed Sua Sponte | | |
| | | | Per Curiam |
| | Comment: Appellant, Reuben Balzan, Court-Appointed Liquidator for Geden Holdings, Ltd. ("Geden"), one of the defendants below, appeals from the January 24, 2024 order that granted summary judgment in favor of Geden as well as the other defendants and dismissed the action against them for lack of subject matter jurisdiction.<br>"Except where the right of appeal is enlarged by statute," only a "party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom." Pa.R.A.P. 501. "A party is 'aggrieved' when the party has been adversely affected by the decision from which the appeal is taken." In re Int. of K.C., 156 A.3d 1179, 1182 (Pa. Super. 2017). "A prevailing party is not 'aggrieved' and[,] therefore, does not have standing to appeal an order that has been entered in his or her favor." Epstein v. Saul Ewing, LLP, 7 A.3d 303, 314 (Pa. Super. 2010). Here, the order granted summary judgment in favor of Geden and the other defendants below. Therefore, Geden is a prevailing party, and Appellant lacks standing to appeal the order entered in Geden's favor.<br>By Order of March 25, 2024, Appellant was directed to show cause why he has standing to appeal the order. Although Appellant filed a response to the show-cause order, the response is legally insufficient to support Appellant's standing to appeal the order. Accordingly, the appeal is DISMISSED. | | |
| **May 8, 2024** | Application for Reconsideration of Order | | |
| | | Appellant | Reuben Balzan, Court-Appointed Liquidator for Geden Holdings, Ltd. |
| | Comment: MOTION OF REUBEN BALZAN LIQUIDATOR OF GEDEN HOLDINGS LTD. FOR RE-ARGUMENT OF APRIL 26, 2024 ORDER DISMISSING APPEAL | | |
| **May 9, 2024** | Order Denying Application for Reconsideration of Order | | |
| | | | Per Curiam |
| | Comment: Upon consideration of the May 8, 2024 "Motion of Reuben Balzan Liquidator of Geden Holdings Ltd. for Re-Argument of April 26, 2024 Order Dismissing Appeal," docketed as "Application for Reconsideration of Order," filed by Appellant, Reuben Balzan, Court-Appointed Liquidator for Geden Holdings, Ltd., the application is DENIED. | | |

| DISPOSITION INFORMATION | | | |
|---|---|---|---|
| Final Disposition: | Yes | | |
| Related Journal No: | | Judgment Date: | |
| Category: | Disposed Before Decision | Disposition Author: | Per Curiam |
| Disposition: | Dismissed Sua Sponte | Disposition Date: | April 26, 2024 |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

Sealed Documents

**Appeal Docket Sheet**

**Docket Number:  587 EDA 2024**

**Page 6 of 6**

**May 23, 2024**

**Superior Court of Pennsylvania**



| DISPOSITION INFORMATION |
|---|

Disposition Comment:   Appellant, Reuben Balzan, Court-Appointed Liquidator for Geden
Holdings, Ltd. ("Geden"), one of the defendants below, appeals from the
January 24, 2024 order that granted summary judgment in favor of Geden as
well as the other defendants and dismissed the action against them for lack
of subject matter jurisdiction.
"Except where the right of appeal is enlarged by statute," only a "party
who is aggrieved by an appealable order, or a fiduciary whose estate or trust
is so aggrieved, may appeal therefrom." Pa.R.A.P. 501. "A party is 'aggrieved'
when the party has been adversely affected by the decision from which the
appeal is taken." In re Int. of K.C., 156 A.3d 1179, 1182 (Pa. Super. 2017).
"A prevailing party is not 'aggrieved' and[,] therefore, does not have standing
to appeal an order that has been entered in his or her favor." Epstein v. Saul
Ewing, LLP, 7 A.3d 303, 314 (Pa. Super. 2010). Here, the order granted
summary judgment in favor of Geden and the other defendants below.
Therefore, Geden is a prevailing party, and Appellant lacks standing to appeal
the order entered in Geden's favor.
By Order of March 25, 2024, Appellant was directed to show cause why
he has standing to appeal the order. Although Appellant filed a response to
the show-cause order, the response is legally insufficient to support
Appellant's standing to appeal the order. Accordingly, the appeal is
DISMISSED.

Dispositional Filing:                                        Filing Author:
Filed Date:

# Appendix B

RECEIVED

JAN 2 3 2023

ROOM 521

# IN THE COURT OF COMMON PLEAS FOR PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL

| | | |
|---|---|---|
| ECLIPSE LIQUIDITY, INC., | : | MARCH TERM, 2020 |
| | : | |
| Plaintiff, | : | NO. 00816 |
| | : | |
| v. | : | COMMERCE PROGRAM |
| | : | |
| GEDEN HOLDINGS, LTD, | : | Control No. 23071241 |
| ADVANTAGE TANKERS LLC; and | : | |
| ADVANTAGE AWARD SHIPPING, | : | |
| LLC, | : | |
| | : | |
| Defendants. | : | |

DOCKETED

JAN 2 3 2024

R. POSTELL
COMMERCE PROGRAM

## ORDER

**AND NOW**, this 22nd day of January, 2024, upon consideration of defendants' Motion

for Summary Judgment, the responses thereto, and all other matters of record in this action and

the related actions, and in accord with the Opinion issued simultaneously herewith, it is

**ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction.

**BY THE COURT:**

PAULA A. PATRICK, J.

20030081600244

**IN THE COURT OF COMMON PLEAS FOR PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | | |
|---|---|---|
| ECLIPSE LIQUIDITY, INC., | : | MARCH TERM, 2020 |
| | : | |
| Plaintiff, | : | NO. 00816 |
| | : | |
| v. | : | COMMERCE PROGRAM |
| | : | |
| GEDEN HOLDINGS, LTD, | : | Control No. 23071241 |
| ADVANTAGE TANKERS LLC; and | : | |
| ADVANTAGE AWARD SHIPPING, | : | |
| LLC, | : | |
| | : | |
| Defendants. | : | |

**OPINION**

In 2017, plaintiff Eclipse Liquidity, Inc. obtained a foreign judgment of more than $3 million against defendant Geden Holdings, Ltd ("Geden"), which judgment plaintiff domesticated with this court that same year.[1]   Plaintiff attempted to collect on that judgment for several years but was unable to do so because Geden is apparently without assets.  However, plaintiff believes it has identified a former asset, an oil tanker ship (the "Tanker"), that was once owned, indirectly, by Geden.

In an attempt to execute on its judgment against the Tanker, plaintiff brought this action against Geden and also sued defendant Advantage Award Shipping LLC ("Advantage Award"), which apparently owns the Tanker, and defendant Advantage Tankers LLC ("Advantage Tankers"), which owns 100% of the interests in Advantage Award (collectively, the two entities are referred to as the "Advantage Defendants").[2]   In its Complaint, plaintiff alleges that there was

---

[1] The Judgment is from the United Kingdom of Great Britain and Northern Ireland and was filed with this court under case number 171000196.

[2] *See* Complaint filed March 06, 2020 in this action (the "2020 Complaint"), ¶ 6.

something improper about the transfer of the Tanker to Advantage Award such that the Tanker should still be deemed an asset of Geden's subject to execution by plaintiff. Plaintiff asserts claims against the defendants for de facto merger and violation of the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"). However, three years of discovery in this action has not enabled plaintiff to substantiate those claims.

Discovery has been complicated by that fact that not one of the parties to this action has much of a connection with Pennsylvania: plaintiff was established under the laws of the Republic of the Marshall Islands; defendant Geden is organized under the laws of Malta; defendant Advantage Award is organized under the laws of the Bahamas and/or the Republic of the Marshall Islands; and defendant Advantage Tankers is organized under the laws of the Republic of the Marshall Islands.[3]

Both Geden and Advantage Award are or were registered as foreign corporations with the Commonwealth of Pennsylvania, but defendant Advantage Tankers is not registered to do business here.[4] In order to overcome this problem, plaintiff alleged in Count II of its Complaint a claim to pierce the corporate veil of Advantage Award to obtain alter-ego personal jurisdiction over its parent, Advantage Tankers.[5] Plaintiff has not proffered evidence sufficient for this court to do so, so Advantage Tankers must be dismissed as a party hereto.[6]

---

[3] 2020 Complaint, ¶¶ 1-5.

[4] See id., ¶¶ 4-7.

[5] See 2020 Complaint, Count II; Plaintiff's Memorandum in Opposition to defendants' Motion for Summary Judgment (the "Motion"), pp. 5, 17.

[6] "Piercing the corporate veil is . . . a matter of equity, allowing a court to disregard the corporate form and assess one corporation's liability against another. The corporate veil will be pierced and the corporate form disregarded whenever justice or public policy demand[,] such as when the corporate form has been used to defeat public convenience, justify wrong, protect fraud, or defend crime. [However, a] request to pierce the corporate veil is not an independent cause of action, but rather is a means of imposing liability established in an underlying cause of action, such as tort or breach of contract, against another."

At the commencement of this case, plaintiff's theory appears to have been that Geden transferred the Tanker, along with 11 other such vessels, to single purpose entities, including Advantage Award, all of which are wholly owned by Advantage Tankers, so that Geden could avoid having them seized to pay its creditors, such as plaintiff.

Plaintiff further alleged that the owner of Geden, non-party Mr. Karamehmet, retained control of the companies to which the vessels were transferred, including Advantage Award, such that the transfers were mere subterfuges.[7]  However, the evidence obtained in discovery has not borne out this theory.

As plaintiff has acknowledged, the corporate structures of the transferring entities and the receiving entities are as follows: [8]

---

Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC, 648 Pa. 604, 644, 194 A.3d 1010, 1035 (2018).

    "Neither the similarity of names between the parent and subsidiary corporation  nor the total ownership of the stock of the subsidiary by the parent nor the fact that a single individual is the active chief executive of both corporations will per se justify a court in piercing the corporate veil if each corporation maintains a bona fide separate and distinct corporate existence. . . . There is a well recognized exception to these general rules if the record demonstrates that the subsidiary is the 'alter ego' of the parent to the extent that domination and control by the parent corporation renders the subsidiary a mere instrumentality of the parent; under such extreme circumstances the parent corporation may be held to be doing business within the state under the facade of the subsidiary." Botwinick v. Credit Exch., Inc., 419 Pa. 65, 71–72, 213 A.2d 349, 353–54 (1965).

    [7] See 2020 Complaint, ¶¶ 49-55.

    [8] Plaintiff concedes the "Original Ownership" chain in the 2020 Complaint, ¶ 24, and in its Complaint filed on June 27, 2023, in a new, related action number 230602605 (the "2023 Complaint"), ¶¶ 40-41.  Plaintiff concedes the "Ownership after Transfer" chain in the 2020 Complaint, ¶ 27, and the 2023 Complaint, ¶¶ 5-9 and Ex.2.

| Original Ownership | Ownership After Transfer |
|---|---|
| Tanker named Value | Tanker re-named Advantage Award |
| -Owned by - | - Owned by – |
| Value Shipping, Ltd. | Advantage Award Shipping LLC (defendant) |
| -Owned by - | - Owned by – |
| Geden Holdings, Ltd.(defendant) | Advantage Tankers, LLC (dismissed defendant) |
| -Owned by - | - Owned by – |
| Buselten Finance, S.A. | Advantage Holdings, LLC |
| -Owned by - | - Owned by – |
| Mr. Karamehmet[9] | Forward Holdings, LLC |
|  | - Owned by – |
|  | Ms. Williams and Mr. Tokgoz[10] |

In or about May 5, 2015, title to the Tanker was transferred from Value Shipping, a non-party to this action, to Advantage Award.[11]  Defendants claim, and have offered some evidence, that non-party Value Shipping, or its owners, received more than $48 million from entities related to Advantage Award in exchange for the Tanker.[12]  Apparently, the sales proceeds never made it into, or were quickly transferred out of, Geden's coffers, so that plaintiff has been unable to seize them.[13]  However, that alone is not sufficient reason for this court to hold Advantage Award liable to pay the sales proceeds, again, to plaintiff in this action.

