**EXHIBIT 33**

Received 6/21/2024 3:59:27 PM Supreme Court Eastern District

Filed 6/21/2024 3:59:00 PM Supreme Court Eastern District
38 EM 2024

# IN THE SUPREME COURT OF PENNSYLVANIA
No. 177 EAL 2024

**REUBEN BALZAN, COURT-APPOINTED LIQUIDATOR OF GEDEN HOLDINGS, LTD**

Petitioner

**GEDEN HOLDINGS, LTD; ADVANTAGE TANKERS, LLC; ADVANTAGE AWARD SHIPPING LLC and ECLIPSE LIQUIDITY, INC.**

Respondents

<u>**PETITION OF REUBEN BALZAN ON BEHALF OF PETITIONER GEDEN HOLDINGS, LTD. IN LIQUIDATION FOR THE COURT TO EXERCISE JURISDICTION UNDER 42 PA. C.S. 726**</u>

George A. Gaitas
Gaitas & Chalos, P.C.
1908 Memorial Way
Houston, Texas 77057
1-281-501-1800

Jonathan M. Chalos
Gaitas & Chalos, P.C
1908 Memorial Way
Houston, Texas 77057
1-281-501-1800

Michael Schleigh
Hardin Thomson, P.C.
Wells Fargo Building
123 South Broad Street, Suite 2235
Philadelphia, PA 19109
(267) 459-8366

1

Reuben Balzan (hereinafter "Petitioner"), court-appointed liquidator of the Maltese company Geden Holdings, Ltd., with registration number C 30351, in liquidation by Order of the First Civil Court of Valletta Malta in case No. 810/2016MC issued on the 15th day of June 2017, appearing by and through duly authorized counsel, respectfully petitions this Honorable Court to exercise its extraordinary jurisdiction under 42 Pa. C.S. 726 in the matter arising out of the following facts.

Petitioner is also the petitioner in the respective Petitions for Allowance to Appeal the respective orders of the Superior Court in cases with Docket Numbers No. 176 EAL 2024, and No. 177 EAL 2024.  The Defendant-Respondents named in the said Petitions filed their Answers thereto on June 10, 2024.  For greater certainty, copies of the said answers are hereto attached as EXHIBIT A and are hereinafter referred to collectively as the "Answers."

With their Answers, the Defendant-Respondents, in addressing Petitioner's assignment of error in the reasoning of the Superior Court's dismissal of Petitioner's Appeals, also put forth statements whereby they falsely represented and / or insinuated Petitioner's counsels' unprofessional conduct in representing one of the unpaid creditors of Geden Holdings, Ltd., and the Petitioner, *i.e.* the liquidator of the estate of Geden Holdings, Ltd.  *See* Exhibit A at their respective fn. 1.  In actual fact, undersigned counsel have been instructed by Petitioner and also have a signed

waiver of conflict, with full disclosure, accepted by Petitioner and undersigned counsel's other client, the unpaid creditor, expressly providing that in the event any conflict whatsoever arises between the Petitioner and creditor, undersigned counsel will "withdraw as counsel for [Petitioner] upon its demand, giving it sufficient time to arrange its own independent representation in the proceedings." A copy of Petitioner's engagement by the Petitioner liquidator is attached hereto as Exhibit B. A copy of the disclosure and conflict waiver with regard to Petitioner and the creditor, Eclipse Liquidity, Inc., is hereto attached as Exhibit C, p. 2.

Moreover, in the same respective footnote, the Answers filed insinuate that counsel representing the Petitioner are not authorized to represent the Petitioner in perfecting an appeal.  This is absolutely incorrect as is shown in document hereto attached as Exhibit B and C.  It is quite interesting to note in this regard, that the attorneys who signed the respective Answers have signed same as attorneys of Advantage Tankers, LLC, Advantage Award, LLC, Gulsun Nazli Karamehmet-Williams, and Courtney Brian Williams.  Conspicuous with its absence from the signature block of both answers is the name of Geden Holdings, Ltd., <u>the party they claimed to have represented for years in this litigation, even though Geden Holdings, Ltd. was in liquidation and the attorneys had absolutely no authority to act for Geden Holdings, Ltd.</u> (emphasis added).  Predictably, these same attorneys have failed,

refused and/or neglected to produce a shred of evidence that they were authorized or entitled to act for Geden Holdings, Ltd. in this litigation.

Indeed, it is of the essence of the very arguments made in the Answers that Geden Holdings, Ltd. does not have standing to pursue an appeal by and through its lawful court-appointed liquidator, because Geden Holdings is the prevailing party and has no standing to appeal.  Petitioner questions how can the same law firm – Cozen O'Connor – appear in the same cases as attorneys acting for Geden Holdings, Ltd. and as attorneys acting against Geden Holdings, Ltd.?

However, these irregularities in the Answers filed by Cozen O'Connor pale in comparison to the contents of their June 13, 2024 letter addressed to the law firms that represent Petitioner, *i.e.* Geden Holdings' liquidator.  A copy of this letter is hereto attached as Exhibit D, together with an enclosure it contained, hereto attached as Exhibit E.  The letter of Cozen O'Oconnor, which they have styled a "Dragonetti letter", is aimed at inducing the law firms representing Petitioner to abandon his Petition and stop pursuing an appeal on behalf of Geden Holdings, Ltd.  In relevant part, Cozen O'Connor's "Dragonetti letter" states:

> You have not disputed our detailed recitation of your malicious litigation campaign or otherwise responded to our letter. And yet you continue to press on with—and expand—the frivolous litigation. After the Superior Court sua sponte dismissed your appeals on behalf of Geden (by Mr. Balzan) from orders that did not aggrieve Geden, and promptly denied reconsideration of those dismissals, you filed petitions

for allowance of appeal with the Pennsylvania Supreme Court. But those petitions were facially defective and the Prothonotary's Office issued defect notices the same day. (Separately, we remain baffled as to how, consistent with the Rules of Professional Conduct, you believe you can simultaneously represent both plaintiff and a defendant that plaintiff has sued and asserted claims against in the same case.)

*See* Exhibit D.

