**EXHIBIT 35**

Fil-Prim'Awla tal-Qorti Civili



Fl-atti tar-Rikors numru 810/2016MCH fl-ismijiet:

Samsung C&T Deutschland GmbH, socjeta' estera registrata fil-Germanja bin-numru ufficcjali HRB 4631, bl-indirizz registrat Am Kronberger Hang 6, 65824, Schwalbach am Taunus, Germanja rappresentata hawn Malta mill-mandatrju specjali taghha l-Avukat Louis Cassar Pullicino

Vs

Geden Holdings Limited

Deciza 15 ta' Gunju 2017

*[Handwritten annotation: Il-Qorti tisleħ l-allegazzjoni tal-esponenti li jispecifika l-liġi korretta li ħatru u msejjeg dan ir-rikors, ukoll ptul l.s. 12.19 Rg. a lo 5-A — 28/10/24]*

Rikors tal-Avukat Dottor Reuben Balzan fil-kapacita tieghu ta' stralcarju tas-socjeta' Geden Holdings Limited

Jesponi bir-rispett:

1. Illi l-esponenti inhatar stralcarju tas-socjeta' Geden Holdings Limited minn din l-Onorabbli Qorti permezz ta' digriet moghti fl-4 ta' Dicembru 2023.

2. Illi l-esponenti huwa infurmat illi allegatament is-socjeta' Geden Holdings Limited setghet iddisponiet minn xi whud mill-assi taghha bi pregudizzju ghall-kredituri tal-istess socjeta'.

3. Illi l-esponenti huwa nfurmat ukoll illi wahda mill-kredituri tas-socjeta' Geden Holdings Limited, Eclipse Liquidity, inghatat sentenza mill-London High Court favur taghha u kontra Geden Holdings Limited.

4. Illi l-esponent huwa infurmat illi s-socjeta' Geden Holdings Limited kienet issottomettiet ruhha ghall-gurisdizzjoni tal-iStat ta' Pennsylvania stante illi kellha negozju gewwa dik il-gurisdizzjoni.

5. Illi sussegwentement, Eclipse Liquidity irrikorriet ghall-*Pennsylvania Court of Common Pleas* sabiex tenforza s-sentenza li ottjeniet mill-London High Court,

u fil-mori tal-enforzar ta' tali sentenza jirrizulta li dehru persuni in rapprezentanza tas-socjeta' Geden Holdings Limited, liema persuni oggezzjonaw ghal dan l-enforzar.

6. Illi ma jirrizultax lill-esponenti illi dawn il-persuni kienu awtorizzati jidhru ghan-nom tas-socjeta' Geden Holdings Limited stante illi dak iz-zmien l-istess socjeta' kienet sprovvista minn stralcarju, u lanqas ma jidher illi xi hadd irrikorra ghal tali awtorizzazzjoni minn din l-Onorabbli Qorti.

7. Illi l-esponenti nghata parir minn ditta legali fl-iStati Uniti dwar x'jista' jsir sabiex jigi rimedjat, liema rimedju jikkonsisti fi procedura legali quddiem il-United States Bankruptcy Court taht dak li jissejjah 'Chapter 15', kif ahjar spjegat fl-anness parir legali u mmarkat Dokument 'A'.

8. Illi jekk din l-azzjoni tirnexxi, l-esponenti jkun jista' juza l-mekkanizmu legali tal-Istati Uniti, u cioe il-*federal discovery rules* sabiex jigi mistharreg x'assi seta' kellha s-socjeta' Geden Holdings Limited u jekk dawn l-assi gewx ttrasferiti favur terzi bi pregudizzju ghall-kredituri ta' Geden Holdings Limited.

Ghaldaqstant, l-esponenti qieghed umilment jitlob lil din l-Onorabbli Qorti sabiex jigi awtorizzat jiehu dawk il-passi legali kollha necessarji sabiex jigi stabbilit jekk hux minnu illi l-assi tas-socjeta' Geden Holdings Limited giet zvestita mill-assi taghha b'mod irregolari u jekk hu il-kaz illi jiehu dawk il-passi kollha necessarji sabiex jigu rkuprati tali assi, u dan taht il-poteri moghtija lil din l-Onorabbli Qorti bis-sahha tal-artikolu 110(1)(a) tal-avviz legali 223 tal-2024, u dan that dawk il-kundizzjonijiet kollha li l-istess Qorti jidhrilha xierqa u opportuni.

