IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 25-90138 |
| Geden Holdings, Ltd. | § | |
| | § | Chapter 15 |
| Debtor in a Foreign Proceeding | § | |

**REPLY TO THE OBJECTION OF ADVANTAGE AWARD SHIPPING, LLC TO VERIFIED PETITION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Dr. Reuben Balzan (the "Liquidator" or the "Foreign Representative")[1], a licensed advocate in Malta with the law firm Valletta Legal, in his capacity as the authorized representative and court appointed liquidator of the above-captioned debtor (the "Debtor" or "Geden") pursuant to Geden's court ordered liquidation in Malta (the "Malta Proceeding") before the First Hall of the Civil Court (the "Maltese Court"), respectfully submits this *Reply* (the "Reply") *to the Objection* (the "Objection") *of Advantage Award Shipping, LLC to Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (together with the official form petition filed at Docket No. 1, the "Petition") for recognition of the Malta Proceeding pursuant to section 1517 of title 11 of the United States Code (the "Bankruptcy Code") as a "foreign main proceeding," or, in the alternative, as a "foreign non-main proceeding" and for additional relief pursuant to sections 1520 and 1521 of the Bankruptcy Code.

---

[1] Capitalized terms not defined herein shall have their meaning ascribed in the *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative (III) Emergency Provisional Relief For Issuance of the Automatic Stay, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 6] (the "Declaration") or the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 2].

1

**Preliminary Statement**

1. Section 1517 of the Bankruptcy Code states clearly and unambiguously that ". . . an order recognizing a foreign proceeding **shall** be entered if (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign non-main proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515." 11 U.S.C. § 1517(a) (emphasis added).

2. Here, the Foreign Representative has demonstrated in the Petition and his Declaration that the Malta Proceeding meets each of these factors. Recognition of the Malta Proceeding, therefore, is mandatory. Specifically, the Foreign Representative has shown that Malta is in fact the "center of main interests" of Geden. To take a contrary position begs the question of whether Geden has been either operated outside of Malta without the knowledge of the Maltese Court or any court-appointed liquidator, or the former principals and controlling shareholders of Geden have been deliberately not participating in the Malta Proceeding to thwart the efforts of the Maltese Court or court-appointed liquidator.

3. As stated in the Petition, the Foreign Representative has significant concerns about the corporate control of Geden including, but not limited to, (i) Geden's actions in the Pennsylvania State Court Actions, (ii) potential actions, including actions taken in other litigation, taken by Geden in the United States or elsewhere; and (iii) how such actions have potentially harmed the creditors of Geden. Contrary to Advantage Award, LLC 's ("Award") accusation that this Chapter 15 is merely a conduit to continue fraudulent transfer litigation, the initial focus of this Chapter 15 is first to determine who and for what purpose a party has been exercising the corporate control over Geden in the Pennsylvania State Court and potentially elsewhere.

4. The Objection goes to great lengths to describe the history[2] of litigation between, Award, Advantage Tankers, LLC ("Tankers" and collectively with Award, "Advantage") and Eclipse Liquidity, Inc. ("Eclipse"), but little, if any of that history is relevant to the inquiry of whether the Malta Proceeding meets the factors for mandatory recognition of section 1517 of the Bankruptcy Code.

## Reply

5. The Objection should be overruled on multiple grounds.[3]  First, the Foreign Representative has met all of the factors of section 1517 of the Bankruptcy Code including, but not limited to, demonstrating that Malta is the "center of main interests" of Geden or, in the alternative, meets the requirements of a foreign non-main proceeding.  Second, the mandatory provisions of section 1520 and the discretionary provisions of section 1521 should apply, which include the imposition of the automatic stay.

**I.   The Malta Proceeding is a Foreign Main Proceeding or, in the alternative, is a Foreign Non Main Proceeding**

  a.   *Malta is the "COMI" of Geden*

6. The Objection focuses on a legal argument that Malta is not the "center of main interests" ("COMI") of Geden.  As noted in the Petition, "in the absence of evidence to the contrary, a debtor's registered office is presumed to be the debtor's COMI." 11 U.S.C. § 1516(c).

---

[2] Many assertions in the Objection are misleading.  As an example, the Objection at page 3 paragraph 4 quotes the Declaration stating that "I have relied on . . . Eclipse regarding Geden's 'restructuring' and any associated allegations made in the Pennsylvania State Court Action." Objection, at pg. 3, ¶ 4.  However, the very next sentence in the Declaration states "I have not taken a position on whether the facts and allegations are true, but they do raise concerns that are of interest to me as the liquidator of Geden." Declaration, at pg. 8, n. 7.  This is one of many examples where Award has only provided partial context to what they present as definitive statements of fact.

