## **EXHIBIT B**

**Matthew S. Okin's Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 25-90138 |
| **Geden Holdings, Ltd.** | § | |
| | § | **Chapter 15** |
| Debtor in a Foreign Proceeding | § | |

**DECLARATION OF MATTHEW S. OKIN**

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| COUNTY OF HARRIS | § | |

Matthew S. Okin, being duly sworn according to law, upon his oath, deposes and says:

1. I am a partner with the firm Okin Adams Bartlett Curry LLP ("Okin Adams"), which has its principal office located at 1113 Vine Street, Suite 240, Houston, Texas 77002. I am an attorney licensed to practice law in the State of Texas since 1992. Except where otherwise specifically noted, I have personal knowledge of the facts set forth below.

2. This declaration is being submitted in support of the assertion that the security retainer (the "Retainer") held in the IOLTA account of Okin Adams is an asset that Geden holds in the United States, specifically Texas, and meets the requirements of section 109(a) of the Bankruptcy Code.

4   This Declaration is intended to provide additional detail to the Court regarding the Retainer held in Okin Adams's IOLTA Account.

**I.   Retention of Okin Adams**

5. I have been working with the Foreign Representative in analyzing whether filing this Chapter 15 Case could aid the Foreign Representative as the court-appointed liquidator of Geden. Okin Adams provided materials that explained the chapter 15 process and we had

numerous phone calls discussing this and related topics with the Foreign Representative. Additionally, we discussed how a chapter 15 case would be funded.

6. Eclipse Liquidity, Inc. ("Eclipse") originally sought the appointment of a liquidator in the Maltese Court. Eclipse, through its insurance club, Gard P&I Club ("Gard"), offered to fund not only the Foreign Representative's retention of Okin Adams to represent the Foreign Representative in the preparation and filing of this Chapter 15 Case, but also the activities and efforts in Malta to conduct the liquidation of Geden.

7. Before the Retainer was paid, Okin Adams sent a letter to Gard that was executed by Gard explaining (i) that Okin Adams represents the Foreign Representative[1], (ii) that any invoice for a retainer or bill would be addressed to the Foreign Representative and liquidator of Geden with a copy to Gard, and (iii) that there was no plan or intention to preserve a claim to recover the Retainer through the Chapter 15 Case, but that Gard and Eclipse will maintain any and all rights to seek recovery of any amounts paid to Okin Adams through the Malta Proceeding. A copy of the letter (the "P&I Letter") is attached hereto as **Exhibit A.**

8. Okin Adams was retained on December 23, 2024. Among other things, the engagement letter of Okin Adams (the "Engagement Letter") sets forth that (i) Okin Adams represents the Foreign Representative, (ii) that the Retainer is held as security for payment of incurred fees, and (iii) and that Geden is responsible for the payment of the Retainer and accrued fees. A copy of the Engagement Letter is attached hereto as **Exhibit B.**

---

[1] Making it clear that Okin Adams does not represent Gard or Eclipse.

9. The terms of the Engagement Letter provide that the Retainer is a "security retainer." In other words, the Retainer paid to Okin Adams serves as security for the payment of Okin Adams's incurred fees and expenses. The Retainer is not a prepayment of fees or expenses.

## II.     Okin Adams's Retainer

10. Upon the Foreign Representative's decision to retain Okin Adams, sign the Engagement Letter, and file this Chapter 15 Case, the Foreign Representative directed Okin Adams, Eclipse, and Gard to proceed (i) with the payment of the Retainer and (ii) with analyzing and preparing this Chapter 15 Case.

11. Okin Adams submitted its first invoice (the "First Invoice") to the Foreign Representative to cover the required initial Retainer of $50,000. The First Invoice was sent to Gard through Eclipse's attorneys due to Gard's payment processing guidelines, and Gard agreed to fund the Retainer pursuant to the terms of Okin Adams Engagement Letter with Geden. The First Invoice was addressed to the Foreign Representative.

12. Gard initially funded the Retainer to Eclipse's attorneys, due to Gard's internal payment processing procedures, and Eclipse's attorneys then sent the Retainer to Okin Adams. The full amount of the initial Retainer is currently being held at Frost National Bank, a United States bank, in Okin Adams's IOLTA Account, located in Texas.

13. Okin Adams received the Retainer in the amount of $50,000 on January 7, 2025.

14. Upon the completion of the preliminary analysis regarding the filing of a chapter 15 case, Okin Adams determined that a higher retainer was required to prepare, file, and prosecute this Chapter 15 Case. Okin Adams submitted a second invoice for an additional Retainer of $135,000 addressed to the Foreign Representative (the "Second Invoice").

