# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 15 |
| GEDEN HOLDINGS, LTD., | ) |
| | ) Case No. 25-90138 (ARP) |
| Debtor in a Foreign Proceeding. | ) |
| | ) |
| | ) |

## NOTICE OF FILING OF ADVANTAGE AWARD SHIPPING, LLC'S DEMONSTRATIVE FOR JUNE 25, 2025 HEARING

**PLEASE TAKE NOTICE THAT** Advantage Award Shipping, LLC hereby files the attached demonstrative in connection with the hearing scheduled for June 25, 2025, at 1:00 p.m. (prevailing Central Time).

[*Remainder of Page Intentionally Left Blank*]

4937-2631-7648.1 01222.00001

Dated: June 24, 2025
Houston, Texas

Respectfully submitted,

*/s/ Theodore S. Heckel*
**PACHULSKI STANG ZIEHL & JONES LLP**
Michael D. Warner (TX Bar No. 00792304)
Steven W. Golden (TX Bar No. 24099681)
Theodore S. Heckel (TX Bar No. 24133488)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
Email: mwarner@pszjlaw.com
sgolden@pszjlaw.com
theckel@pszjlaw.com

- and -

**PACHULSKI STANG ZIEHL & JONES LLP**
Jordan A. Kroop (admitted *pro hac vice*)
Jeffrey M. Dine (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7734
Facsimile: (212) 561-7777
Email: jkroop@pszjlaw.com
jdine@pszjlaw.com

*Counsel to Advantage Award Shipping, LLC*

### Certificate of Service

I certify that, on June 24, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Theodore S. Heckel*
Theodore S. Heckel

# The Court Should Not Recognize the Malta Proceeding

Objection of Advantage Award

Case No. 25-90138   Advantage Demonstratives   DRAFT SUBJECT TO CHANGE

# The Court Should Not Recognize the Malta Proceeding

Why?

- Malta is not and has never been Geden's COMI

- Dr. Balzan has done nothing substantively to switch Geden's COMI to Malta

- Ultimately, there's no point to this Chapter 15 case

# Geden's COMI is Not in Malta

Although § 1516(c) establishes a presumption to be used in "easy cases," the presumption is rebuttable. Relying on the presumption is "especially inappropriate in a case where there is a substantial dispute."

*Creative Finance,* 542 BR at 517

# Geden's COMI is Not in Malta

This Court certainly appreciates the independent inquiry the Bankruptcy Code asks of it. And "recognition under Section 1517 of the Bankruptcy Code is not a rubber stamp exercise. Even in the absence of an objection, courts must undertake their own jurisdictional analysis and grant or deny recognition … as the facts of each case warrant. The ultimate burden of proof … is on the foreign representative."

*Lavie v. Ran (In re Ran)*, 607 F3d 1017, 1021 (5th Cir. 2010)

# Geden's COMI is Turkey



- Until Geden ceased all operations in 2016, its nerve center was in **Istanbul, Turkey**

  – Liq.Dec., Doc 6-5 at 33

- Geden's management personnel were in **Istanbul**

- Geden's operations were managed entirely out of offices in **Istanbul**

  – Adv. Ex. 15

Case No. 25-90138   Advantage Demonstratives   DRAFT SUBJECT TO CHANGE

# The § 1516(c) Presumption is Rebutted

- Dr. Balzan's own evidence indicates that Geden's principal business location and nerve center was in Istanbul, Turkey

- Dr. Balzan hasn't offered any evidence to the contrary

- Advantage has sufficiently disputed that COMI is anywhere other than Turkey by citing Dr. Balzan's own declaration and offering uncontroverted evidence placing Geden in Turkey

# Geden's COMI Never Switched to Malta

- "while a COMI can … change from the jurisdiction in which a foreign debtor actually did business to a 'letterbox' jurisdiction, it can do so only where material activities have been undertaken in the jurisdiction in which the foreign proceeding was filed …"

  *Creative Fin.* 543 BR at 501

- Dr. Balzan acknowledges that Geden ceased all operations almost *ten years ago* and had no reason to assert that Geden hadn't operated exclusively in Turkey before that

- Thus, the only "material activities" in Malta that could move COMI are liquidation activities in Malta



Case No. 25-90138   Advantage Demonstratives   DRAFT SUBJECT TO CHANGE

# There Have Been No Liquidation Activities in Malta

**Creative Finance: Liquidator didn't**

- Collect any assets
- Liquidate any assets
- Shut down any businesses
- Pay any taxes
- Bring any causes of action

**Dr. Balzan didn't**

- ❌ Hrg. Tr. at 32-33
- ❌ Hrg. Tr. at 32-33
- ❌ Hrg. Tr. at 32-33
- ❌ Hrg. Tr. at 33:2-5
- ❌ Hrg. Tr. at 33:6-13

# There Have Been No Liquidation Activities in Malta (cont.)

**Dr. Balzan also hasn't**

- ☒ Convened any creditor meetings — Hrg. Tr. at 33:14-16
- ☒ Contacted Geden's former officers and directors — Hrg. Tr. at 33:17-19, 33:23-34:1
- ☒ Instituted any legal action against other creditors — Hrg. Tr. at 33:11-12
- ☒ Independently identified any assets anywhere beyond "possibly" reviewing years-old complaints by Eclipse in unsuccessful lawsuits — Hrg. Tr. at 50-68

