IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| | § | Chapter 15 |
| Geden Holdings, Ltd. | § | |
| | § | Case No. 25-90138 |
| Debtor in a Foreign Proceeding | § | |
| | § | |

## FOREIGN REPRESENTATIVE'S MOTION FOR (I) STAY PENDING APPEAL AND (II) RESTORE OR GRANT AN INJUNCTION WHILE AN APPEAL IS PENDING

Dr. Reuben Balzan (the "Liquidator" or the "Foreign Representative"), a licensed advocate in Malta with the law firm Valletta Legal, in his capacity as court appointed liquidator for the above-captioned debtor, Geden Holdings, Ltd. (the "Debtor" or "Geden"), organized under the laws of Malta and subject to a foreign liquidation proceeding (the "Malta Proceeding") before the First Hall of the Civil Court (the "Maltese Court") hereby files this *Motion for (I) Stay Pending Appeal, and (II) Restore or Grant an Injunction While an Appeal is Pending* (the "Motion") and *Declaration of Foreign Representative in Support of the Motion for (I) Stay Pending Appeal, and (II) Restore or Grant an Injunction While an Appeal is Pending*, attached hereto as **Exhibit A**, and in support hereof, respectfully states as follows:

## PRELIMINARY STATEMENT

1.      In light of the risk of Geden's assets in the United States being controlled by persons or entities who are not the Foreign Representative and questions regarding the legal position of Geden in the Pennsylvania Appeals and underlying Pennsylvania State Court Litigation (each as defined below), the Foreign Representative files this Motion to stay the Order (defined below) and extend or issue an injunction with respect to Geden and its property located in the United States.

2.      From a practical standpoint, the Bankruptcy Court's Order has found that Malta is not the current COMI of Geden.   This finding may significantly impact the Foreign Representative's ability to recover the assets of Geden that may be located all over the world.   The Foreign Representative should be afforded the opportunity to appeal the Order with the automatic stay extended or imposed to maintain the *status quo* to give the Foreign Representative the best chance to advocate for the rights of Geden and to realize a recovery to its creditors.

## RELIEF REQUESTED

3.      Pursuant to Bankruptcy Rules 8007(a)(1)(A) and (C), the Foreign Representative files this Motion seeking to stay the Order and enter an order restoring or granting an injunction while this Appeal is pending.  *See* Fed. R. Bankr. P. 8007(a)(1)(A), (C).

## BACKGROUND

4.      On April 28, 2025, the Foreign Representative filed the *Chapter 15 Petition for Recognition of a Foreign Proceeding* (the "Petition for Foreign Recognition") [ECF No. 1], commencing the bankruptcy case styled *In re Geden Holdings, Ltd..*, Case No. 25-90138 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

5.      On April 28, 2025, the Foreign Representative filed his *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Verified Petition") [ECF No. 2] in support of the Petition for Foreign Recognition.

6.      On April 29, 2025, the Foreign Representative filed his *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(A)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main*

2

*Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Declaration") [ECF No. 6].  The Declaration is incorporated herein by reference.

7.     On April 29, 2025, the Foreign Representative filed his *Emergency Motion for Entry of an Order (I) Granting Emergency Provisional Relief for Issuance of the Automatic Stay, and (II) for Related Relief* (the "Provisional Relief Motion") [ECF No. 4].

8.     A hearing on the Provisional Relief Motion was held on May 1, 2025.

9.     On May 1, 2025, the Bankruptcy Court entered the *Order Granting Debtor's Emergency Motion for Entry of an Order (I) Granting Emergency Provisional Relief for Issuance of the Automatic Stay, and (II) for Related Relief* (the "Provisional Relief Order") [ECF No. 13]. Among other things, the Provisional Relief Order provided that the automatic stay shall apply with respect to the Debtor and its property within the territorial jurisdiction of the United States.

10.     Additionally, the Bankruptcy Court set the hearing on the Petition for Foreign Recognition and the Verified Petition on June 4, 2025.

