**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 25-90138** |
| **Geden Holdings, Ltd.** | § | |
| | § | **Chapter 15** |
| **Debtor in a Foreign Proceeding** | § | |

**DECLARATION OF FOREIGN REPRESENTATIVE IN SUPPORT OF THE AMENDED MOTION FOR (I) STAY PENDING APPEAL AND (II) RESTORE OR GRANT AN INJUNCTION WHILE AN APPEAL IS PENDING**

Pursuant to 28 U.S.C. § 1746, I, Dr. Reuben Balzan, a licensed advocate in Malta with the law firm Valletta Legal, hereby submits this declaration (this "Declaration")[1] under penalty of perjury:

1. I am over the age of 18 and, if called upon, could testify to all matters set forth in this Declaration based upon my own personal knowledge except for those portions specified as being otherwise.

2. Presently, I serve as the Maltese court appointed liquidator for the above-captioned debtor, Geden Holdings, Ltd. (the "Debtor" or "Geden"), organized under the laws of Malta subject to a foreign liquidation proceeding (the "Malta Proceeding") before the First Hall of the Civil Court (the "Maltese Court"). I have served in my current capacity as the liquidator of the Debtor since December 4, 2023

3. I submit this Declaration in support of the *Amended Motion for (I) Stay Pending Appeal, and (II) Restore or Grant an Injunction While an Appeal is Pending* (the "Motion') that seeks to stay the Bankruptcy Court's *Order Denying Petition for Recognition (ECF No. 1) and Dismissing Motion to Strike as Moot (ECF No. 32)* (the "Order") [ECF No. 58].

---

[1] Capitalized terms not defined herein shall have their meaning affixed in the Motion.

I.   **The Staying of the Bankruptcy Court's Order**

4. I am informed that the Federal Rules of Bankruptcy Procedure 8007(a)(1)(A) and (C) allows a movant to seek (i) the staying of a court order from taking effect, and (ii) to restore, grant, or extend an injunction while an appeal is pending.

5. In support of the Motion, I submit this Declaration describing that the staying of the Order is urgently needed to protect the assets of the Debtor or the interests of its creditors. Further, I submit this declaration describing that (i) there is a likelihood of success on the merits; (ii) there is "an imminent irreparable harm" to Geden if the Order is not stayed and *Order Granting Debtor's Emergency Motion for Entry of an Order (I) Granting Emergency Provisional Relief for Issuance of the Automatic Stay, and (II) for Related Relief* (the "Provisional Relief Order") [ECF No. 13] that extends the automatic stay to assets within the United States is allowed to terminate and/or not extended, restored, or granted ; (iii) that there would be no substantial harm to any party if the Order is stayed and the injunction granted, restored, or extended, and (iv) the granting of the stay would serve the public interest.

   *i.   Reasonable likelihood of success*

6. It is my understanding that a movant must show a likelihood of success on the merits of the Appeal to satisfy the first prong. A movant need not establish certainty of success on appeal but, instead, can meet its burden by establishing "a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay."

7. I believe the Appeal is likely to succeed on the merits of the Appeal for three reasons. One, there is limited to no precent to supporting a finding that section 1516(c) of the Bankruptcy Code (the "COMI Presumption") was rebutted when no competing or contrary

evidence was introduced.[2]  Two, there is no precedent to support the Bankruptcy Court's "liquidation activities" test found in *In re Creative Fin. Ltd.*, 543 B.R. 498, 514 (Bankr. S.D.N.Y. 2016) when no competing or contrary evidence that Geden's COMI existed anywhere but Malta. Three the Bankruptcy Court erred relied on the evidence presented by Advantage Award, despite their lack of standing.

8.  In general, there is a substantial case on the merits pending in this Appeal, and the Bankruptcy Court introduced a novel interpretation of Fifth Circuit law as well as Second Circuit law to arrive at a conclusion not supported by existing case law.

*ii.   Geden will Suffer Immediate and Irreparable Injury if the Bankruptcy Court Does Not Issue a Stay*

9.  Second, with respect to the "imminent irreparable harm" factor, as the liquidator of Geden, there is a high risk that an immediate and irreparable injury will occur if the Court's Order is not stayed and, in turn, the automatic stay imposed by Provisional Relief Order is allowed to terminate and or not restored, granted, or extended.

10.  First, as I testified at the hearing on the Provisional Relief Motion and hearing on the Petition for Foreign Recognition, Geden has been defending itself in the Pennsylvania State Court Litigation[3] and the Pennsylvania Appeals[4] without the knowledge of the Maltese Court or any court-appointed liquidator.  I have not been able to ascertain who has been controlling Geden in either the Pennsylvania State Court Litigation or the Pennsylvania Appeals.  Thus, a stay of the

---

[2] While the determination of a company's COMI is typically an evidentiary issue, in this case, the issue is purely legal because there was no competing or contrary evidence introduced at trial.

