IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § <br> § <br> Geden Holdings, Ltd. § <br> § <br> Debtor in a Foreign Proceeding § <br> § | Chapter 15 <br><br> Case No. 25-90138 |

**REPLY IN SUPPORT OF FOREIGN REPRESENTATIVE'S AMENDED
MOTION FOR STAY PENDING APPEAL**

Dr. Reuben Balzan (the "Foreign Representative", or "Appellant")[1], a licensed advocate in Malta with the law firm Valletta Legal, in his capacity as a court appointed liquidator for the above-captioned debtor, Geden Holdings, Ltd. (the "Debtor" or "Geden")[2], organized under the laws of Malta and subject to a foreign liquidation proceeding (the "Malta Proceeding") before the First Hall of the Civil Court (the "Maltese Court"), hereby files this *Reply* (the "Reply") in support of its *Amended Motion for (I) Stay Pending Appeal and (II) Restore or Grant an Injunction While an Appeal is Pending* [ECF No. 72] (the "Motion") and in support thereof, respectfully states as follows:

**REPLY**

1. Advantage Award Shipping, LLC's ("Advantage Award") *Opposition to Motion for Stay Pending Appeal* [ECF No. 76] relies on a dramatic reframing of issues rather than substance. At length, though, looking past Advantage Award's rhetoric, mischaracterizations, and

---

[1] The appeal is pending before the United States District Court for the Southern District of Texas (the "District Court"), Case No. 25-04308 (the "Appeal").

[2] Capitalized terms not defined herein shall have their meanings affixed in the Amended Foreign Representative's Motion for (I) Stay Pending Appeal and (II) Restore or Grant an Injunction While an Appeal is Pending [ECF No. 72] (the "Motion").

general efforts to obfuscate the issues *sub judice*, the issues are straightforward. And, on those issues, the material facts and governing law confirm the relief sought is warranted.

2. As set forth in the Motion, Foreign Representative meets each of the four factors the Fifth Circuit evaluates in issuing a stay pending appeal. First, the Appeal involves multiple serious legal questions for which there is no guiding precedent from the Fifth Circuit Court of Appeals, with each issue requiring a *de novo* review by the District Court. Thus, the Motion establishes that a substantial case on the merits exists – satisfying the first of the Fifth Circuit's factors. Second, without the extension of the Provisional Order or reissuance of the automatic stay to protect Geden's assets that may exist in the United States, Geden is more likely than not to suffer irreparable harm without the relief requested. Third, there is no harm to the opposing party here, as Advantage Award's efforts to collect a debt from an entity other than Geden would not *per se* be implicated by the relief sought – except to the extent that Advantage Award sought to exercise control over Geden's property interests. Fourth, issuing the stay serves the public interest as it is imperative that assets that may exist in the United States are not depleted.

I. <u>The Appeal Turns on Serious Legal Questions, Thus Satisfying the Substantial-Case Requirement.</u>

3. To show a likelihood of success on the merits, the first prong of the Fifth Circuit's four-part test, Appellant must, and does, present a serious legal question that establishes a substantial case on the merits. *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 439 (5th Cir. 2001). The Appeal presents two general tranches of serious legal questions. The first tranche consists of issues regarding Advantage Award's standing to participate in the Foreign Recognition hearing, and the second tranche consists of issues related to the determination of a corporate debtor's center of main interests ("<u>COMI</u>").

    A. *Standing Issues*

4. The first issue is whether the Bankruptcy Court erred by not first deciding whether Advantage Award had standing to participate in the Foreign Recognition Hearing. Cases in the Fifth Circuit have held that standing is a gating issuing for a party to participate in a hearing. Specifically, Federal Rule of Bankruptcy 1012(a) states that "the debtor or any party in interest may contest a petition for recognition of a foreign proceeding." FED. R. BANKR. P. 1012(a). In other words, foreign recognition can *only* be challenged by a party with a direct stake in the outcome; a "party in interest." The second issue is whether the Bankruptcy Court erred in relying on evidence and testimony adduced by Advantage Award, a party that participated without any judicial finding of standing.

