# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 25-90138 |
| GEDEN HOLDINGS, LTD., | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 15 |

### MEMORANDUM OPINION AND ORDER ON FOREIGN REPRESENTATIVE'S MOTION FOR STAY PENDING APPEAL[1]

This matter comes before the Court on the Foreign Representative's ("FR's") Motion for (i) Stay Pending Appeal and (ii) Restore or Grant an Injunction While an Appeal is Pending.[2] Advantage Award Shipping, LLC opposes the FR's motion.[3] For the reasons explained below, the FR's motion is denied.

### BACKGROUND[4]

On April 28, 2025, Geden Holdings, Ltd. filed a petition in this Court under Chapter 15 of the Bankruptcy Code seeking recognition of a foreign liquidation proceeding pending in Malta.[5] Advantage Award appeared and objected to Geden's petition and opposed the Court granting recognition.[6] In June 2025, the Court held a two-day

---

[1] This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

[2] ECF No. 72.

[3] ECF No. 76.

[4] For a detailed factual background, see ECF No. 57.

[5] ECF No. 1.

[6] *See* ECF No. 23.

evidentiary hearing regarding recognition and took the matter under advisement.[7]

On August 28, 2025, the Court issued its memorandum opinion denying the FR's petition for recognition and an accompanying order denying recognition. *In re Geden Holdings,* No. 25-90138, 2025 WL 2484883 (Bankr. S.D. Tex. Aug. 28, 2025).[8] In September 2025, the FR appealed the Court's order to the District Court.[9]

On October 7, 2025, the FR moved for a stay pending appeal.[10] Advantage Award objects to the FR's motion.[11] On December 16, 2025, the Court held a hearing regarding the motion to stay pending appeal, heard oral argument from counsel, and took the matter under advisement.[12]

## JURISDICTION & VENUE

28 U.S.C. § 1334(a) provides the District Courts with jurisdiction over this proceeding. 28 U.S.C. § 157(b)(1) states that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." This proceeding has been referred to this Court under General Order 2012-6 (May 24, 2012). This Court has jurisdiction in this proceeding as it is a core proceeding which the Court can consider under 28 U.S.C. §§ 157(b)(2)(A) and (B). The Court has constitutional authority to enter

---

[7] ECF Nos. 40, 44, 51, 55.

[8] *See also* ECF Nos. 57–58.

[9] ECF No. 61.

[10] ECF No. 71. The Foreign Representative filed an amended motion to stay pending appeal on October 8, 2025. ECF No. 72.

[11] ECF No. 76.

[12] ECF Nos. 82–85.

final orders and judgments. *Stern v. Marshall*, 564 U.S. 462, 486–87 (2011). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## LEGAL STANDARD

Issuing a stay pending appeal is an "extraordinary remedy." *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019) (citing *Nken v. Holder*, 556 U.S. 418, 437 (2009) (Kennedy, J. concurring)). "Ordinarily, a party must move first in the bankruptcy court for . . . a stay of the bankruptcy court's judgment, order, or decree pending appeal." FED. R. BANKR. P. 8007(a)(1)(A). A stay pending appeal is an equitable remedy committed to the Court's discretion. *Bryant*, 919 F.3d at 393. And the movant bears the burden of proving that a stay pending appeal should be granted by a preponderance of the evidence. *In re TMT Procurement Corp.*, No. 13-33763, 2014 WL 1577475, at *4 (Bankr. S.D. Tex. Apr. 16, 2014). The following four factors guide the Court's discretion:

> (1) Whether the movant has made a showing of likelihood of success on the merits;
> (2) Whether the movant has made a showing of irreparable injury if the stay is not granted;
> (3) Whether the granting of the stay would substantially harm the other parties; and
> (4) Whether the granting of the stay would serve the public interest.

*In re First South Savings Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987).

The United States Supreme Court has stated that "[t]he first two factors of the traditional standard are the most critical." *Nken,* 556 U.S. at 434. And the Fifth Circuit has stated that "[a]lthough four factors are relevant to determining entitlement to a stay, the first (likelihood of success on the merits) is arguably the most important." *Tesfamichael v. Gonzales*, 411 F.3d 169, 176 (5th Cir. 2005).