---

[9] Plaintiff claims that Buselten is now majority owned by Ms. Karamehmet-Williams. *See* Plaintiff's Sur-reply to defendants' Motion, p. 14; 2023 Complaint, ¶ 14.

[10] Non-party Ms. Willams, who holds 85% of the interests in Forward Holdings, LLC, is Mr. Karamehmet's daughter, and non-party Mr. Tokgoz, who holds the other 15%, is alleged to have close ties to Mr. Karamehmet as well. *See* 2020 Complaint, ¶ 22. However, the court must view them as individuals, legally separate and financially independent from Mr. Karamehmet, until plaintiff proves otherwise. This plaintiff has not done.

[11] *Compare* defendants' Motion, ¶ 28 *with* plaintiff's Response to defendants' Motion, ¶ 28.

[12] Plaintiff now admits that Advantage Tankers LLC paid $126,617,680 to Geden for 8 tankers including the Tanker f/k/a Value and n/k/a Advantage. *See* 2023 Complaint, ¶¶ 45-46. Plaintiff further alleges that Geden "sold its equity interest in the 11 crude oil tankers [including the Tanker] to Advantage tankers for approximately $200,000,000[.]" *See id.* at ¶ 71. However, plaintiff also alleges that $175,6999,979 of the sales proceeds paid to Geden was quickly transferred out of Geden's bank accounts to related entities that are not named at defendants here. *See id.* at ¶¶ 52, 72.

[13] Plaintiff now claims "the transfer of the sales proceeds by [defendant Geden] to [non-party] corporate entities controlled by [Mr. Karamehmet.]" Plaintiff's Memorandum in Opposition to defendants'

4

"[I]n ascertaining whether a transfer is voidable as to present and future creditors under [PUFTA], a court may consider whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred."[14] Plaintiff has not pointed to any evidence that the sales proceeds were not actually transferred from the buyer, Advantage Award or its owners, to the seller, Value Shipping or its owners, nor has plaintiff proffered an expert or other evidence to show that the sales price paid for the Tanker was not reasonably equivalent value or a fair market price. Because plaintiff does not have any such evidence, its claim that Geden made a fraudulent transfer of the Tanker to Advantage Award fails.

Similarly, plaintiff's claim that Advantage Award is Geden's successor for judgment execution purposes due to the two entities' "de facto merger" also fails.

> In cases rooted in breach of contract and express warranty, the *de facto* merger exception requires some sort of proof of continuity of ownership or stockholder interest. However, such proof is not restricted to mere evidence of an exchange of assets from one corporation for shares in a successor corporation. Evidence of other forms of stockholder interest in the successor corporation may suffice; indeed 15 Pa.C.S. § 1922(a)(3) contemplates that continuing shareholder interest pursuant to a statutory merger may take the form of "obligations" in lieu of shares in the new or surviving corporation. Further, *de facto* merger, including its continuity of ownership prong, will always be subject to the fact-specific nature of the particular underlying corporate realities and will not always be evident from the formalities of the proximal corporate transaction. These realities may include an issue concerning which entity is actually the true predecessor corporation. Finally, the elements of the *de facto* merger are not a mechanically-applied checklist, but a map to guide a reviewing court to a determination that, under the facts established, for all intents and purposes, a merger has or has not occurred between two or more corporations, although not accomplished under the statutory procedure.[15]

---

Motion, p. 29. *See also* Complaint in 2023 Action, ¶¶ 46-52, 71-72. Since the recipients are not parties to this action, the court cannot order them to return or transfer the proceeds to plaintiff.

[14] Fell v. 340 Assocs., LLC, 125 A.3d 75, 82 (Pa. Super. 2015).

[15] Fizzano Bros. Concrete Prod. v. XLN, Inc., 615 Pa. 242, 273, 42 A.3d 951, 969 (2012).

Plaintiff has not proffered evidence of continuity of ownership or stockholder interest between Geden, owned by Mr. Karamehmet, and Advantage Award and its parent's parent's parent, Forward Holdings LLC, which is owned by Ms. Williams and Mr. Tokgoz.

The most that plaintiff has discovered is that the Advantage Defendants have contracted with the same management company that Value Shipping did to handle the day-to-day operations of the Tanker.[16]  That management company, which is not a party to this action, is apparently named Genel Denizcilik Nakliyati A.S. ("Genel") and is sometimes referred to as "Geden Lines." Genel apparently was owned or controlled by the same person, Mr. Karamehmet, who ultimately owns defendant Geden Holdings.[17]

In effect, plaintiff wants this court to find that the elaborate corporate structure of which Advantage Award is a part is just a rebranding of the elaborate corporate structure of which Geden is a part.  However, the court cannot decide the status, rights, and liabilities of the two remaining defendants, Geden and Advantage Award, vis-a-vis the Tanker without also making decisions regarding the status, rights, and liabilities of their owners, parent companies, and subsidiaries who are not parties to this action.[18]  Because a decision in favor of plaintiff against the two remaining

---

[16] *See* 2020 Complaint, ¶¶ 24-28; plaintiff's Sur-reply to defendants' Motion, p. 9.

[17] *See* 2020 Complaint, ¶ 40 ("Notwithstanding the purported sale of the [Tanker] to Advantage Award Shipping LLC[,] the commercial, technical, and administrative management and control of the [Tanker] remained and continues to be with Geden Lines, in return for substantial management fees Geden Lines receives from Award LLC. Geden Lines is 100% controlled by Mehmet Emin Karamehmet[.]"); 2023 Complaint, ¶ 57 ("Karamehmet-Williams, at all times material hereto, knew that the management and operation of the 11 tankers transferred to Advantage Tankers LLC was to be performed entirely by Geden Lines, a corporate entity controlled by her father Karamehmet at the time.")
Plaintiff now claims that Ms. Williams and her mother or other family members have assumed control of Genel, which marks a change of ownership, not a continuity thereof.  *See* Plaintiff's Sur-reply to defendants' Motion, p. 10; 2023 Complaint, ¶ 13. Neither Genel, "Geden Lines," nor any of these individuals is a party to this case.

[18] Many of them do not appear to be subject to personal jurisdiction in Pennsylvania.

defendants would potentially impair the rights of their non-joined relatives, those absent parties are necessary and indispensable parties to this action.[19] Because they are necessary and indispensable non-parties, this court is deprived of subject matter jurisdiction to decide plaintiff's claims in this action.

With respect to defendant Geden Holdings, over whom this court does have jurisdiction, plaintiff already has a judgment against it, so there is no point continuing this action against it alone to obtain, at best, a duplicate judgment. The question as to what Value Shipping and its owners, including Geden, did with the money they received from Advantage Award and its related entities is not before this court because Value Shipping Ltd., Buselten Finance S.A., and the other persons and entities to whom that money may have been transferred are not parties to this litigation. Similarly, the issue of whether Geden improperly transferred assets other than the Tanker to entities other than Advantage Award is not before this court because those other recipient entities are not parties to this action.  In order to follow the money to which plaintiff claims it is entitled, plaintiff will have to leave Philadelphia for other ports of call where the recipients can be found.

## CONCLUSION

For all the foregoing reasons, the defendants' Motion for Summary Judgment will be granted and plaintiff's claims in this action will be dismissed.

Dated:  January 22, 2024                                    **BY THE COURT:**

_____

PAULA A. PATRICK, J.

---

[19] "Under Pennsylvania law, the failure to join an indispensable party implicates the trial court's subject matter jurisdiction. Failure to join an indispensable party goes absolutely to the court's jurisdiction and the issue should be raised *sua sponte*. . . . A party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." Orman v. Mortg. I.T., 118 A.3d 403, 406 (Pa. Super. 2015)

# Appendix C

# IN THE COURT OF COMMON PLEAS FOR PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL

| | | |
|---|---|---|
| ECLIPSE LIQUIDITY, INC., | : | MARCH TERM, 2020 |
| | : | |
| Plaintiff, | : | NO. 00816 |
| | : | |
| v. | : | COMMERCE PROGRAM |
| | : | |
| GEDEN HOLDINGS, LTD, | : | 586 EDA 2024 |
| ADVANTAGE TANKERS LLC; and | : | 587 EDA 2024 |
| ADVANTAGE AWARD SHIPPING, | : | |
| LLC, | : | |
| | : | |
| Defendants. | : | |

OPFLD-Eclipse Liquidty, Inc. Vs Geden Holdings Limited

230602605000090

| | | |
|---|---|---|
| ECLIPSE LIQUIDITY, INC., | : | JUNE TERM, 2023 |
| | : | |
| Plaintiff, | : | NO. 02605 |
| | : | |
| v. | : | COMMERCE PROGRAM |
| | : | |
| GULSUN NAZLI KARAHMEHMET- | : | 589 EDA 2024 |
| WILLIAMS; COURTNEY BRYAN | : | 590 EDA 2024 |
| WILLIAMS; GEDEN HOLDINGS LTD.; | : | |
| ADVANTAGE TANKERS, LLC; | : | |
| ADVANTAGE AWARD SHIPPING, LLC, | : | |
| | : | |
| Defendants. | : | |

## APPEAL OPINION

Plaintiff Eclipse Liquidity, Inc. ("Eclipse") appealed from this court's two separate orders dismissing each of the above-captioned, related but not consolidated, cases.[1]  Defendant Geden Holdings, Ltd. ("Geden"), which claims to have been liquidated, and which is now purportedly

---

[1] This court's rulings are set forth in its Order and Opinion docketed on January 23, 2024 in Case No. 200300816, and its footnoted Order docketed on January 23, 2024 in Case No. 230602605, both of which are attached hereto as exhibits.

1

also represented by plaintiff Eclipse's counsel,[2] likewise appealed from this court's dispositive orders on substantially the same grounds as plaintiff Eclipse. The court's reasons for dismissing these actions are set forth in its prior Opinion, which is attached hereto and incorporated herein.

By way of background, this court notes that Eclipse previously obtained a British judgment against Geden, which Eclipse domesticated here in Pennsylvania, but Eclipse was apparently unable to locate any assets of Geden's in this Commonwealth with which to satisfy the judgment.[3] Despite this court's rulings in these two later cases, Eclipse is still free to try to enforce that judgment in other countries where Geden's allegedly fraudulently conveyed assets may be found. However, Eclipse may not continue to assert claims in this court over parties that are not subject to this court's personal jurisdiction, nor ask this court to make rulings regarding assets allegedly held abroad by non-parties.

Geden, now acting through plaintiff's counsel, and Eclipse both raise an issue on appeal that was not expressly addressed in this court's prior Opinion and Orders, namely whether this court was required to determine whether the defense attorneys who entered their appearance on Geden's behalf in these cases were authorized to represent it.[4] Eclipse recently raised this issue

_____

[2] This court's dockets in these cases do not show any entry of appearance by plaintiff's counsel stating that he now represents defendant Geden Holdings, Ltd. or the liquidator thereof.

[3] Case No. 171000196. A copy of this court's docket for the foreign judgment case is attached hereto as an exhibit. For purposes of this opinion, the foreign judgment case shall be viewed as the "first case" in this lengthy, piecemeal, litigation between Eclipse, Geden, and other defendants.