The attempt to intimidate Petitioner's counsel from pursuing the insolvent company's appellate remedies is transparent on the face of Cozen O'Connor's "Dragonetti letter."  What further aggravates this is that the very issue in the orders appealed from is the evident lack of any authority whatsoever on Cozen O'Connor's part to act on behalf of Geden Holdings, Ltd.  Nevertheless, in the Answers they filed, Cozen O'Connor indirectly represents to the Court the contrary. Indeed, they tout the Court of Common Pleas dismissal orders they obtained in favor or Geden Holdings, Ltd as proof that Geden Holdings, as a prevailing party, is not entitled to appeal.  However, it should be underscored that the "Dragonetti letter" is not even addressed to the liquidator or Geden Holdings, Ltd., (the liquidator that is the one actually pursuing its lawful rights) nor does it threaten to hold Geden Holdings. Ltd liable under Dragonetti.  Instead, it is aimed squarely at undersigned counsel as a blatant intimidation tactic.

It is this attempt to intimidate Petitioner's counsel with threats of civil liability suits so that they will be cowed into dropping all appeals and acquiesce into a legally incorrect and factually unsustainable result that brings this application within the

purview of 42 Pa. C. S. § 726.  An attorney's obligation to prove its asserted authority to represent a client is supported by long standing precedent of the Supreme Court. E.g. *Gliwa v. United States Steel Corp.*, 322 Pa. 225, 228;  185 A. 584, 586 (1936); *In re Cochran*, 361 Pa. 577, 582, 65 A.2d 390, 393 (1949).  Failing to provide such proof and making threats against the attorneys of Petitioner under state statute (42 Pa.C.S.A. §§ 8351-8354) aimed at obscuring, obfuscating and obstructing the way to the resolution of this fundamental issue involves "an issue of immediate public importance" that needs to be addressed.  On the face of the Answers they have authored, Cozen O'Connor urge the Court to adopt as a principle of law a legal contradiction, and this cannot stand.

Undersigned counsel has conclusively proved their authority to represent Petitioner, now Petitioner demands that Cozen O'Connor prove their authority to act on behalf of Geden Holdings, Ltd. in this litigation.

## CONCLUSION

For the foregoing and hat might be added, as the Rules and the Court might require, Petitioner respectfully requests the Court to assume plenary jurisdiction over this matter and enter a final order or otherwise cause right and justice to be done.

Date: June 21, 2024                                    HARDIN THOMPSON, PC

By:    /s/ Michael F. Schleigh, Esq.
       Michael F. Schleigh, Esq.

E-mail: mschleigh@hardinlawpc.net

-and-

GAITAS & CHALOS P.C.

/s/ George A. Gaitas
George A. Gaitas
Federal Bar No. 705176
Jonathan M. Chalos
Federal Bar No. 3008683
1908 N Memorial Way
Houston, Texas 77007
Tel: (281) 501-1891
Fax: (832) 962-8178
E-mail: gaitas@gkclaw.com

(Admitted *Pro Hac Vice*)

# EXHIBIT A

Received 6/10/2024 3:06:43 PM Supreme Court Eastern District

Filed 6/10/2024 3:06:00 PM Supreme Court Eastern District
177 EAL 2024

# IN THE SUPREME COURT OF PENNSYLVANIA

## No. 177 EAL 2024

ECLIPSE LIQUIDITY, INC.,
*Plaintiff/Respondent*,

v.

GEDEN HOLDINGS, LTD.,
*Defendant/Petitioner*,

-and-

GULSUN NAZLI KARAMEHMET-WILLIAMS, COURTNEY BRIAN
WILLIAMS, ADVANTAGE TANKERS, LLC, and ADVANTAGE AWARD
SHIPPING, LLC,
*Defendants/Respondents*.

Petition of: Reuban Balzan, court-appointed liquidator of Geden Holdings, Ltd.

## ANSWER OF ADVANTAGE TANKERS, LLC, ADVANTAGE AWARD SHIPPING, LLC, GULSUN NAZLI KARAMEHMET-WILLIAMS, AND COURTNEY BRIAN WILLIAMS TO PETITION FOR ALLOWANCE OF APPEAL

*Petition for Allowance of Appeal from the May 9, 2024 Order Denying
Reargument of the April 26, 2024 Order of the Superior Court, No. 590 EDA 2024,
Quashing Appeal*

**COZEN O'CONNOR**
Neil Quartaro (*pro hac vice*) nquartaro@cozen.com
Jared D. Bayer (201211) jbayer@cozen.com
Nathan Larkin (329524) nlarkin@cozen.com
Robert S. Clark (331726) robertclark@cozen.com
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
P: (215) 665-2000 - F: (215) 665-2013
*Attorneys for Advantage Tankers, LLC; Advantage Award Shipping, LLC; Gulsun
Nazli Karamehmet-Williams; and Courtney Brian Williams*

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ......................................................................1

II.   CONCISE COUNTER-STATEMENT OF THE CASE .................................1

III.  CONCISE STATEMENT OF REASONS FOR DENYING
       ALLOWANCE OF APPEAL...........................................................................3

IV.  CONCLUSION................................................................................................5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Com. v. Chisebwe,*
   310 A.3d 262 (Pa. 2024)..........................................................................4

*Com. v. Polo,*
   759 A.2d 372 (Pa. 2000)..........................................................................4

*Hader v. Coplay Cement Mfg. Co.,*
   189 A.2d 271 (Pa. 1963).......................................................................4, 5

*United Parcel Service, Inc. v. Pennsylvania Public Utility Comm'n,*
   830 A.2d 941 (Pa. 2003)..........................................................................4

**Other Authorities**

Pa. R.A.P. 1114 ........................................................................................1

G. Ronald Darlington, et al., Pennsylvania Appellate Practice § 501:3 ...................4

## I.  PRELIMINARY STATEMENT

The Court should deny the nearly identical petitions for allowance of appeal filed by Reuben Balzan in Nos. 176 and 177 EAL 2024. In dismissing the appeals of Mr. Balzan, purported liquidator of Geden Holdings, Ltd. ("Geden"), the Superior Court correctly applied the well-settled law that a prevailing party is not aggrieved by—and does not have standing to appeal from—an Order entered in its favor. Geden (by Mr. Balzan) advances no reason whatsoever as to how its petitions present any of the "special and important reasons" that warrant this Court exercising its "sound judicial discretion" to allow appeal, Pa. R.A.P. 1114(a); nor do the petitions even make passing reference to the Court's standards governing allowance of appeal. Pa. R.A.P. 1114. Allowance of appeal should be denied.