Av Reuben Balzan LL.D.
Valletta Legal
4, St Andrew Street
Valletta VLT1314

DAVINA SULLIVAN B.A., L.P.
Legal Procurator

0 9 OCT 2024

Illum..........................................
Ipprezentata mill....P.L..D..Sullivan...
bla dok./b........................... dokumenti
B'dok wiehed (1)

PL Carina Abdilla
Deputat Registratur



Okin Adams Bartlett Curry
LLP

Edward Clarkson
Okin Adams Bartlett Curry LLP
1113 Vine Street, Suite 240
Houston, TX 77002
Ph • 713.228.4100
Fx • 346.247.7158
eclarkson@okinadams.com

Dr. Reuben Balzan
Valletta Legal
No. 4, St. Andrew Street
Valletta, VLT 1341
Via attachment to e-mail
reuben@vallettalegal.com

June 21, 2024

    Case:  GEDEN HOLDINGS LTD. (C 30351); WINDING UP ORDER DATED 15 June 2017, Application No.810/2016

Dear Dr. Balzan:

    Based on information provided to us, we understand on December 4, 2023, the Maltese Court appointed you liquidator of Geden Holdings, Ltd. (hereinafter, "Geden"). At your request, this letter will provide information regarding the possibility of obtaining a foreign recognition of this Maltese liquidation in a United States Bankruptcy Court (a "Bankruptcy Court") under Chapter 15 of the United States Bankruptcy Code.

    As detailed below, filing for foreign recognition in a Bankruptcy Court under 11 U.S.C. § 1501-1532 ("Chapter 15") of Title 11 of the United States Code (the "Bankruptcy Code") will allow you, as the liquidator of Geden, to utilize United States' federal discovery rules to gain information about the assets and liabilities of Geden from its former officers and directors, and other third parties. Additionally, filing a Chapter 15 bankruptcy case will impose an automatic stay, a worldwide injunction, on all collection proceedings against Geden, which including the appeal in the Pennsylvania appeals court (described below), and will also provide a venue to bring additional claims and causes of action for the recovery of assets of the insolvent company if you so choose.

    Ultimately, by filing for foreign recognition under Chapter 15 of the Bankruptcy Code, you will be able to utilize a variety of tools available under United States federal law to assist you in your efforts to liquidate Geden for the benefit of its creditors.

I.    Brief History

    Geden was ordered in liquidation by order of the Maltese Court on 15 June 2017. A liquidator was appointed at that time, Mr. Paul Darmanin, who requested the cooperation of the former directors and officers of Geden; and information regarding its accounts and assets.



However, such cooperation was not forthcoming and Mr. Darmanin petitioned the Court to relieve him of the duties of his appointment.

In the meantime, parties who had been associated with the management of Geden and its ultimate beneficial owner and shareholder, continued to carry on business, deal with its outstanding claims and collect monies without accounting to the Court or to Geden's unpaid creditors. One such creditor was Eclipse Liquidity, Inc., who owned the crude oil carrier AVOR that had been bareboat chartered to Geden's subsidiary Avor Navigation, Ltd. Avor Navigation repudiated its obligation to buy the vessel on or about November 15, 2015. Accordingly, Eclipse Liquidity sued Geden in the London High Court to recover for breach of the performance gurantee. The London High Court in July 2017 entered judgment in favor of Eclipse Liquidity for the approximate amount of USD 3,500,000.

Eclipse Liquidity sought to enforce its judgment. One such jurisdiction where Geden had transacted business was the State of Pennsylvania in the United States of America, where Geden had carried on business and had formally submitted to the jurisdiction of the local courts.

Eclipse Liquidity petitioned the Pennsylvania Court of Common Pleas ("CCP") to recognize the judgment of the High Court, which the Pennsylvania CCP did. Thereafter, we understand that parties claiming to be Geden appeared in the Pennsylvania CCP, without the knowledge or authorization of the Maltese liquidator, to oppose Eclipse Liquidity's enforcement of its judgment. Geden, of course, had no legal capacity to appear in the Pennsylvania litigation, as it was in liquidation, and was not acting through the Maltese Court appointed liquidator.

Based on information provided to us, Geden strenuously opposed all discovery by Eclipse Liquidity, refused to produce bank statements and accounts, and generally frustrated the discovery process. As a result, sometime during the Pennsylvania litigation, Eclipse Liquidity discovered that Geden was in liquidation in Malta, and the directors and shareholders of Geden that were purporting to control Geden in the Pennsylvania litigation were not legally permitted to act for Geden. This was brought to the attention of the Pennsylvania CCP and a demand was made to the court to order the attorneys representing Geden to prove their authority to act on behalf of Geden. The Pennsylvania CCP ignored the application and made a summary judgment, dismissing Eclipse Liquidity's claims. Eclipse Liquidity has appealed the decisions of the Pennsylvania CCP.