[3] The Foreign Representative also asserts that Award does not have standing to challenge the foreign recognition of the Malta Proceeding and further has waived personal jurisdiction.  These issues are addressed by a separate motion to strike filed contemporaneously with this Reply.

3

Here, Award has not provided any evidence to rebut the presumption that Malta is the COMI of Geden.

7. While Award is correct in stating that a liquidator, either the First Liquidator or the Foreign Representative, has not paid taxes, brought any causes of action on behalf of Geden, or conducted any investigations, this is due to Geden's own principals and controlling shareholders' refusal to participate in the Malta Proceeding. This is evidenced by the Application to Resign, attached to the Declaration as Exhibit D, in which the First Liquidator stated that the ex-representatives and the shareholders were unwilling to participate in the process and not willing to cover the expenses. *See* Application to Resign, at ¶ 4, 5. The First Liquidator went on to state in his Application to Resign that "[i]t was therefore impossible for the application, to firstly, exclude the possibility of existence of a conflict, and this meant that he could not accept the assignment, even if alternative arrangements had to be made on the questions of costs." Application to Resign, at ¶ 6.

8. Rather than rebut the Bankruptcy Code's presumption that the debtor's registered office is its COMI, Award attempts to find exceptions to the statute through caselaw. The cases cited by Award, however, are either distinguishable or inapplicable.

9. Award relies heavily on *In re Creative Fin., Ltd. (In re Liquid)*, 543 B.R. 498, 514 (Bankr. S.D.N.Y. 2016) by attempting to draw an analogy between that case and the present case. Upon a closer reading of *Creative* and an understanding of the facts of the instant case, however, it is clear that the two cases are completely distinguishable.[4]

10. *Creative* involved a case where Marex Financial Ltd. ("Marex"), the only non-insider creditor of the debtor, Creative Finance, Ltd ("Creative"), sought to collect on its United

---

[4] Arguably, they are analogous for a reason not argued by Award—in both cases, the liquidation process was manipulated by the former principals.

Kingdom issued judgment that had been domesticated in New York. *See Creative*, 543 B.R. at 503-06. Creative did most of its business in the United Kingdom and its operations were directed out of Spain. *See id.* Shortly after Marex domesticated its United Kingdom judgment, Creative's principal, Carlos Sevilleja ("Sevilleja"), directed that Creative be put into liquidation in the British Virgin Islands ("BVI"). *See id.* Sevilleja, as sole shareholder, signed shareholder resolutions which specifically named the BVI liquidator. *Id.*

11. The BVI liquidator entered into an indemnity agreement with Creative Finance Dubai, an entity affiliated with Sevilleja, under which Creative Finance Dubai agreed to indemnify the liquidator for his costs and expenses in conducting the BVI insolvency proceedings. *Id.* The indemnification obligation, however, was unsecured, and the liquidator had no realistic means of enforcing it against an entity in Dubai. *Id.* Although the liquidator received the initial funding that would allow him to carry out his basic statutory duties, he received no further funding. *Id.*

12. Award correctly notes that the liquidator "never collected any assets of the debtors, nor did he liquidate any assets." *See Creative*, 543 B.R. at 509. Further, he did not shut down any businesses of the debtors, pay any taxes, or bring any causes of action on behalf of the debtors' estates. *Id.* Award, however, ignores some key differences between *Creative* and the present case. In *Creative*, the liquidator was personally appointed by Creative's principal and was specifically left unfunded to prevent performance of any of the aforementioned duties. *See id.* Thus, the debtor's own principal was found to be manipulating COMI by hand-selecting the liquidator and deliberately leaving him unfunded and unable to perform the basic functions of a liquidator.[5]

---

[5] The *Creative* court found generally as follows:

> as a fact, should it ever become material in any proceedings to follow, that Sevilleja and his associates—and hence the Debtors—were guilty of bad faith in numerous respects. They included, without limitation (wholly apart from moving the $9.5 million in Debtor assets out of the U.K. in the face of an imminent adverse ruling from the English Court), attempting (unfortunately, successfully) to control a BVI liquidator, who was supposed to act as an independent fiduciary, by

5

Ultimately, the *Creative* court found that the COMI of Creative could not have switched to the BVI because of the specific manipulation of the liquidation process in the BVI by Creative's principal. *See id.*

13. Here, the principals of Geden, specifically, did not participate in the court ordered liquidation of Geden, and, purposefully limited the First Liquidator's ability to execute on any of the actions typical of a liquidator. The principals of Geden did not even provide documentation to allow the First Liquidator to determine whether there was a conflict in him representing Geden as the liquidator. Those principals should not now be rewarded for their non-participation in the Malta Proceeding.