3

15. The additional Retainer requested in the Second Invoice was funded by Gard to Eclipse's counsel who then sent the Retainer to Okin Adams. Okin Adams received additional funds of $135,000 as a Retainer on April 22, 2025. In total, Okin Adams is holding $185,000 as a Retainer. The entire Retainer is held at Frost National Bank, a United States bank, in Okin Adams's IOLTA Account, located in Texas

16. None of the Retainer has been applied to any of Okin Adams's fees or expenses.

17. Pursuant to the Engagement Letter, any unused portions of the Retainer will be returned to Geden.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: June 20, 2025.

By:     /s/ *Matthew S. Okin*
       Matthew S. Okin, Partner
       **Okin Adams Bartlett Curry LLP**
       1113 Vine Street, Suite 240
       Houston, Texas 77002
       Tel: 713.228.4100
       Fax: 346.247.7158



Edward A. Clarkson, III
Okin Adams Bartlett Curry LLP
1113 Vine Street, Suite 240
Houston, TX 77002
Ph • 713.228.4100
eclarkson@okinadams.com

Eclipse Liquidity Inc.
c/o Gard P&I Club
Attn:   Mr. Diamantis Andriotis
        Mr. Dominic Hurst

Via attachment to e-mail
dominic.hurst@gard.no
dandriotis@stealth.gr

Re:    Terms of Engagement

Dear Mr. Hurst and Mr. Andriotis,

We are looking forward to getting to work and working closely with George Gaitas and Jonathan Chalos to best coordinate efforts to execute a cost-effective strategy the filing of a Chapter 15 for Geden Holdings LTD (the "Company").

We are providing this letter to (1) provide the scope of our engagement at this time, and (2) clarify who, specifically, Okin Adams will represent.

First, as we have discussed with Jonathan and George and as listed in the Engagement Letter preliminarily, the scope of our engagement shall include advising and representing the Company in connection with: (1) pre-bankruptcy planning; (2) consultation with Dr. Balzan as foreign representative of the Company, regarding the filing of a Chapter 15 bankruptcy case and the timing of a filing; (3) preparation for the filing of a Chapter 15 case, and (4) preparation of the Motion to Recognize a Foreign Proceeding. At this time, this engagement does not include the actual filing of the Chapter 15 petition. Unless explicitly set forth in a subsequent written engagement agreement or written amendment to this agreement, the Firm's engagement by the Company shall include only those matters listed above.

Second, as you know, we are being retained by Dr. Balzan, the Maltese appointed liquidator over the Company, to represent the Dr. Balzan as the foreign representative of the Company in a potential Chapter 15. By signing the below, you acknowledge that we do not represent the Gard P&I Club.

The Firm's standard practice is to require a retainer prior to beginning work on an engagement. It is our understanding that the Gard P&I Club, will provide an initial retainer of $50,000 (the "Retainer"). This amount will take the case up to the point of filing the Chapter 15. As per usual in bankruptcy cases while representing debtors and foreign representatives, we will require an additional amount to actually file the Chapter 15 and prosecute the Motion for Foreign Recognition whether it is contested or not. Once the Company is transitioned into Chapter 15, we will then focus on utilizing the powerful discovery tools of the Bankruptcy Code and analyzing whether we can prosecute certain claims and causes of action to bring on behalf of the Company.



Additional requests for Retainer replenishment will be addressed to Dr. Balazan as foreign representative and liquidator of the Company, with a copy to the Gard P&I Club.

Note that by signing the below, you acknowledge that there is no plan or intention to preserve a claim for you or recover the Retainer or any other amounts through the Company's Chapter 15 case. However, the Gard P&I Club will maintain any and all rights to seek recovery of any amounts paid to Dr. Balazan, as foreign representative and/or Okin Adams in the Maltese liquidation proceeding.

For your convenience, I have attached a draft of our Engagement Letter to Dr. Balzan.

Please let us know if you have any questions regarding this Letter, our engagement letter, or our view of the trajectory of this case.