# Dr. Balzan Only Reviewed Some of Eclipse's Unproven Allegations About Assets

Dr. Balzan has not done anything to discover Geden assets anywhere in the world, much less in the United States

- Eclipse's allegations of "assets that were stripped away from creditors" were already reported to the Maltese court by Samsung years before Dr. Balzan's appointment   *Hrg. Tr. at 52:11-53:9*
- Merely "reviewed" Eclipse's complaints in 2020 and 2023 that were "before my appointment."   *Hrg. Tr. at 53:10-23*
- Only "looked at" and "relied in part" on the 2023 Complaint (Ex. 24) "in drafting [his] declaration"   *Hrg. Tr. at 57:7-15*
  - Testified that he hasn't accepted or rejected Eclipse's allegations and that "at this point, my role is to … look into the litigation and to obviously take [the] allegations … or not."   *Hrg. Tr. at 57:16-58:3*

# Dr. Balzan Only Reviewed Some of Eclipse's Unproven Allegations About Assets (cont.)

- "Possibly I would have seen this document," referring to the Appeal Opinion from the PA State Court, meaning that he wasn't even sure he'd looked at the latest ruling of a US court deciding the merits of Eclipse's allegations they'd repeated for ten years in a dozen lawsuits.  Hrg. Tr. at 61:8-62:6

- Dr. Balzan didn't even review Eclipse's complaint (Advantage Ex. 1) filed in "Eclipse II" in the District Court, S.D.Tex., in 2015, when Eclipse first made these same allegations                                              Hrg. Tr. at 63:16-64:12

- Nor did he review several of the other complaints (Advantage Exs. 2 and 3) before drafting his declaration                                              Hrg. Tr. at 57:7-15

# Dr. Balzan Only Reviewed Some of Eclipse's Unproven Allegations About Assets (cont.)

Most significantly, Dr. Balzan didn't review pleadings or orders in the PA State Court Litigation before filing his Chapter 15 petition, despite that all the Eclipse-originating allegations of Geden assets in the US, all the allegations of fraudulent transfer against Geden and Advantage, emanated from the PA State Court Litigation. From Hrg. Tr. at 67:

```
17  Q    Did you ever review any pleadings, any documents that were
18       submitted by any of the defendants in the Pennsylvania actions?
19  A    You mean going all the way back to 2020 or prior to that?
20  Q    Going back to 2020.
21  A    I mean, I have reviewed them now during these Chapter 15
22       proceedings.  I don't recall if I had already reviewed them
23       prior to the Chapter 15 proceedings.  But I mean, over -- since
```

# Dr. Balzan Only Reviewed Some of Eclipse's Unproven Allegations About Assets (cont.)

Ultimately, Dr. Balzan has spent a year and a half reviewing some of the relevant documents pertaining to the remote possibility of assets of the Geden liquidation estate in the U.S. without:

- Verifying any of the allegations
- Assessing their factual bases
- Seeking legal advice on the viability of any causes of action
- Examining even one of the many court orders dismissing every single one of Eclipse's lawsuits in the US containing these allegations

Despite acknowledging that doing all this is a core function of a liquidator in Malta — something he's done 40 or 50 times — Dr. Balzan hasn't done a thing.

# What are We Doing Here?

- Eclipse is the real party driving this Chapter 15 strategy
  - They are paying Dr. Balzan's fees
  - They are curating the information Dr. Balzan is given
  - They appear to be the only alleged creditor with an interest in the Malta Proceeding
- Eclipse is attempting to conscript this Court in yet another attempt to litigate against Advantage after a decade of uniformly unsuccessful lawsuits throughout the US
- Ultimately, there's nothing to do

Case No. 25-90138   Advantage Demonstratives   DRAFT SUBJECT TO CHANGE

# Eclipse Is the Real Party Controlling Dr. Balzan (cont.)

Hrg. Tr. at 72:

```
10  Q    So after you were appointed as Geden's liquidator in
11  Malta, you then sought to appeal the Pennsylvania trial court's
12  dismissal of all counts against Geden on behalf of Geden,
13  correct?
14  A    Correct.
15  Q    And you represented [sic] Mr. Gaitas to represent you in
16  that action, correct?
17  A    Correct.
18  Q    And at the same time, Mr. Gaitas was representing Eclipse
19  who was suing Geden in that action, correct?
20  A    Correct.
```

# Eclipse Is the Real Party Controlling Dr. Balzan (cont.)

- Mr. Gaitas represented both Eclipse as the plaintiff and appellant and Geden (through Dr. Balzan) as the defendant and appellee

- Mr. Gaitas has made no attempt to explain this highly peculiar situation

- Despite that the PA appellate court and the PA Supreme Court bounced Dr. Balzan for lack of standing, one must wonder how long this brazen conflict of interest was permitted to persist

Case No. 25-90138   Advantage Demonstratives   DRAFT SUBJECT TO CHANGE

# Conclusion — Deny Recognition

This Court has an opportunity to preserve and protect its own jurisdiction and judicial resources and put an end to Eclipse's vexatiousness by

- Denying recognition of the Malta Proceeding

- Allowing the PA appeal to resolve years-old litigation

- Release Dr. Balzan of the needless burden of prosecuting a Chapter 15 proceeding in this Court so that he may direct his worthy efforts to a real liquidation of real assets

Case No. 25-90138   Advantage Demonstratives   DRAFT SUBJECT TO CHANGE