11.     On May 28, 2025, Advantage Award Shipping, LLC ("Advantage Award") filed its *Objection of Advantage Award Shipping, LLC to Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Objection to Foreign Recognition") [ECF No. 23].  Upon information and belief, Advantage Award is a subsidiary of Advantage Tankers, LLC ("Advantage Tankers").  Eclipse Liquidity, Inc. ("Eclipse"), a creditor of Geden, in trying to enforce a judgment against Geden, alleged, among other things in the Pennsylvania State Court (defined below) that (i) that Award and Tankers are liable to Eclipse as successor corporations of Geden; (ii) that Eclipse should be allowed to pierce the corporate veils of Tankers and Award because they have

committed fraud to the detriment of Geden's creditors; and (iii) that the transfer of Geden's assets to Advantage Award is a fraudulent transfer under the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA").   The Objection to Foreign Recognition contains a footnote that attempts to preserve its personal jurisdiction defense while attempting to argue the underlying merits of foreign recognition.

12.      "On June 3, 2025, the Debtor filed its *Emergency Motion to Strike the Objection of Advantage Award Shipping, LLC to Verified Petition* (the "Motion to Strike") [ECF No. 32] on the grounds that Advantage Award lacked standing to object to foreign recognition.

13.      On June 4, 2025, the Court held a hearing on the Petition for Foreign Recognition where the Bankruptcy Court heard and took evidence regarding whether to grant the Petition for Foreign Recognition.   Thereafter, the Court continued the hearing on the Verified Petition for foreign recognition and set closing argument for June 25, 2025.

14.      After closing arguments were held on June 25, 2025, the Court took the matter under advisement.

15.      On August 28, 2025, the Court entered the *Memorandum Opinion Denying Petition for Recognition (ECF No. 1) and Dismissing Motion to Strike as Moot (ECF No. 32)* [ECF No. 57] (the "Memorandum Opinion") and its *Order Denying Petition for Recognition (ECF No. 1) and Dismissing Motion to Strike as Moot (ECF No. 32)* (the "Order") [ECF No. 58].

16.      On September 10, 2025, the Foreign Representative filed the *Notice of Appeal of the Order and Memorandum Opinion* [ECF No. 61] (the "Appeal").

17.      On September 24, 2025, the Foreign Representative filed his *Designation of Record on Appeal and Statement of the Issues* [ECF No. 66] and the *Amended Designation of Record on Appeal and Statement of the Issues* [ECF No. 68].

## BASIS FOR RELIEF REQUESTED

18.     The Fifth Circuit employs a four part test in determining whether to grant and/or extend an injunction or a stay pending appeal: (i) whether the movant has made a showing of likelihood of success on the merits; (ii) whether the movant has made a showing of irreparable injury if the stay is not granted; (iii) whether the granting of the stay would substantially harm the other parties; and (iv) whether the granting of the stay would serve the public interest. *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *accord Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001).  The Fifth Circuit, however, "has refused to apply these factors in a rigid mechanical fashion." *Reading & Bates Petroleum Co. v. Musslewhite*, 14 F.3d 271, 272 (5th Cir. 1994).  Accordingly, "the absence of any one factor is not fatal to a successful motion for stay." *In re Permian Producers Drilling, Inc.*, 263 B.R. 510, 515 (W.D. Tex. 2000) (citing *In re First S. Savs. Ass'n*, 820 F.2d 700, 709 n. 10 (5th Cir. 1987).

19.     With respect to the extension or granting of the automatic stay while the Appeal is pending, courts have applied the same four factor test.  *See In re Motors Liquidation Co.*, 539 B.R. 676, 679 (Bankr. S.D.N.Y. 2015); *In re Mott*, Case No. 25-10110, 2025 Bankr. LEXIS 1920, *1 (Bankr. S.D.N.Y. August 13, 2025).  The Foreign Representative respectfully submits that each of the foregoing factors are satisfied under the circumstances, and that a stay of the Order and extending the automatic stay are both necessary and appropriate pending appellate review.