[3] The Pennsylvania State Court Litigation means, collectively, that complaint to enforce its judgement filed by Eclipse Liquidity Inc. ("Eclipse"), a creditor of Geden, on March 6, 2020 (the "2020 Action") in the Pennsylvania state court and the abuse of process complaint (the "Abuse of Process Action") filed by Eclipse on June 27, 2023 in the Pennsylvania state court.

[4] The Pennsylvania Appeals means, collectively, the appeal of the 2020 Action and the Abuse of Process action filed by Eclipse in the Pennsylvania appeals court.

Order will keep the automatic stay in force and effect, which will, in turn, allow me to prosecute Geden's rights in this Appeal without prejudicing Geden's rights in the Pennsylvania Appeals and the Pennsylvania State Court Actions. Should this Motion be denied and the automatic stay dissolved or not extended, then the Pennsylvania Appeals, under the improper direction of an unknown party other than me, Geden and its creditors will be irreparably harmed.

11. Second, to the extent that there are additional assets of Geden in the United States, those assets are at further risk if the automatic stay of the Provisional Relief Order is allowed to expire. Put simply, the Foreign Representative does not know what he does not know, and by allowing the stay to expire, it decreases the likelihood that the Foreign Representative will be able to realize on any assets in the United States.

12. Third, the finding that the Bankruptcy Court that Malta is not currently the COMI of Geden may have significant impacts on my ability to recover assets that may be located all over the world.

13. By Staying the Order and maintaining the *status quo*, I will be afforded sufficient time to prosecute this Appeal without the risk of dissipation of assets or adverse actions by third parties.

    iii.    *There Would be no Substantial Harm to Any Party if the Order is Stayed*

14. Third, with respect to the "substantial harm to any party if the order is stayed" factor, I, as the liquidator of Geden, have a far greater risk of potentially losing valuable assets or information if the Order is not stayed and the automatic stay is allowed to terminate.

15. Given that an automatic stay (i) only affects the assets of Geden in the United States, and (ii) only has the potential to delay the Pennsylvania Appeal, then the harm to any party,

including Advantage Award[5], if any, will be minimal.  More specifically, Advantage Award never provided any evidence that it is a creditor or party in interest in this Bankruptcy Case, therefore, it cannot be shown that staying the Bankruptcy Court's Order pending the Appeal would have any impact on it whatsoever.

16. The stay will merely preserve the *status quo* on a temporary basis pending the prosecution of the Appeal. As stated above, without allowing me an opportunity to inquire as to the actions taken by Geden before oral argument on the Pennsylvania Appeals, it may ultimately hurt any recovery to Geden's creditors and inhibit the success of the Malta Proceeding.  Advantage Award will not be harmed by imposing the automatic stay.

17. As such, the balance of hardships unquestionably favors a stay of the Order.  While Advantage Award will urge this Court that their need for speed in defending the Pennsylvania Appeals disfavors a stay, the fact remains that their interests remain entirely unaffected by the staying of the Order.  The only party that will be affected is Eclipse, a creditor of Geden, who is the appellant in the Pennsylvania Appeals, and by virtue of their support of the Provisional Relief Motion and the Petition for Foreign Recognition, supports a stay of the Order.

    *iv.*    *Granting of the Stay Would Serve the Public Interest*

18. Fourth, with respect to the "public interest weighs in favor of an injunction" factor, granting a preliminary injunction is also in the public interest.

19. Here, Geden's statutory right of appellate review will be completely undermined if any of Geden's assets in the United States are not subject to the automatic stay and the Foreign

---

[5] The Foreign Representative maintains that Advantage Award is neither a creditor or party in interest in this Chapter 15 Case.

Representative is forced to participate in the Pennsylvania Appeals without fully understanding the previous positions of Geden and its effect on its creditors in the Malta Proceeding.

20.     Additionally, it is important to consider the international implications of not recognizing a foreign proceeding.  The Bankruptcy Court found that the Malta Proceeding, and, by extension, the Maltese Court who authorized the commencement of the above captioned case, did not meet the COMI standard when there was no evidence produced at trial that the COMI was anywhere else but Malta.

21.     This renders me and the Maltese Court in a perplexing position as the Court's Order may significantly impair my ability to recover assets of shipping company whose assets are located all over the world now that there is a court order finding that Malta is not the COMI.

Executed on this 8th day of October, 2025

*/s/ Ruben Balzan*
Dr. Reuben Balzan, in his capacity as the Court Appointed Liquidator of Geden Holdings, Ltd.