5. These standing issues are threshold issues and are thus reviewed *de novo*. *Dean v. Seidel (In re Dean)*, 18 F.4th 842, 844 (5th Cir. 2021) (quoting *In re Technicool Sys., Inc.* 896 F. 3d 382, 385 (5th Cir. 2018)). *De novo* review confirms that these issues are serious legal questions: the appellate court will consider them anew, without deference, because their correct resolution is central to the proper application of governing law.

    B.    *COMI Determination Issues*

6. The first issue on Appeal regarding COMI is whether section 1516(c) of the Bankruptcy Code (the "COMI Presumption") was correctly applied. The statutory text of section 1516(c) does not provide an exception to its application in "not easy cases." The COMI Presumption applies in all chapter 15 cases but is rebuttable upon a showing of "contrary evidence." *See* 11 U.S.C. §1516(c).

7. Before reaching the COMI Presumption, the Memorandum Opinion first conducted an analysis to determine whether this Chapter 15 Case is an "easy case." In so doing, the Memorandum Opinion (i) impermissibly relied on addresses listed on the Performance Guarantee, which were not offered or judicially recognized for the truth of the matter asserted, and (ii) that

3

Advantage Award's mere participation in and objection to Foreign Recognition, by default, renders this "not an easy case." *See* Mem. Op. at 9-11. It is the Foreign Representative's position, and statutory law, that the COMI Presumption applies unless sufficiently rebutted by "contrary evidence."

8. If, however, the Memorandum Opinion is characterized as having first applied the COMI Presumption and then finding it effectively rebutted with contrary evidence, the Bankruptcy Court's analysis suffers a second error in having impermissibly relied on Advantage Award's cursory statement, without legal or evidentiary support, that Malta was a "letterbox jurisdiction" and reached this conclusion despite the fact that no evidence was submitted showing that Geden's COMI could be anywhere other than Malta. This unjustified reliance led to misapplication of the "liquidation activities" test found in *In re Creative Finance, Ltd. (In re Liquid)*, 543 B.R. 498, 514 (Bankr. S.D.N.Y. 2016).

9. Note that the Fifth Circuit has not yet determined whether the "liquidation activities" test will be adopted in this Circuit, and, thus, has not opined as to the proper application of such test.

10. In *Creative Finance*, the court analyzed the "liquidation activities" of a corporation after first finding, based upon the statutory framework set forth in the applicable jurisdiction, that the country in which the debtor was registered is merely a "letterbox" jurisdiction. Significantly, in *Creative Finance*, both the statutory framework under which the debtor was formed and registered and the debtor's own corporate records, that that the debtor's corporate operations were conducted in a jurisdiction other than where the debtor was formed. *See Creative Finance*, 543 B.R. at 502. Moreover, in *Creative Finance*, the party opposing recognition admitted substantial evidence showing that the debtor's COMI was not in the jurisdiction where the debtor was formed and registered. *Id*. In other words, the *Creative Finance* court, and courts following this precedent,

use the "liquidation activities" test as a tiebreaker between two viable COMI locations both supported by the evidentiary record. *See generally Fairfield Sentry*, 714 F. 3d at 130; *Creative Finance*, 543 B.R. 498 at 514.

11. Here, the Memorandum Opinion did not first make a finding that Malta was a merely a letterbox jurisdiction. Instead, the Memorandum Opinion only notes Advantage Award's argument that "before liquidation, Geden's business activities were based out of Turkey and Malta was a letterbox jurisdiction, so the Court must determine whether Dr. Balzan did enough work to shift Geden's principal place of business to Malta." Mem. Op. at 14. Based solely on this notation, the Bankruptcy Court held that "[f]or the Chapter 15 Case to qualify as a foreign main proceeding, the relevant inquiry is whether Dr. Balzan engaged in significant pre-Petition work to operate or liquidate Geden in Malta[.]" Memorandum Opinion at 15. But, unlike in *Creative Finance* and its progeny, in this case there is no evidence in the record, notwithstanding Advantage Award's *argument*, that Geden's COMI is anywhere other than Malta. Thus, there could be no "tie" for the "liquidation activities" test to break.