In cases involving "serious legal questions," the first factor is more nuanced. *Ruiz v. Estelle*, 650 F.2d 555, 565−66 (5th Cir. 1981). In *Ruiz*, the Fifth Circuit stated:

> [O]n motions for stay pending appeal the movant need not always show a "probability" of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.

*Id.* at 565. In such cases, the "balance of the equities" refers to the consideration of the other three factors. *In re First South Sav. Ass'n*, 820 F.2d at 709 n.10. However, the Fifth Circuit has cautioned against reading *Ruiz* as a "a coup de grace for the likelihood-of-success criterion in this circuit" and has noted that likelihood of success remains a prerequisite in the usual case. *Id.* at 709 n.10.

## DISCUSSION

**I.    LIKELIHOOD OF SUCCESS ON THE MERITS**

Turning to the first and most important factor, the likelihood of success on the merits, the FR argues that this factor weighs in his favor.[13] The FR contends that the Court erred because (i) there is limited to no precedent in this Circuit to support a finding that the COMI presumption under section 1516(c) of the Bankruptcy Code was rebutted; (ii) there is no precedent to support the Court's use of the "liquidation activities" test found in *In re Creative Fin. Ltd.*, 543 B.R. 498, 514 (Bankr. S.D.N.Y. 2016); and (iii) the Court erred by relying on the evidence presented by Advantage Award due to its alleged lack of standing.[14] The FR argues that the COMI issue and the use of the *Creative Finance* liquidation activities test present serious legal

---

[13] ECF No. 72, at 6−12.

[14] *Id.* at 6.

questions that demonstrate a substantial case on the merits.[15] The Court disagrees.

To assess the likelihood of success on the merits, courts look to the standards provided by substantive law. *Janvey v. Alguire*, 647 f.3d 585, 596 (5th Cir. 2011). A movant is not required to show that they are certain to win. *Id.* However, a mere possibility of relief is insufficient. *Trend Intermodal Chassis Leasing LLC v. Zariz Transp. Inc.*, 711 F. Supp. 3d 627, 640 (N.D. Tex. 2024).

The FR's arguments about the lack of precedent in this Circuit to support the Court's finding that the COMI presumption was rebutted and its use of the *Creative Finance* liquidation activities test, while true, do not demonstrate that his appeal is likely to succeed on the merits. Courts, including those in this Circuit, have noted that "the mere fact an issue is one of first impression is insufficient to demonstrate a party has a likelihood of success on the merits." *John Bludworth Shipyard, LLC v. Bechtolt*, No. 4:22-CV-03540, 2024 WL 4957598, at *2 (S.D. Tex. Oct. 21, 2024) (quoting *Zariz Transp. Inc.*, 711 F. Supp. 3d at 640).

This case also does not involve a "serious legal question." *Ruiz*, 650 F.2d at 565. "A serious legal question exists when legal issues have far-reaching effects, involve significant public concerns, or have a broad impact on federal/state relations." *In re Dernick*, No. 18-32417, 2019 WL 236999, at *3 (Bankr. S.D. Tex. Jan. 16, 2019). This Court has held that the fact an issue is a matter of first impression does not make it into a serious legal question. *Plains Mktg., L.P. v. Barrow Shaver Res. Co.* (*In re Barrow Shaver Res. Co.*), No. 24-33353, Adv. No. 24-3167, 2025 WL 685513, at *5 (Bankr. S.D. Tex. Mar. 3, 2025). While the Court acknowledges that recognition of the Malta liquidation under Chapter 15 of the Bankruptcy Code is undoubtedly important to the parties, this issue lacks the characteristics of a "serious legal question" sufficient to

---

[15] ECF No. 77, at 7.

issue a stay pending appeal where the movant has not demonstrated a likelihood of success on the merits.[16]

Additionally, the FR's contentions that the Court erred by relying on the evidence presented by Advantage Award due to its alleged lack of standing were already considered in the Court's memorandum opinion. As stated therein, the Court had an obligation to "make an independent determination as to whether the Maltese Proceeding meets the definitional requirements of the Bankruptcy Code." *In re Geden Holdings,* No. 25-90138, 2025 WL 2484883, at *5. (Bankr. S.D. Tex. Aug. 28, 2025).[17] And "[a]s with a motion for reconsideration, a motion to stay should not be used to relitigate matters." *ODonnell v. Harris Cnty.*, 260 F. Supp. 3d 810, 815 (S.D. Tex. 2017) (Rosenthal, C.J.).