[4] According to both appellants, "Geden Holdings Ltd. ha[s] been, since June 15, 2017, under dissolution in Malta, the country of its incorporation, and [therefore] without corporate capacity to act through its former directors, officers, or shareholders." *See* Geden's 1925(b) Statement of Errors Complained of on Appeal filed in both cases, ¶ 1; Eclipse's 1925(b) Statement of Errors Complained of on Appeal filed in Case No. 200300816, ¶ 10.
Similarly, in its November, 2023 Motion to Disqualify Geden's Counsel, Eclipse represented that:

by way of a Motion to Disqualify Geden's Counsel, which was filed only in the third case, Case

No. 230602605, and not in the second case, Case No. 200300816.[5] Due to the court's holding that

it lacks subject matter jurisdiction over either dispute, the court did not address this issue.

Even if this court had granted the relief sought by Eclipse with respect to Geden and had

disqualified defense counsel from representing Geden, that same counsel clearly represents the

other defendants in these actions, and such counsel filed motions, responses and pleadings on

behalf of those defendants.[6]  It does not matter greatly for purposes of this court's decision  to

dismiss these cases on which side of the "vs." judgment-debtor Geden resides, nor which counsel

represents it.  This court lacks subject matter jurisdiction over these two cases due to the absence

---

According to Maltese law governing companies, the company shall be deemed to have been dissolved as of the time of the filing of the winding up application. In this case, the winding up application was filed on September 16, 2016.

\* \* \*

As a consequence of the legal events that occurred in Malta that culminated with the June 15, 2017 order of the Civil Court that adjudicated Geden insolvent, ordered its liquidation and appointed a liquidator, Geden was dissolved with effect from June 16, 2017.

Motion to Disqualify Geden's Counsel filed on November 8, 2023, in Case No. 230602605, ¶¶ 22, 26. If so, then Geden was dissolved before any proceedings, including the domestication of the foreign judgment against it, were commenced by Eclipse in this court.

[5] These two cases from which the present appeals were taken were never consolidated. Eclipse filed a Motion to Consolidate shortly after filing the third case, which Motion was contested by defendants.  This court dismissed the Motion as moot in light of the dismissals of both actions for lack of subject matter jurisdiction. *See* Order docketed on January 23, 2024, in Case No. 230602605.

[6] In Case No. 200300816, in which no Motion to Disqualify was filed, Palmer Biezup & Henderson LLP and Cozen O'Connor are counsel of record for defendants Advantage Tankers LLC and Advantage Award Shipping LLC, as well as purportedly for Geden.  In Case No. 230602605, in which the Motion to Disqualify was filed, Cozen O'Connor is counsel of record for defendants Gulsun Nazli Karahmehmet-Williams, Courtney Bryan Williams, Advantage Tankers LLC and Advantage Award Shipping LLC, as well as purportedly for Geden.

of additional, necessary and indispensable, foreign entities and individuals, who were not named as defendants in either case. Therefore, the court properly dismissed Eclipse's Motion to Disqualify Geden's Counsel as moot.

Both Eclipse and Geden raise as an issue on appeal a supposed incompatibility between this court's discussion in its Opinion that it lacks personal jurisdiction over defendant Advantage Award Shipping, LLC, and its determination in that same Opinion that it lacks subject matter jurisdiction over both lawsuits. Appellants are correct that a determination of lack of subject matter jurisdiction eliminates any need for, or ability of, this court to rule on any other issues raised by the parties; the court's Orders dismissing these cases for lack of subject matter jurisdiction demonstrate the supremacy of this issue. However, the discussion and determination of other issues, such as the lack of personal jurisdiction over Advantage Tankers, LLC, the lack of evidence for the fraudulent transfer claims against Advantage Award Shipping, LLC, and the deficiencies in the abuse of process claim asserted against Gulsun Nazli Karahmehmet-Williams, support the overarching theme that it is fruitless for Eclipse to pursue this litigation in this forum any further.[7]

During briefing and oral argument of these appeals, this court respectfully suggests that the appellate court pay close attention to Eclipse's most current theory of its case against the defendants, other than Geden, whom it named in these actions. That theory has altered substantially over the course of the more than six years of litigation here, and it has grown to include many additional persons and entities not named in these actions. As a result, this court is unfavorably reminded of the old shell game. In the end, however, Eclipse's apparent hide-the-ball

---

[7] For the same reason, this court correctly denied Eclipse's 8th Motion for Extraordinary Relief, because there was no point in Eclipse trying to take yet more discovery of persons outside the jurisdiction of this court. *See* Order docketed on November 20, 2023, denying Eclipse's Motion to Amend the Court's May 9, 2023 Order to certify it for immediate appeal, a copy of which is attached hereto.

litigation strategy before this court is not sufficient to overcome Geden's alleged hide-the-assets strategy, which Geden seems to have exercised on a global scale far beyond the reach of this court. It may be true that Eclipse is a victim of Geden's former officers', directors', and employees' improper transfers of Geden's assets to other persons and entities. However, those assets have clearly been shifted far outside this court's jurisdiction, so this court is unable to offer Eclipse any real relief beyond recognizing its foreign judgment, which was already done in 2017.

## CONCLUSION

For all the foregoing reasons, this court respectfully requests that its January 23rd Orders entered in the above-captioned cases be affirmed on appeal.

Dated: April 23, 2024

BY THE COURT:

PAULA A. PATRICK, J.

RECEIVED

JAN 2 3 2023

ROOM 521

**IN THE COURT OF COMMON PLEAS FOR PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | | |
|---|---|---|
| ECLIPSE LIQUIDITY, INC., | : | MARCH TERM, 2020 |
| | : | |
| Plaintiff, | : | NO. 00816 |
| | : | |
| v. | : | COMMERCE PROGRAM |
| | : | |
| GEDEN HOLDINGS, LTD,; | : | Control No. 23071241 |
| ADVANTAGE TANKERS LLC; and | : | |
| ADVANTAGE AWARD SHIPPING, | : | |
| LLC, | : | |
| | : | |
| Defendants. | : | |

**DOCKETED**

JAN 2 3 2024

R. POSTELL
COMMERCE PROGRAM

**ORDER**

**AND NOW**, this 22nd day of January, 2024, upon consideration of defendants' Motion

for Summary Judgment, the responses thereto, and all other matters of record in this action and

the related actions, and in accord with the Opinion issued simultaneously herewith, it is

**ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction.

**BY THE COURT:**

PAULA A. PATRICK, J.

200300816-Eclipse Liq Atty. Inc   Vs Geden Holdings, Ltd Et

20030081600244

IN THE COURT OF COMMON PLEAS FOR PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

|  |  |  |
|---|---|---|
| ECLIPSE LIQUIDITY, INC., | : | MARCH TERM, 2020 |
| | : | |
| Plaintiff, | : | NO. 00816 |
| | : | |
| v. | : | COMMERCE PROGRAM |
| | : | |
| GEDEN HOLDINGS, LTD, | : | Control No. 23071241 |
| ADVANTAGE TANKERS LLC; and | : | |
| ADVANTAGE AWARD SHIPPING, | : | |
| LLC, | : | |
| | : | |
| Defendants. | : | |

## OPINION

In 2017, plaintiff Eclipse Liquidity, Inc. obtained a foreign judgment of more than $3 million against defendant Geden Holdings, Ltd ("Geden"), which judgment plaintiff domesticated with this court that same year.[1]  Plaintiff attempted to collect on that judgment for several years but was unable to do so because Geden is apparently without assets.  However, plaintiff believes it has identified a former asset, an oil tanker ship (the "Tanker"), that was once owned, indirectly, by Geden.

In an attempt to execute on its judgment against the Tanker, plaintiff brought this action against Geden and also sued defendant Advantage Award Shipping LLC ("Advantage Award"), which apparently owns the Tanker, and defendant Advantage Tankers LLC ("Advantage Tankers"), which owns 100% of the interests in Advantage Award (collectively, the two entities are referred to as the "Advantage Defendants").[2]  In its Complaint, plaintiff alleges that there was

---

[1] The Judgment is from the United Kingdom of Great Britain and Northern Ireland and was filed with this court under case number 171000196.

[2] See Complaint filed March 06, 2020 in this action (the "2020 Complaint"), ¶ 6.

something improper about the transfer of the Tanker to Advantage Award such that the Tanker should still be deemed an asset of Geden's subject to execution by plaintiff. Plaintiff asserts claims against the defendants for de facto merger and violation of the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"). However, three years of discovery in this action has not enabled plaintiff to substantiate those claims.

Discovery has been complicated by that fact that not one of the parties to this action has much of a connection with Pennsylvania: plaintiff was established under the laws of the Republic of the Marshall Islands; defendant Geden is organized under the laws of Malta; defendant Advantage Award is organized under the laws of the Bahamas and/or the Republic of the Marshall Islands; and defendant Advantage Tankers is organized under the laws of the Republic of the Marshall Islands.[3]

Both Geden and Advantage Award are or were registered as foreign corporations with the Commonwealth of Pennsylvania, but defendant Advantage Tankers is not registered to do business here.[4] In order to overcome this problem, plaintiff alleged in Count II of its Complaint a claim to pierce the corporate veil of Advantage Award to obtain alter-ego personal jurisdiction over its parent, Advantage Tankers.[5] Plaintiff has not proffered evidence sufficient for this court to do so, so Advantage Tankers must be dismissed as a party hereto.[6]

---

[3] 2020 Complaint, ¶¶ 1-5.

[4] *See id.*, ¶¶ 4-7.

[5] *See* 2020 Complaint, Count II; Plaintiff's Memorandum in Opposition to defendants' Motion for Summary Judgment (the "Motion"), pp. 5, 17.

[6] "Piercing the corporate veil is . . . a matter of equity, allowing a court to disregard the corporate form and assess one corporation's liability against another. The corporate veil will be pierced and the corporate form disregarded whenever justice or public policy demand[,] such as when the corporate form has been used to defeat public convenience, justify wrong, protect fraud, or defend crime. [However, a] request to pierce the corporate veil is not an independent cause of action, but rather is a means of imposing liability established in an underlying cause of action, such as tort or breach of contract, against another."

2

At the commencement of this case, plaintiff's theory appears to have been that Geden transferred the Tanker, along with 11 other such vessels, to single purpose entities, including Advantage Award, all of which are wholly owned by Advantage Tankers, so that Geden could avoid having them seized to pay its creditors, such as plaintiff.

Plaintiff further alleged that the owner of Geden, non-party Mr. Karamehmet, retained control of the companies to which the vessels were transferred, including Advantage Award, such that the transfers were mere subterfuges.[7]  However, the evidence obtained in discovery has not borne out this theory.

As plaintiff has acknowledged, the corporate structures of the transferring entities and the receiving entities are as follows:[8]

---

Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC, 648 Pa. 604, 644, 194 A.3d 1010, 1035 (2018).

"Neither the similarity of names between the parent and subsidiary corporation  nor the total ownership of the stock of the subsidiary by the parent nor the fact that a single individual is the active chief executive of both corporations will per se justify a court in piercing the corporate veil if each corporation maintains a bona fide separate and distinct corporate existence. . . . There is a well recognized exception to these general rules if the record demonstrates that the subsidiary is the 'alter ego' of the parent to the extent that domination and control by the parent corporation renders the subsidiary a mere instrumentality of the parent; under such extreme circumstances the parent corporation may be held to be doing business within the state under the facade of the subsidiary." Botwinick v. Credit Exch., Inc., 419 Pa. 65, 71–72, 213 A.2d 349, 353–54 (1965).

[7] See 2020 Complaint, ¶¶ 49-55.

[8] Plaintiff concedes the "Original Ownership" chain in the 2020 Complaint, ¶ 24, and in its Complaint filed on June 27, 2023, in a new, related action number 230602605 (the "2023 Complaint"), ¶¶ 40-41.  Plaintiff concedes the "Ownership after Transfer" chain in the 2020 Complaint, ¶ 27, and the 2023 Complaint, ¶¶ 5-9 and Ex.2.