## II.  CONCISE COUNTER-STATEMENT OF THE CASE

In *Eclipse Liquidity, Inc. v. Geden Holdings, Ltd.*, No. 200300816, Phila. C.P., plaintiff Eclipse Liquidity, Inc. sued three defendants: (1) Geden; (2) Advantage Tankers, LLC ("Advantage Tankers"); and (3) Advantage Award Shipping, LLC ("Advantage Award"). On motion of the defendants for summary judgment, the Trial Court dismissed all claims for lack of subject matter jurisdiction. (January 22, 2024 Order and Opinion, attached to Appeal Opinion, Appendix C to Petition.)

In a later-filed but related case, *Eclipse Liquidity, Inc. v. Geden Holdings, Ltd.*, No. 230602605, Phila. C.P., the same plaintiff—Eclipse Liquidity—sued the same three corporate defendants: (1) Geden; (2) Advantage Tankers; and (3) Advantage Award. Eclipse Liquidity also sued two additional individual defendants: (4) Gulsun Nazli Karamehmet-Williams; and (5) Courtney Brian Williams. On preliminary objections of the defendants, the Trial Court dismissed one count (for abuse of process) with prejudice and dismissed the balance of the claims without prejudice for lack of subject matter jurisdiction and lack of personal jurisdiction over all of the defendants. (January 22, 2024 Order, Appendix B to Petition.) The Trial Court further denied as moot Eclipse Liquidity's miscellaneous motion for evidence of authority to represent Geden. (*Id.*)

Four appeals were taken from the two related Common Pleas cases: (1) plaintiff Eclipse Liquidity, represented by Hardin Thompson, PC and Gaitas & Chalos, PC, appealed the Trial Court's entry of summary judgment in the first case [No. 586 EDA 2024], and sustaining of preliminary objections in the second case [No. 589 EDA 2024]; and (2) defendant Geden (by Mr. Balzan), now represented by the same two firms that represent the plaintiff,[1] also appealed both cases [Nos.

---

[1] Hardin Thompson, PC and Gaitas & Chalos, PC have not articulated how, consistent with the Rules of Professional Conduct, they believe they can simultaneously represent both (i) plaintiff, and (ii) a defendant that plaintiff has sued and asserted claims against in the same case. Additionally, George A. Gaitas and Jonathan M. Chalos of Gaitas & Chalos, PC were admitted *pro hac vice* in the

587 & 590 EDA 2024]. After issuing rules to show cause, the Superior Court dismissed the two appeals of Geden (by Mr. Balzan), holding that "Geden is a prevailing party, and Appellant lacks standing to appeal the order entered in Geden's favor." (April 26, 2024 Order, Appendix D to Petition.)[2] The two appeals of Eclipse Liquidity—in which it, acting through the same counsel, raises the same issues as Geden (by Mr. Balzan)—remain pending, with opening briefs due July 15, 2024 and August 5, 2024, respectively.

## III.   CONCISE STATEMENT OF REASONS FOR DENYING ALLOWANCE OF APPEAL

There is no reason for this Court to grant allowance of appeal here because settled law holds that a prevailing party is not aggrieved by, and cannot appeal from, an order entered in its favor. Geden was a prevailing party in both cases at the Trial Court level. In the first case, the Trial Court dismissed without prejudice all claims against Geden for lack of subject matter jurisdiction. And in the second

---

Trial Court as counsel for plaintiff Eclipse Liquidity. Although identified as counsel on and signing papers as counsel for defendant Geden (by Mr. Balzan), Mr. Gaitas and Mr. Chalos have never moved for or been granted admission *pro hac vice* as counsel for defendant Geden (by Mr. Balzan). As the trial court stated in its Appeal Opinion (Appendix C to Petition): "This court's dockets in these cases do not show any entry of appearance by plaintiff's counsel stating that he now represents defendant Geden Holdings, Ltd. or the liquidator thereof." (Appeal Opinion at 2 n.2.)

[2] The Superior Court denied reargument of the Orders dismissing the appeals. (May 9, 2024 Order, Exhibit E to Petition.)

case, the Trial Court dismissed the abuse of process claim against Geden with prejudice and dismissed the remainder of the claims against Geden without prejudice for lack of subject matter jurisdiction. Therefore, Geden was the prevailing party below.

It is black-letter law announced by this Court that "as the prevailing party, [Geden (by Mr. Balzan)] had no standing to appeal." *United Parcel Service, Inc. v. Pennsylvania Public Utility Comm'n*, 830 A.2d 941, 948 (Pa. 2003). That is because a prevailing party is not aggrieved by an order in its favor, and "only an aggrieved party can appeal from an order entered by the lower court." *Com. v. Polo*, 759 A.2d 372, 374 n.1 (Pa. 2000). Indeed, "[a]lthough a prevailing party may disagree with the legal reasoning of an order of a court or agency or may have an issue or issues decided against it or may disagree with a factual finding, or may disagree with dicta in a trial court opinion, it lacks standing to appeal such an order in light of the fact that it is not adversely affected by the court or agency order." G. Ronald Darlington, et al., Pennsylvania Appellate Practice § 501:3 (footnotes omitted, collecting cases).

Simply put, judgment was entered in Geden's favor in both cases, and the appellate courts "review not reasons but judgments." *Com. v. Chisebwe*, 310 A.3d 262, 272 (Pa. 2024) (quoting *Hader v. Coplay Cement Mfg. Co.*, 189 A.2d 271, 274 (Pa. 1963) ("The only error upon the record is a wrong reason for a right

judgment; but as we review not reasons but judgments, we find nothing here to correct.")). Geden (by Mr. Balzan) may now assert some (unarticulated) disagreement with some legal reasoning of the Trial Court, a particular finding, or a statement in dicta. However, as a prevailing party, it is not aggrieved and has no standing to appeal. The Court should deny allowance of appeal.