Nonetheless, it appears based on information that was obtained by Eclipse Liquidity in the Pennsylvania litigation, there are assets of Geden that were stripped away from creditors and were not reported to the Maltese Court or the liquidator. Accordingly, we understand that you may be interested in utilizing Chapter 15 to trace assets, conduct in-depth discovery and investigate the individuals and companies that were impermissibly purporting to control Geden during the Pennsylvania litigation.



Chapter 15 codifies the UNCITRAL Model Law on Cross-Border Insolvency which was designed to facilitate cross-border cooperation and coordination between international courts dealing with multi-national debtors.

Specifically, Chapter 15 allows for the recognition in the United States of foreign bankruptcy/liquidation proceedings and access to United States judicial proceedings by foreign representatives. A Chapter 15 case is an ancillary case filed in the United States to serve as a companion to a foreign insolvency proceeding. If the United States bankruptcy court recognizes the foreign proceeding and the Chapter 15 proceeds, the United States bankruptcy judge generally coordinates with the judge, or equivalent figure, in the foreign proceeding to preserve and maximize the debtors' assets when appropriate. Typically, a Chapter 15 does not result in the liquidation or reorganization of the debtor through the U.S. bankruptcy court but is typically used to assist a bankruptcy/liquidation in a foreign jurisdiction.

Notably, once a foreign proceeding is recognized by a United States Bankruptcy Court, the foreign representative will have access to the United States federal court system, an automatic stay will be imposed on all collection proceedings against Geden, and the foreign representative will have access to United States federal discovery rules.

## II. Discovery under Chapter 15

Once a United States Bankruptcy Court recognizes the proceeding in Malta as a Foreign Proceeding[1] then the Foreign Representative[2] will be able to utilize Federal Rule of Bankruptcy Procedure 2004 and section 1521(a)(4) of the Bankruptcy Code to seek discovery regarding the acts, conduct, or property or to the liabilities and financial condition of the debtor. Specifically, Fed. R. Bankr. P. 2004 will allow the foreign representative to "order the examination of any entity" related to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." See Fed. R. Bankr. P. 2004. This would be a powerful tool in these proceedings including, but not limited to, identifying the parties that have been falsely representing Geden.

Additionally, a 2004 Examination may likely be used to depose and seek documents from the joint owners of Advantage Tankers, LLC (the successor of Geden) and directors and ultimate beneficial owners of Advantage Tankers. This will assist you in gathering information to successfully trace and recover assets of Geden that were stripped from the company with their collaboration.

---

[1] "Foreign Proceeding" means a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation. 11 U.S.C. § 101(23).

[2] "Foreign Representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding. 11 U.S.C. § 101(24).



That said, this approach is not without risk. Although a United States federal court order regarding discovery may carry more weight in causing opposing parties to respond, they still may be able to effectively ignore such an order. Additionally, there may be difficulty in obtaining relief in a Bankruptcy Court to order discovery that the Pennsylvania state court failed to order since the Bankruptcy Court may view this as an issue that has already been litigated. However, this can likely be addressed.

### III.   Venue of the Chapter 15 Case

You will likely have multiple options in choosing a venue to file for foreign recognition of this proceeding. Of the obvious choices, a Chapter 15 bankruptcy case can be filed in the Eastern District of Pennsylvania, as Geden registered as a foreign entity in Pennsylvania.

Additionally, there is a body of United States case law that says that one can file a Chapter 15 petition in any jurisdiction in the United States in which the debtor has assets. In our case, a retainer paid to a law firm could potentially qualify as "assets of the debtor" and, thus, you could file a Chapter 15 in the Southern District of Texas or potentially the District of Delaware.

### IV.   Chapter 15 Costs

To achieve foreign recognition by the Bankruptcy Court, it will cost approximately $35,000-$50,000. This estimate assumes that the recognition hearing is not contested. After recognition, you will be able to utilize the Bankruptcy Code's discovery provisions. Once the Chapter 15 case is established, there will be some basic administrative costs that will be incurred.

### V.   Chances of Success

We believe that filing a Chapter 15 in the United States will significantly assist your efforts in recovering assets for the benefit of creditors of Geden in this liquidation. There is good possibility that this liquidation will be recognized as a "foreign proceeding," and you will have access to the powerful discovery tools of the United States Bankruptcy Code.

Depending on the results of any additional discovery, the Chapter 15 may provide a venue to bring a list of claims and causes of action against the former officers and directors of Geden and any other third parties including Advantage Tankers, LLC that may be in receipt of fraudulently transferred property of Geden.

Lastly, we also copy the attorneys representing Eclipse Liquidity on this letter correspondence, as they have taken an initiative, as unpaid creditors, to enable the liquidator of Geden to recover assets for the benefit of unpaid creditors. If you wish to discuss this matter further, please do not hesitate to contact me.



Sincerely,

*Edward A. Clarkson, III*

cc: Jonathan M. Chalos
George Gaitas