14. Although the failure of Geden's principals to participate in the Malta Proceeding have limited the activities of both the First Liquidator and the Foreign Representative, the Foreign Representative now has the resources to execute his duties under Maltese law through creditor funding. Upon arranging funding, the Foreign Representative sought authority from the Maltese Court to bring this Chapter 15 Case.

15. Even before funding was arranged, Malta was already Geden's only remaining locus of business activity. Geden was registered as a corporation under Maltese law. Thus, when Samsung sought to collect on its debt from Geden, it filed its application for liquidation in Malta, and the Maltese Court is presently administering Geden's liquidation and has been doing so since 2017. The Foreign Representative, the sole person in control of Geden, resides and works in Malta.

---

the purse strings; failing to respond to the Liquidator's inquiries; depriving the Liquidator of the resources he needed to properly do his job; and orchestrating this entire chapter 15 case to deprive their only non-insider creditor of much or all of the fruits of its judgments.

*Creative*, 543 B.R. at 509. The analogous relationship between *Creative* and the present case is the manipulation of the liquidation process by a debtor's insiders, not the fact that the liquidator was unable to perform his duties under applicable law.

Finally, on information and belief, over the last 9 years, Geden has had no other operations in any other jurisdiction—certainly none that have been reported to the Foreign Representative or the Maltese Court overseeing the Malta Proceeding. Accordingly, the COMI of Geden is in Malta—it cannot be anywhere else.

      *b.     In the alternative, the Malta Proceeding is a foreign non-main proceeding*

16.     If the Court determines that Malta is not Geden's COMI, then the Malta Proceeding is a foreign non-main proceeding. As stated in the Petition, a "foreign non-main proceeding" is defined as "a foreign proceeding, other than a foreign main proceeding, pending in a country where the debtor has an establishment." *See* 11 U.S.C. § 1502(5); *see also* 11 U.S.C. § 1517(b)(2) (providing that an order of recognition as a foreign nonmain proceeding shall be entered "if the debtor has an establishment within the meaning of section 1502 in the foreign country where the proceeding is pending"). An establishment is "any place of operations where the debtor carries out a nontransitory economic activity." 11 U.S.C. § 1502(2).

17.     Here, Geden has been in liquidation since 2017. As described in the Petition, control of Geden now rests with the Maltese Court and the Foreign Representative. Presumably, all economic activity of Geden should have been under the administration of the Maltese Court and the court-appointed liquidator, the Foreign Representative. To take another position is to insinuate that Geden has continued to operate outside of Malta with complete disregard for the Malta Proceeding.

18.     As described above, Geden is in liquidation in Malta and the Liquidator, who controls all facets of Geden, is also located in Malta. Major decisions in the Malta Proceeding must be approved by the Maltese Court. *See* Regulations [99-163] of the Merchant Shipping (Shipping Companies – Private Organisations), at §§ 110(3), 111(3). Given the material and

substantive activities conducted by the Liquidator in Malta, Geden demonstrably has a local and non-transitory place of business, and hence, an establishment, in Malta.

## II.   The Malta Proceeding Meets the Remaining Factors of Section 1517

19.   Other than challenging whether the Malta Proceeding is a main or non-main proceeding, Award does not challenge whether the Malta Proceeding meets the remaining factors of Bankruptcy Code section 1517(a).

20.   As stated in the Petition, the Foreign Representative meets all of the factors under section 1517 of the Bankruptcy Code and has provided all of the sufficient documentation required under section 1515 of the Bankruptcy Code.  Accordingly, the Objection should be overruled, and the Malta Proceeding should be recognized.

## III.   Relief Under Section 1520 and 1521 Should be Granted

21.   Award asserts that the relief requested by the Foreign Representative in sections 1520 (automatic imposition of the automatic stay upon recognition) and 1521 (discretionary imposition of the automatic stay upon recognition) should be denied on the basis that a "balancing test" that assesses the effect of the requested relief on all parties who would be affected by it. Section 1522 of the Bankruptcy Code "requires that the relief contemplated under § 1521 balance the interests of the creditors and debtors." *Ad Hoc Group of Vitro Noteholders v. Vitro SAB De CV (In re Vitro SAB De CV),* 701 F.3d 1031, 106 (5th Cir. 2012); *In re Tri-Continental Exch*., 349 B.R. 627, 637 (Bankr. E.D. Cal. 2006) (Standards that inform the analysis of § 1522 protective measures in connection with discretionary relief emphasize the need to tailor relief and conditions so as to balance the relief granted to the foreign representative and the interests of those affected by such relief, without unduly favoring one group of creditors over another.).