Best regards,

                Sincerely,

                *Edward A. Clarkson, III*

                Edward A, Clarkson, III

Enclosure



www.okinadams.com



4873-8815-5670, v. 1

AGREED:

**[P&I Club]**
**Dominic Hurst**
Senior Claims Advisor, Lawyer
Defense
**Gard (Greece) Ltd.**

**O:** +30 210 413 8752-9
**d:** +30 211 198 3660
**m:** +30 6949723460
**e:** dominic.hurst@gard.no

By: _D.P. Hurst_

Name: _Dominic Hurst_

Title: _Senior Claims Advisor_

Date: _15th January_, 2025


www.okinadams.com
3



Edward A. Clarkson, III
Okin Adams Bartlett Curry LLP
1113 Vine Street, Suite 240
Houston, TX 77002
Ph • 713.228.4100
eclarkson@okinadams.com

Dr. Reuben Balzan
As court-appointed Liquidator
For Geden Holdings Ltd.
Valletta Legal
No. 4, St. Andrew Street
Valletta, VLT 1341
Via attachment to e-mail
reuben@vallettalegal.com

Re:   Terms of Engagement

Dear Dr. Balzan:

I am pleased to confirm Okin Adams Bartlett Curry LLP's (the "Firm") engagement to act as general bankruptcy counsel to you, as foreign representative of Geden Holdings LTD. (the "Company") with regard to the preparation and filing of a Chapter 15 petition with a United States Bankruptcy Court. We appreciate your confidence in us, and we look forward to working with you on this matter.

The scope of our engagement shall include advising and representing the you, in your capacity as foreign representative of the Company, in connection with: (1) pre-bankruptcy planning; (2) consultation with you regarding the filing of a Chapter 15 bankruptcy case and the timing of a filing; (3) preparation for the filing of Chapter 15 case, and (4) preparation of the Motion to Recognize a Foreign Proceeding. At this time, this engagement does not include the actual filing of the Chapter 15 petition. Chapter

At the beginning of our representation of a client, it is our policy to describe the manner in which we will bill for legal services and disbursements. A clear understanding of those matters helps to maintain a harmonious professional relationship.

Our Firm will bill the Company for services rendered on an hourly basis. I will be the attorney at the Firm primarily responsible for handling this matter. The firm currently charges for my services a rate of $585 per hour and for other lawyers in the firm at rates between $400 and $825 per hour. Hourly rates for paralegals and other support staff range from $100 to $175 per hour. In addition, expenses advanced on your behalf or internal charges for administrative services are added to the statement rendered for the month in which such expenses or charges are recorded in the billing system.

The Firm's standard practice is to require a retainer prior to beginning work on an engagement. Thus, as a preliminary matter, we will require a retainer of at least $50,000 (the "Retainer"). The Retainer may be sent to us via check or wire transfer pursuant to the following instructions:

Bank Name:   Frost National Bank

Page 2

|  |  |
|---|---|
| Address: | P.O. Box 1315 |
|  | Houston, TX 77251 |
| Routing # | 114000093 |
| Acct. Name: | Okin & Adams LLP IOLTA Account |
| Acct # | 502270617 |

We will deposit the Retainer in the Firm's client trust account. The Firm's standard practice is to bill on a monthly basis. This allows our clients to monitor both current and cumulative fees and expenses. We will deduct payment of the full balance of each invoice from the Retainer held in our Firm's client trust account. Once the Retainer amount falls below $10,000, we will require a replenishment of the Retainer for work on this engagement to continue. If timely payment is not made, we may suspend or terminate any work in progress. We may also withdraw from the representation in a manner consistent with applicable ethical standards.

Attached to this letter is a Statement of Firm Policies (the "Statement") that will apply to this representation, provided that to the extent of a conflict between the terms of the Statement and the terms of this letter, the terms of this letter shall control. Please review these policies and let me know if you have any questions concerning them. If the terms described above and in the attached Statement of Firm Policies are satisfactory to you, please so indicate by signing the enclosed copy of this letter and returning the signed copy.

Sincerely,

*Edward A. Clarkson, III*

Edward A. Clarkson, III

Enclosures

4873-8815-5670, v. 1

Page 3

THE STATE BAR OF TEXAS INVESTIGATES AND PROSECUTES PROFESSIONAL MISCONDUCT COMMITTED BY TEXAS ATTORNEYS. ALTHOUGH NOT EVERY COMPLAINT AGAINST OR DISPUTE WITH A LAWYER INVOLVES PROFESSIONAL MISCONDUCT, THE STATE BAR'S OFFICE OF GENERAL COUNSEL WILL PROVIDE YOU WITH INFORMATION ABOUT HOW TO FILE A COMPLAINT. PLEASE CALL 1-800-932-1900 TOLL-FREE FOR MORE INFORMATION.