**A.     The Foreign Representative is Likely to Succeed on Appeal**

20.     As to the first prong, likelihood of success on appeal, a movant need not establish certainty of success on appeal but, instead, may meet its burden by establishing "a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Arnold*, 278 F.3d at 439.  When an appeal deals with

5

"questions involving the application of law, or when the law has not been definitively addressed by a higher court, the movant more easily satisfies the first element." *In re Tex. Equip. Co., Inc.*, 283 B.R. 222, 227 (Bankr. N.D. Tex. 2002) (citing *In re Westwood Plaza Apartments*, 150 B.R. 163, 168 (Bankr. E.D. Tex. 1993)) (internal citations omitted).

21.     Here, the Foreign Representative is likely to succeed on the merits of the Appeal because the issue of whether section 1516(c) of the Bankruptcy Code (the "COMI Presumption") can be rebutted without evidence that the COMI of Geden was in any other country other than Malta has limited to no binding precedent in the Fifth Circuit or elsewhere.

22.     Specifically, the Foreign Representative is likely to succeed on the merits of the Appeal for three reasons.  One, there is limited to no precent to support a finding that  section 1516(c) of the Bankruptcy Code (the "COMI Presumption") was rebutted when no competing or contrary evidence was introduced.[1]  Two, there is no precedent to support the Bankruptcy Court's "liquidation activities" test found in *In re Creative Fin. Ltd.*, 543 B.R. 498, 514 (Bankr. S.D.N.Y. 2016) when no competing or contrary evidence that Geden's COMI existed anywhere but Malta. Three, the Bankruptcy Court erred relied on the evidence presented by Advantage Award, despite their lack of standing.

23.     In general, there is a substantial case on the merits pending in this Appeal, and the Bankruptcy Court introduced a novel interpretation of Fifth Circuit law as well as Second Circuit law to arrive at a conclusion not supported by existing case law.

---

[1] While the determination of a company's COMI is typically an evidentiary issue, in this case, the issue is purely legal because there was no competing or contrary evidence introduced at trial.

i.   *COMI Presumption*

24.     To have a foreign proceeding recognized under chapter 15 of the Bankruptcy Code, a foreign representative must file a petition for recognition and file the appropriate documentation listed in section 1515 of the Bankruptcy Code.

25.     Section 1517(a) of the Bankruptcy Code then instructs the bankruptcy court to enter an order recognizing a foreign proceeding as a foreign main (or non-main) proceeding if "(a) such foreign proceeding is a foreign main (or non-main) proceeding within the meaning of section 1502 of the Bankruptcy Code, (b) the foreign representative applying for recognition is a person or body, and (c) the petition meets the requirements of section 1515 of the Bankruptcy Code." 11 U.S.C. § 1517(a).

26.     Section 1517(a)(1) consists of two separate inquires.  The first question is whether the Malta Proceeding is a "foreign proceeding" as that term is defined under the Bankruptcy Code. The second question is whether the foreign proceeding is a foreign main or foreign nonmain proceeding.  With respect to the "foreign proceeding" analysis, bankruptcy courts look to the definition of "foreign proceeding" under section 101(23) of the Bankruptcy Code and analyze certain factors developed in the case law.  The second statutory requirement of section 1517(a)(1) is an inquiry into whether a foreign proceeding is a foreign main or foreign nonmain proceeding.

27.     Section 1517(b)(1) states that such foreign proceeding shall be recognized "as a foreign main proceeding if its pending in the country where the debtor has the center of its main interests[2]; or as a foreign nonmain proceeding if the debtor has an establishment within the meaning of section 1502 in the foreign country where the proceeding is pending."  11 U.S.C § 1517(b).

---

[2] Defined as "COMI."

7

28.     To aid courts in this analysis, the Bankruptcy Code provides that "[i]n the absence of evidence to the contrary, the debtor's registered office, or habitual residence in the case of an individual, is presumed to be the center of the debtor's main interests" (the "COMI Presumption"). 11 U.S.C. § 1516(c).  Here, because no evidence was introduced to rebut Malta as Geden's COMI, the Bankruptcy Court erred in either (i) refusing to apply the COMI Presumption or (ii) finding that the COMI Presumption had been effectively rebutted.