12. Further, the Bankruptcy Court found that "[b]ecause the Court determines COMI as of the Petition Date, whether Geden's COMI was previously in Turkey is irrelevant. Memorandum Opinion at 15. However, as noted above, the "liquidation activities" test upon which the Court relied here, should only be applied if the evidentiary record establishes that COMI could be in more than one jurisdiction. In other words, evidence of a different COMI must be admitted into the record before the "liquidation activities" test applied. *See generally Creative Finance*, 543 B.R. 519-20 (finding first that the debtors "did most of their business in the U.K." and that the debtors' "operations were directed out of Spain and Dubai" and that the British Virgin Islands was a "letterbox jurisdiction", before applying the "liquidation activities" test to see if the

5

COMI had "switched" to the British Virgin Islands, the country in which a liquidator was appointed and where the debtor was registered).

13. This expansive application of the "liquidation activities" test represents a departure from, not adherence to, the *Creative Finance* standard, which, as noted, only applies in circumstances where a COMI "switched" from one jurisdiction to another. *See generally Fairfield Sentry*, 714 F. 3d at 130; *Creative Finance*, 543 B.R. 498 at 514. The "liquidation activities" test, which is not set forth in the applicable Bankruptcy Code sections, is not an independent factor required to establish COMI. A principal place of business is not established by what "liquidation activities" occur, but rather by factors such as "the location of the debtor's headquarters; the location of those who actually manage the debtor (which, conceivably could be the headquarters of a holding company); the location of the debtor's primary assets; the location of the majority of the debtor's creditors or a majority of the creditors who would be affected the case; and/or the jurisdiction whose law would apply to most disputes." *See Ran*, 607 F.3d at 1023 (citing *In re SPhinX, Ltd.*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006). The Fifth Circuit additionally considers where third parties (primarily creditors) would be able to ascertain a debtor's COMI. *Ran,* 607 F.3d *at* 1025-26.

14. These COMI determination issues are not simply factual findings that may warrant reconsideration—they are legal conclusions requiring *de novo* review. *See, e.g. Lavie v. Ran (In re Ran)*, 607 F.3d 1017, 1020 (5th Cir. 2010) (explaining that "a determination of whether Ran's bankruptcy proceeding is a foreign main or nonmain proceeding is inherently a fact-driven inquiry, the facts in this case are not in dispute and the appeal to the district court was *de novo*, as is the appeal to this court." *Id.* (citing In re Belsome, 434 F.3d 774, 776 (5th Cir. 2005)). Accordingly, while findings of facts are reviewed for "clear error" the legal conclusions drawn from those facts,

such as whether a corporation's COMI aligns with the statutory definition, are reviewed *de novo*. *See Ran*, 607 F.3d at 1020.

15. Despite Advantage Award's wishful argument that the "clear error" standard of review applies here, the Appeal clearly turns on questions of law and legal conclusions. The District Court must, therefore, apply the *de novo* standard in determining whether the Bankruptcy Court properly applied the COMI Presumption, whether the COMI Presumption was effectively rebutted, and whether the "liquidation activities" test found in *Creative Finance* (1) applies to cases in the Fifth Circuit, and, if so, (2) whether the test was correctly applied.

16. Together, these issues present serious questions of law that demonstrate a substantial case on the merits, thereby satisfying the first prong of the Fifth Circuit's test.

II.  <u>Appellant Will Suffer Irreparable Harm Absent a Stay Pending Appeal.</u>

17. Upon information and belief, substantially the same parties controlling Advantage Award are exercising control over Geden in litigation in the United States, forcing Geden to take positions contrary to the fiduciary duties to liquidate imposed upon the Foreign Representative under Maltese law. This raises a host of difficult legal questions that the Foreign Representative needs time to analyze. More importantly, to the extent any party, whether they are affiliated with Advantage Award or not, exerts control over the Debtor's assets in the United States, then the Debtor will suffer irreparable harm.