The FR has not demonstrated by a preponderance of the evidence that his appeal is likely to succeed on the merits. Nor has he demonstrated that this case involves a serious legal question. Thus, the first factor weighs against issuing a stay pending appeal.

## II.   IRREPARABLE INJURY

Next, turning to the second factor, the FR argues that irreparable injury will occur absent the granting of a stay pending appeal.[18] The FR provides three reasons: (i) Geden has been defending itself in Pennsylvania state court litigation since 2020 without the knowledge of the Maltese Court or any court-appointed liquidator and has not been able to ascertain who has been controlling Geden in that litigation; (ii) it is possible that Geden has additional assets in the United States

---

[16] For example, in *Ruiz*, the Fifth Circuit found a serious legal question after Ruiz, an inmate in a Texas prison, sued alleging that the Texas Department of Correction's operations violated his Eighth Amendment protection from cruel and unusual punishment. 650 F.2d at 567. The disposition of Ruiz's suit at the district court resulted in an injunction that the Fifth Circuit described as "decree[ing] a reorganization of the State's entire prison system." *Id.* at 559.

[17] ECF No. 57, at 8.

[18] ECF No. 72, at 12−14.

which could be dissipated absent the Court issuing a stay pending appeal; and (iii) the Court's finding that Malta is not currently Geden's COMI may have significant impacts on the FR's ability to recover assets all over the world.[19]

As the Fifth Circuit explained regarding the second factor, "the key word is **irreparable**, and an injury is 'irreparable' only if it cannot be undone through monetary remedies." *Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472-73 (5th Cir. 1985) (citation modified).

As noted by Chief Justice Roberts in *Nken v. Holder*, there is "substantial overlap" between the factors governing preliminary injunctions and the issuance of a stay pending appeal. 556 U.S. 418, 434 (2009). When assessing irreparable injury for the purpose of a preliminary injunction, the Supreme Court has found that a movant must "demonstrate that irreparable injury is **likely**." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The Supreme Court stated that "[i]ssuing a preliminary injunction based *only on a possibility* of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*

Applying that principle here, the FR has not provided evidence demonstrating that irreparable injury is likely. The FR does not explain how a stay pending appeal or recognition would assist him in participating in the Pennsylvania state court litigation. And his contentions in his reply that "[u]pon information and belief, substantially the same parties controlling Advantage Award are exercising control over Geden in litigation in the United States"[20] do not

---

[19] *Id.*

[20] ECF No. 77, at 7.

change that. If these allegations are true, the law affords remedies, making any potential injury reparable. *See, e.g.*, FED. R. CIV. P. 60.

The FR's arguments about potential assets only indicate a possibility of irreparable harm and nothing in the record indicates that there may be assets in the United States. Additionally, the FR has offered no evidence in support of his contention that denial of Chapter 15 recognition may affect his ability to recover assets outside the United States. Thus, the irreparable injury factor weighs against granting a stay pending appeal.

### III.  SUBSTANTIAL HARM TO THE OTHER PARTIES

Turning to the third factor, whether the granting of the stay would substantially harm other parties, the FR argues that it would not.[21] The FR argues that because a stay would only affect Geden's potential assets in the United States and would only delay the Pennsylvania state court litigation, there would be little, if any, harm to Advantage Award,[22] especially given that a stay would halt the incurrence of fees in state court.[23] Additionally, the FR argues that the only affected party would be Eclipse Liquidity, Inc., a creditor of Geden, who implicitly supports a stay by virtue of its support of the FR's petition for recognition and motion for provisional relief.[24] Advantage Award counters that a stay would harm it by delaying the final resolution of its litigation with Eclipse, which has been pending for ten years.[25]

Analyzing whether the stay would substantially harm other parties "requires this Court to balance the hardships of the parties and find whether the harms outweigh any likely irreparable injury to the

---

[21] ECF No. 72, at 14−15.

[22] *Id.*

[23] ECF No. 77, at 8.