3

| Original Ownership | Ownership After Transfer |
|---|---|
| Tanker named Value | Tanker re-named Advantage Award |
| -Owned by -- | - Owned by -- |
| Value Shipping, Ltd. | Advantage Award Shipping LLC (defendant) |
| -Owned by - | - Owned by -- |
| Geden Holdings, Ltd.(defendant) | Advantage Tankers, LLC (dismissed defendant) |
| -Owned by -- | - Owned by -- |
| Buselten Finance, S.A. | Advantage Holdings, LLC |
| -Owned by - | - Owned by -- |
| Mr. Karamehmet[9] | Forward Holdings, LLC |
| | - Owned by -- |
| | Ms. Williams and Mr. Tokgoz[10] |

In or about May 5, 2015, title to the Tanker was transferred from Value Shipping, a non-party to this action, to Advantage Award.[11]   Defendants claim, and have offered some evidence, that non-party Value Shipping, or its owners, received more than $48 million from entities related to Advantage Award in exchange for the Tanker.[12]  Apparently, the sales proceeds never made it into, or were quickly transferred out of, Geden's coffers, so that plaintiff has been unable to seize them.[13]  However, that alone is not sufficient reason for this court to hold  Advantage Award liable to pay the sales proceeds, again, to plaintiff in this action.

---

[9] Plaintiff claims that Buselten is now majority owned by Ms. Karamehmet-Williams. *See* Plaintiff's Sur-reply to defendants' Motion, p. 14; 2023 Complaint, ¶ 14.

[10] Non-party Ms. Willams, who holds 85% of the interests in Forward Holdings, LLC, is Mr. Karamehmet's daughter, and non-party Mr. Tokgoz, who holds the other 15%, is alleged to have close ties to Mr. Karamehmet as well. *See* 2020 Complaint, ¶ 22. However, the court must view them as individuals, legally separate and financially independent from Mr. Karamehmet, until plaintiff proves otherwise. This plaintiff has not done.

[11] *Compare* defendants' Motion, ¶ 28 *with* plaintiff's Response to defendants' Motion, ¶ 28.

[12] Plaintiff now admits that Advantage Tankers LLC paid $126,617,680 to Geden for 8 tankers including the Tanker f/k/a Value and n/k/a Advantage. *See* 2023 Complaint, ¶¶ 45-46.  Plaintiff further alleges that Geden "sold its equity interest in the 11 crude oil tankers [including the Tanker] to Advantage tankers for approximately $200,000,000[.]"  *See id.* at ¶  71.  However, plaintiff also alleges that $175,6999,979 of the sales proceeds paid to Geden was quickly transferred out of Geden's bank accounts to related entities that are not named at defendants here. *See id.* at ¶¶ 52, 72.

[13] Plaintiff now claims "the transfer of the sales proceeds by [defendant Geden] to [non-party] corporate entities controlled by [Mr. Karamehmet.]" Plaintiff's Memorandum in Opposition to defendants'

4

"[I]n ascertaining whether a transfer is voidable as to present and future creditors under [PUFTA], a court may consider whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred."[14] Plaintiff has not pointed to any evidence that the sales proceeds were not actually transferred from the buyer, Advantage Award or its owners, to the seller, Value Shipping or its owners, nor has plaintiff proffered an expert or other evidence to show that the sales price paid for the Tanker was not reasonably equivalent value or a fair market price. Because plaintiff does not have any such evidence, its claim that Geden made a fraudulent transfer of the Tanker to Advantage Award fails.

Similarly, plaintiff's claim that Advantage Award is Geden's successor for judgment execution purposes due to the two entities' "de facto merger" also fails.

> In cases rooted in breach of contract and express warranty, the *de facto* merger exception requires some sort of proof of continuity of ownership or stockholder interest. However, such proof is not restricted to mere evidence of an exchange of assets from one corporation for shares in a successor corporation. Evidence of other forms of stockholder interest in the successor corporation may suffice; indeed 15 Pa.C.S. § 1922(a)(3) contemplates that continuing shareholder interest pursuant to a statutory merger may take the form of "obligations" in lieu of shares in the new or surviving corporation. Further, *de facto* merger, including its continuity of ownership prong, will always be subject to the fact-specific nature of the particular underlying corporate realities and will not always be evident from the formalities of the proximal corporate transaction. These realities may include an issue concerning which entity is actually the true predecessor corporation. Finally, the elements of the *de facto* merger are not a mechanically-applied checklist, but a map to guide a reviewing court to a determination that, under the facts established, for all intents and purposes, a merger has or has not occurred between two or more corporations, although not accomplished under the statutory procedure.[15]

---

Motion, p. 29. *See also* Complaint in 2023 Action, ¶¶ 46-52, 71-72. Since the recipients are not parties to this action, the court cannot order them to return or transfer the proceeds to plaintiff.

[14] Fell v. 340 Assocs., LLC, 125 A.3d 75, 82 (Pa. Super. 2015).

[15] Fizzano Bros. Concrete Prod. v. XLN, Inc., 615 Pa. 242, 273, 42 A.3d 951, 969 (2012).

Plaintiff has not proffered evidence of continuity of ownership or stockholder interest between Geden, owned by Mr. Karamehmet, and Advantage Award and its parent's parent's parent, Forward Holdings LLC, which is owned by Ms. Williams and Mr. Tokgoz.

The most that plaintiff has discovered is that the Advantage Defendants have contracted with the same management company that Value Shipping did to handle the day-to-day operations of the Tanker.[16] That management company, which is not a party to this action, is apparently named Genel Denizcilik Nakliyati A.S. ("Genel") and is sometimes referred to as "Geden Lines." Genel apparently was owned or controlled by the same person, Mr. Karamehmet, who ultimately owns defendant Geden Holdings.[17]

In effect, plaintiff wants this court to find that the elaborate corporate structure of which Advantage Award is a part is just a rebranding of the elaborate corporate structure of which Geden is a part. However, the court cannot decide the status, rights, and liabilities of the two remaining defendants, Geden and Advantage Award, vis-a-vis the Tanker without also making decisions regarding the status, rights, and liabilities of their owners, parent companies, and subsidiaries who are not parties to this action.[18] Because a decision in favor of plaintiff against the two remaining

---

[16] *See* 2020 Complaint, ¶¶ 24-28; plaintiff's Sur-reply to defendants' Motion, p. 9.

[17] *See* 2020 Complaint, ¶ 40 ("Notwithstanding the purported sale of the [Tanker] to Advantage Award Shipping LLC[,] the commercial, technical, and administrative management and control of the [Tanker] remained and continues to be with Geden Lines, in return for substantial management fees Geden Lines receives from Award LLC. Geden Lines is 100% controlled by Mehmet Emin Karamehmet[.]"); 2023 Complaint, ¶ 57 ("Karamehmet-Williams, at all times material hereto, knew that the management and operation of the 11 tankers transferred to Advantage Tankers LLC was to be performed entirely by Geden Lines, a corporate entity controlled by her father Karamehmet at the time.")
Plaintiff now claims that Ms. Williams and her mother or other family members have assumed control of Genel, which marks a change of ownership, not a continuity thereof. *See* Plaintiff's Sur-reply to defendants' Motion, p. 10; 2023 Complaint, ¶ 13. Neither Genel, "Geden Lines," nor any of these individuals is a party to this case.

[18] Many of them do not appear to be subject to personal jurisdiction in Pennsylvania.

defendants would potentially impair the rights of their non-joined relatives, those absent parties are necessary and indispensable parties to this action.[19] Because they are necessary and indispensable non-parties, this court is deprived of subject matter jurisdiction to decide plaintiff's claims in this action.

With respect to defendant Geden Holdings, over whom this court does have jurisdiction, plaintiff already has a judgment against it, so there is no point continuing this action against it alone to obtain, at best, a duplicate judgment. The question as to what Value Shipping and its owners, including Geden, did with the money they received from Advantage Award and its related entities is not before this court because Value Shipping Ltd., Buselten Finance S.A., and the other persons and entities to whom that money may have been transferred are not parties to this litigation. Similarly, the issue of whether Geden improperly transferred assets other than the Tanker to entities other than Advantage Award is not before this court because those other recipient entities are not parties to this action. In order to follow the money to which plaintiff claims it is entitled, plaintiff will have to leave Philadelphia for other ports of call where the recipients can be found.

### CONCLUSION

For all the foregoing reasons, the defendants' Motion for Summary Judgment will be granted and plaintiff's claims in this action will be dismissed.

Dated: January 22, 2024

BY THE COURT:

PAULA A. PATRICK, J.

---

[19] "Under Pennsylvania law, the failure to join an indispensable party implicates the trial court's subject matter jurisdiction. Failure to join an indispensable party goes absolutely to the court's jurisdiction and the issue should be raised *sua sponte*. . . . A party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." Orman v. Mortg. I.T., 118 A.3d 403, 406 (Pa. Super. 2015)

7

RECEIVED

JAN 2 3 2023

ROOM 521

**IN THE COURT OF COMMON PLEAS FOR PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

ECLIPSE LIQUIDITY, INC.,          :     JUNE TERM, 2023          **DOCKETED**

　　　　　　　　　Plaintiff,          :     NO. 02605                          JAN 2 3 2024

　　　　　v.          :     COMMERCE PROGRAM          R. POSTELL
                                                                          COMMERCE PROGRAM

GULSUN NAZLI KARAHMEHMET          :     Control Nos.: 23074374, 23083207,
WILLIAMS; COURTNEY BRYAN          :                              23091839, 23112212
WILLIAMS; GEDEN HOLDINGS LTD.;          :
ADVANTAGE TANKERS, LLC;          :
ADVANTAGE AWARD SHIPPING, LLC,          :

　　　　　　　　　Defendants.          :

**ORDER**

　　　　**AND NOW,** this 22ⁿᵈ day of January, 2024, upon consideration of defendants' two sets of

Preliminary Objections to the Complaint, plaintiff's Motion to Consolidate, plaintiff's

miscellaneous Motion for Evidence of Authority, the responses thereto, and all other matters of

record, it is **ORDERED** and **DECREED** as follows:

　　1.　The Preliminary Objections are **SUSTAINED;**

　　2.　Count III for Abuse of Process is **DISMISSED with prejudice;**[1]

---

[1] The defendants' alleged failure to respond fully and truthfully to discovery requests served in the earlier case brought by plaintiff (Case No. 200300815) does not serve as a valid basis for a claim for abuse of process in this case. "Abuse of process is defined as the use of legal process against another primarily to accomplish a purpose for which it is not designed. To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff. Abuse of process is, in essence, the use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process. Thus, the gravamen of this tort is the perversion of legal process to benefit someone in achieving a purpose which is not an authorized goal of the procedure in question." Werner v. Plater-Zyberk, 799 A.2d 776, 785 (Pa. Super. 2002). Responsive discovery abuses should be addressed in the litigation in which they occur under R. Civ. P. 4019 and not in a separate action.

<span style="font-size:smaller">230502605-Eclipse Liquidity, Inc. Vs Geden Holdings Limited</span>



23060260500072

3. All other claims asserted against defendants are **DISMISSED** without prejudice to such claims being asserted in another forum that has personal jurisdiction over all the defendants and subject matter jurisdiction over the claims;[2] and

4. The Motion to Consolidate and the miscellaneous Motion are **DISMISSED** as **MOOT**.

**BY THE COURT:**

PAULA A. PATRICK, J.

---

[2] Plaintiff has not asserted any valid basis for this court to assert personal jurisdiction over Advantage Tankers LLC, Gulsun Nali Karamehmet-Williams, and Courtney Bryan Williams.

For the reasons set forth in the summary judgment opinion issued simultaneously in Case No. 200300815, this court lacks subject matter jurisdiction over Counts I and II of this dispute due to plaintiff's failure properly to join related, necessary and indispensable parties to this action, as well as in the previous action.