## IV.    CONCLUSION

For these reasons, the Court should deny allowance of appeal.

Dated: June 10, 2024

Respectfully submitted,

**COZEN O'CONNOR**

By:    /s/ Jared D. Bayer
Jared D. Bayer (201211)
Neil Quartaro (admitted *pro hac vice*)
Nathan Larkin (329524)
Robert S. Clark (331726)
1650 Market Street, 28th Floor
Philadelphia, PA 19103
Tel:  215-665-2000
Fax:  215-665-2013
NQuartaro@cozen.com
JBayer@cozen.com
NLarkin@cozen.com
RobertClark@cozen.com
*Attorneys for Advantage Tankers, LLC; Advantage Award Shipping, LLC; Gulsun Nazli Karamehmet-Williams; and Courtney Brian Williams*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

 /s/ Jared D. Bayer
Jared D. Bayer
**COZEN O'CONNOR**

*Attorneys for Advantage Tankers, LLC; Advantage Award Shipping, LLC; Gulsun Nazli Karamehmet-Williams; and Courtney Brian Williams*

## STATEMENT OF COMPLIANCE

I hereby certify that this Answer to Petition for Allowance of Appeal is in compliance with Rule of Appellate Procedure 1116(c), and does not exceed 9,000 words, exclusive of tables and appendices. According to the word count feature of the word processing software used to prepare this Answer, it contains 1,084 words.


*/s/ Jared D. Bayer*


Dated:  June 10, 2024

Received 6/10/2024 3:15:45 PM Supreme Court Eastern District

Filed 6/10/2024 3:15:00 PM Supreme Court Eastern District
176 EAL 2024

# IN THE SUPREME COURT OF PENNSYLVANIA

## No. 176 EAL 2024

ECLIPSE LIQUIDITY, INC.,
*Plaintiff/Respondent,*

v.

GEDEN HOLDINGS, LTD.,
*Defendant/Petitioner,*

-and-

ADVANTAGE TANKERS, LLC and ADVANTAGE AWARD SHIPPING, LLC,
*Defendants/Respondents.*

Petition of: Reuban Balzan, court-appointed liquidator of Geden Holdings, Ltd.

## ANSWER OF ADVANTAGE TANKERS, LLC AND ADVANTAGE AWARD SHIPPING, LLC TO PETITION FOR ALLOWANCE OF APPEAL

*Petition for Allowance of Appeal from the May 9, 2024 Order Denying Reargument of the April 26, 2024 Order of the Superior Court, No. 587 EDA 2024, Quashing Appeal*

## COZEN O'CONNOR

Neil Quartaro (*pro hac vice*) nquartaro@cozen.com
Jared D. Bayer (201211) jbayer@cozen.com
Nathan Larkin (329524) nlarkin@cozen.com
Robert S. Clark (331726) robertclark@cozen.com
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
P: (215) 665-2000 - F: (215) 665-2013
*Attorneys for Advantage Tankers, LLC and Advantage Award Shipping, LLC*

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ........................................................................1

II.   CONCISE COUNTER-STATEMENT OF THE CASE.................................1

III.  CONCISE STATEMENT OF REASONS FOR DENYING
      ALLOWANCE OF APPEAL..........................................................................3

IV.   CONCLUSION..............................................................................................5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Com. v. Chisebwe*,
   310 A.3d 262 (Pa. 2024).........................................................................................4

*Com. v. Polo*,
   759 A.2d 372 (Pa. 2000).........................................................................................4

*Hader v. Coplay Cement Mfg. Co.*,
   189 A.2d 271 (Pa. 1963)......................................................................................4, 5

*United Parcel Service, Inc. v. Pennsylvania Public Utility Comm'n*,
   830 A.2d 941 (Pa. 2003).........................................................................................4

**Other Authorities**

Pa. R.A.P. 1114....................................................................................................1

G. Ronald Darlington, et al., Pennsylvania Appellate Practice § 501:3...................4

## I.     PRELIMINARY STATEMENT

The Court should deny the nearly identical petitions for allowance of appeal filed by Reuben Balzan in Nos. 176 and 177 EAL 2024. In dismissing the appeals of Mr. Balzan, purported liquidator of Geden Holdings, Ltd. ("Geden"), the Superior Court correctly applied the well-settled law that a prevailing party is not aggrieved by—and does not have standing to appeal from—an Order entered in its favor. Geden (by Mr. Balzan) advances no reason whatsoever as to how its petitions present any of the "special and important reasons" that warrant this Court exercising its "sound judicial discretion" to allow appeal, Pa. R.A.P. 1114(a); nor do the petitions even make passing reference to the Court's standards governing allowance of appeal. Pa. R.A.P. 1114. Allowance of appeal should be denied.

## II.     CONCISE COUNTER-STATEMENT OF THE CASE

In *Eclipse Liquidity, Inc. v. Geden Holdings, Ltd.*, No. 200300816, Phila. C.P., plaintiff Eclipse Liquidity, Inc. sued three defendants: (1) Geden; (2) Advantage Tankers, LLC ("Advantage Tankers"); and (3) Advantage Award Shipping, LLC ("Advantage Award"). On motion of the defendants for summary judgment, the Trial Court dismissed all claims for lack of subject matter jurisdiction. (January 22, 2024 Order and Opinion, attached to Appeal Opinion, Appendix C to Petition.)

In a later-filed but related case, *Eclipse Liquidity, Inc. v. Geden Holdings, Ltd.*, No. 230602605, Phila. C.P., the same plaintiff—Eclipse Liquidity—sued the same three corporate defendants: (1) Geden; (2) Advantage Tankers; and (3) Advantage Award. Eclipse Liquidity also sued two additional individual defendants: (4) Gulsun Nazli Karamehmet-Williams; and (5) Courtney Brian Williams. On preliminary objections of the defendants, the Trial Court dismissed one count (for abuse of process) with prejudice and dismissed the balance of the claims without prejudice for lack of subject matter jurisdiction and lack of personal jurisdiction over all of the defendants. (January 22, 2024 Order, Appendix B to Petition.) The Trial Court further denied as moot Eclipse Liquidity's miscellaneous motion for evidence of authority to represent Geden. (*Id.*)

Four appeals were taken from the two related Common Pleas cases: (1) plaintiff Eclipse Liquidity, represented by Hardin Thompson, PC and Gaitas & Chalos, PC, appealed the Trial Court's entry of summary judgment in the first case [No. 586 EDA 2024], and sustaining of preliminary objections in the second case [No. 589 EDA 2024]; and (2) defendant Geden (by Mr. Balzan), now represented by the same two firms that represent the plaintiff,[1] also appealed both cases [Nos.