22.     Award lacks standing to challenge the foreign recognition of the Malta Proceeding. Award is not a creditor and is merely a defendant in litigation brought by Eclipse—litigation that is now stayed.  Moreover, Bankruptcy Rule 1012(a)[6] already provides the standard for who may challenge the foreign recognition.

23.     Section 1522 is a balancing test between the interests of the foreign representative or debtor on one hand and the creditors on another.  *See Jaffé v. Samsung Elecs. Co.*, 737 F.3d 14, 27 (4th Cir. 2013). Award, however, is not a party in interest or creditor to the foreign recognition proceeding and therefore its interests need not be considered in the balancing test.

24.     Award notes that Geden was the prevailing party in the Pennsylvania State Court Litigation and now lacks standing to bring or prosecute the appeals against Advantage.  This is precisely the reason why the automatic stay and the remainder of the relief sought under sections 1520 and 1521 is so critical.  Geden has been defending itself in the Pennsylvania State Court Litigation since 2020 without the knowledge of a liquidator or the Maltese Court.  It is unclear whether the positions taken by Geden during this time were contrary to the purpose of the Malta Proceeding.  Imposing the stay at the first day hearing and now through sections 1520 and 1521 will allow the Foreign Representative to answer a primary question in this Chapter 15— who has been controlling Geden since 2017, for what purpose have they been controlling Geden, and what harm to the creditors of Geden was caused through this control?

25.     If the Court decides to apply the "balancing test" then the balance of harms would tilt in favor of the Foreign Representative.  On one hand as it relates to Award, there is only a delay in the Appeals, but on the other hand as it relates to Geden, letting the Appeals go forward could potentially hinder the Foreign Representative's ability to seek answers surrounding the control of

---

[6] "A debtor or a party in interest may contest a Chapter 15 petition for recognition of a foreign proceeding." FED. R. BANKR. P. 1012(a).

Geden. Award's interests, which are hardly impacted through recognition or imposition of a stay, should not be allowed to interfere with the legitimate actions of the Foreign Representative. The imposition of the automatic stay would simply abate the Appeals pending in Pennsylvania – at no harm to Award. In other words, if the Court applies the "balancing test", Award's interests are sufficiently protected under the proposed order recognizing the Malta Proceeding, and, Award still maintains its right to seek to lift the automatic stay if they so choose.

26. Award's Objection is nothing more than a preemptive motion to quash any potential discovery requests or possibly a motion to lift the stay. Each of these motions carry a different legal standard that must be met by Award. Here, Award is not able to fully challenge foreign recognition as those standards are clear, unambiguous, and the Foreign Representative clearly meets them. Instead, Award, before any action whatsoever has been taken against them, is seeking to preemptively adjudicate a motion to quash or a motion to lift stay. Award's concerns are premature and effectively shift Award's burden of proof on any motion it might bring from Award to the Foreign Representative. There may come a time when the facts and issues raised by Award must be addressed by this Court or perhaps the Maltese Court, but the hearing on foreign recognition is not that time.

27. The Foreign Representative has satisfied the requirements of sections 1521(a) because the relief requested is necessary to effectuate the purposes of this Chapter 15.

## Conclusion

28. While the Objection recites, inaccurately, the long history of litigation between Eclipse and Advantage, for the purposes of foreign recognition, those facts are irrelevant. The question before this Court is whether the Foreign Representative and the Malta Proceeding meet the requirements for foreign recognition under section 1517 of the Bankruptcy Code. The answer

to that inquiry is yes, the Foreign Representative and the Malta Proceeding meet those requirements and the Malta Proceeding should be recognized.

Respectfully submitted,

**OKIN ADAMS BARTLETT CURRY LLP**

By:   /s/ *Edward A. Clarkson, III*
    Matthew S. Okin
    Texas Bar No. 00784695
    mokin@okinadams.com
    Edward A. Clarkson
    Texas Bar No. 24059118
    eclarkson@okinadams.com
    Kelley K. Edwards
    Texas Bar No. 24129017
    kedwards@okinadams.com
    1113 Vine St., Suite 240
    Houston, Texas 77002
    Tel: 713.228.4100
    Fax: 346.247.7158

**ATTORNEYS FOR THE FOREIGN REPRESENTATIVE**

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2025, a true and correct copy of the foregoing Reply was served via the Court's CM/ECF system to all parties consenting to service through the same.

By:   /s/ *Edward A. Clarkson, III*
    Edward A. Clarkson, III