AGREED: *[signature]*

**Dr. Reuban Balzan, court-appointed liquidator of Geden Holdings LTD, LLC**

By: _____
Name: _____
Title: _____
Date: ___23.12.2024___, 20~~25~~



## STATEMENT OF FIRM POLICIES

We appreciate your decision to retain Okin Adams Bartlett Curry LLP (the "Firm," "our," or "we") as your legal counsel and look forward to developing our relationship with you in the course of this representation.  Our engagement is limited to the matter identified in the engagement letter to which this Statement of Firm Policies is attached.  Except as may be modified by the accompanying engagement letter, the following summarizes our billing practices and certain other terms that will apply to this engagement.

1. **Determination of Fees**

When establishing fees for services that we render, the Firm is guided primarily by the time and labor required, although it also considers other appropriate factors, such as the novelty and difficulty of the legal issues involved; the legal skill required to perform the particular assignment; time-saving use of resources (including research, analysis, data and documentation) that have previously been developed and stored electronically or otherwise in quickly retrievable form; the fee customarily charged by comparable firms for similar legal services; the amount of money involved or at risk and the results obtained; and the time constraints imposed by either the client or the circumstances.  The Firm generally requires a retainer in an amount which is appropriate with respect to the proposed representation.  Unless otherwise agreed, the retainer will be applied to statements rendered in connection with the representation, with any unused portion being returned to the client.

The time for which a client will be charged will include, but will not be limited to, telephone and office conferences between client and counsel, witnesses, consultants, court personnel and others; conferences among legal personnel; factual investigation; legal research; responding to clients' requests for the Firm to provide information to their auditors in connection with reviews or audits of financial invoices; drafting of agreements, contracts, letters, pleadings, briefs and other documents; travel time; waiting time in court; and time in depositions and other discovery proceedings.

2. **Expenses**

In addition to legal fees, the Firm's statements will include out-of-pocket expenses that have been advanced on behalf of the client.  Advanced costs generally will include such items as travel expenses and fees for postage, long distance charges, filing, recording, certification, registration, and the like.  The Firm may request an advance cost deposit (in addition to the retainer) when we expect that we will be required to incur substantial costs on behalf of the client.

During the course of the representation, it may be appropriate or necessary to hire third parties to provide services on your behalf.  These services may include such things as consulting or testifying experts, investigators, providers of computerized litigation support, court reporters, providers of filing services and searches of governmental records and filings, and local counsel.  Because of the legal "work product" protection afforded to services that an attorney requests from third parties, in certain situations, the Firm may assume responsibility for retaining the appropriate service providers.  If we do so, the client will be responsible for paying all fees and expenses directly to the service providers or reimbursing the Firm for these costs.

3. **Billings**

The Firm bills monthly throughout the engagement for a particular matter, and monthly statements are due within ten days after your receipt thereof.  In instances in which the Firm represents more than one person with respect to a matter, each person that we represent is jointly and severally liable for fees with respect to the representation.  Our statements contain a concise summary of each matter for which legal services were rendered and a fee was charged.

We invite our clients to discuss freely with us any questions that they have concerning a fee charged for any matter.  We want our clients to be satisfied with both the quality of the services and the reasonableness of the fees charged for those services.  We will attempt to provide as much billing information as the client requires and in such customary form that it desires, and are willing to discuss with clients any of the various billing formats available that best suits their needs.

If any monthly statement is not paid within 60 days after the original statement date, the Firm reserves the right to discontinue services on all pending matters for you until all of your accounts have been brought current.  Additionally, if any statement is not paid within 60 days from the date of the original statement, the Firm may, by written notice to you on a subsequent statement or otherwise, declare the overdue account to be delinquent.  We have no obligation to declare any account delinquent.  If we declare an account to be delinquent, the amount owing on that account will accrue interest at a rate equal to one percent (1%) per month (a 12% annual percentage rate) from the date of our delinquency notice to you until the balance is paid in full, but in no event shall such rate exceed the maximum rate permitted by applicable law.  Any payments made on past due statements are applied first to interest, if any, and then to the account balance, beginning with the oldest outstanding statement.  In addition, we are entitled to attorneys' fees and costs if collection activities are necessary.

4. **Scope of Engagement**

The Firm will provide services of a strictly legal nature of the kind generally described in the engagement letter that accompanies this attachment.  It is understood that you are not relying on us for business, investment, or accounting decisions, or to investigate the character or credit of persons with whom you may be dealing, or to advise you about changes in the law that might affect you unless otherwise specified in the letter.  We will keep you advised of developments as necessary to perform our services and will consult with you as necessary to ensure the timely, effective, and efficient completion of our work.