29.     In its Memorandum Opinion, the Court stated that the COMI Presumption only applies in "easy cases" and "is inappropriate in cases where there is a substantial dispute." Memorandum Opinion, at pg. 9 (quoting *In re Creative Fin. Ltd.*, 543 B.R. 498, 517 (Bankr. S.D.N.Y. 2016) (citing *In re SPhinX, Ltd.*, 351 B.R. 103, 112 (Bankr. S.D.N.Y. 2006)).[3]  As provided in the COMI Presumption, contrary evidence is required to effectively rebut the COMI Presumption.  No such evidence was offered.  A mere objection without additional evidence does not somehow render COMI issue "in substantial dispute" or "not an easy case."

30.     For an example of evidence sufficient to rebut the COMI presumption, in *Lavie v. Ran* was an individual who previously resided in Israel but moved to the United States with intentions to never return to Israel.  See *Lavie v. Ran (In re Ran)*, 607 F.3d 1017, 1019 (5th Cir. 2010).  In Israel, a liquidation proceeding was commenced and the foreign representative sought recognition of such proceeding in the Southern District of Texas.  *Id.*, 607 F.3d at 1020. Ultimately, the Fifth Circuit found that Ran's "COMI" could not be in Israel, where the foreign proceeding was pending, because there was affirmative evidence that Ran resided in the United States.  *See id.*, 607 F.3d at 1024; *see also In re SPhinX*, 371 B.R. 10, 15 (S.D.N.Y. 2007) (deciding

---

[3] It is unclear whether the Bankruptcy Court is stating that the COMI Presumption only applies in "easy cases", or whether the COMI Presumption applies in all cases, as required by section 1516(c), but is easily rebutted in cases where there is substantial dispute.

that the COMI Presumption was rebutted by contrary evidence in finding that "substantially all" of SPhinX's assets were in the United States and not in the Cayman Islands where SPhinX was registered).

31.     Here, no evidence was offered that the COMI of Geden was anywhere but Malta. In the Foreign Representative's survey of the law, no court in the Fifth Circuit has found that COMI failed to exist in the jurisdiction in which a foreign proceeding was pending without affirmative evidence that the COMI of the debtor could have been in another country. In other words, in order to rebut the COMI Presumption, affirmative evidence must be presented suggesting that COMI could be somewhere other than the country in which the foreign proceeding is pending.

32.     This Bankruptcy Court's Order and Memorandum Opinion is a major departure from *Ran* and *SphinX* where the facts in evidence suggested that COMI could be elsewhere and poses a significant and substantial question of law to be decided by this Appeal.

   *ii.     Misapplication of the "Liquidation Activities" Test and Creative Finance*

33.     Movant also asserts that this Appeal poses a significant and substantial question of law concerning the application of the "liquidation activities" test which has no precedence in the Fifth Circuit.  Further, the Bankruptcy Court may have misapplied the "liquidation activities" test by conducting an unnecessary analysis of the Foreign Representative's prior liquidation activities in Malta.

34.     The "'center of main interests' generally equates with the concept of principal place of business in United States Law." *In re Millennium Global Emerging Credit Master Fund Ltd.*, 458 B.R. 63, 72 (Bankr. S.D.N.Y. 2011) (citing *In re Tri-Continental Exchange Ltd.*, 349 B.R. 627, 634 (Bankr. E.D. Cal 2006)).  Whether liquidation activities have occurred in the foreign jurisdiction in which the foreign proceeding is pending is not a proper inquiry as to whether a

9

business "center of main interests" or "principal place of business" is located, but rather a test in assisting a court in deciding where COMI is located between multiple counties.