18. Additionally, a stay will allow the Foreign Representative time to analyze Geden's position in appeals (the "<u>Pennsylvania Appeals</u>") of the that complaint to enforce its judgement filed by Eclipse Liquidity Inc. ("<u>Eclipse</u>"), a creditor of Geden, on March 6, 2020 (the "<u>2020 Action</u>") in the Pennsylvania state court and the abuse of process complaint (the "<u>Abuse of Process Action</u>") filed by Eclipse on June 27, 2023 in the Pennsylvania state court.

19. Finally, Advantage Award may be directly or indirectly in control of certain United States assets rightfully belonging to Geden. Issuing, or continuing, the automatic stay in the United States will help ensure that, to the extent Geden assets are located in the United States, they will not be negatively impacted by wrongful control of another party.

III. There is No Harm to Other Parties.

20. There is no harm to Advantage Award, or its affiliated entity, Advantage Tankers, LLC, despite their hyperbolic and baseless suggestions to the contrary, or any other third parties, if the stay is extended. If there are, in fact, no Geden assets in the United States, then the stay will not affect either Advantage Award or Advantage Tankers, LLC. They are merely co-defendants with Geden in the Pennsylvania Appeals in which the automatic stay stops Eclipse from prosecuting. Moreover, the stay will stop the incurrence of fees in those Pennsylvania Appeals. This can hardly be described as "harm."

IV. A Stay Pending Appeal is Not Contrary to the Public Interest.

21. To reiterate, it is the Foreign Representative's strong belief that without a stay, Advantage Award and Advantage Tankers, LLC will have continued access to control Geden's assets in the United States if, in fact, there are any. Advantage Award's opposition likewise identifies no reason a stay would harm the public interest. If assets are interfered with during the Appeals process, it may render this Chapter 15 Case unnecessary and would undermine the statutory right of appellate review.

**CONCLUSION**

For reasons stated above, the Foreign Representative meets the factors for a stay pending appeal and the Motion should be granted.

Respectfully submitted,

        **OKIN ADAMS BARTLETT CURRY LLP**

        By:    /s/ *Edward A. Clarkson, III*
        Matthew S. Okin
        Texas Bar No. 007846
        mokin@okinadams.com
        David L. Curry, Jr.
        Texas Bar No. 24065107
        dcurry@okinadams.com
        Edward A. Clarkson
        Texas Bar No. 24059118
        eclarkson@okinadams.com
        Kelley K. Edwards
        Texas Bar No. 241290
        kedwards@okinadams.com
        1113 Vine St., Suite 240
        Houston, Texas 77002
        Tel: 713.228.4100
        Fax: 346.247.7158

        **ATTORNEYS FOR THE FOREIGN REPRESENTATIVE**

4938-9911-9462, v. 7

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2025, true and correct copies of the *Reply in Support of Foreign Representative's Amended Motion for Stay Pending Appeal* (the "Motion") were served *via* the Court's CM/ECF system on any party having appeared and requested notice in the Chapter 15 Case at the time of filing of the pleadings.

I, further, certify that on November 5, 2025, I caused true and correct copies of the Motion to be served:

(i) *via* email, where available, to the persons and entities identified in the service list attached hereto as **Exhibit A**;

(ii) *via* United States Mail, or International Mail, as applicable, postage prepaid, to the persons and entities identified in the service list attached hereto as **Exhibit B**;

By: /s/ Edward A. Clarkson, III
Edward A. Clarkson, III

## CERTIFICATE OF COMPLIANCE

To the extent that 8013(f) applies, this Reply complies with the type-volume limitation of FED. R. BANKR. P. 8013(f)(3) because:

This Motion contains [2240] words, excluding the parts of the brief exempted by FED. R. BANKR. P. 8013(a)(2)(c).

Dated: November 5, 2025

*/s/ Edward A. Clarkson, III*
Edward A. Clarkson, III