[24] ECF No. 72, at 15.

[25] ECF No. 76, at 12.

movant absent a stay." *In re Dernick*, No. 18-32417, 2019 WL 236999, at *4 (Bankr. S.D. Tex. Jan. 16, 2019) (Rodriguez, C.J.). Although, under certain circumstances, courts have found delay or interruption of state court proceedings to substantially harm other parties, *Arnold v. Garlock*, 278, F.3d 426, 441 (5th Cir. 2001), the circumstances here are distinguishable. In *Arnold*, the Fifth Circuit found that a stay pending appeal would substantially harm other parties, however, that case involved plaintiffs suffering from mesothelioma and asbestosis, and survivors awaiting compensation. *Id.* The facts of this case do not present such compelling circumstances.

Here, while the Court understands Advantage Award's frustration with the protracted state court litigation, any harm Advantage Award may suffer from delay is insubstantial. Nevertheless, as noted in the discussion of the second factor, the FR has not demonstrated any irreparable injury to Geden is likely. Thus, the balance of the harms weighs neither in favor nor against issuing a stay pending appeal. Therefore, the third factor is neutral.

## IV.   THE PUBLIC INTEREST

Lastly, the FR argues that the fourth and final factor, whether the granting of the stay would serve the public interest, weighs in his favor.[26] The FR contends that if a stay is not granted that his statutory right of appellate review will be "completely undermined if any of Geden's assets in the United States are not subject to the automatic stay and the Foreign Representative is forced to participate in the Pennsylvania Appeals without fully understanding the previous positions of Geden and its effect on its creditors in the Malta Proceeding."[27] The FR also calls on the principles of comity that underlie

---

[26] ECF No. 72, at 15−17.

[27] *Id.* at 16.

Chapter 15 of the Bankruptcy Code and the "international implications" of the Court's decision to deny recognition of the Malta liquidation.[28]

The FR offers no evidence in support of his argument that his right of appellate review would be undermined absent a stay pending appeal. As noted above, the harm that the FR cites is speculative. These concerns implicate the private interests of Geden and the FR—not the public interest.

Next, the FR's arguments relating to the purposes of Chapter 15 of the Bankruptcy Code and the "international implications" of the Court's decision are unpersuasive. One purpose of Chapter 15 is the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor." 11 U.S.C. 1501(a)(3). However, certain prerequisites must be met for recognition, *see* 11 U.S.C. § 1517, and they were not met here. All Chapter 15 cases necessarily have international implications, and the Court declines to hold that issuing a stay pending appeal any time Chapter 15 recognition is denied serves the public interest due to the international nature of Chapter 15 proceedings.

Additionally, as noted above, issuing a stay pending appeal is an "extraordinary remedy." Although this Court, by virtue of the Bankruptcy Code, routinely stays state court proceedings, *see* 11 U.S.C. § 362, a federal court staying state court proceedings is generally disfavored. *See* 28 U.S.C. § 2283; *see also Regions Bank of La. v. Rivet*, 224 F.3d 483, 495 (5th Cir. 2000) ("Federal courts assessing whether to enjoin state-court proceedings must also assess whether principles of comity and federalism counsel restraint.").

The FR has not demonstrated that issuing a stay pending appeal would serve the public interest. Given that there is a possibility that the Malta liquidation may be affected absent the Court issuing a stay

---

[28] *Id.* at 16−17.

pending appeal and a certainty that the Pennsylvania state court proceedings will be affected, a stay pending appeal would neither serve nor disserve the public interest. Accordingly, the fourth factor is neutral.

## CONCLUSION

The FR has not demonstrated by a preponderance of the evidence that a stay should be granted. None of the four factors that guide this Court weigh in favor of issuing a stay pending appeal. The two most important factors, likelihood of success on the merits and irreparable injury to the movant absent a stay, weigh against issuing a stay pending appeal. The other two factors, whether a stay would substantially harm other parties and serve the public interest, are neutral. Thus, for the reasons explained above, the FR's Motion for (i) Stay Pending Appeal and (ii) Restore or Grant an Injunction While an Appeal is Pending[29] is denied.

Signed: January 13, 2026

Alfredo R Pérez
United States Bankruptcy Judge

---

[29] ECF No. 72.