2

RECEIVED

NOV 2 0 2023

ROOM 521

**IN THE COURT OF COMMON PLEAS FOR PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | | |
|---|---|---|
| ECLIPSE LIQUIDITY, INC., | : | MARCH TERM, 2020 |
| Plaintiff, | : | NO. 00816 |
| v. | : | COMMERCE PROGRAM |
| | : | Control No.: 23061860 |
| GEDEN HOLDINGS, LTD, | : | |
| ADVANTAGE TANKERS LLC; and | : | |
| ADVANTAGE AWARD SHIPPING, | : | |
| LLC, | : | |
| Defendants. | : | |

DOCKETED

NOV 2 0 2023

R. POSTELL
COMMERCE PROGRAM

**ORDER**

**AND NOW**, this 19th day of November, 2023, upon consideration of plaintiff's Motion to

Amend the Court's May 9, 2023 Order for immediate appeal, the response thereto, and all other

matters of record in this action, it is **ORDERED** that said Motion is **DENIED**.[1]

BY THE COURT:



J.

20090310-Eclipse Liquidity, Inc. Vs Geden Holdings, Ltd Et

20030081600240

[1] In its Motion, plaintiff asks the Court to amend its May 9th Order denying plaintiff's Motion for Reconsideration of the Court's March 30, 2023 Order denying plaintiff's 8th Motion for Extraordinary Relief. Plaintiff seeks to have the court include the requisite language under 42 Pa.C.S.§ 702(b) to the effect that the Court's May 9th Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter."

No such amendment is warranted here. Before the May 9th Order was entered, this court previously granted plaintiff seven generous discovery extensions and appointed a discovery master in this action, whose recommendations the court followed thereby allowing plaintiff to take a significant amount of wide-ranging discovery.

At this late stage in such protracted litigation, if the court were to allow plaintiffs to try to take yet more discovery, particularly against persons and entities over whom this court does not even have jurisdiction, such futile discovery attempts would not result in any additional evidentiary support for plaintiff's claims. The court also notes that, after the order in question was entered, plaintiff filed a third action against the same judgment-debtor/defendant and several other persons and entities, and plaintiff will presumably seek additional discovery in that new action.



Page    1

### First Judicial District of Pennsylvania
### Trial Division-Civil
#### DOCKET REPORT

| CASE NUMBER | CASE CAPTION |
|---|---|
| 171000196 | ECLIPSE LIQUIDITY, INC. VS GEDEN HOLDINGS LIMITED |

**FILING DATE:** 02-OCT-2017    **COURT:** NE    **JURY:** N

**CASE TYPE:** FOREIGN JUDGMENT

**STATUS:** ORDER ENTERED - FINAL DISPOS

**RELATED CASES:**

*Parties:*

| Seq. No. | Assoc. With | Expiration Date | Party Type | ID | Party Name/ Address |
|---|---|---|---|---|---|
| 1 | | | APLF | A88407 | SCHLEIGH, MICHAEL F. HARDIN THOMPSON, PC WELLS FARGO BLDG 123 S. BROAD  ST, STE 2235 PHILADELPHIA, PA 19109 (267)486-9011 (267)486-9002 - FAX mschleigh@hardinlawpc.net |
| 2 | 1 | | PLF | @9530924 | ECLIPSE LIQUIDITY INC 231 KIFISIAS AVE KIFISIA, GR 14651 |
| 3 | 5 | | DFT | @9530925 | GEDEN HOLDINGS LTD C/O CT CORP TWO COMMERCE SQ 2001 MARKET ST 5TH FL PHILADELPHIA, PA 19103 |
| 4 | 1 | | APLF | A44194 | REEVES, MARY E. REEVES MCEWING LLP 1004 S FRONT ST PHILADELPHIA, PA 19147 (267)324-3773 (267)519-9463 - FAX reeves@lawofsea.com |
| 5 | | | ADFT | A41577 | DEGIULIO, FRANK P. 190 N. INDEPENDENCE MALL WEST SUITE 401 PHILADELPHIA, PA 19106 (215)625-9900 fpd@pbh.com |



### First Judicial District of Pennsylvania
### Trial Division-Civil

| 6 | | JUDG | J461 | ANDERS, DANIEL J. |
|---|---|------|------|-------------------|

529 CITY HALL
PHILADELPHIA, PA 19107

| 7 | | JUDG | J409 | MCINERNEY, PATRICIA |
|---|---|------|------|---------------------|

ROOM 364 CITY HALL
PHILADELPHIA, PA 19107
(215)686-2620

| 8 | | TL. | J409 | MCINERNEY, PATRICIA |
|---|---|-----|------|---------------------|

ROOM 364 CITY HALL
PHILADELPHIA, PA 19107
(215)686-2620

| 9 | 5 | ADFT | A91180 | WOOSTER, DANIEL |
|---|---|------|--------|-----------------|

190 N. INDEPENDENCE MALL WEST
SUITE 401
PHILADELPHIA, PA 19106
(215)625-9900
dwooster@pbh.com

| 10 | | JUDG | J458 | PADILLA, NINA W. |
|----|---|------|------|------------------|

360 CITY HALL
PHILADELPHIA, PA 19107

| 11 | 5 | APHV | @109717001 | QUARTARO ESQ, NEIL A. |
|----|---|------|------------|-----------------------|

COZEN O'CONNOR
45 BROADWAY
16TH FLOOR
NEW YORK, NY 10006

## Docket Entries:

| Filing Date/Time | Docket Entry | Date Entered |
|------------------|--------------|--------------|
| 02-OCT-2017 13:10:31 | ACTIVE CASE | 02-OCT-2017 |
| 02-OCT-2017 13:10:31 | E-Filing Number: 1710000864<br>COMMENCEMENT BY JUDGMENT | 02-OCT-2017<br>SCHLEIGH, MICHAEL F. |
| 02-OCT-2017 13:10:31 | FOREIGN JUDGMENT FILED | 02-OCT-2017<br>SCHLEIGH, MICHAEL F.<br>$3,311,159.06 |

CERTIFIED COPY OF FOREIGN JUDGMENT FROM OF A FOREIGN STATE
UNKNOWN IN FAVOR OF THE PLAINTIFF AND AGAINST THE DEFENDAND FOR
THE SUM OF $3,311,159.06. AFFIDAVIT UNDER FOREIGN JUDGMENT ACT FILED.
NOTICE UNDER RULE 236.



**First Judicial District of Pennsylvania**
**Trial Division-Civil**

| | | |
|---|---|---|
| 27-OCT-2017 13:00:35 | AFFIDAVIT OF SERVICE FILED | 31-OCT-2017 |
| | AFFIDAVIT OF SERVICE OF FOREIGN JUDGMENT UPON GEDEN HOLDINGS LIMITED BY SHERIFF SERVICE DAUPHIN ON 10/23/2017 FILED. | |
| 03-NOV-2017 10:29:25 | AFFIDAVIT OF SERVICE FILED | 06-NOV-2017 |
| | AFFIDAVIT OF SERVICE OF FOREIGN JUDGMENT UPON GEDEN HOLDINGS LIMITED BY SHERIFF SERVICE DAUPHIN ON 10/23/2017 FILED. | |
| 01-DEC-2017 15:04:40 | MOT-FOR ADMISSION PRO HAC VICE | 04-DEC-2017 |
| | | REEVES, MARY E. |
| | 55-17120355 RESPONSE DATE 12/26/2017. (FILED ON BEHALF OF ECLIPSE LIQUIDITY INC) | |
| 21-DEC-2017 15:40:47 | MOTION TO STRIKE | 22-DEC-2017 |
| | | DEGIULIO, FRANK P. |
| | 25-17122925 RESPONSE DATE 01/11/2018. (FILED ON BEHALF OF GEDEN HOLDINGS LIMITED) | |
| 28-DEC-2017 15:11:59 | MOTION ASSIGNED | 28-DEC-2017 |
| | 55-17120355 MOT-FOR ADMISSION PRO HAC VICE ASSIGNED TO JUDGE: ANDERS, DANIEL J, ON DATE: DECEMBER 28, 2017 | |
| 29-DEC-2017 14:34:06 | ORDER ENTERED/236 NOTICE GIVEN | 29-DEC-2017 |
| | | ANDERS, DANIEL J. |
| | 55-17120355 AND NOW, THIS 28TH DAY OF DECEMBER, 2017, IT IS ORDERED AND DECREED THAT PLAINTIFF, ECLIPSE LIQUIDITY INC'S MOTION FOR ADMISSION PRO HAC VICE IS GRANTED, AND THAT GEORGE A. GAITAS OF GAITAS KENNEDY OF CHALOS PC IS HEREBY ADMITTED PRO HAC VICE FOR PURPOSES OF THIS MATTER AFTER OBTAINING THE APPROPRIATE CITY OF PHILADELPHIA BUSINESS PRIVILEGE TAX LICENSE PURSUANT TO 19-2602 OF THE PHILADELPHIA CODE. PRO HAC VICE COUNSEL SHALL PAY ALL CITY BUSINESS AND WAGE TAX AS REQUIRED. ...BY THE COURT: ANDERS, J., 12/29/17 | |
| 29-DEC-2017 14:34:07 | NOTICE GIVEN UNDER RULE 236 | 02-JAN-2018 |
| | NOTICE GIVEN ON 02-JAN-2018 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 29-DEC-2017. | |
| 09-JAN-2018 17:32:26 | MOTION/PETITION REPLY FILED | 10-JAN-2018 |
| | | SCHLEIGH, MICHAEL F. |
| | 25-17122925 REPLY IN OPPOSITION OF MOTION TO STRIKE FILED. (FILED ON BEHALF OF ECLIPSE LIQUIDITY INC) | |
| 09-JAN-2018 18:19:56 | NOTICE/PROGRAM DISPUTE FILED | |
| | | SCHLEIGH, MICHAEL F. |
| | 16-18010816 RESPONSE DATE 01/17/2018. | |



### First Judicial District of Pennsylvania
### Trial Division-Civil

| | | |
|---|---|---|
| 16-JAN-2018 14:01:49 | **MOTION ASSIGNED** | **16-JAN-2018** |

25-17122925 MOTION TO STRIKE ASSIGNED TO JUDGE: ANDERS, DANIEL J. ON DATE: JANUARY 16, 2018

| | | |
|---|---|---|
| 17-JAN-2018 15:34:18 | **MOTION/PETITION REPLY FILED** | **17-JAN-2018** |
| | | **DEGIULIO, FRANK P.** |

25-17122925 REPLY IN SUPPORT OF MOTION TO STRIKE FILED. (FILED ON BEHALF OF GEDEN HOLDINGS LIMITED)

| | | |
|---|---|---|
| 19-JAN-2018 09:50:05 | **RULE ISSUED** | **19-JAN-2018** |
| | | **ANDERS, DANIEL J.** |

25-17122925  A RULE IS HEREBY ENTERED TO SHOW CAUSE WHY RELLIEF REQUESTED THEREIN SHOULD NOT BE GRANTED. RULE RETURNABLE ON THE 7TH DAY OF MARCH, 2018 AT 1:30 PM. IN COURTROOM 285, CITY HALL, PHILADELPHIA PA-19107 SEE ORDER FOR COMPLETE TERMS.  ...BY THE COURT: ANDERS, J. 1/19/2018.

| | | |
|---|---|---|
| 19-JAN-2018 09:50:06 | **NOTICE GIVEN UNDER RULE 236** | **19-JAN-2018** |

NOTICE GIVEN ON 19-JAN-2018 OF RULE ISSUED ENTERED ON 19-JAN-2018.