---

[1] Hardin Thompson, PC and Gaitas & Chalos, PC have not articulated how, consistent with the Rules of Professional Conduct, they believe they can simultaneously represent both (i) plaintiff, and (ii) a defendant that plaintiff has sued and asserted claims against in the same case. Additionally, George A. Gaitas and Jonathan M. Chalos of Gaitas & Chalos, PC were admitted *pro hac vice* in the

587 & 590 EDA 2024]. After issuing rules to show cause, the Superior Court dismissed the two appeals of Geden (by Mr. Balzan), holding that "Geden is a prevailing party, and Appellant lacks standing to appeal the order entered in Geden's favor." (April 26, 2024 Order, Appendix D to Petition.)[2] The two appeals of Eclipse Liquidity—in which it, acting through the same counsel, raises the same issues as Geden (by Mr. Balzan)—remain pending, with opening briefs due July 15, 2024 and August 5, 2024, respectively.

## III.   CONCISE STATEMENT OF REASONS FOR DENYING ALLOWANCE OF APPEAL

There is no reason for this Court to grant allowance of appeal here because settled law holds that a prevailing party is not aggrieved by, and cannot appeal from, an order entered in its favor. Geden was a prevailing party in both cases at the Trial Court level. In the first case, the Trial Court dismissed without prejudice all claims against Geden for lack of subject matter jurisdiction. And in the second

---

Trial Court as counsel for plaintiff Eclipse Liquidity. Although identified as counsel on and signing papers as counsel for defendant Geden (by Mr. Balzan), Mr. Gaitas and Mr. Chalos have never moved for or been granted admission *pro hac vice* as counsel for defendant Geden (by Mr. Balzan). As the trial court stated in its Appeal Opinion (Appendix C to Petition): "This court's dockets in these cases do not show any entry of appearance by plaintiff's counsel stating that he now represents defendant Geden Holdings, Ltd. or the liquidator thereof." (Appeal Opinion at 2 n.2.)

[2] The Superior Court denied reargument of the Orders dismissing the appeals. (May 9, 2024 Order, Exhibit E to Petition.)

case, the Trial Court dismissed the abuse of process claim against Geden with prejudice and dismissed the remainder of the claims against Geden without prejudice for lack of subject matter jurisdiction. Therefore, Geden was the prevailing party below.

It is black-letter law announced by this Court that "as the prevailing party, [Geden (by Mr. Balzan)] had no standing to appeal." *United Parcel Service, Inc. v. Pennsylvania Public Utility Comm'n*, 830 A.2d 941, 948 (Pa. 2003). That is because a prevailing party is not aggrieved by an order in its favor, and "only an aggrieved party can appeal from an order entered by the lower court." *Com. v. Polo*, 759 A.2d 372, 374 n.1 (Pa. 2000). Indeed, "[a]lthough a prevailing party may disagree with the legal reasoning of an order of a court or agency or may have an issue or issues decided against it or may disagree with a factual finding, or may disagree with dicta in a trial court opinion, it lacks standing to appeal such an order in light of the fact that it is not adversely affected by the court or agency order." G. Ronald Darlington, et al., Pennsylvania Appellate Practice § 501:3 (footnotes omitted, collecting cases).

Simply put, judgment was entered in Geden's favor in both cases, and the appellate courts "review not reasons but judgments." *Com. v. Chisebwe*, 310 A.3d 262, 272 (Pa. 2024) (quoting *Hader v. Coplay Cement Mfg. Co.*, 189 A.2d 271, 274 (Pa. 1963) ("The only error upon the record is a wrong reason for a right

judgment; but as we review not reasons but judgments, we find nothing here to correct.")). Geden (by Mr. Balzan) may now assert some (unarticulated) disagreement with some legal reasoning of the Trial Court, a particular finding, or a statement in dicta. However, as a prevailing party, it is not aggrieved and has no standing to appeal. The Court should deny allowance of appeal.

## IV.     CONCLUSION

For these reasons, the Court should deny allowance of appeal.

Dated: June 10, 2024

Respectfully submitted,

**COZEN O'CONNOR**

By:    _/s/ Jared D. Bayer_
Jared D. Bayer (201211)
Neil Quartaro (admitted *pro hac vice*)
Nathan Larkin (329524)
Robert S. Clark (331726)
1650 Market Street, 28th Floor
Philadelphia, PA 19103
Tel:  215-665-2000
Fax:  215-665-2013
NQuartaro@cozen.com
JBayer@cozen.com
NLarkin@cozen.com
RobertClark@cozen.com
*Attorneys for Advantage Tankers, LLC and Advantage Award Shipping, LLC*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

 /s/ Jared D. Bayer
Jared D. Bayer
**COZEN O'CONNOR**

*Attorneys for Advantage Tankers,*
*LLC and Advantage Award Shipping,*
*LLC*

## STATEMENT OF COMPLIANCE

I hereby certify that this Answer to Petition for Allowance of Appeal is in compliance with Rule of Appellate Procedure 1116(c), and does not exceed 9,000 words, exclusive of tables and appendices. According to the word count feature of the word processing software used to prepare this Answer, it contains 1,084 words.

*/s/ Jared D. Bayer*

Dated:  June 10, 2024

# EXHIBIT B



No.4, St Andrew Street
Valletta VLT 1341
Malta
**T** +356 2122 8340
**E** info@vallettalegal.com
**vallettalegal.com**

Gaitas & Chalos, P.C.
1908 N Memorial Way
Houston, Texas 77007

February 17, 2024

Re:  Retainer Letter and Authorization to Represent Geden Holdings, Ltd.- In Liquidation.