5. **Necessary Information**

It is anticipated that you and any other entities affiliated with you will furnish us promptly with all information that we deem to be required to perform the services described in our engagement letter, including financial statements from qualified accountants and auditors, as appropriate, and documents prepared by other legal counsel employed by you in connection with prior or other matters.  You will make such business or technical decisions or determinations as are appropriate to carry out our engagement.

The Firm's engagement is premised and conditioned upon your representation that you are not aware of any material facts or current or historical problem (involving such matters as court orders, injunctions, cease and desist orders, judgments, liabilities, litigation, administrative proceedings, crimes, prosecutions, bankruptcies or securities violations) on the part of any person to be connected with you that you have not fully disclosed to us.  You understand that the accuracy and completeness of any document (including securities disclosure documents, litigation pleadings and court filings) prepared by us is dependent upon your alertness to assure that it contains all material facts relating to the subject and purpose of such document and that such document must not contain any misrepresentation of a material fact nor omit information necessary to make the statements therein not misleading.  To that end, you agree to review all documents prepared by us for their factual accuracy and completeness prior to any use thereof.  You also acknowledge that this responsibility continues through our engagement in the event that such document becomes deficient in this regard.  You hereby represent and warrant that any material, information, reports and financial statements, whether rendered orally or in writing, furnished to us by you will be accurate, and that we may rely upon the truth or accuracy of such information.

6. **Termination of Engagement**

Upon completion of the matter to which this representation applies, or upon earlier termination of our relationship, the attorney-client relationship will end unless you and we have expressly agreed to a continuation with respect to other matters.  We hope, of course, that such a continuation will be the case.  You have the right at any time to terminate our services and representation upon written notice to the Firm.  We reserve the right to withdraw from our representation if circumstances arise that under the applicable rules of professional conduct, allow or require us to.

7. **Disagreements Regarding Fees**

In the event that you believe any statement for our services is erroneous for any reason, you shall notify us of the same within 10 business days after receipt of such statement stating the basis for your belief.  If agreement cannot be reached with respect to the amount owed, you agree to promptly pay the non-disputed portion of our statement and submit the disputed portion for resolution by the appropriate committee of the organized bar of the city where our office rendering such services is located.  If no organized bar exists in that city, then you can submit to the Committee on Arbitration Relating to Fee Disputes (or similar committee) of the regulatory body governing the practice of law in the state or jurisdiction where our office rendering such services is located.



www.okinadams.com
3

4862-9457-5953, v. 2

**8. Approval of Fees**

In certain instances, the Firm may be required to seek court approval of fees and expenses incurred pursuant to this Engagement. You agree to reimburse the Firm for all reasonable costs and expenses incurred in obtaining all such required approvals, including, but not limited, to the costs, including attorneys' fees, and expenses incurred in defending any fee application or other request for the allowance and payment of fees and expenses arising pursuant to this Engagement.

**9. Governing Law**

**OUR ENGAGEMENT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS AND, EXCEPT FOR DISAGREEMENTS REGARDING FEES SUBMITTED TO ARBITRATION PURSUANT TO PARAGRAPH 7 ABOVE, VENUE FOR ANY OTHER ACTION HEREUNDER SHALL BE IN HARRIS COUNTY, TEXAS.**

**10. Miscellaneous**

The engagement letter to which this Statement of Firm Policies is attached constitutes our entire understanding and agreement with respect to the terms of our engagement and supersedes any prior understandings and agreements, written or oral. If any provision of our engagement letter is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain in full force and effect. Our engagement letter may only be amended in writing by the parties hereto.

**THE STATE BAR OF TEXAS INVESTIGATES AND PROSECUTES PROFESSIONAL MISCONDUCT COMMITTED BY TEXAS ATTORNEYS. ALTHOUGH NOT EVERY COMPLAINT AGAINST OR DISPUTE WITH A LAWYER INVOLVES PROFESSIONAL MISCONDUCT, THE STATE BAR'S OFFICE OF GENERAL COUNSEL WILL PROVIDE YOU WITH INFORMATION ABOUT HOW TO FILE A COMPLAINT. PLEASE CALL 1-800-932-1900 TOLL-FREE FOR MORE INFORMATION.**

Your agreement to this engagement constitutes your acceptance of the foregoing terms and conditions. If any of them is unacceptable to you, please advise us now so that we can resolve any differences and proceed with a clear, complete, and consistent understanding of our relationship.