35.     In *Creative Finance,* there was direct and affirmative evidence that: (i) the debtor's COMI could have been in the British Virgin Islands, the United Kingdom, Spain, or Dubai, and (ii) the debtor's asserted COMI, the British Virgin Islands, was merely a "letterbox" jurisdiction. *See Creative Finance.*, 543 B.R. at 511.  Faced with this evidence, the court undertook further analysis to determine whether the liquidator in the British Virgin Islands had conducted sufficient "liquidation activities" to "switch" the COMI from the other potential jurisdictions in evidence (the United Kingdon or Spain) to the British Virgin Islands.  *Creative Finance.*, 543 B.R. at 514.

36.     Here, unlike in *Creative Finance*, *Ran*, *SPhinX*, and others, no evidence was offered or admitted into the record showing that Geden's COMI was anywhere but Malta.  Absent such evidence, the Bankruptcy Court's analysis of, and reliance on, the Foreign Representative's liquidation activities was a misapplication of the law.  The Foreign Representative could not locate any case where the "liquidation activities" test was applied to establish a COMI when no other country was being considered as another potential COMI.  Stated another way, the "liquidation activities" test is used as a "tiebreaker" when more than one country could plausibly be a corporation's COMI.   It is not a requirement to show that a debtor's COMI exists in the first place.

37.     Because there was no evidence of any alternative COMI, Geden was not required to meet, and the Bankruptcy Court should not have imposed, the additional requirement of demonstrating that COMI somehow shifted to Malta from any other country in the world.

38.     Moreover, by allowing the COMI Presumption to be rebutted due to the lack of liquidation activities, then the Bankruptcy Court is requiring that a foreign representative show that liquidation activities are occurring as a prerequisite to enjoy the COMI Presumption if any

party objects.  This is contrary to the Bankruptcy Code and improperly shifts the burden to the Foreign Representative to show why the COMI Presumption has not been rebutted rather than placing the burden on Advantage Award to rebut the COMI Presumption.

39.     The evidence and arguments that the Foreign Representative failed to perform certain "liquidation activities" in Malta is merely a red herring.  There was not sufficient evidence to demonstrate that the COMI could anywhere else but Malta, and the Foreign Representative's liquidation activities in Malta should have been irrelevant especially in light of the difficult history of Geden's liquidation and the non-cooperation of Geden's former principals.  To focus on such liquidation activities in the absence of contradictory COMI evidence is a major departure from *Ran* and *SphinX* where the facts in evidence were that COMI could be elsewhere.

40.     Additionally, the Bankruptcy Court's finding that Malta is not the COMI of Geden because there were limited liquidation activities leads to the result that a corporation does not have a COMI.  It logically follows that a corporation must have a COMI, domicile, or principal place of business.

41.     Accordingly, the balance of the equities weighs heavily in favor of granting the stay pending Appeal and an extension or issuance of an injunction because of the significant legal questions involved.

   *iii.     Advantage Award is Not a Party in Interest*

42.     Finally, Advantage Award's Objection challenging the Petition for Foreign Recognition as well as any arguments advanced on their behalf at the hearing on the Petition for Foreign Recognition should not have been heard as they provided no evidence that they were a "party in interest" under Bankruptcy Rule 1012(a).  The Bankruptcy Court apparently found in its Memorandum Opinion that, because of Advantage Award's mere participation in the foreign

recognition proceeding as a potential litigation target, as well as the filing of a "small mountain" of papers rendered this Bankruptcy Case something other than an "easy case."  Taking the inverse as true then, this would have been an "easy case" and the COMI Presumption would have applied had the Court first determined that Advantage Award lacked standing and granted the Foreign Representative's Motion to Strike.