| | | |
|---|---|---|
| 19-JAN-2018 10:08:58 | **MOTION HEARING SCHEDULED** | **19-JAN-2018** |

25-17122925

| | | |
|---|---|---|
| 19-JAN-2018 11:33:23 | **MOTION ASSIGNED** | **19-JAN-2018** |

16-18010816 NOTICE/PROGRAM DISPUTE FILED ASSIGNED TO JUDGE: MCINERNEY, PATRICIA . ON DATE: JANUARY 19, 2018

| | | |
|---|---|---|
| 19-JAN-2018 14:49:38 | **AFFIDAVIT OF SERVICE FILED** | **19-JAN-2018** |
| | | **DEGIULIO, FRANK P.** |

AFFIDAVIT OF SERVICE OF RULE TO SHOW CAUSE UPON MICHAEL F SCHLEIGH AND MARY E REEVES BY FIRST CLASS REGULAR MAIL ON 01/19/2018 FILED. (FILED ON BEHALF OF GEDEN HOLDINGS LIMITED)

| | | |
|---|---|---|
| 23-JAN-2018 00:30:11 | **NOTICE GIVEN** | **23-JAN-2018** |

| | | |
|---|---|---|
| 23-JAN-2018 09:02:06 | **ORDER ENTERED/236 NOTICE GIVEN** | **23-JAN-2018** |
| | | **MCINERNEY, PATRICIA** |

16-18010816  AND NOW, THIS 22ND DAY OF JANUARY 2018, UPON CONSIDERATION OF PLAINTIFF, ECLIPSE LIQUIDITY, INC.'S NOTICE OF MANAGEMENT PROGRAM DISPUTE AND NO RESPONSE IN OPPOSITION THE COURT DOCKET AND THE COMMERCE PROGRAM CRITERIA, IT HEREBY IIS ORDERED THAT HTE NOTICE OF MANAGEMENT PROGRAM DISPUTE IS GRANTED AND THIS MATTER SHALL BE TRANSFERRED TO COMMERCE FOR



**First Judicial District of Pennsylvania**
**Trial Division-Civil**

|  |  |  |
|---|---|---|
|  | ALL PURPOSES.  BY THE COURT: JUDGE MCINERNEY, SUPERVISING JUDGE FOR THE COMMERCE PROGRAM, 1/22/18. |  |
| 23-JAN-2018 09:02:07 | **NOTICE GIVEN UNDER RULE 236** | 23-JAN-2018 |
|  | NOTICE GIVEN ON 23-JAN-2018 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 23-JAN-2018. |  |
| 23-JAN-2018 09:02:49 | **TRANSFERRED TO COMMERCE** | 23-JAN-2018 |
| 23-JAN-2018 09:05:04 | **OTHER EVENT CANCELLED** | 23-JAN-2018 |
| 23-JAN-2018 09:05:29 | **MOTION ASSIGNMENT UPDATED** | 23-JAN-2018 |
|  | 25-17122925 REASSIGNED TO JUDGE MCINERNEY, PATRICIA ON 23-JAN-18 |  |
| 26-JAN-2018 09:56:20 | **MOTION/PETITION REPLY FILED** | 26-JAN-2018 |
|  |  | SCHLEIGH, MICHAEL F. |
|  | 25-17122925 REPLY IN OPPOSITION OF MOTION TO STRIKE FILED. (FILED ON BEHALF OF ECLIPSE LIQUIDITY INC) |  |
| 05-FEB-2018 07:56:26 | **WAITING TO LIST CASE MGMT CONF** | 05-FEB-2018 |
| 09-FEB-2018 10:17:29 | **ORDER ENTERED - FINAL DISPOS** | 09-FEB-2018 |
|  |  | MCINERNEY, PATRICIA |
|  | 25-17122925  (ORDER AND OPINION)  AND NOW, THIS 7TH DAY OF FEBRUARY 2018, UPON CONSIDERATION OF DEFENDANT'S MOTION TO STRIKE JUDGMENT, PLAINTIFF'S RESPONSE IN OPPOSITION, AND IN ACCORD WITH THE ATTACHED MEMORANDA, IT HEREBY IS ORDERED THAT THE MOTION IS DENIED.  BY THE COURT: JUDGE MCINERNEY, 2/7/18. |  |
| 09-FEB-2018 10:17:30 | **NOTICE GIVEN UNDER RULE 236** | 09-FEB-2018 |
|  | NOTICE GIVEN ON 09-FEB-2018 OF ORDER ENTERED - FINAL DISPOS ENTERED ON 09-FEB-2018. |  |
| 02-MAR-2018 13:15:30 | **APPEAL TO SUPERIOR COURT** | 02-MAR-2018 |
|  |  | DEGIULIO, FRANK P. |
|  | *********************************************** |  |
|  | NOTICE OF APPEAL FROM THE DECISION DATED 2/7/18 AND DOCKETED ON 2/9/18 BY JUDGE MCINERNEY, PATRICIA. PROOF OF SERVICE FILED ON BEHALF OF GEDEN HOLDINGS LIMITED) |  |
|  | *********************************************** |  |



**First Judicial District of Pennsylvania**
**Trial Division-Civil**

| | | |
|---|---|---|
| 08-MAR-2018 08:59:54 | FEE PD PURSUANT TO ORDER | 08-MAR-2018 |

CHECK #009006 IN THE AMOUNT OF $90.25 WAS DISBURSED TO SUPERIOR COURT 3/8/2018

| | | |
|---|---|---|
| 09-APR-2018 10:14:55 | MOTION TO STRIKE PLEADING | 09-APR-2018 |
| | | SCHLEIGH, MICHAEL F. |

42-18041142 RESPONSE DATE 04/30/2018. (FILED ON BEHALF OF ECLIPSE LIQUIDITY INC)

| | | |
|---|---|---|
| 09-APR-2018 12:54:46 | OPINION FILED/236 NOTICE GIVEN | 09-APR-2018 |
| | | MCINERNEY, PATRICIA |

OPINION SIGNED ON 4/9/18 BY MCINERNEY, J.

| | | |
|---|---|---|
| 09-APR-2018 12:54:47 | NOTICE GIVEN UNDER RULE 236 | 09-APR-2018 |

NOTICE GIVEN ON 09-APR-2018 OF OPINION FILED/236 NOTICE GIVEN ENTERED ON 09-APR-2018.

| | | |
|---|---|---|
| 09-APR-2018 13:09:56 | APPEAL INVENTORY RECORD SENT | 09-APR-2018 |

PURSUANT TO PA R.A.P. 1931 (d) APPEAL INVENTORY SENT.

| | | |
|---|---|---|
| 09-APR-2018 13:09:57 | RECORD MAILED/TRANSMITTED | 09-APR-2018 |

RECORD SENT TO SUPERIOR COURT ELECTRONICALLY VIA PACFILE UNDER 779 EDA 2018.

| | | |
|---|---|---|
| 09-APR-2018 13:09:57 | NOTICE GIVEN UNDER RULE 236 | 09-APR-2018 |

NOTICE GIVEN ON 09-APR-2018 OF APPEAL INVENTORY RECORD SENT ENTERED ON 09-APR-2018.

| | | |
|---|---|---|
| 30-APR-2018 17:16:42 | MOTION FOR PROTECTIVE ORDER | 01-MAY-2018 |
| | | DEGIULIO, FRANK P. |

76-18050076 RESPONSE DATE 05/21/2018. (FILED ON BEHALF OF GEDEN HOLDINGS LIMITED)

| | | |
|---|---|---|
| 01-MAY-2018 10:43:44 | ENTRY OF APPEARANCE-CO COUNSEL | 01-MAY-2018 |
| | | WOOSTER, DANIEL |

ENTRY OF APPEARANCE OF DANIEL WOOSTER AS CO-COUNSEL FILED. (FILED ON BEHALF OF GEDEN HOLDINGS LIMITED)

| | | |
|---|---|---|
| 02-MAY-2018 13:40:54 | MOTION ASSIGNED | 02-MAY-2018 |

42-18041142 MOTION TO STRIKE PLEADING ASSIGNED TO JUDGE: MCINERNEY, PATRICIA . ON DATE: MAY 02, 2018

| | | |
|---|---|---|
| 21-MAY-2018 18:21:41 | ANSWER (MOTION/PETITION) FILED | 22-MAY-2018 |
| | | SCHLEIGH, MICHAEL F. |

76-18050076 ANSWER IN OPPOSITION OF MOTION FOR PROTECTIVE ORDER

Page    7



**First Judicial District of Pennsylvania**
**Trial Division-Civil**

| | | |
|---|---|---|
| 24-MAY-2018 09:47:09 | FILED. (FILED ON BEHALF OF ECLIPSE LIQUIDITY INC)<br>**MOTION ASSIGNED** | 24-MAY-2018 |
| 29-MAY-2018 15:18:25 | 76-18050076 MOTION FOR PROTECTIVE ORDER ASSIGNED TO JUDGE:<br>MCINERNEY, PATRICIA . ON DATE: MAY 24, 2018<br>**MOTION/PETITION REPLY FILED** | 29-MAY-2018<br>DEGIULIO, FRANK P. |
| 30-MAY-2018 10:07:32 | 76-18050076 REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER FILED.<br>(FILED ON BEHALF OF GEDEN HOLDINGS LIMITED)<br>**ORDER ENTERED/236 NOTICE GIVEN** | 30-MAY-2018<br>MCINERNEY, PATRICIA |
| | 42-18041142 & 76-18050076  AND NOW, THIS 30TH DAY OF MAY, 2018, UPON CONSIDERATION OF PLAINTIFF ECLIPSE LIQUIDITY, INC.'S MOTION TO STRIKE OBJECTIONS AND COMPEL DISCOVERY IN AID OF EXECUTION AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND PLAINTIFF'S RESPONSE IN OPPOSITION, IT HEREBY IS ORDERED AS FOLLOWS: 1. PLAINTIFF'S MOTION TO STRIKE OBJECTIONS AND COMPEL DISCOVERY IN AID OF EXECUTION IS DENIED 2. DEFENDANT'S MOTION FOR PROTECTIVE ORDER IS GRANTED IN PART AND PLAINTIFF SHALL LIMIT ITS REQUESTS TO TWENTY FIVE (25) QUESTIONS WITHOUT SUBPARTS AND SHALL SERVE UPON DEFENDANTS WITHIN TEN (10) DAYS FROM THE DATE OF THIS ORDER.  DEFENDANT SHALL RESPOND WITHIN THE APPROPRIATE TIME PRESCRIBED BY THE P.A.R.CIV.P. ALL OTHER ASPECTS OF THE MOTION ARE DENIED.  BY THE COURT: JUDGE MCINERNEY, 5/30/18. | |
| 30-MAY-2018 10:07:33 | **NOTICE GIVEN UNDER RULE 236** | 30-MAY-2018 |
| 30-MAY-2018 10:08:27 | NOTICE GIVEN ON 30-MAY-2018 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 30-MAY-2018.<br>**OTHER EVENT CANCELLED** | 30-MAY-2018<br>MCINERNEY, PATRICIA |
| 23-OCT-2018 09:04:01 | 76-18050076 MOTION ASSIGNMENT CLOSED.  SEE ORDER OF MAY 30, 2018 ENTERED BY JUDGE MCINERNEY ADDRESSING THE FOLLOWING CONTROL NUMBERS: 18041142 & 18050076.<br>**MOT-DISCOVERY TO AID EXECUTION** | 23-OCT-2018<br>SCHLEIGH, MICHAEL F. |
| 13-NOV-2018 16:38:18 | 56-18102956 RESPONSE DATE 11/13/2018. (FILED ON BEHALF OF ECLIPSE LIQUIDITY INC)<br>**MEMORANDUM FILED**<br><br>56-18102956 MEMORANDUM IN OPPOSITION OF MOT-DISCOVERY TO AID EX | 13-NOV-2018<br>DEGIULIO, FRANK P. |