Dear Sirs,

In my capacity as liquidator of Geden Holdings, Ltd., a company with Company Registration No.  C 30351, under Order of the First Hall of the Civil Court dated December 4th, 2023, an authenticated  copy of which is hereto attached together with its translation in English, I hereby certify that I have retained and instructed the Houston, Texas law firm of Gaitas & Chalos, P.C. and its members George A. Gaitas and Jonathan M. Chalos to act for and on behalf of the said Geden Holdings, Ltd. – in liquidation, as its attorneys at law and to appoint and instruct such other attorneys and other legal professionals and services in proceedings before all courts of the Commonwealth of Pennsylvania of the United States of America, generally and also specifically in the following cases in the courts of Pennsylvania:

*Eclipse Liquidity, Inc. v Geden Holdings, Ltd.,* Philadelphia County Court of Common Pleas, Action No.196, filed October 2, 2017;

*Eclipse Liquidity, Inc. v. Geden Holdings Ltd,; Advantage Tankers, LLC and  Advantage Award Shipping," LLC*, Philadelphia County Court of Common Pleas, Action No.000816, filed March 6, 2020;

*Eclipse  Liquidity,  Inc.  v.  Geden Holdings Ltd.,  Advantage  Tankers,  LLC,  Advantage  Award Shipping, LLC, Gulsun Nazli Karamehmet-Willliams and Courtney Bryan Williams*, filed June 27, 2023.

This letter shall be conclusive proof of the authority of your law firm and the attorneys named in the foregoing, in accordance with the terms of this letter.

Sincerely,

Reuben Balzan

# EXHIBIT C



**GAITAS & CHALOS, P.C.**                    Shipping Lawyers

1908 N Memorial Way, Houston, Texas 77007
Office: 281-501-1800;  Fax: 832-962-8178;  Greece: +30 694-612-1006

**February 16, 2024**
*Via E-Mail Attachment*

Dr. Reuben Balzan
4, St Andrew Street
Valletta VLT 1341, Malta
reuben@vallettalegal.com

Re:  Geden Holdings, Ltd. in Liquidation, Potential Conflict of Interest Disclosure

Dear Dr. Balzan,

In order to address in advance potential conflict of interest issues that may arise out of our law firm's representation of Eclipse Liquidity, Inc. and, at the same time, time our potential representation of Geden Holdings Ltd. in liquidation, before the Court of Common Pleas of Philadelphia County in the state of Pennsylvania and/or the courts of appeal of Pennsylvania, we bring to your attention the following.

Our law firm, Gaïtas & Chalos, P.C., have been representing Eclipse Liquidity, Inc. in Pennsylvania court proceedings since October of 2017.   Certain attorneys have appeared in these Pennsylvania court proceedings claiming to represent Geden Holdings Ltd. (hereinafter "the third party attorneys").  As it recently turned out, upon investigation in Malta, the "Geden Holdings Ltd." that has appeared in various proceedings in Pennsylvania was not actually the Maltese corporate entity by that name.  As we recently learned, the Civil Court in Malta that was vested with jurisdiction over Maltese companies, including Geden Holdings Ltd., had ruled upon the petition of a creditor, and declared Geden Holdings Ltd. insolvent.  This decision was made on June 15, 2017.  Therefore, the parties that have appeared in Pennsylvania are seemingly impersonating Geden Holdings Ltd. We refer to them as "Pseudo-Geden".

After we discovered that Geden Holdings Ltd. was in liquidation in Malta, our clients instructed lawyers there to investigate the status of the liquidation and learned that the liquidator who had been originally appointed by the Maltese Court – Mr. Paul Darmanin – had been relieved of his duties as liquidator by the Civil Court by his own application.  We are advised that Mr. Darmanin asked to be relieved of his duties because he could not get the cooperation of the former officers/directors of Geden Holdings Ltd. in providing him documents and accounts of the company.  After releasing Mr. Darmanin, the Civil Court did not appoint a new liquidator, but the status of Geden Holdings Ltd. - as we have learned - remained that of a company in liquidation.

As the third party attorneys in the Pennsylvania proceedings continued to represent themselves as attorneys of Geden Holdings Ltd., we filed a motion in the Court of Common Pleas in Pennsylvania in November 2023 demanding an order, under Pennsylvania law, that these attorneys should prove their authority to act on behalf of Geden Holdings Ltd.  To this date they have not produced any such proof, and we have it from Mr. Darmanin that he never instructed any attorneys in the USA to represent Geden Holdings Ltd.  In light of the failure of the third party attorneys to present proof of their authority, we requested our co-counsel in Malta to file an application for the court to appoint a liquidator of Geden Holdings Ltd.

1



**GAITAS & CHALOS, P.C.**   Shipping Lawyers

1908 N Memorial Way, Houston, Texas 77007
Office: 281-501-1800;  Fax: 832-962-8178;  Greece: +30 694-612-1006

As we explained, the Philadelphia Court of Common Pleas has ruled on a summary judgment motion and on preliminary objections in which "Pseudo-Geden" was, respectively, a joint movant and objector along with Advantage Tankers, LLC and other corporate and individual defendants. For the sake of greater certainty, the actions referred to are styled: "*Eclipse Liquidity, Inc. v. Geden Holdings Ltd; Advantage Tankers, LLC and Advantage Award Shipping, LLC*", No. 00816 (hereinafter the "2017 Action"); and "*Eclipse Liquidity, Inc. v. Geden Holdings Ltd.; Advantage Tankers, LLC and Advantage Award Shipping, LLC,*" No. .... (hereinafter the "2020 Action" ); and "*Eclipse Liquidity, Inc. v. Geden Holdings Ltd.; Advantage Tankers, LLC and Advantage Award Shipping, LLC, Gulsun Nazli Karamehmet Willliams and Courtney Bryan Williams*", No. 02605 (hereinafter the "2023 Action").