**B.      Geden will Suffer Immediate and Irreparable Injury if the Bankruptcy Court does <u>not Issue a Stay</u>**

43.      The second factor considered in granting a stay pending appeal is whether the movant will be irreparably injured absent a stay.  *United States v. Transocean Deepwater Drilling, Inc.*, 536 F. App'x 358, 362 (5th Cir. 2013).  Courts consistently find that the irreparable harm requirement is satisfied when the moving party's rights would be vitiated absent a stay. Analogously, the District Court for the Southern District of New York, in issuing a stay pending appeal of a bankruptcy court's confirmation order, has emphasized that the loss of appellate review is a "quintessential form of prejudice." *ACC Bondholder Group v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 361 B.R. 337, 347-48 (S.D.N.Y. 2007).  In that case, the court concluded that "where the denial of a stay pending appeal risks mooting *any* appeal of *significant* claims of error, the irreparable harm requirement is satisfied." *Id.* at 348; *see also Manges v. Seattle-First Nat'l Bank (In re Manges)*, 29 F.3d 1034 (5th Cir. 1994); *In re Texas Equip. Co., Inc.*, 283 B.R. 222, 228 (Bankr. N.D. Tex 2002) (explaining that unless the party obtains a stay of a confirmation order, there would be no effective remedies).

44.      Here, there is a high risk that an immediate and irreparable injury will occur if the Court's Order is not stayed and, in turn, the automatic stay is not either renewed or extended.  The Order should therefore be stayed pending the Appeal to prevent Geden's rights from being vitiated absent the benefits currently provided by the automatic stay.

45.     First, as the Foreign Representative testified to at the hearing on the Provisional Relief Motion and hearing on the Petition for Foreign Recognition, Geden has been defending itself in the Pennsylvania State Court Litigation[4] and the Pennsylvania Appeals[5] without the knowledge of the Maltese Court or any court-appointed liquidator.  The Foreign Representative has not been able to ascertain who has been controlling Geden in either the Pennsylvania State Court Litigation or the Pennsylvania Appeals.  Thus, a stay of the Order and reissuing or extending the preliminary injunction granted in the Provisional Relief Order will keep the automatic stay in force and effect, which will, in turn, allow the Foreign Representative to prosecute his appellate rights without prejudicing the Foreign Representative's rights in the Pennsylvania Appeals and the Pennsylvania State Court Actions.  Should this Motion be denied and the automatic stay dissolved, then the Pennsylvania Appeals, under the improper direction of an unknown party other than the Foreign Representative, Geden and its creditors will be irreparably harmed.

46.     Second, to the extent that there are additional assets of Geden in the United States, those assets are at further risk if the automatic stay of the Provisional Relief Order is allowed to expire or not be extended or renewed.  Put simply, the Foreign Representative does not know what he does not know, and by allowing the stay to expire, it decreases the likelihood that the Foreign Representative will be able to realize on any assets in the United States.

47.     Third, the finding that the Bankruptcy Court that Malta is not currently the COMI of Geden may have significant impacts on the Foreign Representative's ability to recover assets that may be located all over the world.

---

[4] The Pennsylvania State Court Litigation means, collectively, that complaint to enforce its judgement filed by Eclipse Liquidity Inc. ("Eclipse"), a creditor of Geden, on March 6, 2020 (the "2020 Action") in the Pennsylvania state court and the abuse of process complaint (the "Abuse of Process Action") filed by Eclipse on June 27, 2023 in the Pennsylvania state court.

[5] The Pennsylvania Appeals means, collectively, the appeal of the 2020 Action and the Abuse of Process action filed by Eclipse in the Pennsylvania appeals court.

48.     Accordingly, the Foreign Representative asserts that by staying the Order, extending or renewing the automatic stay, and maintaining the *status quo*, he will be afforded sufficient time this Appeal without the risk of dissipation of assets or adverse actions by third parties.

C.     **Granting a Stay Would Not Harm Other Parties**

49.     "The third factor requires this Court to balance the hardship of the parties and find whether the harms outweigh any likely irreparable injury to the movant absent a stay." *In re Dernick*, 2019 WL 236999, at *4 (Bankr. S.D. Tex. Jan. 16, 2019) (citing *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 585 (5th Cir. 2013)).  Given that an automatic stay (i) only affects the assets of Geden in the United States, and (ii) only has the potential to delay the Pennsylvania Appeal, then the harm to Advantage Award, if any, will be minimal. More specifically, Advantage Award never provided any evidence that it is a creditor or party in interest in this Bankruptcy Case, therefore, it cannot be shown that staying the Bankruptcy Court's Order pending the Appeal would have any impact on it whatsoever.