### First Judicial District of Pennsylvania
### Trial Division-Civil

|  |  |  |
|---|---|---|
|  | EXECUTION FILED. (FILED ON BEHALF OF GEDEN HOLDINGS LIMITED) |  |
| 15-NOV-2018 09:51:59 | MOTION ASSIGNED | 15-NOV-2018 |
|  | 56-18102956 MOT-DISCOVERY TO AID EXECUTION ASSIGNED TO JUDGE: ANDERS, DANIEL J. ON DATE: NOVEMBER 15, 2018 |  |
| 19-NOV-2018 22:39:55 | MOTION/PETITION REPLY FILED | 20-NOV-2018 |
|  |  | SCHLEIGH, MICHAEL F. |
|  | 56-18102956 REPLY IN SUPPORT OF MOT-DISCOVERY TO AID EXECUTION FILED. (FILED ON BEHALF OF ECLIPSE LIQUIDITY INC) |  |
| 21-NOV-2018 14:49:41 | MOTION ASSIGNMENT UPDATED | 21-NOV-2018 |
|  | 56-18102956 REASSIGNED TO JUDGE PADILLA, NINA W. ON 21-NOV-18 |  |
| 11-FEB-2019 10:42:29 | ORDER ENTERED/236 NOTICE GIVEN | 11-FEB-2019 |
|  |  | PADILLA, NINA W. |
|  | 56-18102956 IT IS ORDERED THAT PLAINTIFF ECLIPSE LIQUIDITY INC'S SECOND MOTION TO STRIKE OBJECTIONS AND COMPEL DISCOVERY IS GRANTED. DEFENDANT GEDEN HOLDINGS LIMITED'S OBJECTIONS TO THE DISOCVERY REQUESTS PROPOUNDED BY PLAINTIFF ARE HEREBY OVERRULED.  IT IS FURTHER ORDERED THAT DEFENDANT SHALL FULLY AND COMPLETELY RESPOND TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS WITHIN TWENTY (20) CALENDAR DAYS FROM THE DATE OF THIS ORDER OR BE SUBJECT TO SANCTIONS BY THIS COURT. . BY THE COURT; PADILLA, J. 2-11-19 |  |
| 11-FEB-2019 10:42:30 | NOTICE GIVEN UNDER RULE 236 | 12-FEB-2019 |
|  | NOTICE GIVEN ON 12-FEB-2019 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 11-FEB-2019. |  |
| 27-FEB-2019 10:58:04 | ORDER AFFIRMED BY APPELLATE CT | 27-FEB-2019 |
|  | 779 EDA 2018 ACCORDINGLY, WE AFFIRM ORDER AFFIRMED. JUDGMENT ENTERED. |  |
| 20-NOV-2019 16:18:38 | MOTION FOR SANCTIONS | 20-NOV-2019 |
|  |  | SCHLEIGH, MICHAEL F. |
|  | 74-19112674 RESPONSE DATE 12/10/2019. (FILED ON BEHALF OF ECLIPSE LIQUIDITY INC) |  |
| 11-DEC-2019 10:17:23 | ANSWER (MOTION/PETITION) FILED | 11-DEC-2019 |
|  |  | DEGIULIO, FRANK P. |
|  | 74-19112674 ANSWER IN OPPOSITION OF MOTION FOR SANCTIONS FILED. (FILED ON BEHALF OF GEDEN HOLDINGS LIMITED) |  |
| 12-DEC-2019 13:44:27 | MOTION ASSIGNED | 12-DEC-2019 |



### First Judicial District of Pennsylvania
### Trial Division-Civil

|  |  |  |
|---|---|---|
|  | 74-19112674 MOTION FOR SANCTIONS ASSIGNED TO JUDGE: PADILLA, NINA W. .<br>ON DATE: DECEMBER 12, 2019 |  |
| 18-DEC-2019 10:10:13 | MEMORANDUM FILED | 18-DEC-2019 |
|  |  | SCHLEIGH, MICHAEL F. |
|  | 74-19112674 MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS FILED.<br>(FILED ON BEHALF OF ECLIPSE LIQUIDITY INC) |  |
| 24-DEC-2019 10:44:04 | MOTION/PETITION REPLY FILED | 24-DEC-2019 |
|  |  | DEGIULIO, FRANK P. |
|  | 74-19112674 REPLY IN OPPOSITION OF MOTION FOR SANCTIONS FILED. (FILED<br>ON BEHALF OF GEDEN HOLDINGS LIMITED) |  |
| 30-DEC-2019 13:30:39 | MOTION/PETITION REPLY FILED | 30-DEC-2019 |
|  |  | SCHLEIGH, MICHAEL F. |
|  | 74-19112674 REPLY IN SUPPORT OF MOTION FOR SANCTIONS FILED. (FILED ON<br>BEHALF OF ECLIPSE LIQUIDITY INC) |  |
| 01-JUL-2020 15:36:00 | ORDER ENTERED/236 NOTICE GIVEN | 01-JUL-2020 |
|  |  | PADILLA, NINA W. |
|  | 74-19112674  AND NOW, THIS 30TH DAY OF JUNE, 2020, UPON CONSIDERATION<br>OF THE MOTION FOR SANCTIONS FILED ON BEHALF OF PLAINTIFF ECLIPSE<br>LIQUIDITY INC, AND ANY RESPONSES THERETO, IT IS HEREBY ORDERED AND<br>DECREED THAT A HEARING IS HEREBY SCHEDULED ON SAID MOTION ON JULY<br>17, 2020 AT 11:30 A.M. VIA ZOOM. (SEE FOOTNOTE 1). IT IS FURTHER ORDERED<br>THAT PLAINTIFF SHALL SERVE A COPY OF THIS ORDER UPON DEFENDANT AND<br>PRESENT PROOF OF SERVICE TO THIS COURT.  BY THE COURT: JUDGE PADILLA,<br>6/30/2020. |  |
| 01-JUL-2020 15:36:01 | NOTICE GIVEN UNDER RULE 236 | 02-JUL-2020 |
|  | NOTICE GIVEN ON 02-JUL-2020 OF ORDER ENTERED/236 NOTICE GIVEN<br>ENTERED ON 01-JUL-2020. |  |
| 01-JUL-2020 15:39:35 | MOTION HEARING SCHEDULED | 01-JUL-2020 |
|  | 74-19112674  MOTION FOR SANCTIONS IS LISTED FOR A ZOOM HEARING ON<br>7/17/2020 AT 11:30 A.M. |  |
| 03-JUL-2020 00:30:07 | NOTICE GIVEN | 03-JUL-2020 |
| 14-JUL-2020 16:56:51 | MOT-FOR ADMISSION PRO HAC VICE | 14-JUL-2020 |
|  |  | DEGIULIO, FRANK P. |
|  | 64-20071264 RESPONSE DATE 08/03/2020. (FILED ON BEHALF OF GEDEN<br>HOLDINGS LIMITED) |  |



**First Judicial District of Pennsylvania**
**Trial Division-Civil**

| | | |
|---|---|---|
| 20-JUL-2020 11:29:35 | ORDER ENTERED/236 NOTICE GIVEN | 20-JUL-2020 |

PADILLA, NINA W.

74-19112674  AND NOW, THIS 17TH DAY OF JULY, 2020, UPON CONSIDERATION OF THE MOTION FOR SANCTIONS FILED ON BEHALF OF PLAINTIFF ECLIPSE LIQUIDITY, INC., AND ANY RESPONSES THERETO, IT IS HEREBY ORDERED AND DECREED THAT THE HEARING FOR JULY 17, 2020, DUE TO THE PENDING MOTION FOR ADMISSION PRO HAC VICE, IS HEREBY RESCHDULED FOR AUGUST 13, 2020, AT 11:30 A.M. VIA ZOOM (SEE FOOTNOTE 1).  IT IS FURTHER ORDERED THAT PLAINTIFF SHALL SERVE A COPY OF THIS ORDER UPON DEFENDANT AND PRESENT PROOF OF SERICE TO THIS COURT.  BY THE COURT: JUDGE PADILLA, 7/17/2020.

| | | |
|---|---|---|
| 20-JUL-2020 11:29:36 | NOTICE GIVEN UNDER RULE 236 | 21-JUL-2020 |

NOTICE GIVEN ON 21-JUL-2020 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 20-JUL-2020.

| | | |
|---|---|---|
| 20-JUL-2020 11:32:47 | MOTION HEARING RESCHEDULED | 20-JUL-2020 |

PADILLA, NINA W.

| | | |
|---|---|---|
| 20-JUL-2020 11:33:38 | MOTION HEARING SCHEDULED | 20-JUL-2020 |

74-19112674  MOTION FOR SANCTIONS IS RESCHEDULED FOR A ZOOM HEARING ON 8/13/2020 AT 11:30 A.M.

| | | |
|---|---|---|
| 22-JUL-2020 00:30:02 | NOTICE GIVEN | 22-JUL-2020 |

| | | |
|---|---|---|
| 05-AUG-2020 13:05:43 | MOTION ASSIGNED | 05-AUG-2020 |

64-20071264 MOT-FOR ADMISSION PRO HAC VICE ASSIGNED TO JUDGE: PADILLA, NINA W. ON DATE: AUGUST 05, 2020

| | | |
|---|---|---|
| 06-AUG-2020 10:42:49 | ORDER ENTERED/236 NOTICE GIVEN | 06-AUG-2020 |

PADILLA, NINA W.

64-20071264  AND NOW, THIS 5TH DAY OF AUGUST, 2020, IT IS ORDERED AND DECREED THAT THE MOTION FOR ADMISSION PRO HAC VICE IS HEREBY GRANTED, AND NEIL A. QUARTARO OF COZEN O'CONNOR, 45 BROADWAY 16TH FLOOR, NEW YORK, NY 10006 IS HEREBY ADMITTED PRO HAC VICE FOR PURPOSES OF THIS MATTER AFTER OBTAINING THE APPROPRIATE CITY OF PHILADELPHIA BUSINESS PRIVILEGE TAX LICENSE PURSUANT TO 19-2602 OF THE PHILADELPHIA CODE. PRO HAC VICE COUNSEL SHALL PAY ALL CITY BUSINESS AND WAGE TAX AS REQUIRED. BY THE COURT: JUDGE PADILLA, 8/5/2020.