At this time, and, since we have filed the above proceedings in Pennsylvania, and no party other than Eclipse Liquidity, Inc. has appeared in Pennsylvania claiming to be an unpaid creditor of Geden Holdings Ltd., there is no actual conflict of interest in our representation of Geden Holdings Ltd. in its status as a company in liquidation, and our client Eclipse Liquidity, Inc. Neither we, nor our client Eclipse Liquidity Inc., hold any assets of Geden Holdings Ltd., nor have we applied to any court for the pre-judgment seizure of such assets. As former representatives of Geden Holdings Ltd. represented some years ago to Mr. Darmanin, the company holds no assets. There is only a potential recovery of assets that may turn up after successful litigation against the parties that have been named defendants in the Pennsylvania proceedings, but such assets will not turn up until that litigation has substantially progressed. Accordingly, no conflict of interest is envisioned in our representation of Eclipse Liquidity, Inc. and Geden Holdings. Ltd.- in liquidation, at this time.

A conflict of interest may arise in the event that the Pennsylvania court proceedings, after a trial on the merits, results in a judgment and a recovery from the named defendants and there are execution proceeds to be distributed between our client Eclipse Liquidity, Inc. and other creditors of Geden Holdings, Ltd.- in liquidation. If, in such an event, an actual conflict of interest arises, we will withdraw as counsel for Geden Holdings, Ltd.- in liquidation, allowing for it adequate time to arrange its own independent representation. Another possible conflict situation may arise in the event that the named defendants approach us with a settlement proposal and there is a good possibility of a negotiated settlement. In such event, we will, in the same manner, withdraw as counsel for Geden Holdings, Ltd.-in liquidation upon its demand, giving it sufficient time to arrange its own independent representation in the proceedings.

It is understood that if recovery is realized against the named defendants, Eclipse Liquidity, Inc. will be entitled to recover proportionally legal costs that it has incurred and recover same on a *pro rata basis* from other creditors who may realize a distribution from the liquidation estate of Geden Holdings Ltd.

If you have any questions about the contents of this waiver, you should seek independent legal advice from a competent attorney licensed in the State of Pennsylvania. Please sign below noting the limited waiver of conflict under the circumstances detailed in the foregoing.

Very Truly Yours



GAITAS & CHALOS, P.C.          Shipping Lawyers

1908 N Memorial Way, Houston, Texas 77007
Office: 281-501-1800;  Fax: 832-962-8178;  Greece: +30 694-612-1006

George A. Gaitas

Accepted

Reuben Balzah

Accepted for and on behalf Eclipse Liquidity Inc.

3

# EXHIBIT D



June 13, 2024

**VIA FEDEX AND E-MAIL**

**Jared D. Bayer**
Direct Phone   215-665-4127
Direct Fax      215-701-2427
jbayer@cozen.com

**Neil Quartaro**
Direct Phone   212-453-3934
Direct Fax      646-588-1576
nquartaro@cozen.com

Michael F. Schleigh
Hardin Thompson, PC
123 S. Broad St., Suite 2235
Philadelphia, PA 19109

George A. Gaitas
Jonathan M. Chalos
Gaitas & Chalos P.C.
1908 N. Memorial Way
Houston, Texas 77007

Re:   **Eclipse Liquidity, Inc. v. Geden Holdings Ltd, et al., Court of Common Pleas, Philadelphia County, Pennsylvania, Nos. 200300816, 230602605**

Dear Counsel:

We wrote to you on May 10, 2024 to demand that you and your client withdraw with prejudice the pending appeals in these frivolous cases and cease and desist from any further litigation—in any tribunal—against the Advantage companies and the Williamses, and to put you on notice that the Advantage companies and the Williamses will hold you, your firms, and your client liable for your frivolous, abusive, and harassing litigation practices if you fail to cease and desist.

You have not disputed our detailed recitation of your malicious litigation campaign or otherwise responded to our letter. And yet you continue to press on with—and expand—the frivolous litigation. After the Superior Court *sua sponte* dismissed your appeals on behalf of Geden (by Mr. Balzan) from orders that did not aggrieve Geden, and promptly denied reconsideration of those dismissals, you filed petitions for allowance of appeal with the Pennsylvania Supreme Court. But those petitions were facially defective and the Prothonotary's Office issued defect notices the same day. (Separately, we remain baffled as to how, consistent with the Rules of Professional Conduct, you believe you can simultaneously represent both plaintiff and a defendant that plaintiff has sued and asserted claims against in the same case.)

Based on your persistence in continuing, and indeed expanding, frivolous litigation after being put on notice of the claims of the Advantage companies and the Williamses, we expect that your abusive litigation campaign will continue and require our clients to pursue their remedies against you and your client. Our clients' abuse of process claims have accrued and continue to accrue, and our clients do not intend to allow the statute of limitations to run on those claims until their Dragonetti claims ripen too. Enclosed is a tolling agreement—if you agree to and execute the tolling agreement by June 21, 2024, 5:00pm EDT, we will have our clients counter-sign and our

One Liberty Place    1650 Market Street    Suite 2800    Philadelphia, PA 19103
215.665.2000    800.523.2900    215.665.2013 Fax    cozen.com

Michael F. Schleigh
George A. Gaitas
Jonathan M. Chalos
June 13, 2024
Page 2

_____

clients will defer filing suit for now in reliance on the tolling agreement. If you do not execute the tolling agreement by June 21, 2024, 5:00pm EDT, our clients intend to file a writ of summons to preserve the statute of limitations. If you will force us to take that action, please advise whether you will accept service of the writ. We will otherwise have it served as original process.

Our clients reserve all rights and waive none.

Sincerely,

COZEN O'CONNOR

By:     Jared D. Bayer
        Neil Quartaro
        Nathan J. Larkin
        Robert S. Clark

# EXHIBIT E

## TOLLING AGREEMENT

This Tolling Agreement ( "Agreement") is by and between: (1) Michael F. Schleigh, Esquire; Hardin Thompson, PC; George A. Gaitas, Esquire; Jonathan M. Chalos, Esquire; Gaitas & Chalos P.C.; and Eclipse Liquidity, Inc. ("Eclipse Parties"), on the one hand; and (2) Advantage Tankers, LLC; Advantage Award Shipping, LLC; Gulsun Nazli Karahmemet-Williams; and Courtney Bryan Williams ("Advantage Parties," and together with the Eclipse Parties, the "Parties"), on the other hand, together with their respective affiliates, predecessors, successors, and assigns and all other persons or entities acting on their behalf or under their control.