50.     The stay will merely preserve the *status quo* on a temporary basis pending the prosecution of the Appeal. As stated above, without allowing the Foreign Representative an opportunity to inquire as to the actions taken by Geden before oral argument on the Pennsylvania Appeals, it may ultimately hurt any recovery to Geden's creditors and inhibit the success of the Malta Proceeding.  Advantage Award will not be harmed by imposing the automatic stay.

51.     As such, the balance of hardships unquestionably favors a stay of the Order.  While Advantage Award will urge this Court that their need for speed in defending the Pennsylvania Appeals disfavors a stay, the fact remains that their interests remain entirely unaffected by the staying of the Order.  The only party that will be affected is Eclipse, a creditor of Geden, who is

the appellant in the Pennsylvania Appeals, and by virtue of their support of the Provisional Relief Motion and the Petition for Foreign Recognition, supports a stay of the Order.

52.      In light of the foregoing, the Foreign Representative submits that the irreparable harm factor weighs heavily in favor of granting the stay of the Order and an extension or imposition of the injunction.

**D.      Granting a Stay is in the Public Interest**

53.      The final question is whether a stay serves the public interest. The Foreign Representative submits that this factor weighs heavily in favor of granting a stay of the Order because there is an overwhelming public interest in preserving the integrity of the statutory right of appellate review in an expeditious and efficient manner:

> The ability to review decisions of the lower courts is the guarantee of accountability in our judicial system.  In other words, no single judge or court can violate the Constitution or the laws of the United States, or the rules that govern court proceedings, with impunity, because nearly all decisions are subject to appellate review.  At the end of the appellate process, all parties and the public accept the decision of the courts because we, as a nation, are governed by the rule of law. Thus, the ability to appeal a lower court ruling is a substantial and important right.

*In re Adelphia Commc'ns Corp.*, 361 B.R. 377.

54.      Here, the statutory right of appellate review will be completely undermined if any of Geden's assets in the United States are not subject to the automatic stay and the Foreign Representative is forced to participate in the Pennsylvania Appeals without fully understanding the previous positions of Geden and its effect on its creditors in the Malta Proceeding.

55.      Additionally, there have been efforts undertaken by multiple countries to adopt the Model Law on Cross-Border Insolvency (the "Model Law").  The Model Law, as well as sections 1501, 1525, and 1526 of the Bankruptcy Code are focused on increasing the cooperation and

communication between foreign courts, United States Bankruptcy Courts, and foreign representatives.

56.     Chapter 15 of the Bankruptcy Code was enacted in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (codified at 11 U.S.C. §§ 1501-1532). Its goal "is to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency," while promoting international cooperation, legal certainty, fair and efficient administration of cross-border insolvencies, protection and maximization of debtors' assets, and the rescue of financially troubled businesses. 11 U.S.C. § 1501(a). *Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 132 (2d Cir. 2013).

57.     Here, it is important to consider the international implications of not recognizing a foreign proceeding.  The Bankruptcy Court found that the Malta Proceeding, and, by extension, the Maltese Court who authorized the commencement of the above captioned case, did not meet the COMI standard when there was no evidence produced at trial that the COMI was anywhere else but Malta.

58.     Additionally, it is important to consider the international implications of not recognizing a foreign proceeding.  The Bankruptcy Court found that the Malta Proceeding, and, by extension, the Maltese Court who authorized the commencement of the above captioned case, did not meet the COMI standard when there was no evidence produced at trial that the COMI was anywhere else but Malta.

59.     This renders the Foreign Representative and the Maltese Court in a perplexing position as the Bankruptcy Court's Order may significantly impair the Foreign Representative's

ability to recover assets of shipping company whose assets are located all over the world now that there is a court order finding that Malta is not the COMI.

60.     Allowing the Foreign Representative time to prosecute the Appeal without fear that some unknown party may assert control or remove the assets of Geden is consistent with principles of comity and consideration of the Malta Proceeding.