### First Judicial District of Pennsylvania
### Trial Division-Civil

| | | |
|---|---|---|
| 06-AUG-2020 10:42:50 | NOTICE GIVEN UNDER RULE 236 | 06-AUG-2020 |

NOTICE GIVEN ON 06-AUG-2020 OF ORDER ENTERED/236 NOTICE GIVEN
ENTERED ON 06-AUG-2020.

| | | |
|---|---|---|
| 08-AUG-2020 00:30:01 | NOTICE GIVEN | 08-AUG-2020 |

| | | |
|---|---|---|
| 17-AUG-2020 14:51:37 | ORDER ENTERED/236 NOTICE GIVEN | 17-AUG-2020 |
| | | PADILLA, NINA W. |

74-19112674  AND NOW, THIS 14TH DAY OF AUGUST, 2020, UPON
CONSIDERATION OF THE MOTION FOR SANCTIONS FILED ON BEHALF OF
PLAINTIFF, ECLIPSE LIQUIDITY, INC., ANY RESPONSES THERETO, AND
FOLLOWING ORAL ARGUMENT ON SAID MOTION, IT IS HEREBY ORDERED AND
DECREED THAT THE MOTION IS GRANTED AS FOLLOWS: 1. DEFENDANT SHALL
FULLY COMPLY WITH THIS COURT'S ORDER DATED FEBRUARY 11, 2019,
GRANTING PLAINTIFF'S SECOND MOTION TO STRIKE OBJECTIONS AND COMPEL
DISCOVERY IN AID OF EXECUTION  2. DEFENDANT SHALL PRODUCE
RESPONSIVE DOCUMENTS THAT FULLY AND COMPLETELY RESPOND TO
PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, INCLUDING BANK
STATEMENTS, FINANCIAL AND/OR TRANSACTIONAL DOCUMENTS, AND THE
ADDITIONAL REQUESTED DOCUMENTS AND RECORDS REQUESTED BY
PLAINTIFF, WITHIN TWENTY (20) DAYS FROM THE DATE OF THIS ORDER, OR
SUFFER FURTHER SANCTIONS FOR FAILING TO COMPLY WITH THIS COURT'S
ORDER.  BY THE COURT: JUDGE PADILLA, 8/14/2020.

| | | |
|---|---|---|
| 17-AUG-2020 14:51:38 | NOTICE GIVEN UNDER RULE 236 | 18-AUG-2020 |

NOTICE GIVEN ON 18-AUG-2020 OF ORDER ENTERED/236 NOTICE GIVEN
ENTERED ON 17-AUG-2020.

| | | |
|---|---|---|
| 14-SEP-2020 14:49:46 | MOT-DISCOVERY TO AID EXECUTION | 14-SEP-2020 |
| | | SCHLEIGH, MICHAEL F. |

39-20091339 RESPONSE DATE 10/05/2020. (FILED ON BEHALF OF ECLIPSE
LIQUIDITY INC)

| | | |
|---|---|---|
| 05-OCT-2020 17:26:21 | ANSWER (MOTION/PETITION) FILED | 06-OCT-2020 |
| | | DEGIULIO, FRANK P. |

39-20091339 ANSWER IN OPPOSITION OF MOT-DISCOVERY TO AID EXECUTION
FILED. (FILED ON BEHALF OF GEDEN HOLDINGS LIMITED)

| | | |
|---|---|---|
| 07-OCT-2020 14:11:15 | MOTION ASSIGNED | 07-OCT-2020 |

39-20091339 MOT-DISCOVERY TO AID EXECUTION ASSIGNED TO JUDGE
PADILLA, NINA W. ON DATE: OCTOBER 07, 2020

| | | |
|---|---|---|
| 19-OCT-2020 15:45:35 | MOTION/PETITION REPLY FILED | 19-OCT-2020 |



Page   12

**First Judicial District of Pennsylvania**
**Trial Division-Civil**

SCHLEIGH, MICHAEL F.
39-20091339 REPLY IN SUPPORT OF MOT-DISCOVERY TO AID EXECUTION FILED.
(FILED ON BEHALF OF ECLIPSE LIQUIDITY INC)

28-OCT-2020 13:05:19   ORDER ENTERED/236 NOTICE GIVEN                    28-OCT-2020

PADILLA, NINA W.
39-20091339   AND NOW, THIS 27TH DAY OF OCTOBER, 2020, UPON
CONSIDERATION THE MOTION FOR DISCOVERY TO AID EXECUTION FILED ON
BEHALF OF PLAINTIFF ECLIPSE LIQUIDITY, INC., AND THE RESPONSES THERETO,
IT IS HEREBY ORDERED AND DECREED THAT A HEARING IS HEREBY
SCHEDULED ON SAID MOTION ON NOVEMBER 17, 2020, AT 10:00 A.M. VIA
ZOOM. (SEE FOOTNOTE 1) IT IS FURTHER ORDERED THAT PLAINTIFF SHALL
SERVE A COPY OF THIS ORDER UPON DEFENDANT AND PRESENT PROOF OF
SERVICE TO THIS COURT. BY THE COURT: JUDGE PADILLA, 10/27/2020.

28-OCT-2020 13:05:20   NOTICE GIVEN UNDER RULE 236                      29-OCT-2020

NOTICE GIVEN ON 29-OCT-2020 OF ORDER ENTERED/236 NOTICE GIVEN
ENTERED ON 28-OCT-2020.

28-OCT-2020 13:08:37   MOTION HEARING SCHEDULED                        28-OCT-2020

39-20091339   MOTION FOR DISCOVERY TO AID EXECUTION IS SCHEDULED FOR A
ZOOM HEARING ON 11/17/2020 AT 10:00 A.M.

30-OCT-2020 11:46:29   AFFIDAVIT OF SERVICE FILED                      30-OCT-2020

SCHLEIGH, MICHAEL F.
AFFIDAVIT OF SERVICE OF NOTICE OF ZOOM HEARING 11-17-2020 10AM W
JUDGE PADILLA UPON GEDEN HOLDINGS LIMITED, FRANK P DEGIULIO AND
DANIEL WOOSTER BY FIRST CLASS REGULAR MAIL ON 10/30/2020 FILED. (FILED
ON BEHALF OF ECLIPSE LIQUIDITY INC)

23-NOV-2020 09:52:17   ORDER ENTERED/236 NOTICE GIVEN                  23-NOV-2020

PADILLA, NINA W.
39-20091339   AND NOW, THIS 20TH DAY OF NOVEMBER, 2020, UPONO
CONSIDERATION OF THE MOTION FOR DISCOVERY TO AID EXECUTION FILED
ON BEHALF OF PLAINTIFF ECLISPSE LIQUIDITY, INC., AND THE RESPONSES
THERETO, IT IS HEREBY ORDERED AND DECREED THAT THE HEARING
SCHEDULED FOR NOVEMBER 18, 2020 IS HEREBY ADJOURNED AND CONTINUED
TO JANUARY 26, 2021 AT 10:00 A.M. VIA ZOOM (SEE FOOTNOTE 1) IN ORDER FOR
THE PARTIES TO CONTNUE ENGAGING IN SETTLEMENT NEGOTIATIONS
REGARDING SAID MOTION.  BY THE COURT: JUDGE PADILLA, 11/20/2020.

23-NOV-2020 09:52:18   NOTICE GIVEN UNDER RULE 236

NOTICE GIVEN ON 24-NOV-2020 OF ORDER ENTERED/236 NOTICE GIVEN



First Judicial District of Pennsylvania
Trial Division-Civil

|  |  |  |
|---|---|---|
| 23-NOV-2020 09:55:55 | ENTERED ON 23-NOV-2020. **MOTION HEARING RESCHEDULED** | 23-NOV-2020 |
|  |  | PADILLA, NINA W. |
| 23-NOV-2020 09:57:23 | **MOTION HEARING SCHEDULED** | 23-NOV-2020 |
|  | 39-20091339 MOTION FOR DISCOVERY TO AID EXECUTION IS SCHEDULED FOR A ZOOM HEARING ON 1/26/2021 AT 10:00 A.M. | |
| 22-MAR-2021 11:55:59 | **ORDER ENTERED/236 NOTICE GIVEN** | 22-MAR-2021 |
|  |  | PADILLA, NINA W. |
|  | AND NOW, THIS 19TH DAY OF MARCH, 2021, UPON CONSIDERATION OF PLAINTIFF'S MOTION TO IMPOSED SANCTIONS, AND ANY RESPONSE THEREO, IT IS HEREBY ORDERED AND DECREED THAT SAID MOTION IS WITHDRAWN BY PLAINTIFF. BY THE COURT: JUDGE PADILLA, 3/19/2021. | |
| 22-MAR-2021 11:56:00 | **NOTICE GIVEN UNDER RULE 236** | 23-MAR-2021 |
|  | NOTICE GIVEN ON 23-MAR-2021 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 22-MAR-2021. | |
| 25-MAR-2021 16:45:19 | **OTHER EVENT CANCELLED** | 25-MAR-2021 |
|  |  | PADILLA, NINA W. |
|  | 39-20091339. | |
| 06-NOV-2023 10:51:07 | **PRAECIPE - WRIT OF REVIVAL** | 06-NOV-2023 |
|  |  | SCHLEIGH, MICHAEL F. |
|  | PRAECIPE FOR WRIT OF REVIVAL FILED. WRIT OF REVIVAL OF JUDGMENT WITH NOTICE TO PLEAD RE-ISSUED IN THE SUM OF $3,311,159.06 . (FILED ON BEHALF OF ECLIPSE LIQUIDITY INC) | |
| 15-NOV-2023 11:37:36 | **AFFIDAVIT OF SERVICE FILED** | 16-NOV-2023 |
|  |  | SCHLEIGH, MICHAEL F. |
|  | AFFIDAVIT OF SERVICE OF WRIT OF REVIVAL UPON NEIL A QUARTARO ESQ, GEDEN HOLDINGS LTD, FRANK P DEGIULIO AND DANIEL WOOSTER BY FIRST CLASS REGULAR MAIL ON 11/09/2023 FILED. (FILED ON BEHALF OF ECLIPSE LIQUIDITY INC) | |

*** End of Docket ***



# Appendix D

Filed 04/26/2024

| | |
|---|---|
| ECLIPSE LIQUIDITY, INC. | : IN THE SUPERIOR COURT OF |
| | :             PENNSYLVANIA |
| | : |
|         v. | : Philadelphia County Civil |
| | : Division |
| | : 200300816 |
| GEDEN HOLDINGS, LTD, ADVANTAGE | : |
| TANKERS, LLC, AND ADVANTAGE | : |
| AWARD SHIPPING, LLC | : |
| | :    No. 587 EDA 2024 |
| | : |
| APPEAL OF: REUBEN BALZAN, | : |
| COURT-APPOINTED LIQUIDATOR FOR | : |
| GEDEN HOLDINGS, LTD. | : |

## ORDER

Appellant, Reuben Balzan, Court-Appointed Liquidator for Geden Holdings, Ltd. ("Geden"), one of the defendants below, appeals from the January 24, 2024 order that granted summary judgment in favor of Geden as well as the other defendants and dismissed the action against them for lack of subject matter jurisdiction.

"Except where the right of appeal is enlarged by statute," only a "party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom." Pa.R.A.P. 501. "A party is 'aggrieved' when the party has been adversely affected by the decision from which the appeal is taken." *In re Int. of K.C.*, 156 A.3d 1179, 1182 (Pa. Super. 2017). "A prevailing party is not 'aggrieved' and[,] therefore, does not have standing to appeal an order that has been entered in his or her favor." *Epstein v. Saul Ewing, LLP*, 7 A.3d 303, 314 (Pa. Super. 2010). Here, the order granted summary judgment in favor of Geden and the other defendants below. Therefore, Geden is a prevailing party, and Appellant lacks standing to appeal the order entered in Geden's favor.

By Order of March 25, 2024, Appellant was directed to show cause why he has standing to appeal the order. Although Appellant filed a response to the show-cause order, the response is legally insufficient to support Appellant's standing to appeal the order. Accordingly, the appeal is **DISMISSED**.

PER CURIAM

# Appendix E

Filed 05/08/2024

| | |
|---|---|
| ECLIPSE LIQUIDITY, INC. | : IN THE SUPERIOR COURT OF |
| | :    PENNSYLVANIA |
| | : |
| v. | : Philadelphia County Civil |
| | : Division |
| | : 200300816 |
| GEDEN HOLDINGS, LTD, ADVANTAGE | : |
| TANKERS, LLC, AND ADVANTAGE | : |
| AWARD SHIPPING, LLC | : |
| | :   No. 587 EDA 2024 |
| | : |
| APPEAL OF: REUBEN BALZAN, | : |
| COURT-APPOINTED LIQUIDATOR FOR | : |
| GEDEN HOLDINGS, LTD. | : |

## **ORDER**

Upon consideration of the May 8, 2024 "Motion of Reuben Balzan Liquidator of Geden Holdings Ltd. for Re-Argument of April 26, 2024 Order Dismissing Appeal," docketed as "Application for Reconsideration of Order," filed by Appellant, Reuben Balzan, Court-Appointed Liquidator for Geden Holdings, Ltd., the application is **DENIED**.

PER CURIAM