**WHEREAS**, the Advantage Parties allege that the Eclipse Parties have maliciously pursued frivolous litigation and abused civil process against the Advantage Parties by commencing, continuing, and otherwise pursuing litigation against the Advantage Parties in *Eclipse Liquidity, Inc. v. Advantage Tankers LLC*, Phila. C.P., No. 200300816, and *Eclipse Liquidity, Inc. v. Geden Holdings Limited*, Phila. C.P. No. 230602605; and

**WHEREAS**, the Parties desire to suspend any applicable statutes of limitations or other time-based defenses (the "Limitations Defenses") as to any claims that may be brought by the Advantage Parties against the Eclipse Parties;

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, representations, and warranties contained in this Agreement, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.  <u>Tolling Period</u>.  Any Limitations Defenses relating to any and all claims that may be brought by one or more of the Advantage Parties against one or more of the Eclipse Parties (the "Potential Claims") shall be tolled for the time period beginning June 21, 2024 until 60 days following the Termination Date, as defined below (the "Tolling Period").

2.  <u>Termination</u>.  This Agreement may be terminated by any Party at any time by providing 30 days advance written notice of termination to all other parties by email and US mail to the notice party at the address listed in Paragraph 6 below.  The "Termination Date" shall be the date 30 days after written notice of termination is given.  Notice shall be deemed given on the date that written notice is emailed and postmarked or the later of the two if email and US mail are not sent on the same date.

3.  <u>No Limitations Defenses Based on Tolling Period</u>.  In the event that one or more of the Advantage Parties asserts a Potential Claim, the Eclipse Parties agree not to assert or rely upon the Tolling Period or passage of time during the Tolling Period as a legal, equitable, or other defense to the Potential Claims.

4.      No Waiver of Preexisting Limitations Defense.   Nothing in this Agreement shall be construed as precluding the Eclipse Parties from asserting a defense, response, or claim of untimeliness as to any Potential Claim, provided that the Eclipse Parties shall not, in asserting such a defense, a response, or a claim, rely on the passage of time during the Tolling Period.

5.      No Admission of Liability.  This Agreement does not constitute, and shall not be construed to be, an admission of liability by the Eclipse Parties as to any potential claim.

6.      Notice Addresses.  Notice to the Parties shall be delivered to:

| Advantage Parties | Eclipse Parties |
|---|---|
| c/o Cozen O'Connor<br>Attn: Neil Quartaro<br>3 WTC, 175 Greenwich Street, 55th Floor<br>New York, NY 10007<br>nquartaro@cozen.com<br><br>--and--<br><br>c/o Cozen O'Connor<br>Attn: Jared D. Bayer<br>Nathan J. Larkin<br>Robert S. Clark<br>One Liberty Place<br>1650 Market Street, Suite 2800<br>Philadelphia, PA 19103<br>jbayer@cozen.com<br>nlarkin@cozen.com<br>robertclark@cozen.com | |

7.      Binding Effect. This Agreement shall be binding upon, and inure to the benefit of, the Parties and any respective corporate affiliates, predecessors, successors, members, officers, directors, and assigns.

8.      Entire Agreement.  This Agreement constitutes the entire agreement between the Parties regarding the subject matter herein, and supersedes and replaces all prior and contemporaneous oral and written agreements, negotiations and discussions.  The Parties acknowledge that they have not, nor has any agent or attorney of the Parties, made any promise, representation or warranty whatsoever, express or implied, not contained herein, concerning or relating to the Claim or the Action, to induce any other Party to execute this Agreement, and each Party acknowledges that they have not executed this Agreement in reliance on any such promise, representation or warranty not contained herein.

9.    <u>Quantity and Gender</u>.    Whenever in this Agreement the context may so require, the masculine, feminine and neutral gender shall be each deemed to include the other, and the singular and plural each to refer to the other.

10.    <u>Headings and Recitals</u>.    The headings in this Agreement are used for the purpose of convenience only and are not meant to have legal effect. The recitals in this Agreement shall not be construed to limit in any way the generality of this Agreement's provisions, notwithstanding any canon of contractual interpretation to the contrary.

11.    <u>Governing Law</u>.    The Parties agree that this Agreement shall be governed by and construed according to Pennsylvania law without regard to conflict of laws principles.

12.    <u>Interpretation</u>.    This Agreement shall not be construed for or against any Party as a result of who drafted it.

13.    <u>Counterparts</u>.    This Agreement may be signed in counterparts by the Parties hereto and when each of the Parties has executed an identical copy of this Agreement, this Agreement shall become a binding and enforceable instrument with the same force and effect as if the Parties hereto had executed the same copy of this instrument.    Additionally, a facsimile or scanned signature shall have the full force and same legal effect of an original signature.

14.    <u>No Modification</u>.    This Agreement may be modified or amended only by mutual agreement in writing referring to this Agreement and signed by the Parties.

15.    <u>Intention to Be Bound.</u>    The Parties to this Agreement intend to be legally bound hereby.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

The undersigned, on behalf of the Parties hereto, represent and warrant that each is duly authorized and has full authority to sign and bind the respective Parties.

I HAVE READ AND UNDERSTOOD THIS ENTIRE AGREEMENT AND AGREE TO ITS TERMS AND CONDITIONS.

**Michael F. Schleigh**

_____
(Signature)

_____
(Date)

**Hardin Thompson, PC**

_____
(Signature)

_____
(Print Name)

_____
(Title)

_____
(Date)

**George A. Gaitas**

_____
(Signature)

_____
(Date)

**Jonathan M. Chalos**

_____
(Signature)

_____
(Date)

**Gaitas & Chalos, P.C.**

_____
(Signature)

_____
(Print Name)

_____
(Title)

_____
(Date)

**Eclipse Liquidity, Inc.**

_____
(Signature)

_____
(Print Name)

_____
(Title)

_____
(Date)

**Advantage Tankers, LLC**

_____
(Signature)

_____
(Print Name)

_____
(Title)

_____
(Date)


**Advantage Award Shipping, LLC**

_____
(Signature)

_____
(Print Name)

_____
(Title)

_____
(Date)

**Gulsun Nazli Karahmemet-Williams**

_____
(Signature)

_____
(Date)


**Courtney Bryan Williams**

_____
(Signature)

_____
(Date)