**E.**     **Conclusion**

61.     As demonstrated above, the Foreign Representative has shown that: (i) there is likelihood of success on the merits of the Appeal; (ii) the Foreign Representative would suffer irreparable injury if the stay is not granted; (iii) the granting of the stay would not substantially harm any party in interest or otherwise; and (iv) the granting of the stay would best serve the public interest due to the serious legal questions involved.  Accordingly, the standards for imposition of a stay pending appeal are met and the automatic stay reinstated or extended, and the Foreign Representative respectfully requests that the Bankruptcy Court grant the relief requested in this Motion.

**STATEMENT PURSUANT TO BANKRUPTCY RULE 8007(b)(2)**

62.     Pursuant to Bankruptcy Rule 8007(a)(1)(A), the Foreign Representative respectfully submits that the filing of this Motion in this Court is necessary and appropriate under the circumstances.  As stated above, Geden will be irreparably harmed if the stay of the Order is not entered and the preliminary injunction granted in the Provisional Relief Order is allowed to expire.  This Court is, thus, well-positioned to decide the Motion.

**TIMELINESS OF THE MOTION**

63.     Pursuant to Bankruptcy Rule 8007(a)(2), a "motion [for stay pending appeal] may be made either before or after the notice of appeal is filed." FED. R. BANKR. P. 8007(a)(2).  "[T]here

is no specific deadline for filing a motion for a stay pending appeal. *In re 40 Lakeview Drive, LLC*, Case No. 15-14692, 2017 Bankr. LEXIS 2326, *5 (Bankr. D. N.J. August 17, 2017); *Consol. Distribs. v. Mortner*, 2017 U.S. Dist. LEXIS 66075, *3 (E.D.N.Y. May 1, 2017) ("The rules of bankruptcy procedure allow appellant to request a stay of the judgment against it at any time while the appeal is pending.")

64.     Accordingly, this is a timely filed Motion as there is no specific deadline for filing a motion for stay pending appeal.

## PRAYER

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an order, substantially in the form submitted herewith: (i) granting the relief requested in this Motion and

staying the Order; and (ii) granting the Foreign Representative such other and further relief as the Court deems just and proper.

Respectfully submitted,

**OKIN ADAMS BARTLETT CURRY LLP**

By:    /s/ *Edward A. Clarkson, III*
      Matthew S. Okin
      Texas Bar No. 00784695
      mokin@okinadams.com
      Edward A. Clarkson
      Texas Bar No. 24059118
      eclarkson@okinadams.com
      Kelley K. Edwards
      Texas Bar No. 24129017
      kedwards@okinadams.com
      1113 Vine St., Suite 240
      Houston, Texas 77002
      Tel: 713.228.4100
      Fax: 346.247.7158

**ATTORNEYS FOR THE FOREIGN REPRESENTATIVE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2025, true and correct copies of the *Motion for (I) Stay Pending Appeal, and (II) Restore or Grant an Injunction While an Appeal is Pending* (the "<u>Motion</u>") were served *via* the Court's CM/ECF system on any party having appeared and requested notice in the Chapter 15 Case at the time of filing of the pleadings.

I, further, certify that on October 7, 2025, true and correct copies of the Motion were served:

(i)     *via* email, where available, to the persons and entities identified in the service list attached hereto as **Exhibit B**;

(ii)    *via* United States Mail, or International Mail, as applicable, postage prepaid, to the persons and entities identified in the service list attached hereto as **Exhibit C**;

By: /s/ Edward A. Clarkson, III
Edward A. Clarkson, III


## <u>CERTIFICATE OF COMPLIANCE</u>

This Motion complies with the type-volume limitation of FED. R. BANKR. P. 8015(f)(3)(A) because:

This Motion contains [5345] words, excluding the parts of the brief exempted by FED. R. BANKR. P. 8015(g).

Dated: October 7, 2025

*/s/ Edward A. Clarkson, III*
Edward A. Clarkson, III

4938-9911-9462, v. 7